Maurice W. Heller (MH-7996)
Allen M. Eisenberg (AE-9102)
HELLER, HOROWITZ & FEIT, P.C.
292 Madison Avenue
New York, New York 10017
(212) 685-7600

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

THE TOWN OF HIGHLANDS,            Case No. 07-CV-07263 (LLS)

    Plaintiff,

-against-            STATEMENT PURSUANT TO
          LOCAL RULE 56.1

THE TRAVELERS INDEMNITY COMPANY
and THE CHARTER OAK FIRE INSURANCE
COMPANY,

    Defendants.
-----------------------------------X

       Pursuant to Local Rule 56.1, Plaintiff The Town of Highlands (the "Town"), in support of its motion for partial summary judgment against Defendants The Travelers Indemnity Company and The Charter Oak Fire Insurance Company (together, "Travelers"), states that there is no genuine issue to be tried with respect to the following material facts:

**The Travelers Policies**

       1.     The Charter Oak Fire Insurance Company issued the following primary policies of insurance to the Town, each containing a general liability coverage part, effective during the indicated policy periods:

| Policy Number | Policy Period |
|---|---|
| 650-584A016-3-COF-75 | 10/12/75 – 10/12/76 |

|  |  |
|---|---|
| 650-584A016-3-COF-76 | 10/12/76 – 10/12/77 |
| 650-584A016-3-COF-77 | 10/12/77 – 10/12/78 |
| 650-584A016-3-COF-78 | 10/12/78 – 10/12/79 |
| 650-584A016-3-COF-79 | 10/12/79 – 10/12/80 |

(Affidavit of Maurice W. Heller ["Heller Aff."], Ex. C-G.)

2. The Travelers Indemnity Company issued the following primary policies of insurance to the Town, each containing a general liability coverage part, effective during the indicated policy periods:

| Policy Number | Policy Period |
|---|---|
| 650-849E440-9-IND-80 | 10/12/80 – 10/12/81 |
| 650-849E440-9-IND-81 | 10/12/81 – 10/12/82 |

(Heller Aff., Ex. H-I.)

3. Each of the above seven policies of insurance issued by The Charter Oak Fire Insurance Company and The Travelers Indemnity Company (together, the "Travelers Policies"), in the "Insuring Agreements" of the comprehensive general liability coverage part, requires Travelers to pay on behalf of the Town all sums which the Town shall become legally obligated to pay as damages because of bodily injury or property damage to which the insurance applies, caused by an occurrence. (Heller Aff., Ex. C-I.)

4. Each of the Travelers Policies, in the "Insuring Agreements" of the comprehensive general liability coverage part, also provides that "Travelers shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage [caused by an occurrence], even if any of the allegations of the suit are groundless,

false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient." (Heller Aff., Ex. C-I.)

**The Underlying Actions**

5.  On or about October 17, 2003, Dave Tonneson and other plaintiffs commenced an action in the United States District Court for the Southern District of New York (Case No. 03 Civ. 8248) against Sunoco and ExxonMobil, among others, alleging that releases of gasoline containing an additive known as methyl tertiary butyl ether ("MTBE") have caused environmental harm to their groundwater and have caused injury to their person and property. (Heller Aff., Ex. J.)

6.  On or about October 24, 2003, Flora Abrevaya and other plaintiffs commenced an action in the Supreme Court of the State of New York, County of Orange (Index No. 7403/03) against Sunoco and ExxonMobil, among others, alleging that releases of gasoline containing MTBE have caused environmental harm to their groundwater and have caused injury to their person and property. (Heller Aff., Ex. K.)

7.  On or about November 17, 2003, Robert Basso and other plaintiffs commenced an action in the United States District Court for the Southern District of New York (Case No. 03 Civ. 9050) against Sunoco and ExxonMobil, among others, alleging that releases of gasoline containing MTBE have caused environmental harm to their groundwater and have caused injury to their person and property. (Heller Aff., Ex. L.)

8.  In or about February 2006, Sunoco commenced third-party actions against the Town in connection with each of the above three underlying tort actions. In each of the underlying third-party actions, Sunoco alleges that the groundwater contamination purportedly resulting in the injuries alleged by the plaintiffs in the underlying tort actions was caused, in whole or in part, by gasoline releases originating from the Town's Highway Garage. (Heller Aff., Ex. M-N.)

9.  The Town purchased the site of the Highway Garage in or about January 1975, and the Highway Garage ceased operations in or about 1997. (Heller Aff., Ex. O-P.)

10. None of the complaints in the underlying tort actions alleges when the purported injury-causing release or releases of gasoline occurred; and none of the complaints in the underlying third-party actions alleges when the purported injury-causing release or releases of gasoline occurred. (Heller Aff., Ex. J-N.)

11. The purported injury-causing release or releases of gasoline, as alleged by Sunoco in the underlying third-party complaints, constitute(s) one or more occurrences under the Travelers Policies and triggers Travelers' duty to defend the Town under the "Insuring Agreements" in the Travelers Policies. (Heller Aff., Ex. C-I.)

12. In or about March 2006, the Town gave prompt and timely notice of the underlying third-party actions to Travelers and tendered the Town's defense to Travelers. (Heller Aff., Ex. Q.)

13. Four other carriers had issued policies of liability insurance to the Town, covering the period from 1992-2006, and notice of the underlying third-party actions was tendered to them. The Town's claim for coverage and a defense of the underlying third-party actions was rejected by New York Municipal Insurance Reciprocal (covering the period from 1994-1997), by Titan Indemnity Company (covering the period from 1997-2001), and by Selective Insurance Company (covering the period from 2001-2006), on the basis of the industry-standard pollution exclusion contained in policies of this era. (Heller Aff., Ex. R-T.) The Town's claim for coverage and a defense of the underlying third-party actions was rejected by United Community Insurance Company (covering the period from 1992-1994), a carrier in liquidation, because the order of liquidation provided that all claims not reported on or before November 15, 2004 are barred against the estate of the carrier. (Heller Aff., Ex. U.)

14. The Town was unable to locate policies of liability insurance covering the period from 1983-1991. (Heller Aff., at para. 13.)

**Travelers' Coverage Position**

15. By letter dated August 30, 2006, Travelers agreed to participate in the Town's defense of the underlying third-party actions, subject to a reservation of all rights and defenses in respect of coverage under the Travelers Policies. (Heller Aff., Ex. V.)

16. Through and including September 30, 2006, Travelers paid the Town's costs of defense in full. (Heller Aff., at para. 14.)

17. By letter dated January 31, 2007, Travelers advised the Town that since it had issued policies of insurance to the Town which were only in effect during a purported seven years of the purported thirty-one-year period of potential Town liability – a period, according to Travelers, from January 1975 (when the Highway Garage was acquired by the Town) through March 2006 (when the Town was served with Sunoco's third-party complaints) – it will cover only 22% of the Town's costs of defense. (Heller Aff., Ex. W.)

Dated: New York, New York
       March 6, 2008

HELLER, HOROWITZ & FEIT, P.C.

By: _____
    Maurice W. Heller (MH-7996)
    Allen M. Eisenberg (AE-9102)
292 Madison Avenue
New York, New York 10017
(212) 685-7600

Attorneys for Plaintiff

TO: Robert W. Mauriello, Jr.
    GRAHAM CURTIN, P.A.
    4 Headquarters Plaza
    P.O. Box 1991
    Morristown, New Jersey 07962-1991

    Attorneys for Defendants