Maurice W. Heller (MH-7996)
Allen M. Eisenberg (AE-9102)
HELLER, HOROWITZ & FEIT, P.C.
292 Madison Avenue
New York, New York 10017
(212) 685-7600

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

THE TOWN OF HIGHLANDS,                   Case No.  07-CV-07263 (LLS)

                              **Plaintiff,**

            **-against-**                   **AFFIDAVIT OF
                                    MAURICE W. HELLER**

THE TRAVELERS INDEMNITY COMPANY
and THE CHARTER OAK FIRE INSURANCE
COMPANY,

                              **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

STATE OF NEW YORK    )
                          )ss.:
COUNTY OF NEW YORK    )

        **MAURICE W. HELLER,** under penalties of perjury, deposes and says:

        1.     I am a member of the law firm of Heller, Horowitz & Feit, P.C., counsel to Plaintiff The Town of Highlands (the "Town") in this action.  I make this Affidavit in support of the Town's motion for partial summary judgment against Defendants The Travelers Indemnity Company and The Charter Oak Fire Insurance Company (together, "Travelers") directing Travelers to provide the Town with a complete defense to three underlying tort actions under a series of comprehensive general liability insurance policies issued by Travelers to the Town.  The following exhibits are submitted herewith, under separate cover, as Exhibits to Heller Affidavit, Volumes I-III:

**The Pleadings**

2.    Exhibit A is a true and correct copy of the Town's complaint in this action.

3.    Exhibit B is a true and correct copy of Travelers' answer to the complaint in this action.

**The Travelers Policies**

4.    Exhibits C-G are true and correct copies of the following primary policies of liability insurance issued by The Charter Oak Fire Insurance Company to the Town, effective during the indicated policy periods:

| Exhibit | Policy Number | Policy Period |
|---------|---------------|---------------|
| Exhibit C | 650-584A016-3-COF-75 | 10/12/75 – 10/12/76 |
| Exhibit D | 650-584A016-3-COF-76 | 10/12/76 – 10/12/77 |
| Exhibit E | 650-584A016-3-COF-77 | 10/12/77 – 10/12/78 |
| Exhibit F | 650-584A016-3-COF-78 | 10/12/78 – 10/12/79 |
| Exhibit G | 650-584A016-3-COF-79 | 10/12/79 – 10/12/80 |

5.    Exhibits H-I are true and correct copies of the following primary policies of liability insurance issued by The Travelers Indemnity Company to the Town, effective during the indicated policy periods:

| Exhibit | Policy Number | Policy Period |
|---------|---------------|---------------|
| Exhibit H | 650-849E440-9-IND-80 | 10/12/80 – 10/12/81 |
| Exhibit I | 650-849E440-9-IND-81 | 10/12/81 – 10/12/82 |

**The Underlying Actions**

6.    Exhibit J is a true and correct copy of the complaint filed by Dave Tonneson and other plaintiffs in the United States District Court for the Southern District of New York (Case

No. 03 Civ. 8248) against Sunoco and ExxonMobil, among others, alleging that releases of gasoline containing the additive MTBE have caused environmental harm to their groundwater and have caused injury to their person and property.

7.      Exhibit K is a true and correct copy of the complaint filed by Flora Abrevaya and other plaintiffs in the Supreme Court of the State of New York, County of Orange (Index No. 7403/03) against Sunoco and ExxonMobil, among others, alleging that releases of gasoline containing the additive MTBE have caused environmental harm to their groundwater and have caused injury to their person and property.

8.      Exhibit L is a true and correct copy of the complaint filed by Robert Basso and other plaintiffs in the United States District Court for the Southern District of New York (Case No. 03 Civ. 9050) against Sunoco and ExxonMobil, among others, alleging that releases of gasoline containing the additive MTBE have caused environmental harm to their groundwater and have caused injury to their person and property.

9.      Exhibits M-N are true and correct copies of the third-party complaints filed by Sunoco against the Town in connection with each of the above three actions, alleging that the groundwater contamination purportedly resulting in the injuries alleged by the plaintiffs in these actions was caused, in whole or in part, by gasoline releases originating from the Town's Highway Garage. (Exhibit M is the third-party complaint filed by Sunoco in connection with the two actions pending in the United States District Court for the Southern District of New York; Exhibit N is the third-party complaint filed by Sunoco in connection with the action pending in the Supreme Court of the State of New York, County of Orange.)

10.     Exhibit O is a true and correct copy of correspondence evidencing that the Town purchased the site of the Highway Garage in January 1975.

11.     Exhibit P is a true and correct copy of documents evidencing that the Highway Garage ceased operations and was demolished in 1997.

3

12.    Exhibit Q is a true and correct copy of the notice given by the Town of the underlying third-party actions to Travelers and the tender of the Town's defense to Travelers.

13.    Exhibits R-U are true and correct copies of the denial-of-coverage letters sent to the Town by four carriers that had issued policies of liability insurance to the Town covering the period from 1992-2006. The Town's claim for coverage and a defense of the underlying third-party actions was rejected by New York Municipal Insurance Reciprocal for the period from 1994-1997 (Exhibit R), Titan Indemnity Company for the period from 1997-2001 (Exhibit S) and Selective Insurance Company for the period from 2001-2006 (Exhibit T) on the basis of the industry-standard pollution exclusion contained in policies of this era. The Town's claim for coverage and a defense of the underlying third-party actions was rejected by United Community Insurance Company, a carrier in liquidation, for the period from 1992-1994 (Exhibit U) because the order of liquidation provided that all claims not reported on or before November 15, 2004 are barred against the estate of the carrier. Despite diligent efforts, the Town was unable to locate insurance policies covering the period from 1983-1991.

**Travelers' Coverage Position**

14.    Exhibit V is a true and correct copy of the letter dated August 30, 2006, wherein Travelers agreed to participate in the Town's defense of the underlying third-party actions, subject to a reservation of all rights and defenses in respect of coverage under the Travelers Policies. Thereafter, through and including September 30, 2006, Travelers paid the Town's costs of defense in full.

15.    Exhibit W is a true and correct copy of the letter dated January 31, 2007, wherein Travelers advised the Town that since it had issued policies of insurance to the Town which were only in effect during a purported seven years of the purported thirty-one-year period of potential Town liability – a period, according to Travelers, from January 1975 (when the Highway Garage was acquired by the Town) through March 2006 (when the Town was served with Sunoco's third-party complaints) – it will cover only 22% of the Town's costs of defense.

4

**WHEREFORE,** it is respectfully requested that this Court grant the Town's motion

for partial summary judgment.

Maurice W. Heller

Sworn to before me this
6th day of March, 2008

Notary Public

ALLEN M. EISENBERG
Notary Public, State of New York
No. 02E15015964    Nassau
Qualified in Queens County
Certificate Filed in New York County
Commission Expires Aug. 7, 19..........
11/19/09

5