**HELLER, HOROWITZ & FEIT, P.C.**
**292 Madison Avenue**
**New York, New York 10017**
**(212) 685-7600**

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| **THE TOWN OF HIGHLANDS,** | **Case No.** |
| **Plaintiff,** | |
| -against- | **COMPLAINT** |
| | **(Jury Trial Demanded)** |
| **THE TRAVELERS INDEMNITY COMPANY**<br>**and THE CHARTER OAK FIRE INSURANCE**<br>**COMPANY,** | |
| **Defendants.** | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff, The Town of Highlands (the "Town"), by its attorneys, Heller, Horowitz & Feit, P.C., as and for its Complaint against Defendants, The Travelers Indemnity Company and The Charter Oak Fire Insurance Company (together, "Travelers"), alleges as follows:

## Nature of the Action

1.    In this action, the Town seeks a judgment declaring its rights to a defense and indemnification, under a series of insurance policies issued by Travelers in the 1970's and 1980's, in connection with the Town's potential liability arising from the alleged contamination of groundwater caused by releases of gasoline. Specifically, three groups of plaintiffs in three separate underlying tort actions have sued a number of manufacturers, designers, refiners, formulators, distributors, suppliers, sellers and marketers of the gasoline additive methyl tertiary butyl ether

("MTBE") and/or tert butyl alcohol ("TBA") and/or gasoline products containing MTBE or TBA, alleging that releases of gasoline containing these additives have caused environmental harm to their groundwater and have caused injury to their person and property (the "Underlying Tort Actions"). Two of the defendants in the Underlying Tort Actions, Sunoco, Inc. and Sunoco, Inc. (R&M) (together, "Sunoco"), have commenced third-party actions against the Town seeking indemnification and/or contribution on the theory that the groundwater contamination purportedly resulting in the injuries alleged by the plaintiffs in the Underlying Tort Actions was caused, in whole or in part, by gasoline releases originating from the highway garage owned and operated by the Town (the "Highway Garage").

2.    Initially, Travelers assumed the defense of the Underlying Third-Party Actions on behalf of the Town, subject to a reservation of rights and defenses in respect of coverage. Then, in the midst of its defense of the Underlying Third-Party Actions, Travelers advised the Town that since it had issued policies of insurance to the Town which were only in effect during seven years of the thirty-one-year period of potential Town liability, it will cover only 22% of the Town's costs of defense – retroactively (as to defense costs already incurred but not yet paid) and prospectively (as to all future defense costs). Travelers has taken this outrageous coverage position despite the critical fact that there has been no determination, judicial or otherwise, as to precisely when the alleged injury-causing release or releases of gasoline occurred. By so severely limiting its contribution to the defense costs of the Town in the Underlying Third-Party Actions, Travelers has effectively denied the Town its broad contractual right to a defense under the policies. Accordingly, the Town seeks a judgment declaring its rights to a defense and indemnification in respect of the claims asserted by

- 2 -

Sunoco in the Underlying Third-Party Actions, and also seeks to recover the costs of defense incurred by the Town as a result of Travelers' breach of its duty to defend.

### Parties

3.    The Town of Highlands is a municipality operating under the laws of the State of New York, and maintains its principal offices in Highland Falls, Orange County, New York.

4.    The Travelers Indemnity Company is an insurance corporation organized under the laws of the State of Connecticut, and maintains its principal offices in Hartford, Connecticut.

5.    The Charter Oak Fire Insurance Company is an insurance corporation organized under the laws of the State of Connecticut, and maintains its principal offices in Hartford, Connecticut.  The Travelers Indemnity Company and The Charter Oak Fire Insurance Company are corporate affiliates and members of The Travelers Insurance Companies.

### Jurisdiction and Venue

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Town is located in this District and the Underlying Third-Party Actions are pending in this District.

