UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TOWN OF HIGHLANDS,<br><br>Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY and THE CHARTER OAK FIRE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No.: 07 CV 7263 (LLS)<br><br>Honorable Louis L. Stanton, U.S.D.J.<br>United States District Judge<br><br><br>ANSWER TO COMPLAINT<br><br>[Document Electronically Filed] |

Defendants The Travelers Indemnity Company and The Charter Oak Fire Insurance Company (collectively, "Travelers"), by way of Answer to the Complaint of The Town of Highlands (the "Plaintiff") say:

<u>Nature of the Action</u>

1. Travelers neither admits nor denies the statements or legal conclusions contained in paragraph 1. To the extent that a responsive pleading is required, Travelers denies any allegations asserted against it, except it admits that it issued certain insurance policies to Plaintiff for certain periods of time (the "Travelers Policies") subject to the terms, conditions and exclusions contained in each of the Travelers Policies. In addition, the Complaint identifies certain insurance policies that were not issued to Plaintiff and, as a result, those insurance policies not issued to Plaintiff are not included within the definition of the "Travelers Policies" as used herein. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to "the three separate underlying tort actions" as described in paragraph 1.

475343_1

2.   Travelers denies the allegations contained in paragraph 2, and refers to the Travelers Policies for their precise terms, conditions and exclusions.

Parties

3.   Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4.   Travelers denies the allegations contained in paragraph 4, except it admits that The Travelers Indemnity Company is a corporation organized under the laws of the State of Connecticut and has its principal place of business in Hartford, Connecticut.

5.   Travelers denies the allegations contained in paragraph 5, except it admits that The Charter Oak Fire Insurance Company is a corporation organized under the laws of the State of Connecticut and has its principal place of business in Hartford, Connecticut.

Jurisdiction and Venue

6.   Travelers neither admits nor denies the legal conclusions contained in paragraph 6. To the extent that a responsive pleading is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.   Travelers neither admits nor denies the legal conclusions contained in paragraph 7. To the extent that a responsive pleading is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

475343_1

## The Travelers Policies

8. Travelers denies the allegations contained in paragraph 8, except it admits that Travelers issued the Travelers Policies and refers to the terms, conditions and exclusions contained therein.

9. Travelers denies the allegations contained in paragraph 9, except it admits that Travelers issued the Travelers Policies and refers to the terms, conditions and exclusions contained therein.

10. Travelers denies the allegations contained in paragraph 10, except it admits that Travelers issued the Travelers Policies and refers to the terms, conditions and exclusions contained therein.

11. Travelers denies the allegations contained in paragraph 11, except it admits that Travelers issued the Travelers Policies and refers to the terms, conditions and exclusions contained therein.

12. Travelers denies the allegations contained in paragraph 12, except it admits that Travelers issued the Travelers Policies and refers to the terms, conditions and exclusions contained therein.

## The Underlying Actions

13. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

475343_1

16. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Travelers denies the allegations contained in paragraph 20 and refers to the Travelers Policies for their precise terms, conditions and exclusions.

21. Travelers denies the allegations contained in paragraph 21 and refers to the Travelers Policies for their precise terms, conditions and exclusions.

Travelers Coverage Position

22. Travelers denies the allegations contained in paragraph 22, except to the extent that it admits that it sent a letter, dated August 30, 2006, to John A. Sarcone, III, Esq., counsel for Plaintiff, and refers to that letter for its precise terms.

23. Travelers denies the allegations contained in paragraph 23, except it admits that it made certain payments to Plaintiff on a full reservation of rights basis.

24. Travelers denies the allegations contained in paragraph 24, except it admits that it sent a letter, dated January 31, 2007, to Maurice W. Heller, Esq., counsel for Plaintiff, and refers to that letter for its precise terms.

25. Travelers denies the allegations contained in paragraph 25, except it admits that it sent a letter, dated January 31, 2007, to Plaintiff and refers to that letter for its

475343_1

precise terms and refers to the Travelers Policies for their precise terms, conditions and exclusions.

26. Travelers denies the allegations contained in paragraph 26, except it admits that it received a letter, dated February 8, 2007, from Mr. Heller, and refers to that letter for its precise terms and refers to the Travelers Policies for their precise terms, conditions and exclusions.

27. Travelers denies the allegations contained in paragraph 27 except it admits that it sent a letter, dated January 31, 2007, and refers to that letter for its precise terms and refers to the Travelers Policies for their precise terms, conditions and exclusions.

<u>Count I</u>
(Declaratory Judgment: Duty to Defend)

28. Travelers repeats and realleges its responses to the allegations contained in paragraphs 1 through 27 as if set forth at length herein.

29. Travelers denies the allegations contained in paragraph 29, and refers to the Travelers Policies for their precise terms, conditions and exclusions.

30. Travelers denies the allegations contained in paragraph 30, and refers to the Travelers Policies for their precise terms, conditions and exclusions.

31. Travelers neither admits nor denies the legal conclusions contained in paragraph 31. To the extent that a responsive pleading is required, Travelers denies the allegations contained in paragraph 31.