### The Travelers Policies

8.    The Travelers Indemnity Company issued the following primary policies of insurance to the Town, each containing a general liability coverage part, effective during the indicated policy periods:

| Policy Number | Policy Period |
|---|---|
| 650-567B183-2-IND-75 | 4/12/75 – 4/12/76 [1] |
| 650-567B183-2-IND-76 | 4/12/76 – 4/12/77 [2] |
| 650-567B183-2-IND-77 | 4/12/77 – 4/12/78 |
| 650-567B183-2-IND-78 | 4/12/78 – 4/12/79 |
| 650-567B183-2-IND-79 | 4/12/79 – 4/12/80 |
| 650-567B183-2-IND-80 | 4/12/80 – 4/12/81 |
| 650-849E440-9-IND-80 | 10/12/80 – 10/12/81 |
| 650-849E440-9-IND-81 | 10/12/80 – 10/12/81 |

9.    The Charter Oak Fire Insurance Company issued the following primary policies of insurance to the Town, each containing a general liability coverage part, effective during the indicated policy periods:

---

[1]  The Travelers Indemnity Company also issued catastrophe umbrella policy no. CUP-425B870-0-75 to the Town (effective 4/12/75 – 4/12/76), providing excess liability coverage above the limits of insurance provided by policy no. 650-567B183-2-IND-75.

[2]  The Travelers Indemnity Company also issued catastrophe umbrella policy no. CUP-425B870-0-76 to the Town (effective 4/12/76 – 4/12/77), providing excess liability coverage above the limits of insurance provided by policy no. 650-567B183-2-IND-76.

- 4 -

| Policy Number | Policy Period |
|---|---|
| 650-584A016-3-COF-75 | 10/12/75 – 10/12/76 |
| 650-584A016-3-COF-76 | 10/12/76 – 10/12/77 |
| 650-584A016-3-COF-77 | 10/12/77 – 10/12/78 |
| 650-584A016-3-COF-78 | 10/12/78 – 10/12/79 |
| 650-584A016-3-COF-79 | 10/12/79 – 10/12/80 |

10.    Each of the above policies of insurance issued by The Travelers Indemnity Company and The Charter Oak Fire Insurance Company (together, the "Travelers Policies") provides comprehensive general liability coverage to the Town.  Each of the Travelers Policies, in the "Insuring Agreements" of the comprehensive general liability coverage part, requires Travelers to pay on behalf of the Town all sums which the Town shall become legally obligated to pay as damages because of bodily injury or property damage to which the insurance applies, caused by an occurrence.

11.    Each of the Travelers Policies, in the "Insuring Agreements" of the comprehensive general liability coverage part, also provides that "Travelers shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage [caused by an occurrence], even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient."

12.    The Travelers Policies provide comprehensive general liability coverage to the Town with varying per-occurrence and aggregate limits of insurance for bodily injury and property

damage claims during each policy period. However, payments of the Town's costs of defense are excluded from the limits of insurance provided by the Travelers Policies. In fact, each of the Travelers Policies specifically provides that the duty to defend is only extinguished upon the exhaustion by Travelers of the limits of insurance by the payment of "judgments or settlements" on behalf of the Town.

## The Underlying Actions

13.    On or about October 17, 2003, Dave Tonneson and other plaintiffs commenced an action in the United States District Court for the Southern District of New York (Case No. 03 Civ. 8248) against Sunoco and other manufacturers, designers, refiners, formulators, distributors, suppliers, sellers and marketers of MTBE and/or TBA and/or gasoline products containing MTBE or TBA, alleging that releases of gasoline containing these additives have caused environmental harm to their groundwater and have caused injury to their person and property.

14.    On or about October 24, 2003, Flora Abrevaya and other plaintiffs commenced an action in the Supreme Court of the State of New York, County of Orange (Index No. 7403/03) against Sunoco and other manufacturers, designers, refiners, formulators, distributors, suppliers, sellers and marketers of MTBE and/or TBA and/or gasoline products containing MTBE or TBA, alleging that releases of gasoline containing these additives have caused environmental harm to their groundwater and have caused injury to their person and property.

15.    On or about November 17, 2003, Robert Basso and other plaintiffs commenced an action in the United States District Court for the Southern District of New York (Case No. 03 Civ. 9050) against Sunoco and other manufacturers, designers, refiners, formulators,

- 6 -

distributors, suppliers, sellers and marketers of MTBE and/or TBA and/or gasoline products containing MTBE or TBA, alleging that releases of gasoline containing these additives have caused environmental harm to their groundwater and have caused injury to their person and property.