32. Travelers neither admits nor denies the legal conclusions contained in paragraph 32. To the extent that a responsive pleading is required, Travelers denies the allegations contained in paragraph 32.

Count II
(Declaratory Judgment: Duty to Indemnify)

33. Travelers repeats and realleges its responses to the allegations contained in paragraphs 1 through 32 as if set forth at length herein.

34. Travelers denies the allegations contained in paragraph 34, and refers to the Travelers Policies for their precise terms, conditions and exclusions.

35. Travelers neither admits nor denies the legal conclusions contained in paragraph 35. To the extent that a responsive pleading is required, Travelers denies the allegations contained in paragraph 35.

36. Travelers neither admits nor denies the legal conclusions contained in paragraph 36. To the extent that a responsive pleading is required, Travelers denies the allegations contained in paragraph 36.

Count III
(Breach of Contract: Recovery of Defense Costs)

37. Travelers repeats and realleges its responses to the allegations contained in paragraphs 1 through 36 as if set forth at length herein.

38. Travelers denies the allegations contained in paragraph 38, and refers to the Travelers Policies for their precise terms, conditions and exclusions.

39. Travelers denies the allegations contained in paragraph 39, and refers to the Travelers Policies for their precise terms, conditions and exclusions.

40. Travelers denies the allegations contained in paragraph 40.

41. Travelers denies the allegations contained in paragraph 41.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted as alleged against Travelers.

### SECOND SEPARATE DEFENSE

(Statute of Limitations)

Upon information and belief, the claims asserted in the Complaint may be barred by the applicable statute of limitations.

### THIRD SEPARATE DEFENSE

(Laches and/or Waiver)

Upon information and belief, the claims asserted in the Complaint may be barred by the equitable doctrines of laches and/or waiver.

### FOURTH SEPARATE DEFENSE

(Equitable Estoppel)

Upon information and belief, the claims asserted in the Complaint may be barred by the doctrine of equitable estoppel.

### FIFTH SEPARATE DEFENSE

(Failure to Join Necessary and Indispensable Parties)

The Complaint may be subject to dismissal for failure to join necessary and indispensable parties to this action, including parties whose identities are currently unknown to Travelers. Travelers expressly reserves its right to assert a Third Party Complaint against other

parties, including other insurers of Plaintiff, once the identity of those parties become known to Travelers.

## SIXTH SEPARATE DEFENSE

(Failure to Particularlize Claims)

The Complaint does not describe the claims made against Travelers with sufficient particularity to enable Travelers to determine all defenses (including defenses based upon the terms, conditions or exclusions of the Travelers Policies) it has in response to this suit. Travelers therefore reserves its right to assert any and all additional defenses that may be pertinent to the Complaint once the precise nature of each claim is ascertained through discovery and investigation.

## SEVENTH SEPARATE DEFENSE

(Failure to Disclose Material Facts)

To the extent the insured negligently or intentionally failed to disclose or misrepresented facts that were material to the risks undertaken by Travelers, and Travelers relied on such nondisclosure or misrepresentations in issuing, renewing and/or continuing in force the Travelers Policies and would not have issued, renewed or continued in force such Travelers Policies but for the acts or omissions of the insured, Plaintiff's claims asserted in the Complaint are barred and the Travelers Policies are void *ab initio*.

## EIGHTH SEPARATE DEFENSE

(Failure to Perform Condition Precedent)

To the extent the insured has failed to perform all of its obligations under the Travelers Policies, the claims asserted in the Complaint are barred, in whole or in part.

475343_1

## NINETH SEPARATE DEFENSE

(Failure to Give Timely Notice)

Upon information and belief, the insured under the Travelers Policies had notice of conditions, events or damages referred to in the Complaint and failed to give timely notice to Travelers in accordance with the terms of the Travelers Policies. To the extent that the insured failed to give Travelers timely notice, these failures prejudiced Travelers and caused it irreparable harm.

## TENTH SEPARATE DEFENSE

(Failure to Mitigate Damages)

To the extent that the insured failed to mitigate, minimize or avoid any damages referred to in the Complaint, any liability of the insured for such damage is not covered under the Travelers Policies.

## ELEVENTH SEPARATE DEFENSE

(Policy Terms, Exclusions, Conditions and Limitations)

The claims asserted in the Complaint are barred, in whole or in part, by the terms, exclusions, conditions and limitations contained in the Travelers Policies.

## TWELFTH SEPARATE DEFENSE

(Events Do Not Constitute an "Occurrence" or "Accident")

Upon information and belief, the claims asserted in the Complaint are barred, in whole or in part, because the events giving rise to the damage alleged herein do not constitute an "occurrence" or "accident" within the meaning of the Travelers Policies.

## THIRTEENTH SEPARATE DEFENSE

(No Bodily Injury or Property Damage)

Upon information and belief, the claims asserted in the Complaint are barred, in whole or in part, because the damages asserted in the Complaint do not constitute bodily injury or property damage within the meaning of the Travelers Policies.