16.    In or about February 2006, Sunoco commenced third-party actions against the Town in connection with each of the Underlying Tort Actions.  In each of the Underlying Third-Party Actions, Sunoco alleges that the groundwater contamination purportedly resulting in the injuries alleged by the plaintiffs in the Underlying Tort Actions was caused, in whole or in part, by gasoline releases originating from the Highway Garage.  The Town purchased the site of the Highway Garage on or about January 31, 1975.

17.    Specifically, Sunoco alleges that gasoline containing MTBE and/or TBA was released from underground storage tanks, piping, lines and/or equipment at the Highway Garage, or during the filling of underground storage tanks, piping, lines, equipment and/or vehicles, or during the maintenance of vehicles and/or equipment at the Highway Garage, and began to migrate underground, eventually reaching the groundwater of the plaintiffs in the Underlying Tort Actions.

18.    Sunoco further alleges that the Town breached various duties of care in allowing said releases of gasoline, and either caused or contributed to the alleged harm or threatened harm to the groundwater of the plaintiffs in the Underlying Tort Actions, entitling Sunoco to indemnity or contribution from the Town in the event that Sunoco is found liable to the plaintiffs in the Underlying Tort Actions.

19.    None of the complaints in the Underlying Tort Actions alleges when the purported injury-causing release or releases of gasoline occurred; and none of the complaints in the

- 7 -

Underlying Third-Party Actions alleges when the purported injury-causing release or releases of gasoline occurred.

20.    The purported injury-causing release or releases of gasoline, as alleged in the complaints in the Underlying Tort Actions and the Underlying Third-Party Actions, constitute(s) one or more occurrences under the Travelers Policies.

21.    In or about March 2006, the Town gave prompt and timely notice of the Underlying Third-Party Actions to Travelers and tendered the defense of the Underlying Third-Party Actions to Travelers.

## Travelers Coverage Position

22.    By letter dated August 30, 2006, Travelers agreed to participate in the Town's defense of the Underlying Third-Party Actions, subject to a reservation of all rights and defenses in respect of coverage under the Travelers Policies.

23.    Thereafter, through and including September 30, 2006, Travelers paid the Town's costs of defense in full.  In reliance thereon, the Town incurred substantial costs and expenses between October and December 2006 in connection with the defense of the Underlying Third-Party Actions.

24.    Then, by letter dated January 31, 2007, Travelers advised the Town that since it had issued policies of insurance to the Town which were only in effect during seven years of the thirty-one-year period of potential Town liability encompassed by the Underlying Third-Party Actions – a period, according to Travelers, from January 1975 (when the Highway Garage was

acquired by the Town) through March 2006 (when the Town was served with Sunoco's third-party complaints) – it will cover only 22% of the Town's costs of defense.

25.    Indeed, Travelers advised the Town that it would only pay 22% of the Town's then-outstanding costs of defense, covering the period of October through December 2006, despite the fact that the costs and expenses had already been incurred and billed to Travelers and despite the fact that Travelers had previously paid the Town's costs of defense in full.

26.    By letter dated February 8, 2007, the Town objected to Travelers' unilateral "pro-rata" assumption of the Town's costs of defense on grounds, among others, that the alleged occurrence(s) could have taken place at any point in time during the thirty-one-year period between 1975 and 2006, including the seven years during which the Travelers Policies were in effect, and Travelers was therefore obligated to provide a complete defense to the Town in connection with the Underlying Third-Party Actions.

27.    Despite the Town's urging to reconsider its coverage position, Travelers has adhered to the position stated in its January 31, 2007 letter.

### Count I
### (Declaratory Judgment: Duty to Defend)

28.    The Town repeats each and every allegation asserted above with the same force and effect as though fully stated herein.