## FOURTEENTH SEPARATE DEFENSE

(Damage Not Within the Policy Period)

The Travelers Policies provide coverage only for damage or injury that occurs during each of the Travelers Policies' respective policy period. The claims asserted in the Complaint are barred, in whole or in part, to the extent that any of the damage or injury referred to in the Complaint occurred prior to the commencement or after the expiration of the period during which a Travelers Policy was in effect.

## FIFTEENTH SEPARATE DEFENSE

(Loss Not Sustained by Insured)

The Travelers Policies provide coverage only for liabilities arising out of acts or omissions of the insured or of the insured as defined in the Travelers Policies. To the extent the Complaint asserts claims for recovery for losses sustained by or attributable to individuals or organizations that do not qualify as an insured under the terms of the Travelers Policies, those claims are barred. In addition, Plaintiff's claims are barred to the extent that it seeks coverage under insurance policies that were not issued to Plaintiff.

## SIXTEENTH SEPARATE DEFENSE

(Known Loss/Loss in Progress)

The Travelers Policies do not provide coverage for any loss that was in progress or that was known to the insured at the time the Travelers Policies were issued. To the extent that any of the claims in the Complaint seek damages for a loss in progress or known to the insured at the time of the issuance of the Travelers Policies, such claims are barred, in whole or in part.

## SEVENTEENTH SEPARATE DEFENSE

(Limits of Liability)

Any duty to Travelers to reimburse or indemnify the insured under the Travelers Policies with respect to any of the claims or actions referred to in the Complaint is subject to the applicable deductibles, retentions, retrospective premiums and the limits of liability contained in the Travelers Policies.

## EIGHTEENTH SEPARATE DEFENSE

(Pollution Exclusion)

Plaintiff's claims may be barred in whole or in part by a pollution exclusion contained in the Travelers Policies.

## NINETEENTH SEPARATE DEFENSE

(Loss or Damage as Defined in the Policies)

Plaintiff's claims are barred, in whole or in part, to the extent that the underlying matters referred to in the Complaint do not arise from loss or damage as those terms are used or defined in the Travelers Policies.

475343_1

## TWENTIETH SEPARATE DEFENSE

(Failure to Prevent Injury or Damage)

Plaintiff's claims are barred, in whole or in part, to the extent that the insured failed to take, at its own expense, all reasonable steps to prevent bodily injury and/or property damage arising out of the same or similar conditions.

## TWENTY-FIRST SEPARATE DEFENSE

(Loss Assumed by Contract or Agreement)

Plaintiff's claims are barred, in whole or in part, to the extent that some or all of the alleged liabilities for which it asserts coverage under the Travelers Policies have been assumed pursuant to contract or agreement.

## TWENTY-SECOND SEPARATE DEFENSE

(Bodily Injury to Insured's Employee)

Plaintiff's claims are barred, in whole or in part, to the extent that some or all of Plaintiff's alleged liabilities arise from bodily injury to any employee of the insured arising out of and in the course of employment or to any obligation of the insured to indemnify another because of damages arising out of such injury.

## TWENTY-THIRD SEPARATE DEFENSE

(Limitation on Liability)

Travelers Policies provide that, for the purpose of determining the limit of Travelers liability, if any, all bodily injury and property damage arising out of continuous and repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence. Accordingly, Travelers obligations under the Travelers Policies, if any, are limited to that extent.

475343_1

## TWENTY-FOURTH SEPARATE DEFENSE

(Other Insurance)

The Travelers Policies exclude or reduce coverage to the extent that any other valid and collectible insurance, whether on a primary, excess or contingent basis or otherwise, is available. The amount of coverage, if any, provided in the Travelers Policies, is reduced in whole or in part, to the extent other valid insurance is available to Plaintiff.

## TWENTY-FOURTH SEPARATE DEFENSE

(Costs, Expenses and Attorneys' Fees)

Plaintiff is not entitled to recover from Travelers its costs, expenses and attorneys' fees in this action.

WHEREFORE, Travelers respectfully requests that judgment be entered:

(a)   dismissing the Complaint, with prejudice;

(b)   declaring that Travelers has no obligation with respect to any of the claims at issue under any of the alleged Travelers Policies, as referred to in the Complaint;

(c)   declaring that, to the extent Travelers has any defense or indemnity obligation under the Travelers Policies for the claims at issue, then Travelers responsibility is limited to its proportionate share of such obligations;

(d)   awarding costs of suit, including such reasonable attorneys' fees as may be allowed by law; and

475343_1

(e)    granting such other relief as the Court deems just and proper.

By: _s/ Robert W. Mauriello, Jr._
Stephen V. Gimigliano (SG-8570)
Robert W. Mauriello, Jr. (RM-0850)
GRAHAM CURTIN, P.A.
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

Attorneys for Defendants
The Travelers Indemnity Company
The Charter Oak and Fire Insurance Company

Dated: September 27, 2007

475343_1