29.    In taking the aforesaid coverage position in respect of its duty to defend the Town in connection with the claims asserted by Sunoco in the Underlying Third-Party Actions, Travelers has acted contrary to the express "Insuring Agreements" of the Travelers Policies which

provide that Travelers shall have the duty to defend any suit against the Town seeking damages because of bodily injury or property damage caused by an occurrence.

30.    By wrongfully declining to pay 78% of the Town's defense costs in connection with the Underlying Third-Party Actions, Travelers has breached its obligations to the Town under the Travelers Policies.

31.    An actual controversy within the jurisdiction of this Court exists regarding whether the Town is entitled to a complete defense under the Travelers Policies in respect of the claims asserted by Sunoco against the Town in the Underlying Third-Party Actions.

32.    Accordingly, the Town seeks a declaration that it is entitled to a complete defense under the Travelers Policies in respect of the claims asserted by Sunoco against the Town in the Underlying Third-Party Actions.

### Count II
### (Declaratory Judgment:  Duty to Indemnify)

33.    The Town repeats each and every allegation asserted above with the same force and effect as though fully stated herein.

34.    In reserving its purported rights and defenses under the Travelers Policies in respect of its duty to indemnify the Town in connection with the claims asserted by Sunoco in the Underlying Third-Party Actions, Travelers has acted contrary to the express "Insuring Agreements" of the Travelers Policies which provide that Travelers will pay on behalf of the Town all sums which the Town shall become legally obligated to pay as damages because of bodily injury or property damage caused by an occurrence.

35.    An actual controversy within the jurisdiction of this Court exists regarding whether the Town is entitled to indemnification under the Travelers Policies in respect of the claims asserted by Sunoco against the Town in the Underlying Third-Party Actions.

36.    Accordingly, the Town seeks a declaration that it is entitled to indemnification under the Travelers Policies in respect of the claims asserted by Sunoco against the Town in the Underlying Third-Party Actions.

### Count III
### (Breach of Contract:  Recovery of Defense Costs)

37.    The Town repeats each and every allegation asserted above with the same force and effect as though fully stated herein.

38.    In taking the aforesaid coverage position in respect of its duty to defend the Town in connection with the claims asserted by Sunoco in the Underlying Third-Party Actions, Travelers has acted contrary to the express "Insuring Agreements" of the Travelers Policies which provide that Travelers shall have the duty to defend any suit against the Town seeking damages because of bodily injury or property damage caused by an occurrence.

39.    By wrongfully declining to pay 78% of the Town's defense costs in connection with the Underlying Third-Party Actions, Travelers has breached its obligations to the Town under the Travelers Policies.

40.    As a result, the Town has been damaged in the amount of the costs and expenses incurred by the Town in connection with the defense of the Underlying Third-Party Actions.

- 11 -

41.    Accordingly, the Town is entitled to damages in the amount of the costs and expenses incurred by the Town in connection with the defense of the Underlying Third-Party Actions, with interest thereon.

WHEREFORE, Plaintiff respectfully requests that this Court grant it the following relief:

a)    On Count I, judgment declaring the Town's entitlement to a complete defense under the Travelers Policies in respect of the claims asserted by Sunoco against the Town in the Underlying Third-Party Actions;

b)    On Count II, judgment declaring the Town's entitlement to indemnification under the Travelers Policies in respect of the claims asserted by Sunoco against the Town in the Underlying Third-Party Actions;

c)    On Count III, judgment in the amount of the costs and expenses incurred by the Town in connection with the defense of the Underlying Third-Party Actions, with interest thereon;

d)    Such other and further relief that the Court deems just and proper.

### Demand for Jury Trial

Plaintiff hereby demands a trial by jury of all issues and causes of action triable to a

jury.

Dated: New York, New York
          August 10, 2007

                                        **HELLER, HOROWITZ & FEIT, P.C.**


                                        By:    s/ Maurice W. Heller
                                              Maurice W. Heller (MH-7996)
                                              Clifford J. Bond (CB-4679)
                                              Allen M. Eisenberg (AE-9102)
                                              Evan R. Shusterman (ES-5211)
                                        292 Madison Avenue
                                        New York, New York 10017
                                        (212) 685-7600

                                        Attorneys for Plaintiff

- 13 -