**The Travelers**
**Commercial Policies**

**UNINSURED MOTORISTS INSURANCE ENDORSEMENT**

Symbol AC-328B
Page 3 of 4

5.  "Occupying" means in or upon or entering into or alighting from;

6.  "State" includes the District of Columbia, a territory or possession of the United States, and a province of Canada;

7.  "Uninsured highway vehicle" means:

   (a) a highway vehicle with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured highway vehicle is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or is or becomes insolvent; or

   (b) a hit-and-run vehicle;

   but the term "uninsured highway vehicle" shall not include:

   (1) an insured highway vehicle;

   (2) a highway vehicle which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law; or

   (3) a highway vehicle which is owned by the United States of America, Canada, a state, a political sub-division of any such government or an agency of any of the foregoing.

G.  **Additional or Amended Conditions**

   1.  **Premium** — If during the policy period the number of insured highway vehicles owned by the Named Insured or spouse or the number of dealer's license plates issued to the Named Insured changes, the Named Insured shall notify The Travelers during the policy period of any change for the purpose of premium computation.

   2.  **Proof of Claim; Medical Reports** — As soon as practicable, the Insured or other person making claim shall give to The Travelers written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder. The Insured and every other person making claim hereunder shall submit to examinations under oath by any person named by The Travelers and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by The Travelers unless The Travelers shall have failed to furnish such forms within 15 days after receiving notice of claim.

      The injured person shall submit to physical examinations by physicians selected by The Travelers when and as often as The Travelers may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from The Travelers execute authorization to enable The Travelers to obtain medical reports and copies of records.

   3.  **Assistance and Cooperation of the Insured** — After notice of claim under this insurance, The Travelers may require the Insured to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the bodily injury; and in any action against The Travelers, The Travelers may require the Insured to join such person or organization as a party defendant.

   4.  **Notice of Legal Action** — If, before The Travelers makes payment of loss hereunder, the Insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of a highway vehicle involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to The Travelers by the Insured or his legal representative.

   5.  **Other Insurance** — This condition replaces General Condition A. 13. b. (Other Insurance) of the GENERAL PROVISIONS FORM.

      With respect to bodily injury to an Insured while occupying a highway vehicle not owned by the Named Insured, this insurance shall apply only as excess insurance over any other similar insurance available to such Insured and applicable to such vehicle as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

      Except as provided in the foregoing paragraph, if the Insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and The Travelers shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

T_00169
CONFIDENTIAL

The Travelers
Commercial Policies

**UNINSURED MOTORISTS INSURANCE ENDORSEMENT**

Symbol AC-328B
Page 4 of 4



6. **Arbitration** — If any person making claim hereunder and The Travelers do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the Insured, or do not agree as to the amount of payment which may be owing under this insurance, then, upon written demand of either, the matter or matters upon which such person and The Travelers do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration are agreed to between the Insured and The Travelers, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and The Travelers each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this insurance.

7. **Trust Agreement** — In the event of payment to any person under this insurance:

   (a) The Travelers shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

   (b) such person shall hold in trust for the benefit of The Travelers all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this insurance;

   (c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

   (d) if requested in writing by The Travelers, such person shall take, through any representative designated by The Travelers, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, The Travelers shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;

   (e) such person shall execute and deliver to The Travelers such instruments and papers as may be appropriate to secure the rights and obligations of such person and The Travelers established by this provision.

8. **Payment of Loss by The Travelers** — Any amount due hereunder is payable:

   (a) to the Insured; or

   (b) if the Insured be a minor, to his parent or guardian; or

   (c) if the Insured be deceased, to his surviving spouse; otherwise

   (d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents;

   provided, The Travelers may at its option pay any amount due hereunder in accordance with division (d) hereof.

9. **Iowa Exception** — If this endorsement applies in the State of Iowa, Section F — Additional Definitions — 2.(b) above is amended to read as follows:

   " a vehicle operated on rail or crawler-treads, except a snowmobile, while such snowmobile is actually upon public roads; or"



For Use with Declarations A - Symbol 307A or Declarations C - 309A

T_00170
CONFIDENTIAL



The Travelers
Commercial Policies

**NEW YORK -- SECTION III SPECIAL
PROVISIONS ENDORSEMENT X1**

Symbol X1-345
Page 1 of 3

A.   Application of this Endorsement -- This endorsement applies to an automobile principally garaged in the State of New York.

B.   Application of Provisions -- Each of the provisions contained in this endorsement applies as indicated therein, and amends such insurance as is afforded by Section III of the policy or any endorsements specified.

C.   Provisions

1.   Amendment of Cancellation Provisions -- This provision applies when the INDIVIDUAL NAMED INSURED ENDORSEMENT Symbol 3070 forms part of Section III. This provision applies to the person designated by the INDIVIDUAL NAMED INSURED ENDORSEMENT as the individual named in Item 2. of the GENERAL DECLARATIONS.

a.   Cancellation by The Travelers Limited -- Part 4. of the INDIVIDUAL NAMED INSURED ENDORSEMENT is deleted and replaced by the following:

Effective 60 days after the effective date of Section III, or if Section III has been continued in force for a successive policy period effective immediately, The Travelers shall not exercise its right to cancel the insurance afforded with respect to private passenger or utility automobiles unless:

(1)   the Named Insured fails to discharge when due any of his obligations in connection with the payment of premium for the policy or any installment thereof, whether payable directly to The Travelers or its agent or indirectly under any premium finance plan or extension of credit; or

(2)   the Named Insured or any other operator who either resides in the same household or customarily operates an automobile insured under Section III has had his driver's license under suspension or revocation at any time after the effective date of Section III if Section III has been in effect less than one year or after the last anniversary of the effective date of Section III has been in effect longer than one year.

The provision of paragraph a. above shall apply to each and every coverage or limit afforded under Section III, but The Travelers at its option and in lieu of cancellation, may:

(1)   reduce the limits afforded for automobile bodily injury and property damage liability coverage (subject to compliance with the minimum financial security requirements of the Vehicle and Traffic law of the State of New York); or

(2)   cancel any other coverage

by mailing to the insured named in Item 2. of the GENERAL DECLARATIONS at the address shown in the GENERAL DECLARATIONS written notice stating the specific reason or reasons relied upon by The Travelers for its action and when, not less than 30 days thereafter, such reduction of limits or cancellation shall be effective.

The provisions of paragraph a. above shall apply to each successive policy period for which The Travelers consents to continue Section III but nothing in this paragraph shall obligate The Travelers to continue Section III beyond the expiration date of any annual period commencing with its original effective date.

b.   Policy Continuation -- If the Named Insured fulfills when due all his obligations in connection with the payment of premium, The Travelers agrees that it will not exercise its right to refuse to continue the insurance or to reduce any limits or eliminate any coverage, except as of the expiration of a policy period which coincides with the end of a biennial period; provided that upon the expiration of any policy period which coincides with the end of an annual period, The Travelers may refuse to continue Section III in force if the Named Insured has failed to pay the amount due to The Travelers as required any annual period in Section III and in which shall coincide with the original effective date of Section III ...

The Travelers agrees that it will not ... refuse to continue ... of limits or elimination of any coverage unless a written notice of its intention is mailed to ... in ... Item 2. of the GENERAL DECLARATIONS, at the address shown in the GENERAL DECLARATIONS, at least 45 days prior to the expiration date. The mailing of notice as aforesaid shall be sufficient proof of notice. Delivery of such written notice shall be equivalent to mailing. Such notice shall not be required ...

CP-1237   1-72   Printed in U.S.A.

The Travelers
Commercial Policies

NEW YORK -- SECTION III SPECIAL
PROVISIONS ENDORSEMENT X1

Symbol X1-34S
Page 2 of 3

  (1) if the Named Insured has failed to discharge when due any of his obligations in connection with the payment of premium for the policy or any installment thereof, whether payable to The Travelers or its agent either directly or indirectly under any premium finance plan or extension of credit; or

  (2) if the Named Insured fails to pay the premium as required by The Travelers for continuance of the policy.

  Notwithstanding paragraph b. (1) and (2) above with respect to any automobile designated or described in any other automobile insurance policy, insurance with respect thereto under any continuance of Section III shall terminate as of the effective date of such other insurance.

(1) 2. **ANTIQUE AUTOMOBILE** -- This provision applies when shown as applicable in SECTION III COVERAGE DECLARATIONS X1.

  The insurance with respect to the private passenger automobile described as "antique" applies provided its use is solely for exhibitions, club activities, parades or other functions of public interest, and not primarily for the transportation of passengers over any public street or highway.

(2) 3. **COAL DEALERS -- LIMITED (EXCLUSIVELY WITHIN 50 MILE RADIUS)** -- This provision applies when applicable in SECTION III COVERAGE DECLARATIONS X1.

  The insurance applies with respect to the automobile designated or described in such declarations as subject to this provision subject to the following:

  (a) the insurance applies only if such automobile is used exclusively within a 50 mile radius of the limits of the city or town where such automobile is principally garaged as stated in SECTIONS III AND IV COVERAGE DECLARATIONS B, except for the occasional use of such automobile for personal, pleasure or family purposes beyond such 50 mile radius; and

  (b) the insurance does not apply to property damage to property owned by, rented to, or in charge of a customer of the Named Insured on the premises of such customer.

(3) 4. **FEDERAL EMPLOYEES USING AUTOMOBILES IN GOVERNMENT BUSINESS** -- This provision applies when shown as applicable in SECTION III COVERAGE DECLARATIONS X1.

  Section III does not apply under any liability coverage to the United States of America or any of its agencies, as an Insured.

(1) 5. **FIRE APPARATUS -- VOLUNTEER FIREMEN EXCLUDED** -- This provision applies when shown as applicable in SECTION III COVERAGE DECLARATIONS X1.

  Section III does not apply to bodily injury to any volunteer fireman of an insured named in Item 2. of the GENERAL DECLARATIONS while engaged in the operation or maintenance of the automobile or in the course of his duties or other activities as a volunteer fireman.

(5) 6. **LOGGING AND LUMBERING** -- This provision applies when shown as applicable in SECTION III COVERAGE DECLARATIONS X1.

  The insurance with respect to the automobile designated or described in such declarations applies only if:

  (a) the regular and frequent use of the automobile is confined to the area within a 50 mile radius of the limits of the city or town where the automobile is principally garaged as stated in SECTIONS III AND IV COVERAGE DECLARATIONS B; and

  (b) no regular or frequent trips are made by the automobile to any location beyond such radius.

T_00172
CONFIDENTIAL

The Travelers
Commercial Policies

**NEW YORK – SECTION III SPECIAL
PROVISIONS ENDORSEMENT X1**

Symbol X1-345
Page 3 of 3

(6) 7.  **PRIVATE LIVERY –** This provision applies when shown as applicable in SECTION III COVERAGE DECLARATIONS X1.

The insurance applies with respect to the automobile designated in SECTION III COVERAGE DECLARATIONS X1 while the automobile is an unmarked vehicle with a seating capacity not in excess of eight passengers, excluding the driver, and is rented from the residence of the Named Insured or from a garage, with the Named Insured or an employee of the Named Insured in attendance as chauffeur, rented by the hour, day, week or month at flat rates, for use on defined trips in connection with social and business functions, weddings, funerals and sightseeing tours, and with the chauffeur in attendance at the completion of the function, affair or tour, or is used for personal, pleasure, family or other non-public passenger carrying purposes, subject to the following:

(a)  while the automobile is so rented, the insurance for property damage liability applies to property damage to property of passengers while such property is carried in the automobile; and

(b)  except with respect to the Named Insured, the insurance does not cover as an Insured, while the automobile is subject to any motor carrier law, any person or organization, or any agent, employee or contractor thereof, who is required to carry automobile liability insurance under any motor carrier law because of transporting passengers or property for the Named Insured or for others; and

(c)  the insurance does not apply:

(1)  if the automobile is equipped with a taximeter; or

(2)  while the automobile is operated for hire from a railroad, airport, race track, bus or gasoline station, club, stand, hotel, parking lot, street, highway or other public place, or at the request of a hotel, transportation company or similar organization or under agreement with a club to provide regular transportation service for club members and guests, or as a bus or on a regular schedule or along a regular route, or operated at fares per zone, mileage or taximeter or is dispatched by radio or telephone.

8.  **SINGLE LIMIT OF LIABILITY – COVERAGES C AND D –** This provision applies if coverage under Section III is written at a single limit.

Provision I. (a) (Single Limit of Liability) of Part D. (Limits of Liability) of Section III is deleted and replaced by the following:

"(a)  Single Limit of Liability – If a single limit of liability is stated in SECTION III COVERAGE DECLARATIONS A for Coverages C and D, the limit stated in such declarations as applicable to "each occurrence" is the total limit of The Travelers' liability under Coverages C and D combined for all damages, including damages for care and loss of services and loss of use, as the result of any one occurrence; provided, the limit of The Travelers' liability under Coverages C and D shall first be:

"(1)  $10,000 for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death resulting therefrom sustained by one person as the result of any one occurrence;

"(2)  $20,000 for all damages, including damages for care and loss of services arising out of bodily injury, sickness or disease, including death resulting therefrom, sustained by two or more persons as the result of any one occurrence; and

"(3)  $5,000 for all damages, including damages for loss of use, arising out of injury to or destruction of property of one or more persons or organizations as the result of any one occurrence;

and such limits shall then be supplemented by any amount remaining within the single limit stated in such declarations for each occurrence.

The Travelers
Commercial Policies

**AMENDATORY ENDORSEMENT — NEW YORK**
**AUTOMOBILE ACCIDENT INDEMNIFICATION ENDORSEMENT**
(Forming part of Section III or Sections II and III whichever apply)

Symbol 3200
Page 1 of 4

Subject to all of the provisions of this endorsement and to the applicable provisions of the policy The Travelers agrees with the Named Insured as follows:

A.  **Insuring Agreement**

Damages for Bodily Injury Caused by Uninsured Automobiles — The Travelers will pay all sums which the Insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", sustained by the Insured, caused by accident arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the Insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the Insured or such representative and The Travelers or, if they fail to agree, by arbitration.

B.  **Definitions**

1.  "Insured" — The unqualified word "Insured" means:

    (a)  the Named Insured and, while residents of the same household, his spouse and the relatives of either;

    (b)  any other person while occupying:

        (1)  an automobile owned by the Named Insured or, if the Named Insured is an individual, such spouse and used by or with the permission of either; or

        (2)  any other automobile while being operated by the Named Insured or such spouse, except a person occupying an automobile not registered in the State of New York, while used as a public or livery conveyance; and

    (c)  any person, with respect to damages he is entitled to recover because of bodily injury to which this endorsement applies sustained by an Insured under (a) or (b) above.

2.  "Uninsured automobile" — The term "uninsured automobile" means:

    (a)  an automobile with respect to the ownership, maintenance or use of which there is, in the amounts specified in the New York Motor Vehicle Financial Security Act, neither: (1) cash or securities on deposit with the New York Commissioner of Motor Vehicles; nor (2) a bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same disclaims liability or denies coverage thereunder; or

    (b)  a hit-and-run automobile as defined;

    but the term "uninsured automobile" shall not include:

    (1)  an automobile owned by the Named Insured or spouse;

    (2)  an automobile which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law, or any similar law;

    (3)  an automobile which is owned by the United States of America, Canada, a state, a political sub-division of any such government or an agency of any of the foregoing;

    (4)  a land motor vehicle or trailer, if operated on rails or crawler-treads or while located for use as a residence or premises and not as a vehicle; or

T_00174
CONFIDENTIAL

The Travelers
Commercial Policies

**AMENDATORY ENDORSEMENT – NEW YORK**
**AUTOMOBILE ACCIDENT INDEMNIFICATION ENDORSEMENT**
(Forming part of Section III or Sections II and III whichever apply)

Symbol 3200
Page 2 of 4

(5)  a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads.

3.  "Hit-and-run automobile" – The term "hit-and-run automobile" means an automobile which causes bodily injury to an Insured arising out of physical contact of such automobile with the Insured or with an automobile which the Insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such "hit-and-run automobile"; (b) the Insured or someone on his behalf shall have reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with The Travelers within 90 days thereafter a statement under oath that the Insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (c) at the request of The Travelers, the Insured or his legal representative makes available for inspection the automobile which the Insured was occupying at the time of the accident.

4.  "Occupying" – The word "occupying" means in or upon or entering into or alighting from.

5.  "State" – The word "state" includes the District of Columbia, a territory or possession of the United States, and a province of Canada.

C.  **Territory**

This endorsement applies only to accidents which occur within the State of New York.

D.  **Exclusions**

This endorsement does not apply:

1.  to bodily injury to an Insured while operating an automobile in violation of an order of suspension or revocation; or to care or loss of services recoverable by an Insured because of such bodily injury so sustained;

2.  to bodily injury to an Insured, or care or loss of services recoverable by an Insured, with respect to which such Insured, his legal representatives or any person entitled to payment under this endorsement shall, without written consent of The Travelers, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor;

3.  so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law.

E.  **Conditions**

1.  **Policy Provisions** – None of the Insuring Agreements, Exclusions or Conditions of the policy shall apply to the insurance afforded by this endorsement except the Conditions with respect to giving notice of an "Occurrence" and "Concealment or Fraud".

2.  **Premium** – If during the policy period the number of automobiles owned by the Named Insured or spouse and registered in New York or the number of New York dealer's license plates or transporter plates issued to the Named Insured changes, the Named Insured shall notify The Travelers during the policy period of any change and the premium shall be adjusted as of the date of such change in accordance with the manuals in use by The Travelers. If the earned premium thus computed exceeds the advance premium paid, the Named Insured shall pay the excess to The Travelers; if less, The Travelers shall return to the Named Insured the unearned portion paid by such Insured.

3.  **Notice and Proof of Claim: Medical Reports** – Within 90 days or as soon as practicable, the Insured or other person making claim shall give to The Travelers written notice of claim under this endorsement.

T_00175
CONFIDENTIAL

**AMENDATORY ENDORSEMENT – NEW YORK
AUTOMOBILE ACCIDENT INDEMNIFICATION ENDORSEMENT**
(Forming part of Section III or Sections II and III whichever apply)

As soon as practicable after written request by The Travelers, the Insured or other person making claim shall give to The Travelers written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder. The Insured and every other person making claim hereunder shall as may reasonably be required submit to examinations under oath by any person named by The Travelers and subscribe the same. Proof of claim shall be made upon forms furnished by The Travelers unless The Travelers shall have failed to furnish such forms within 15 days after receiving notice of claim.

The injured person shall submit to physical examinations by physicians selected by The Travelers when and as The Travelers may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from The Travelers execute authorization to enable The Travelers to obtain medical reports and copies of records.

4. **Notice of Legal Action** – If, before The Travelers makes payment of loss hereunder, the Insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of an automobile involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to The Travelers by the Insured or his legal representative.

5. **Limits of Liability**

   (a) The limit of liability of The Travelers for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident is $10,000 and subject to the above provision, the total limit of liability of The Travelers for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons, whether Insureds or qualified persons under the New York Motor Vehicle Indemnification Corporation law, as the result of any one accident is $20,000.

   (b) Any amount payable under the terms of this endorsement, including amounts payable for care or loss of services, because of bodily injury sustained by one person, shall be reduced by: (1) all sums paid to one or more Insureds on account of such bodily injury by or on behalf of; (i) the owner or operator of the uninsured automobile; and (ii) any other person or persons jointly or severally liable together with such owner or operator for such bodily injury; (2) all sums paid to one or more Insureds on account of bodily injury sustained in the same accident under any insurance or statutory benefit similar to that provided by this endorsement; and (3) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, exclusive of non-occupational disability benefits.

6. **Other Insurance** – With respect to bodily injury to an Insured while occupying an automobile not owned by the Named Insured, this insurance shall apply only as excess insurance over any other similar insurance available to such Insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

   Except as provided in the foregoing paragraph, if the Insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and The Travelers shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

7. **Arbitration** – If any person making claim hereunder and The Travelers do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the Insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and The Travelers do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any Court having jurisdiction thereof. Such person and The Travelers each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.

T_00176
CONFIDENTIAL

al Policies

**AMENDATORY ENDORSEMENT – NEW YORK
AUTOMOBILE ACCIDENT INDEMNIFICATION ENDORSEMENT**
(Forming part of Section III or Sections II and III whichever apply)

Symbol 3200
Page 4 of 4

8. **Trust Agreement** – In the event of payment to any person under this endorsement:

   (a) The Travelers shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

   (b) such person shall hold in trust for the benefit of The Travelers all rights of recovery which he shall have against such other person or organization because of such bodily injury;

   (c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

   (d) if requested in writing by The Travelers, such person shall take, through any representative designated by The Travelers such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, The Travelers shall be reimbursed out of such recovery for expenses, costs and attorneys fees incurred by it in connection therewith; and

   (e) such person shall execute and deliver to The Travelers such instruments and papers as may be appropriate to secure the rights and obligations of such person and The Travelers established by this provision and, upon request of The Travelers, shall attend hearings and trials and assist in securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings.

9. **Payment of Loss by The Travelers** – Any amount due hereunder is payable: (a) to the Insured; (b) if the Insured be a minor to his parent or guardian; or (c) if the Insured be deceased to his surviving spouse; otherwise (d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents; provided, The Travelers may at its option pay any amount due hereunder in accordance with sub-division (d) hereof.

10. **Action Against The Travelers** – No action shall lie against The Travelers unless, as a condition precedent thereto, the Insured or his legal representative has fully complied with all the terms of this endorsement.

11. **Changes** – This endorsement embodies all agreements existing between the Insured and The Travelers relating to this insurance. Notice to or knowledge possessed by The Travelers, any agent or any other person shall not effect a waiver or a change in this endorsement or estop The Travelers from asserting any right under the terms of this endorsement.

12. **Assignment** – Assignment of interest under this endorsement shall not bind The Travelers until its consent is endorsed hereon; if, however, the Named Insured or his spouse if a resident of the same household, shall die, this endorsement shall cover: (a) the survivor as Named Insured; (b) his legal representative as Named Insured but only while acting within the scope of his duties as such; and (c) any relative who was an Insured at the time of such death.

13. **Policy Period; Termination** – This endorsement applies only to accidents which occur during the period this endorsement is in effect and shall terminate upon: (a) termination of the policy or of Section III or Sections II and III of which it forms a part; or (b) termination of New York registration on all automobiles owned by the Named Insured or spouse.

F. **Limitation of Family Protection Coverage – New York**

It is agreed that such insurance as is afforded by the policy or by any endorsement used therewith, other than the New York Automobile Accident Indemnification Coverage, with respect to damages which the Insured shall become legally entitled to recover from the owner or operator of an uninsured automobile, does not apply to any accident occurring within the State of New York.

T_00177
CONFIDENTIAL

The Travelers
Commercial Policies

**AUTOMOBILE PHYSICAL DAMAGE FORM**
**(Forming part of Section IV)**

Symbol AB-401C
Page 1 of 2

## A. INSURING AGREEMENTS

1. The Travelers will pay for loss to *covered automobiles* under:

    (a) **Coverage D — Comprehensive** — from any cause except *collision;* but, for the purpose of this coverage, breakage of glass and *loss* caused by missiles, falling objects, fire, theft or larceny, windstorm, hail, earthquake, explosion, riot or civil commotion, malicious mischief or vandalism, water, flood or colliding with a bird or animal, shall not be deemed *loss* caused by *collision;*

    (b) **Coverage P — Collision** — caused by *collision;*

    (c) **Coverage Q — Fire, Lightning or Transportation** — caused by: (1) fire or lightning; (2) smoke or smudge due to a sudden, unusual and faulty operation of any fixed heating equipment serving the premises in which the *covered automobile* is located; or (3) the stranding, sinking, burning, *collision* or derailment of any conveyance in or upon which the *covered automobile* is being transported;

    (d) **Coverage R — Theft** — caused by theft or larceny;

    (e) **Coverage S — Combined Additional** — caused by: (1) windstorm, hail, earthquake or explosion; (2) riot or civil commotion; (3) the forced landing or falling of any aircraft or its parts or equipment; (4) malicious mischief or vandalism; (5) flood or rising waters; or (6) external discharge or leakage of water.

2. **Coverage TT — Towing** — The Travelers will pay for towing and labor costs necessitated by the disablement of *covered automobiles;* provided the labor is performed at the place of disablement.

3. **General Average and Salvage Charges** — In addition to the applicable limits of liability, The Travelers, with respect to such transportation insurance as is afforded herein, will pay general average and salvage charges for which the *Named Insured* becomes legally liable.

4. **Theft Rental Expense Reimbursement** — In addition to the applicable limits of liability, The Travelers will reimburse the *Named Insured,* in the event of a theft covered by this insurance of an entire *covered automobile* of the *private passenger type* (not used as a public or livery conveyance and not, at time of theft, being held for sale by an automobile dealer), for expense incurred for the rental of a substitute for such *covered automobile* during the period commencing 48 hours after such theft has been reported to The Travelers and the police and terminating, regardless of expiration of the policy period, when such *covered automobile* is returned to use or The Travelers pays for the *loss;* but, as to any one such theft, such reimbursement shall not exceed $10 for any one day nor $300 total.

## B. DEDUCTIBLES

With respect to each *covered automobile:* under Coverage D (except as to *loss* from any of the causes described under Coverage Q), and under Coverage P or Coverage R or Coverage S such payment shall be only for the amount of each *loss* in excess of the deductible amount, if any, stated in SECTION IV COVERAGE DECLARATIONS A or SECTION IV COVERAGE DECLARATIONS A SUPPLEMENT, as applicable thereto.

## C. EXCLUSIONS

This insurance does not apply:

    (1) to any *covered automobile* while used as a public or livery conveyance unless such use is specifically declared and described in SECTIONS III and IV COVERAGE DECLARATIONS B;

    (2) to damage which is due and confined to: (a) wear and tear; (b) freezing; or (c) mechanical or electrical breakdown or failure, unless such damage is the result of other *loss* covered by this insurance;

    (3) to tires, unless: (a) *loss* be coincident with and from the same cause as other *loss* covered by this insurance; or (b) damaged by fire, by malicious mischief or vandalism, or stolen and, as to the *covered automobile, loss* caused by such damage or theft is covered by this insurance;

    (4) to *loss* due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

    (5) under Coverages D and R, to *loss* or damage due to conversion, embezzlement or secretion by any person in possession of a *covered automobile* under a bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance;

    (6) under Coverage P, to breakage of glass if insurance with respect to such breakage is otherwise afforded herein;

    (7) under Coverage S, to *loss* resulting from rain, snow or sleet, whether or not wind-driven;

    (8) under Coverages O, P, Q, R and S, to: (a) *loss* of or damage to any device or instrument designed for the recording, reproduction, or recording and reproduction of sound unless such device or instrument is permanently installed in the *covered automobile;* or (b) *loss* of or damage to any tape, wire, record, disc or other medium for use with any device or instrument designed for the recording, reproduction or recording and reproduction of sound; or

    (9) to *loss* to a *camper body* designed for use with a *covered automobile* and not described in SECTIONS III and IV COVERAGE DECLARATIONS B and for which no premium has been charged if such *camper body* was owned at the inception of this insurance or the inception of any renewal or extension period thereof.

## D. BASIS OF LOSS PAYMENT

1. **Limit of Liability**

    (a) The limit of The Travelers' liability for *loss* to any one *covered automobile* shall not exceed the least of the following amounts: (1) the actual cash value of such *covered automobile,* or, if the *loss* is to a part thereof, the actual cash value of such part at time of *loss;* (2) what it

T_00178
CONFIDENTIAL

**AUTOMOBILE PHYSICAL DAMAGE FORM**
**(Forming part of Section IV)**

would then cost to repair or replace such *covered automobile* or part thereof with other of like kind and quality with deduction for depreciation; or (3) the limit of liability stated in SECTION IV COVERAGE DECLARATIONS A SUPPLEMENT, as applicable to the *covered automobile*, under the coverage afforded for the *loss* to such *covered automobile*, provided that, if such limit of liability is expressed as a stated amount, it shall, with respect to a *covered automobile* newly acquired during the period this form is in effect and not designated in such declarations, be deemed as having been replaced by "actual cash value"; and, subject to the above provisions, shall not in any event exceed the amount, if any, stated in Item 5. of the SECTION IV COVERAGE DECLARATIONS A as the maximum limit of liability for any one *covered automobile*.

(b) The total limit of The Travelers' liability for all *loss* directly attributable to a single happening out of which *loss* occurs shall not exceed: (1) as to all *covered automobiles* at any one location, the amount, if any, stated in Item 5. of the SECTION IV COVERAGE DECLARATIONS A as the maximum limit of liability applicable thereto, subject to the above provisions respecting any one *covered automobile;* or (2) as to all *covered automobiles*, the amount, if any, stated in Item 5. of the SECTION IV COVERAGE DECLARATIONS A as the maximum limit of liability applicable thereto, subject to the above provisions respecting: (i) any one *covered automobile* and (ii) any one location.

Such insurance as is afforded under each coverage applies separately to each *covered automobile*, and a land motor vehicle and one or more trailers or semi-trailers attached thereto shall be held to be separate *covered automobiles* as respects limits of liability and any deductible provisions applicable thereto.

2. **Payment for Loss** — With respect to any *loss* covered by this insurance, The Travelers may pay for said *loss* in money, or may: (a) repair or replace the damaged or stolen property; (b) return at its expense any stolen property to the *Named Insured*, with payment for any resultant damage thereto, at any time before the *loss* is so paid or the property is so replaced; or (c) take all or any part of the damaged or stolen property at the agreed or appraised value; but there shall be no abandonment to The Travelers.

3. **Appraisal** — If the *Named Insured* and The Travelers fail to agree as to the amount of *loss*, either may, within 60 days after proof of *loss* is filed, demand an appraisal of the *loss*. In such event the *Named Insured* and The Travelers shall each select a competent appraiser, and the appraisers shall select a competent and disinterested umpire. The appraisers shall state separately the actual cash value and the amount of *loss* and, failing to agree, shall submit their differences to the umpire. An award in writing of any two shall determine the amount of *loss*. The *Named Insured* and The Travelers shall each pay its chosen appraiser and shall bear equally the other expenses of the appraisal and umpire.

The Travelers shall not be held to have waived any of its rights by any act relating to appraisal.

4. **No Benefit to Bailee** — None of the provisions of this insurance shall inure directly or indirectly to the benefit of any carrier or other bailee for hire.

## E. DEFINITIONS

1. "Camper body" means a body designed to be mounted upon a *covered automobile* and equipped as sleeping or living quarters.

2. "Collision" means: (a) *collision* of a *covered automobile* with another object or with a vehicle to which it is attached; or (b) upset of such *covered automobile*.

3. "Commercial type" means: (a) a land motor vehicle of the truck, pickup, express, sedan or panel delivery type, including truck-type tractors, trailers and semi-trailers, used for the transportation or delivery of goods or merchandise or for other business purposes; or (b) an altered private passenger vehicle used for retail or wholesale delivery.

4. "Covered automobile" means a land motor vehicle, trailer or semi-trailer, including its equipment and other equipment permanently attached thereto (but not including robes, wearing apparel or personal effects), which is either:

(a) designated in SECTION IV COVERAGE DECLARATIONS A or SECTION IV COVERAGE DECLARATIONS A SUPPLEMENT, by description or otherwise, as a specifically *covered automobile* to which this insurance applies and is: (1) owned by the *Named Insured;* or (2) leased to the *Named Insured* for a term of not less than one year under an agreement expressly prohibiting any right of the lessor or owner to use such vehicle during the term of such lease except either as an operator employed by the *Named Insured* or for its repair or exchange; or

(b) if not so designated, such vehicle is newly acquired by the *Named Insured* during the period this form is in effect, provided that for such vehicle this insurance is indicated as applicable in Column B of Item 3. of SECTION IV COVERAGE DECLARATIONS A.

*Covered automobile* does not include a vehicle owned by or registered in the name of any individual partner or executive officer of the *Named Insured*, unless specifically stated otherwise by endorsement forming a part of this form.

5. "Loss" means direct and accidental *loss* or damage.

6. "Named Insured" means the person or organization named in the GENERAL DECLARATIONS.

7. "Private passenger type" means a 4-wheel land motor vehicle of pr . . . passenger or station wagon type.

## F. ADDITIONAL CONDITION

This form is subject to:

(1) any declarations or endorsements indicated as applicable to it; and

(2) the GENERAL PROVISIONS FORM.

T_00179
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION V COVERAGE DECLARATIONS A**
(Applicable to Crime Form)

Symbol 500
Page 1 of 1

1.  Policy No: **650-58AA016-3-COF-75** Year Code: **75**            Issue Date: **10/28/75**

2.  Effective Date: These declarations are effective on the policy's effective date stated in the GENERAL DECLARATIONS unless otherwise stated hereafter: These declarations are effective_____and replace any SECTION V COVERAGE DECLARATIONS A of a prior effective date.

3.  Coverages Afforded and Limits of Liability — Insurance is afforded for such of the following Coverages for which a limit of liability is inserted. When "SEE SCHED" is inserted under Limits of Liability, refer to the applicable schedule of SECTION V COVERAGE DECLARATIONS B.

    a.  **Separate Limits Option**

| Coverages | | Limits of Liability | Deductible Amount |
|---|---|---|---|
| A. | Employee Dishonesty: Per Loss | $ | $ |
|    | Per Employee | $ | $ |
| B. | Loss Inside the Premises | $ 3,500 | $ |
| C. | Loss Outside the Premises | $ 3,500 | $ |
| D. | Money Orders and Counterfeit Paper Currency | $ | $ |
| E. | Depositors Forgery | $ | $ |
| F. | Merchandise: Section A — Burglary | $ SEE SCHEDULE | $ |
|    | Section B — Theft | $ | $ |
| G. | Credit Card Forgery | $ | $ |

    b.  **Single Limit Option**

    Coverages A, B, C, D & E (as described above)            $            $

    *Does not apply to
    Coverage D

4.  Special Provisions, if any:

CP-1258  1-72  Printed in U.S.A.                                                D-V-1

T_00180
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION V COVERAGE DECLARATIONS B**
(For any Endorsement Shown as Applicable Below)

Symbol 501
Page 1 of 1

1. Policy No: **650-584A016-3-COF-75** Year Code: **75**          Issue Date: **10/28/75**

2. Effective Date — These declarations are effective on the policy's effective date stated in the GENERAL DECLARATIONS unless otherwise stated hereafter: These declarations are effective _____ and replace any SECTION V COVERAGE DECLARATIONS B of a prior effective date.

3. Applicable Endorsements — Only an endorsement for which one or more entries are made applies.

---

**FIDELITY SCHEDULE ENDORSEMENT (COVERAGE A)**

| Name Schedule Coverage | Position Schedule Coverage | No. of Employees | Premises at Bldg. No. | Limit of Liability Per Employee $ |
|---|---|---|---|---|
| | | | | |

---

**PREMISES, MESSENGERS OR ARMORED MOTOR VEHICLES SCHEDULE ENDORSEMENT (COVERAGES B AND C)**

| | Limit of Liability | | | |
|---|---|---|---|---|
| Premises at Bldg. No. | Coverage B | Coverage C | No. of Messengers | No. of Armored Motor Vehicles |
| **1** | $ **3,500** | $ **3,500** | **3** | |
| Any new premises and additional messengers or armored motor vehicles operating therefrom | $ | $ | | |

---

**MERCHANDISE BURGLARY OR THEFT ENDORSEMENT – SCHEDULE BASIS (COVERAGE F)**

| | | | | Limits of Liability | |
|---|---|---|---|---|---|
| Premises at Bldg. No. | Portion Occupied By Named Insured | Coinsurance Percentage | Coinsurance Limit | Section A Burglary | Section B Theft |
| **1** | **ENTIRE** | **NOT APPLICABLE** | | $ **3,000** | $ |

---

CP-1274 1-72 Printed in U.S.A.

D-V-2

T_00181
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION V COVERAGE DECLARATIONS K**
(Applicable to Section V Special Provisions Endorsement K)

Symbol 510
Page 1 of 1

1.    Policy No: **650-584A016-3-COV-75** Year Code: **75**      Issue Date: **10/28/75**

2.    Effective Date — These declarations are effective on the policy's effective date stated in the GENERAL DECLARATIONS unless otherwise stated hereafter. These declarations are effective _____ and replace any SEC-TION V COVERAGE DECLARATIONS K of a prior effective date.

3.    Applicable Provisions — Only a provision for which an "X" is inserted applies.

    "X"                               **Provision Titles and Entries**

(1)   [X]    **DESIGNATED PROPERTY, EXCLUSION (COVERAGE F)**

                             Class of Merchandise

      **ALL PROPERTY OTHER THAN OFFICE EQUIPMENT.**

(2)   [ ]    **DIVIDED COVERAGE ON MERCHANDISE (COVERAGE F)**

| Class of Merchandise | Limit of Liability | | Coinsurance Percentage | Coinsurance Limit |
| --- | --- | --- | --- | --- |
| | Section A- Burglary | Section B- Theft | | |
| (a) | $ | $ | % | $ |
| (b) | $ | $ | % | $ |

(3)   [ ]    **EXTEND DEFINITION OF PREMISES TO INCLUDE GROUNDS (COVERAGE F)**

                            Premises at Bldg. No.

(4)   [ ]    **PROCESSING CHARGE OR SELLING PRICE INSURANCE (COVERAGE F)**

(5)   [ ]    **INCREASED LIMIT ON JEWELRY (COVERAGE F)**

| Amount Per Article of Jewelry | Aggregate Limit of Liability |
| --- | --- |
| $ | $ |

(6)   [ ]    **ROBBERY OF A BUILDING WATCHMAN, JANITOR OR PORTER (COVERAGE F)**

(7)   [ ]    **FORCIBLE EXIT, EXCLUSION (COVERAGE F)**

CP-1284 1-72 Printed in U.S.A.

D-V-3

T_00182
CONFIDENTIAL

**CRIME FORM**
(Forming part of Section V)

A.   Insuring Agreements – Subject to SECTION V COVERAGE DECLARATIONS A, The Travelers insures against:

**Coverage A – Employee Dishonesty – Loss** of money, securities and other property which the Named Insured shall sustain through any fraudulent or dishonest act or acts committed by any of the employees, acting alone or in collusion with others;

**Coverage B – Loss Inside the Premises – Loss** of money and securities by the actual destruction, disappearance or wrongful abstraction thereof within the premises or within any banking premises or similar recognized places of safe deposit;

Loss of: (1) other property by safe burglary or robbery within the premises or attempt thereat, and (2) a locked cash drawer, cash box or cash register by felonious entry into such container within the premises or attempt thereat or by felonious abstraction of such container from within the premises or attempt thereat;

Damage to the premises by such safe burglary, robbery or felonious abstraction, or by or following burglarious entry into the premises or attempt thereat, provided with respect to damage to the premises the Named Insured is the owner thereof or is liable for such damage;

As respects the Single Limit Option, loss by robbery within the premises from any employee of money or checks paid to such employee from payroll funds during the work period when such robbery occurred, provided there was on the same occasion a robbery or attempt thereat from a custodian;

**Coverage C – Loss Outside the Premises – Loss** of money and securities by the actual destruction, disappearance or wrongful abstraction thereof outside the premises while being conveyed by a messenger or any armored motor vehicle company, or while within the living quarters in the home of any messenger;

Loss of other property by robbery or attempt thereat outside the premises while being conveyed by a messenger or any armored motor vehicle company, or by theft while within the living quarters in the home of any messenger;

**Coverage D – Money Orders and Counterfeit Paper Currency – Loss** due to the acceptance in good faith, in exchange for merchandise, money or services, of any post office or express money order, issued or purporting to have been issued by any post office or express company, if such money order is not paid upon presentation, or due to the acceptance in good faith in the regular course of business of counterfeit United States or Canadian paper currency;

**Coverage E – Depositors Forgery – Loss** which the Named Insured or any bank which is included in the Named Insured's proof of loss and in which the Named Insured carries a checking or savings account as their respective interests may appear, shall sustain through forgery or alteration of, on or in any check, draft, promissory note, bill of exchange, or similar written promise, order or direction to pay a sum certain in money, made or drawn by or drawn upon the Named Insured, or made or drawn by one acting as agent of the Named Insured or purporting to have been made or drawn as hereinbefore set forth, including:

(1)   any check or draft made or drawn in the name of the Named Insured, payable to a fictitious payee and endorsed in the name of such fictitious payee;

(2)   any check or draft procured in a face to face transaction with the Named Insured, or with one acting as agent of the Named Insured, by anyone impersonating another and made or drawn payable to the one so impersonated and endorsed by anyone other than the one so impersonated; and

(3)   any payroll check, payroll draft or payroll order made or drawn by the Named Insured, payable to bearer as well as to a named payee and endorsed by anyone other than the named payee without authority from such payee;

whether or not any endorsement mentioned in (1), (2) or (3) be a forgery within the law of the place controlling the construction thereof.

Mechanically reproduced facsimile signatures are treated the same as handwritten signatures.

T_00183
CONFIDENTIAL

The Travelers
Commercial Policies

**CRIME FORM**
(Forming part of Section V)

Symbol AT-500
Page 2 of 7

The Named Insured shall be entitled to priority of payment over loss sustained by any bank aforesaid. Loss under this Coverage, whether sustained by the Named Insured or such bank, shall be paid directly to the Named Insured in its own name, except in cases where such bank shall have already fully reimbursed the Named Insured for such loss. The liability of The Travelers to such bank for such loss shall be part of and not in addition to the amount of insurance applicable to the Named Insured's office to which such loss would have been allocated had such loss been sustained by the Named Insured.

If the Named Insured or such bank shall refuse to pay any of the aforegoing instruments made or drawn as hereinbefore set forth, alleging that such instruments are forged or altered, and such refusal shall result in suit being brought against the Named Insured or such bank to enforce such payment and The Travelers shall give its written consent to the defense of such suit, then any reasonable attorneys' fees, court costs or similar legal expenses incurred and paid by the Named Insured or such bank in such defense shall be construed to be a loss under this Coverage and the liability of The Travelers for such loss shall be in addition to any other liability under this Coverage.

B.  **Supplemental Insuring Agreements**

1.  **Consolidation — Merger —** If, through consolidation or merger with, or purchase of assets of, some other concern, any persons shall become employees or if the Named Insured shall thereby acquire the use and control of any additional premises, the insurance afforded by this form shall also apply as respects such employees and premises, provided the Named Insured shall give The Travelers written notice thereof within 30 days thereafter and shall pay The Travelers an additional premium computed pro rata from the date of such consolidation, merger or purchase to the end of the current policy period.

2.  **Loss Under Prior Bond or Policy —** If a coverage of this form, other than Coverage E, is substituted for any prior bond or policy of insurance carried by the Named Insured or by any predecessor in interest of the Named Insured, which prior bond or policy is terminated, canceled or allowed to expire as of the time of such substitution, The Travelers agrees that such coverage applies to loss which is discovered as provided in Additional Condition G. 3. (Discovery Period) of this form and which would have been recoverable by the Named Insured or such predecessor under such prior bond or policy except for the fact that the time within which to discover loss thereunder had expired; provided:

    (a)  the insurance under this supplemental insuring agreement shall be a part of and not in addition to the amount of insurance afforded by the applicable coverage of this form;

    (b)  such loss would have been covered under such coverage had such coverage with its agreements, conditions and limitations as of the time of such substitution been in force when the acts or events causing such loss were committed or occurred; and

    (c)  recovery under such coverage on account of such loss shall in no event exceed the amount which would have been recoverable under such coverage in the amount for which it is written as of the time of such substitution, had such coverage been in force when such acts or events were committed or occurred, or the amount which would have been recoverable under such prior bond or policy had such prior bond or policy continued in force until the discovery of such loss, if the latter amount be smaller.

    Coverage E of this form shall also cover loss sustained by the Named Insured at any time before the termination or cancellation of Coverage E, which would have been recoverable under the coverage of some similar form of forgery insurance (exclusive of fidelity insurance) carried by the Named Insured or any predecessor in interest of the Named Insured, had such prior forgery insurance given all of the coverage afforded under Coverage E; provided, with respect to loss covered by this paragraph:

    (a)  the coverage of Coverage E is substituted on or after the date hereof for such prior forgery coverage and the Named Insured or such predecessor, as the case may be, carried such prior forgery coverage on the office at which such loss was sustained continuously from the time such loss was sustained to the date the coverage of Coverage E was substituted therefor;

    (b)  at the time of discovery of such loss, the period for discovery of the loss under all such prior forgery insurance has expired; and

The Travelers
Commercial Policies

**CRIME FORM**
(Forming part of Section V)

Symbol AT-500
Page 3 of 7

(c)   if the amount of insurance carried under Coverage E applicable to the office at which such loss is sustained is larger than the amount applicable to such office under such prior forgery insurance, and in force at the time such loss is sustained, then liability hereunder for such loss shall not exceed the smaller amount.

C.   **Additional Exclusions**

1.   This form does not insure against:

(a)   loss due to any fraudulent, dishonest or criminal act by any Named Insured or partner therein, whether acting alone or in collusion with others;

(b)   under Coverage A loss, or to that part of any loss, as the case may be, the proof of which, either as to its factual existence or as to its amount, is dependent upon an inventory computation or a profit and loss computation; provided, however, that this exclusion shall not apply to loss of money, securities or other property which the Named Insured can prove, through evidence wholly apart from such computations, is sustained by the Named Insured through any fraudulent or dishonest act or acts committed by one or more of the employees;

(c)   under Coverages B and C, to loss due to any fraudulent, dishonest or criminal act by an employee, director, trustee or authorized representative of any Named Insured, while working or otherwise and whether acting alone or in collusion with others; provided, this exclusion does not apply to safe burglary or robbery or attempt thereat;

(d)   loss due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

(e)   under Coverages B and C, to loss: (1) due to the giving or surrendering of money or securities in any exchange or purchase; (2) due to accounting or arithmetical errors or omissions; or (3) of manuscripts, books of account or records;

(f)   under Coverage B, to loss of money contained in coin operated amusement devices or vending machines, unless the amount of money deposited within the device or machine is recorded by a continuous recording instrument therein;

(g)   under Coverage C, to loss of insured property while in the custody of any armored motor vehicle company, unless such loss is in excess of the amount recovered or received by the Named Insured under: (1) the Named Insured's contract with said armored motor vehicle company; (2) insurance carried by said armored motor vehicle company for the benefit of users of its service; and (3) all other insurance and indemnity in force in whatsoever form carried by or for the benefit of users of said armored motor vehicle company's service, and then this form shall cover only such excess;

(h)   loss of property otherwise insured under the policy of which this form is a part or damage to the premises when such damage is otherwise insured under the policy of which this form is a part; or

(i)   under Coverage B, to loss, other than to money, securities, a safe or vault, by fire whether or not such fire is caused by, contributed to by or arises out of the occurrence of a hazard insured against.

2.   **Prior Fraud, Dishonesty or Cancellation** — The coverage of this form shall not apply to any employee from and after the time that the Named Insured or any partner or officer thereof not in collusion with such employee shall have knowledge or information that such employee has committed any fraudulent or dishonest act in the service of the Named Insured or otherwise, whether such act be committed before or after the date of employment by the Named Insured.

If, prior to the issuance of this form, any fidelity insurance in favor of the Named Insured or any predecessor in interest of the Named Insured and covering one or more of the Named Insured's employees shall have been canceled as to any of such employees by reason of the giving of written notice of cancellation by the insurer issuing such fidelity insurance, whether The Travelers or not, and if such employees shall not have been reinstated under the coverage of said fidelity insurance or superseding fidelity insurance, The Travelers shall not be liable on account of such employees unless The Travelers shall agree in writing to include such employees within the coverage of this form.

T_00185
CONFIDENTIAL

**CRIME FORM**
(Forming part of Section V)

D   **Loss Deductible**

1.   **Coverage A** — The Travelers shall not be liable on account of any loss through acts or defaults committed at any time whether before or after the effective date of any applicable deductible amount by any of the employees acting alone or in collusion with others, unless the amount of such loss, after deducting the net amount of all reimbursement and recovery, including any cash deposit taken by the Named Insured, obtained or made by the Named Insured, other than from any bond or policy of insurance issued by a surety or insurance company and covering such loss, or by The Travelers on account thereof prior to payment by The Travelers of such loss, shall be in excess of the deductible amount stated in the declarations. If the limit of liability stated in the declarations applies per employee, and more than one employee is concerned or implicated in such loss, the deductible shall apply to each employee so concerned or implicated.

2.   **Coverage E** — The Travelers shall not be liable on account of any loss through forgery or alteration committed by any person or in which such person is concerned or implicated, whether such forgery or alteration involves one or more instruments, unless such loss shall be in excess of the deductible amount stated in the declarations.

3.   **All Other Coverages** — The Travelers shall not be liable on account of any loss, except to the extent such loss is in excess of the deductible amount stated in the applicable declarations for such Coverage.

E.   **Basis of Loss Payment**

1.   **Limits of Liability** — Single Limit Option — Payment of loss under this form shall not reduce the liability of The Travelers under this form for other losses; provided, however, that the total liability of The Travelers under this form on account of:

   (a)   all loss incidental to an actual or attempted fraudulent, dishonest or criminal act or series of related acts, whether committed by one or more persons, at the premises in which no employee is concerned or implicated or in which there is no forgery or alteration of an instrument covered under Coverage E; or

   (b)   all loss, other than as specified in (a) preceding, caused by acts or omissions of any person (whether one of the employees or not) or acts or omissions in which such person is concerned or implicated;

   is limited to the limit of liability stated in the declarations. The liability of The Travelers for loss sustained by any or all of the Named Insured shall not exceed the amount for which The Travelers would be liable had all such loss been sustained by any one of the Named Insured.

   Regardless of the number of years this form shall be in force and the number of premiums which shall be payable or paid, The Travelers' total limit of liability shall not be cumulative from year to year or period to period.

2.   **Limits of Liability** — Separate Limits Option — Payment of loss under Coverage A or E shall not reduce The Travelers' liability for other losses under the applicable coverage whenever sustained. The Travelers' total liability:

   (a)   under Coverage A (per loss basis) for all loss caused by any employee or in which such employee is concerned or implicated; or

   (b)   under Coverage A (per employee basis) as to each employee; or

   (c)   under Coverage E for all loss by forgery or alteration committed by any person or in which such person is concerned or implicated, whether such forgery or alteration involves one or more instruments;

   is limited to the applicable limit of liability specified in the declarations. The liability of The Travelers for loss sustained by any or all of the Named Insured shall not exceed the amount for which The Travelers would be liable had all such loss been sustained by any one of the Named Insured.

   Except under Coverages A and E, the applicable limit of liability stated in the declarations is the total limit of The Travelers' liability with respect to all loss of property of one or more persons or organizations arising out of any one occurrence. All loss incidental to an actual or attempted fraudulent, dishonest or criminal act or series of related acts at the premises, whether committed by one or more persons, shall be deemed to arise out of one occurrence.

**The Travelers**
**Commercial Policies**

**CRIME FORM**
(Forming part of Section V)

Symbol AT-500
Page 5 of 7

Regardless of the number of years this form shall be in force and the number of premiums which shall be payable or paid, the limit of The Travelers' liability as specified in the declarations shall not be cumulative from year to year or period to period.

3.   Limits of Liability Under This Form and Prior Insurance — This provision shall apply only to Coverages A and E.

With respect to loss caused by any person (whether one of the employees or not) or in which such person is concerned or implicated or which is chargeable to any employee as provided in Provision E. 4. of this form and which occurs partly during the period of this insurance and partly during the period of other bonds or policies issued by any of The Travelers Insurance Companies to the Named Insured or to any predecessor in interest of the Named Insured and terminated or canceled or allowed to expire and in which the period for discovery has not expired at the time any such loss thereunder is discovered, the total liability of The Travelers Insurance Companies under this form and under such other bonds or policies shall not exceed, in the aggregate, the amount carried under this form on such loss or the amount available to the Named Insured under such other bonds or policies, as limited by the terms and conditions thereof, for any such loss, if the latter amount be the larger.

4.   Loss Caused by Unidentifiable Employees — If a loss is alleged to have been caused by the fraud or dishonesty of any one or more of the employees and the Named Insured shall be unable to designate the specific employee or employees causing such loss, the Named Insured shall nevertheless have the benefit of Coverage A, subject to the provisions of Exclusion C. 1. (b) of this form, provided that the evidence submitted reasonably proves that the loss was in fact due to the fraud or dishonesty of one or more of the said employees, and provided, further, that the aggregate liability of The Travelers for any such loss shall not exceed the limit of liability applicable to Coverage A.

5.   Valuation, Payment, Replacement — In no event shall The Travelers be liable as respects securities for more than the actual cash value thereof at the close of business on the business day next preceding the day on which the loss was discovered, nor as respects other property, for more than the actual cash value thereof at the time of loss; provided, however, the actual cash value of such other property held by the Named Insured as a pledge, or as collateral for an advance or a loan, shall be deemed not to exceed the value of the property as determined and recorded by the Named Insured when making the advance or loan, nor, in the absence of such record, the unpaid portion of the advance or loan plus accrued interest thereon at legal rates.

The Travelers may, with the consent of the Named Insured, settle any claim for loss of property with the owner thereof. Any property for which The Travelers has made indemnification shall become the property of The Travelers.

In case of damage to the premises or loss of property other than securities, The Travelers shall not be liable for more than the actual cash value of such property, or for more than the actual cost of repairing such premises or property or of replacing same with property or material of like quality and value. The Travelers may, at its election, pay such actual cash value, or make such repairs or replacements. If The Travelers and the Named Insured cannot agree upon such cash value or such cost of repairs or replacements, such cash value or such cost shall be determined by arbitration.

6.   Recoveries — If the Named Insured shall sustain any loss covered by this form which exceeds the applicable limit of liability hereunder plus any applicable deductible amount, the Named Insured shall be entitled to all recoveries made after payment by The Travelers of loss covered by this form (except from suretyship, insurance, reinsurance, security or indemnity taken by or for the benefit of The Travelers) by whomsoever made, less the actual cost of effecting such recoveries until reimbursed for such excess loss; and any remainder, or if there be no such excess loss, any such recoveries shall be applied first to the reimbursement of The Travelers and thereafter to the reimbursement of the Named Insured for that part of such loss within such deductible amount, if any.

F.   Definitions

1.   "Banking Premises" means the interior of that portion of any building which is occupied by a banking institution in conducting its business.

T_00187
CONFIDENTIAL

The Travelers
Commercial Policies

**CRIME FORM**
(Forming part of Section V)

Symbol AT-500
Page 6 of 7

2. "Custodian" means the Named Insured or a partner of the Named Insured or any employee who is duly authorized by the Named Insured to have the care and custody of the insured property within the premises, excluding any person while acting as a watchman, porter or janitor.

3. "Employee" means any natural person (except a director or trustee of the Named Insured, if a corporation, who is not also an officer or employee thereof in some other capacity) while in the regular service of the Named Insured in the ordinary course of the Named Insured's business during the policy period and whom the Named Insured compensates by salary, wages or commissions and has the right to govern and direct in the performance of such service, but does not mean any broker, factor, commission merchant, consignee, contractor or other agent or representative of the same general character. As applied to loss under Coverage A, the above words "while in the regular service of the Named Insured" shall include the first 30 days thereafter; subject, however to General Condition A. 4. of the GENERAL PROVISIONS FORM and Additional Condition G. 2. of this form.

4. "Loss", except under Coverages A and E, includes damage.

5. "Messenger" means the Named Insured or a partner of the Named Insured or any employee who is duly authorized by the Named Insured to have the care and custody of the insured property outside the premises.

6. "Money" means currency, coins, bank notes and bullion; and travelers checks, register checks and money orders held for sale to the public.

7. "Payroll Funds" means money and securities intended solely for the payroll of the Named Insured.

8. "Premises" means the interior of that portion of any building which is occupied by the Named Insured in conducting its business.

9. "Robbery" means the taking of insured property: (a) by violence inflicted upon a messenger or a custodian; (b) by putting him in fear of violence; (c) by any other overt felonious act committed in his presence and of which he was actually cognizant, provided such other act is not committed by a partner or employee of the Named Insured; (d) from the person or direct care and custody of a messenger or custodian who has been killed or rendered unconscious; or (e) under Coverage B: (1) from within the premises by means of compelling a messenger or custodian by violence or threat of violence while outside the premises to admit a person into the premises or to furnish him with means of ingress into the premises; or (2) from a showcase or show window within the premises while regularly open for business by a person who has broken the glass thereof from outside the premises.

10. "Safe Burglary" means: (a) the felonious abstraction of insured property from within a vault or safe, the door of which is equipped with a combination lock, located within the premises by a person making felonious entry into such vault or such safe and any vault containing the safe, when all doors thereof are duly closed and locked by all combination locks thereon, provided such entry shall be made by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon the exterior of: (1) all of said doors of such vault or such safe and any vault containing the safe, if entry is made through such doors; or (2) the top, bottom or walls of such vault or such safe and any vault containing the safe through which entry is made, if not made through such doors; or (b) the felonious abstraction of such safe from within the premises.

11. "Securities" means all negotiable and non-negotiable instruments or contracts representing either money or other property and includes revenue and other stamps in current use, tokens and tickets, but does not include money.

G.  **Additional Conditions**

1. **Books and Records** — The Named Insured shall keep records of all the insured property in such manner that The Travelers can accurately determine therefrom the amount of loss.

2. **Cancellation As to Any Employee** — This form shall be deemed canceled as to any employee: (a) immediately upon discovery by the Named Insured, or by any partner or officer thereof not in collusion with such employee, of any fraudulent or dishonest act on the part of such employee; or (b) at noon, standard time as aforesaid, upon the effective date specified in a written notice mailed to the Named Insured. Such date shall not be less than 15 days after the date of mailing. The mailing by The Travelers of notice as aforesaid to the Named Insured at the address shown in the GEN-

The Travelers
Commercial Policies

**CRIME FORM**
(Forming part of Section V)

Symbol AT-500
Page 7 of 7

ERAL DECLARATIONS shall be sufficient proof of notice. Delivery of such written notice by The Travelers shall be equivalent to mailing.

3. **Discovery Period** — Loss is covered under this form only if discovered not later than one year from the end of the policy period specified for this form in the GENERAL DECLARATIONS.

4. **Joint Insured** — If more than one Named Insured is covered under this form, the Named Insured first named shall act for itself and for every other Named Insured for all purposes of this form. Knowledge possessed or discovery made by any Named Insured or by any partner or officer thereof shall, for the purposes of Additional Condition G. 2. and Exclusion C. 2. of this form, and of General Conditions A. 10. and A. 12. of the GENERAL PROVISIONS FORM, constitute knowledge possessed or discovery made by every Named Insured. Cancellation of this form shall apply to every Named Insured. If, prior to the cancellation or termination of this form, this form is canceled or terminated as to any Named Insured, there shall be no liability for any loss sustained by such Named Insured unless discovered within one year from the date of such cancellation or termination. Payment by The Travelers to the Named Insured first named of any loss under this form shall fully release The Travelers on account of such loss. If the Named Insured first named ceases for any reason to be covered under this form, then the Named Insured next named shall thereafter be considered as the Named Insured first named for all purposes of this form.

5. **No Benefit to Bailee** — This condition shall apply only to Coverages B and C.

   The insurance afforded by this form shall not inure directly or indirectly to the benefit of any carrier or other bailee for hire.

6. **Ownership of Property; Interests Covered** — The insured property may be owned by the Named Insured, or held by the Named Insured in any capacity whether or not the Named Insured is liable for the loss thereof, or may be property as respects which the Named Insured is legally liable; provided, Coverages B, C and D apply only to the interest of the Named Insured in such property, including the Named Insured's liability to others, and do not apply to the interest of any other person or organization in any of said property unless included in the Named Insured's proof of loss.

7. **This form is subject to:**

   (a)   any declarations, form or endorsement indicated as applicable to it; and

   (b)   the GENERAL PROVISIONS FORM.

The Travelers
Commercial Policies

**MERCHANDISE BURGLARY OR THEFT ENDORSEMENT**
(Forming part of Section V)

Symbol AB-501A
Page 1 of 3

Subject to SECTION V COVERAGE DECLARATIONS A, such insurance as is provided by the CRIME FORM is amended as follows:

A.   **Insuring Agreement** — The following is added:

   **Coverage F — Merchandise Burglary or Theft**

   **Section A — Burglary** — Loss by burglary or by robbery of a watchman, while the premises are not open for business, of merchandise, furniture, fixtures and equipment within the premises or within a showcase or show window used by the Named Insured and located outside the premises but inside the building line of the building containing the premises or attached to said building.

   Damage to the premises and the exterior thereof, and to the insured property within the premises or within such showcase or show window, by such burglary, robbery of a watchman, or attempt thereat, provided with respect to damage to the premises and the exterior thereof the Named Insured is the owner of the premises or is liable for such damage.

   **Section B — Theft** — Loss by theft of merchandise, furniture, fixtures and equipment within the premises or within a showcase or show window used by the Named Insured and located outside the premises but inside the building line of the building containing the premises or attached to said building.

   Damage to the premises and the exterior thereof, and to the insured property within the premises or within such showcase or show window, by such theft or attempt thereat, provided with respect to damage to the premises and the exterior thereof the Named Insured is the owner of the premises or is liable for such damage.

B.   **Additional or Amended Exclusions — Coverage F** — Coverage F does not insure against: (1) loss of manuscripts, books or account or records; (2) loss of furs or articles containing fur which represents their principal value, by removal of such property from within a showcase or show window by a person who has broken the glass thereof from outside the premises or by an accomplice of any such person; (3) loss occurring while there is any change in the condition of the risk or during a fire in the premises; (4) damage by vandalism or malicious mischief; or (5) under Section B: (a) loss caused by the Named Insured, or anyone acting on the express or implied authority of the Named Insured, being induced by any fraudulent scheme, trick, device or false pretense to part with title to or possession of any property; (b) mere disappearance of insured property; or (c) any shortage disclosed by any inventory unless such shortage can be reasonably shown to have been occasioned by theft, robbery or larceny, or attempt thereat.

C.   **Additional or Amended Basis of Loss Payment — Coverage F**

   1.   **Coinsurance Requirement** — If coverage applies on a schedule basis, The Travelers shall not be liable for a greater proportion of a loss of merchandise, exclusive of jewelry and of property held by the Named Insured as a pledge or as collateral, than the limit of liability stated in the schedule of SECTION V COVERAGE DECLARATIONS B bears to the: (a) coinsurance percentage, as stated in said schedule, of the actual cash value of all such merchandise contained within the premises at time of loss, or (b) coinsurance limit stated in said schedule, whichever is less.

   2.   **Limit of Liability — Section B — Theft** — The limit of The Travelers' liability stated in SECTION V COVERAGE DECLARATIONS A for Section B — Theft is part of and not in addition to the limit of liability stated in such declarations for Section A — Burglary.

   3.   **Special Limits of Liability** — Subject to any application of the coinsurance requirement and to Provision E.2. of the CRIME FORM: (a) the actual cash value of any one article of jewelry shall be deemed not to exceed $50; (b) the limit of The Travelers' liability for loss of the contents of any showcase or show window not opening directly into the interior of the premises is $100; and (c) subject to the applicable limit of liability, the actual value of property held by the Named Insured as a pledge, or as collateral for an advance or a loan, shall be deemed not to exceed the value of the property as determined and recorded by the Named Insured when making the advance or loan, nor, in the absence of such record, the unpaid portion of the advance or loan plus accrued interest thereon at legal rates.

   4.   **Inventory Shortages — Section B — Theft** — In the event that any inventory shortage can be reasonably shown to have been occasioned by robbery, theft or larceny, or attempt thereat, there shall be deducted from the amount thereof when determined an amount equal to the average shortage, as revealed by the last five annual physical inventories, or such

T_00190
CONFIDENTIAL

**MERCHANDISE BURGLARY OR THEFT ENDORSEMENT**
(Forming part of Section V)

lesser number as were made, increased or decreased by the percentage of increase or decrease, if any, in the total gross sales for the 12 month period immediately preceding the discovery of the loss, as compared to the average annual gross sales for the period represented by said inventories.

**D.    Additional or Amended Definitions — Coverage F**

1.    "Burglary" means the felonious abstraction of insured property from within: (a) a premises by a person feloniously entering or exiting from such premises by actual force and violence, as evidenced by visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of such premises at the place of such entry or to the interior of such premises at the place of such exit; (b) a showcase or show window outside the premises by a person feloniously entering into such showcase or show window by actual force and violence, as evidenced by visible marks thereon;

2.    "Jewelry" means jewelry, watches, necklaces, bracelets, gems, precious or semiprecious stones, articles containing one or more gems and articles of gold and platinum.

3.    "Premises" means the interior of that portion of any building which is occupied solely by the Named Insured in conducting its business unless SECTION V COVERAGE DECLARATIONS A indicates that coverage applies on a schedule basis, in which case "premises" means the interior of any building designated in the schedule of SECTION V COVERAGE DECLARATIONS B, but shall not include: (a) showcases or show windows not opening directly into the interior of the premises, or (b) public entrances, halls, or stairways.

4.    "Robbery of a watchman" means the taking of insured property by violence or threat of violence inflicted upon a private watchman employed exclusively by the Named Insured and while such watchman is on duty within the premises.

**E.    Additional or Amended Conditions — Coverage F**

1.    Inventory Requests — In the event of loss hereunder, upon The Travelers' request the Named Insured shall furnish a complete inventory of all property within the premises not stolen or damaged, stating the original cost and actual cash value and quantity thereof.

2.    Other Insurance — Provision 13.d. of the GENERAL PROVISIONS FORM is amended to read: "If there is any other valid and collectible insurance which would apply in the absence of Section V of this policy, the insurance under Section V of this policy shall apply only as excess insurance over such other insurance; provided, the insurance shall not apply to property: (a) which is separately described and enumerated and specifically insured in whole or in part by any other insurance; or (b) otherwise insured unless such property is owned by the Named Insured or as respects which the Named Insured is legally liable."

3.    Reduction in Limit of Liability — The occurrence of any loss shall reduce the applicable limit of liability by the extent of The Travelers' liability for such loss until the premises are restored to at least the same condition of safety as immediately prior to the loss; but such reduction shall not occur with respect to loss occurring subsequent to the receipt by The Travelers of notice of loss for which The Travelers is liable under Section V of the policy, if the Named Insured shall maintain within the premises at least one watchman while the premises are not open for business.

4.    Recoveries — Any property recovered after settlement of a loss shall be applied first to the expense of the parties in making such recovery, with any balance applied as if the recovery had been made prior to said settlement, and loss readjusted accordingly, and Provision E.6. of the CRIME FORM is amended accordingly. The Named Insured or The Travelers, upon recovery of any such property, shall give notice thereof as soon as practicable to the other.

5.    Inventory Requirement — The Named Insured shall, at least once every period of twelve months while the insurance is in force, make a physical inventory of the insured merchandise and shall keep such inventory as a permanent record. Coverage F shall not apply to loss by robbery, theft or larceny, or attempt thereat, unless there is available such a physical inventory made within the twelve months immediately preceding the date of such loss.

**T_00191**
**CONFIDENTIAL**

The Travelers
Commercial Policies

**MERCHANDISE BURGLARY OR THEFT ENDORSEMENT**
(Forming part of Section V)

Symbol AB-501A
Page 3 of 3

6.  **Other Conditions**

    a.  Provisions C.1. (c), C.1. (d), C.1. (i) and G.6. of the CRIME FORM shall apply to Coverage F exactly as they apply to Coverage B.

    b.  Supplemental Insuring Agreement 2. of the CRIME FORM does not apply to Coverage F.

    c.  If coverage applies on a schedule basis, Supplemental Agreement 1 of the CRIME FORM does not apply to Coverage F.

7.  **This endorsement is subject to: (a) any declarations, form or endorsement indicated as applicable to it; (b) the CRIME FORM except as otherwise provided herein; and (c) the GENERAL PROVISIONS FORM except as otherwise provided herein.**

F.  **Special Provision — Coverage F** — The following special provision applies only if so indicated in SECTION V COVERAGE DECLARATIONS A. Coverage F applies only to loss of office equipment. The term "office equipment" means machines, supplies, furniture, fittings, fixtures, furnishings, books and instruments used for clerical or administrative purposes but shall not include stock in trade, personal effects and postage or revenue stamps or any substitute thereof.

T_00192
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION V SPECIAL PROVISIONS ENDORSEMENT K**

Symbol K-520
Page 1 of 1

A.  **Application** — Such insurance as is provided by the CRIME FORM is amended by any provision below shown as applicable in SECTION V COVERAGE DECLARATIONS K.

B.  **Provisions**

(1) **DESIGNATED PROPERTY, EXCLUSION** — Coverage F does not apply to loss of such merchandise as is specified in the declarations.

(2) **DIVIDED COVERAGE ON MERCHANDISE**

1.  With respect to loss of any class of merchandise designated in the declarations, the amount of insurance applicable to Coverage F is reduced to the limit stated in said declarations as applicable to such class, subject to any application of the coinsurance requirement. No merchandise shall be deemed to be classified under more than one of the aforesaid classes.

2.  The Travelers shall not be liable for a greater proportion of a loss of any such class of merchandise than the applicable limit of liability stated in the declarations bears to: (a) the applicable coinsurance percentage, as stated in said declarations, of the actual cash value of all such merchandise contained within the premises at time of loss; or (b) the applicable coinsurance limit as stated in said declarations, whichever is less. Any coinsurance requirement applicable to Coverage F shall not apply to loss of such merchandise.

(3) **EXTENSION OF DEFINITION OF PREMISES TO INCLUDE GROUNDS** — As respects Coverage F, the word "premises" also includes that portion of the grounds, at the locations designated in the declarations, which is entirely enclosed by a fence or a wall.

(4) **PROCESSING CHARGE OR SELLING PRICE INSURANCE** — Under Coverage F with respect to loss of: (1) raw materials in the course of processing, the actual cash value of the property shall include the Named Insured's processing charge therefor, less unincurred charges or expense; and (2) finished merchandise owned by the Named Insured and ready for sale, the actual cash value of the property shall be deemed to be the Named Insured's selling price therefor, less applicable discounts and unincurred charges or expense.

(5) **INCREASED LIMIT ON JEWELRY** — As respects Coverage F, the actual cash value of any one article of jewelry shall be deemed not to exceed the amount specified in the declarations, and Provision C.3. (a) of the Merchandise Burglary or Theft Endorsement is amended accordingly; provided, the limit of The Travelers' liability under this Provision for loss of more than one article of jewelry in any one occurrence shall not exceed the "aggregate limit", if any, specified in the declarations, such limit to be part of and not in addition to the limit of liability applicable to Coverage F.

(6) **ROBBERY OF A BUILDING WATCHMAN, JANITOR OR PORTER** — As respects Coverage F, the definition of "robbery of a watchman" is amended to read as follows:

"Robbery of a watchman" means the felonious taking of insured property by violence or threat of violence inflicted upon: (1) a private watchman employed exclusively by the Named Insured and while such watchman is on duty within the premises; (2) a building watchman who enters the premises; or (3) a janitor or porter employed by the Named Insured and in actual care and custody of such property.

(7) **FORCIBLE EXIT, EXCLUSION** — As respects Coverage F, the definition of "burglary" is amended by the deletion of subdivision (c).

CP-1295 1-72 Printed in U.S.A.

V-2

T_00193
CONFIDENTIAL

| OFFICE & CODE | DIST. | PRODUCER & CODE | W.F. | POP. | AUDIT Y M E | REINS. Y M E | SECT. | COMM. % | PREMIUM | ISSUE DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| ALNY-002 | C-1 | HENRY J. SYLVESTRI 88751 | 2 | A | | X | 1 | 18 | 13 | 2/3/76HC |

**CHANGE DECLARATIONS B (COPY)**

Symbol 014A
Page 1 of 1

Policy No: 650-584A016-3-COF-75                    Issue Date: 2/3/76

Named Insured:    **TOWN OF HIGHLANDS**

Countersigned by: _____          Policy expires  **10**      **76**
                                                                     Month      Year
Location of exposure:  **HIGHLAND FALLS**           **NY**
                              City                   State

THE TRAVELERS INDEMNITY COMPANY                     THE TRAVELERS INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF AMERICA          THE PHOENIX INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS         THE CHARTER OAK FIRE INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

1.   These declarations are effective:  **12/23/75**

2.   Provisional Premium due under these declarations:     $ __13__    **X** additional    ☐ return

3.   Changes: — It is agreed that the policy is amended as described below.

**SECTION I: AS RESPECTS BLDG #1 COV B $8000 IS HEREBY ADDED.**

**SECTION I $13 ADD'L COF @ 18%**

CP-1666A 8-74 Printed in U.S.A. 975

T_00194
CONFIDENTIAL

| OFFICE & CODE | DIST. | PRODUCER & CODE | W.S. | INSP. | AUDIT Y N | P.E.M S. Y N | COMM. % | PREMIUM | ISSUE DATE |
|---|---|---|---|---|---|---|---|---|---|
| ALNY-002 | C-1 | HENRY J SYLVESTRI 88751 | 1 | 2 | A | X | 18 | 423 | 2/9/76NC |

Policy Codes:

## CHANGE DECLARATIONS C (COPY)
(Premium Bearing – Sections III and IV)

Symbol 015A

Policy No: 650-584A016-3-COF-75

Named Insured: **TOWN OF HIGHLANDS**

Issue Date: 2/9/76    Page 1 of __1__

Countersigned by: _____

Policy Expires: **OCT**    **76**
                Month        Year

Location of exposure: **HIGHLAND FALLS**    **NY**
                          City              State

**THE TRAVELERS INDEMNITY COMPANY**
**THE CHARTER OAK FIRE INSURANCE COMPANY**    **THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND**

1. These declarations are effective: **12/19/75**
                                       Month, Day, Year.

2. Provisional Premium due under these declarations:    $**423**   ☒ additional    ☐ return

3. Changes – Sections III and IV Coverage Declarations B and Section IV Coverage Declarations A Supplement – Such declarations are amended as described below.

|  | Add | Replace | Change Coverage | Delete |
|---|---|---|---|---|
|  | ☒ Auto No. **9** | ☐ Auto No. ___ | Auto No. ___ | ☒ Auto No. **7 69 INTER FRONT END LOADER** |

| Auto No. | Description or No. of Automobiles by Rating Class | Use | Coverages* | | | | Limit of Liability | O Ded. | | R Ded. | | TT | P ACV Ded. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  | C | D | F | U |  |  |  |  |  |  |  |
| 9 | 76 INTER TRACTOR V001964 361989 | X | X | X |  | X | $ ACV | X | $ | $ |  |  | $ 100 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |

☐ See Sections III and IV Coverage Declarations B. attached.

4. Other Changes – It is agreed that the policy is amended as described below.

**ANNUALS BI   147   PD   130   PIP   13   UM   3   APIP   3   COMP   110 COLL 275**

**SECTION III 239 AP @ 18%**
**SECTION IV 184 AP @ 18%**

CP-1683A 10-74 Printed in U.S.A.    *Refer to "Notes" on reverse side    D-0-3

T_00195
CONFIDENTIAL

| OFF ICE & CODE | ST. | PRODUCER & CODE | | AF.INS. | | | | COMM. CREDIT | | ISSUE DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| ALNY-002 C-1 | | HENRY J. SYLVESTRI 88751 | | 1 2 A | X 1 | 18 | 19 | | | 1/21/76NC |

CHANGE DECLARATIONS B (COPY)

Symbol 014A
Page 1 of 1

Policy No: **650-584A016-3-COF-75**

Issue Date: **1/21/76**

Named Insured:
**TOWN OF HIGHLANDS**

Countersigned by: _____     Polic, expires ___ **OCT** __ **76**
                                                                 Month   Year

Location of exposure: **HIGHLAND FALLS**     **NY**
                              City              State

THE TRAVELERS INDEMNITY COMPANY
THE TRAVELERS INDEMNITY COMPANY OF AMERICA
THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

THE TRAVELERS INSURANCE COMPANY
THE PHOENIX INSURANCE COMPANY
THE CHARTER OAK FIRE INSURANCE COMPANY

1.  These declarations are effective:  **1/13/76**

2.  Provisional Premium due under these declarations     $ **19** ___ **X** additional ___ return

3.  Changes: — It is agreed that the policy is amended as described below.

**PROVISIONS OF COV DEC K SYMBOL 11B #2 AND FORMS K-131 #2 AND
F-4909 #2 ATTACHED HERETO ARE HEREBY MADE A PART OF THE POLICY.**

**SECTION I $19 ADD'L COF @ 18%**

The Travelers
Commercial Policies

**SECTION I COVERAGE DECLARATIONS K**

(Applicable to the Form or Endorsement Attached Hereto and to Scheduled Property Form B)

1.  Policy No: **650-564A016-3-COF-75**   Year Code: **75**         Issue Date: **1/21/76**

2.  Effective Date — These declarations are effective on the policy's effective date stated in the GENERAL DECLARATIONS unless otherwise stated hereafter. These declarations are effective **1/13/76** and replace any SECTION I COVERAGE DECLARATIONS K of a prior effective date.

3.  Application — These declarations apply to the form or endorsement attached below, subject to SCHEDULED PROPERTY FORM B.

    Limit of
    Liability    $ **7,500**

    Special Provisions, if any:

    ( Attach Form or Endorsement here)

T_00197
CONFIDENTIAL

| OFFICE & CODE | DIST. | PRODUCER & CODE | W.F. | IND. | AUDIT | REINS. | COMM. % | PREMIUM | ISSUE DATE |
|---|---|---|---|---|---|---|---|---|---|
| A 67-002 | C-1 | HENRY J SYLVESTRI 88751 | 1 | 2 | A | X | 18 | 159 | 4/9/76 |

Policy Codes:

**CHANGE DECLARATIONS C (COPY)**
(Premium Bearing – Sections III and IV)

Symbol 015A

Policy No: **650-584A016-3-COF-75**

Issue Date: **4/9/76**   Page 1 of **1**

Named Insured: **TOWN OF HIGHLANDS**

Countersigned by: _____

Policy Expires: **OCT**   **78**
                        Month   Year

Location of exposure: **HIGHLAND FALLS**   **NY**
                          City                State

**THE TRAVELERS INDEMNITY COMPANY**
**THE CHARTER OAK FIRE INSURANCE COMPANY**   **THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND**

1. These declarations are effective: **12/19/75**
   (Month, Day, Year)

2. Provisional Premium due under these declarations: $ **159**  [X] additional   [ ] return

3. Changes — Sections III and IV Coverage Declarations B and Section IV Coverage Declarations A Supplement — Such declarations are amended as described below.

   [X] Add Auto No. **9**   [ ] Replace Auto No. ____   [ ] Change Coverage Auto No. ____   [X] Delete Auto No. **7 69 INTER FRONT END LOADER**

| Auto No. | Description or No. of Automobiles by Rating Class | Use | C | D | F | U | Limit of Liability | O Ded. | Q | R Ded. | S | TT | P ACV Ded. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | Y001964    791889 76 INTER LOADER & BACKHOE | C | X | X | | X | $ ACV | $ X | $ | | | | $ 100 |
| | | | | | | | $ | $ | $ | | | | $ |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

[ ] See Sections III and IV Coverage Declarations B, attached.

4. Other Changes — It is agreed that the policy is amended as described below.

**LIABILITY INCLUDED IN GEN'L UM 2 COMP  78  COLL 278**

**SECTION IV $159 AP @ 18%**

**REWRITE OF END 015A EFF 12/19/75 ISSUED**

**2/9/76 $423 ADD'L PREM.**

CP-1683A  10-74  Printed in U.S.A.          *Refer to "Notes" on reverse side          D-0-3

T_00198
CONFIDENTIAL

| OFFICE & CODE | DIST. | PRODUCER & CODE | | | ANS.F T | CLNS T | COMM. $ | PREMIUM | ISSUE DATE |
|---|---|---|---|---|---|---|---|---|---|
| ALBY-002 | C-1 | HENRY J SYLVESTRI | 1 | 2 4 | X | | 18 | 31 AP SECT 1 | 5/5/76 |

## CHANGE DECLARATIONS B (COPY)

Symbol 014A
Page 1 of

Policy No: **650-584A016-3-COF-75**

Issue Date: **5/5/76**

Named Insured: **TOWN OF HIGHLANDS**

Countersigned by: _____

Policy expires **OCT** **76**
Month       Year

Location of exposure: **HIGHLAND FALLS**       **NY**
City       State

THE TRAVELERS INDEMNITY COMPANY
THE CHARTER OAK FIRE INSURANCE COMPANY

THE TRAVELERS INDEMNITY COMPANY OF AMERICA
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

1. These declarations are effective: **3/15/76**

2. Provisional Premium due under these declarations: $ **21** ☒ additional   ☐ return

3. Changes: – It is agreed that the policy is amended as described below.

**A) AS RESPECT SECT 1 LOC #2 BLDG #2 IS HEREBY ADDED:**

**40 MOUNTAIN AVE.**
**HIGHLAND ORANGECO., NY**

**B) OCCUPANCY TO READ:  OFFICE & RECREATIONAL ROOMS.**

**C) AS RESPECTS ABOVE LOCATION TO ADD COV B IN THE AMOUNT OF 2,000.  END C-140 IS HEREBY ADDED.**

**D) LOC 2 IS SUBJECT TO RATE RATES & PREMIUMS WILL BE REVISED WHEN RATES ARE RECEIVED.**

CP-1666A  8-74  Printed in U.S.A.

D-0-3

T_00199
CONFIDENTIAL

| OFFICE & CODE | DIST. | PRODUCER & CODE | W.F. | REP | AUDIT Y R | REINS Y R | COMM. % | PREMIUM | ISSUE DATE |
|---|---|---|---|---|---|---|---|---|---|
| NY-002 | C-1 | HENRY J SYLVESTRI 88751 | 1 | 2 | A | X | 18% | (35) 1Y | 6/7/76 PC |

Policy Codes:

### CHANGE DECLARATIONS C (COPY)
(Premium Bearing – Sections III and IV)

Symbol 015A

Policy No: **650-584A016-3-COF-75**                                    Page 1 of **1**

Named Insured:    **TOWN OF HIGHLANDS**                    Issue **6/7/76**

Countersigned by: _____    Policy Expires:   **10**      **76**
                                                                                    Month    Year

Location of exposure:  **HIGHLAND FALLS**        **NY**
                                        City                      State

**THE TRAVELERS INDEMNITY COMPANY**
**THE CHARTER OAK FIRE INSURANCE COMPANY**        **THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND**

1.   These declarations are effective:   **4/8/76**
                                                    (Month, Day, Year)

2.   Provisional Premium due under these declarations:   $ **35** ☐ additional    ☑ return

3.   Changes – Sections III and IV Coverage Declarations B and Section IV Coverage Declarations A Supplement – Such declarations are amended as described below.

☐ Add Auto No. _____   ☒ Replace Auto No. **6**   ☐ Change Coverage Auto No. _____   ☐ Delete Auto No. _____

| Auto No. | Description or No. of Automobiles by Rating Class | Use | C | D | F | U | Limit of Liability | O Ded. | Q | R Drd. | S | TT | P ACV Ded. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | **61 FWD CHASSIS** 21989 | | X | X | | X | $ ACV | $ X | | $ | | | $ 100 |
| | | | | | | | $ | | | $ | | | $ |
| | | | | | | | $ | | | $ | | | $ |

☐ See Sections III and IV Coverage Declarations B, attached.

4.   Other Changes -- It is agreed that the policy is amended as described below.

        **ANNUALS:   BI - 80**
                **PD - 71**
                **PIP - 7**
                **APIP - 4**
                **UM - 3**
                **COMP - 64**
                **COLL - 168**

CP-1683A  10-74  Printed in U.S.A.          *Refer to "Notes" on reverse side          D-0-3

T_00200
CONFIDENTIAL

| OFFICE & CODE | DIST. | PRODUCER & CODE | WF. | REP. | AUDIT | | REINS. | | SECT. | COMM. % | PREMIUM | ISSUE DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALNY-002 | C-1 | HENRY J SYLVESTRI 00751 | 1 | 2 | A | | | X | 2 | 18% | 137 | 6/7/76PC |

**CHANGE DECLARATIONS B (COPY)**

Symbol 014A
Page 1 of 1

Policy No. 650-584A016-3-COF-75

Issue Date: 6/7/76

Named Insured: TOWN OF HIGHLANDS

Countersigned by: _____    Policy expires  10    76
                                                              Month   Year

Location of exposure: HIGHLAND FALLS            NY
                          City                  State

THE TRAVELERS INDEMNITY COMPANY                    • THE TRAVELERS INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF AMERICA           THE PHOENIX INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS          THE CHARTER OAK FIRE INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

1.   These declarations are effective: 5/4/76

2.   Provisional Premium due under these declarations:    $ 137    ☒ additional    ☐ return

3.   Changes: — It is agreed that the policy is amended as described below.

   A) DUE TO RERATING OF SECT 2 THE ABOVE PREMIUM CHANGE HAS BEEN MADE.

   B) AS RESPECTS SYM 200B RATES ARE AMENDED AS FOLLOWS:

   | CLASS | RATE |
   |---|---|
   | 93111 | 1.378 |
   | 16112 | 5.787 |
   | 93141 | 1.485 |

CP-1666A  8-74  Printed in U.S.A.  975

T_00201
CONFIDENTIAL

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| SLNY-001 | C-1 | HENRY J SYLVESTRI 00751 | 1 2 A | | X | INS | 10 76 | 04/24/76 |

**Policy Codes**

### CHANGE DECLARATIONS C (COPY)
(Premium Bearing — Sections III and IV)

Symbol 015A

Policy No.: **650-580A016-3-COF-75**                                                       Page 1 of ____

Named Insured: **TOWN OF HIGHLANDS**                              Issue Date: **4/24/76**

Countersigned by: _____     Policy Expires: **10**          **76**
                                                                                    Month        Year

Location of exposure: **HIGHLAND FALLS**          **NY**
                              City                      State

**THE TRAVELERS INDEMNITY COMPANY**
**THE CHARTER OAK FIRE INSURANCE COMPANY**        **THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND**

1.  These declarations are effective: **5/6/76** (Month, Day, Year)

2.  Provisional Premium due under these declarations:  **$117  X** additional    ☐ return

3.  Changes — Sections III and IV Coverage Declarations B and Section IV Coverage Declarations A Supplement — Such declarations are amended as described below.

| Add | Replace | Change Coverage | Delete |
|---|---|---|---|
| ☒ Auto No. **10**  ☐ | Replace Auto No. ____  ☐ | Change Coverage Auto No. ____  ☐ | Delete Auto No. ____ |

| Auto No. | Description or No. of Automobiles by Rating Class | Use | C | D | F | U | Limit of Liability | O Ded. | Q | R Ded. | S | TT | P ACV Ded. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | (011989) 76 CHEV P/U CKL1441160S72 | | X | X | | X | $ ACV | $ X | | $ | | | $ 100 |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

☐ See Sections III and IV Coverage Declarations B, attached.

4.  Other Changes — It is agreed that the policy is amended as described below.
    **ANNUALS: C)W 5600**

    BI: 57
    PD: 51
    PIP: 5
    APIP: 14
    UM:— 3
    COMP - 38
    COLL - 100

T_00202
CONFIDENTIAL

| | C-1 | HENRY J SYLVESTRI | | 2 | A | | K | | | |

Policy Codes:

**CHANGE DECLARATIONS C (COPY)**
(Premium Bearing — Sections III and IV)

Symbol 015A

Policy No: 650-584A016-3-COF-75

Page 1 of 1

Named Insured: TOWN OF HIGHLANDS

Issue Date: 6/24/76

Countersigned by: _____

Policy Expires: **10**  **76**
Month  Year

Location of exposure: HIGHLAND FALLS    NY
City    State

THE TRAVELERS INDEMNITY COMPANY
THE CHARTER OAK FIRE INSURANCE COMPANY    THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

1. These declarations are effective 5/27/76
   (Month, Day, Year)

2. Provisional Premium due under these declarations: $ 296 ☒ additional    ☐ return

3. Changes — Sections III and IV Coverage Declarations B and Section IV Coverage Declarations A Supplement — Such declarations are amended as described below.

   ☒ Add Auto No. **11**    ☐ Replace Auto No. ____    ☐ Change Coverage Auto No. ____    ☐ Delete Auto No. ____

| Auto No. | Description or No. of Automobiles by Rating Class | Use | Coverages* | | | | | | | | | |
| | | | C | D | F | U | Limit of Liability | O Ded. | Q | R Ded. | S | TT | P ACV Ded. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 76 CHEV POLICE CAR<br>1CS76U534528  6NA | | X | X | | X | $ ACV | $ X | | $ | | | $ 100 |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

☐ See Sections III and IV Coverage Declarations B, attached.

4. Other Changes — It is agreed that the policy is amended as described below.

   L)68
   ANNUALS: BI 124
       PD: 84
       PIP: 5
       APIP: 14
       UM: 2
       COMP: 83
       COLL: 231

CP-1683A  10-74  Printed in U.S.A.    *Refer to "Notes" on reverse side    D-0-3

T_00203
CONFIDENTIAL

| OFFICE & CODE | DIST. | PRODUCER & CODE | W.F. | AUDIT | REINS. | SECT. | COMM. % | PREMIUM | ISSUE DATE |
|---|---|---|---|---|---|---|---|---|---|
| ALNY-008 | C-3 | HENRY J. SYLVESTRI 0875 | 1 2 | A | X | 18 | 18 | NIL | 7/9/76 |

**CHANGE DECLARATIONS B (COPY)**

Policy No: 650-584A016-3-COV-75

Symbol 014A
Issue Date: 7/9/76

Named Insured: TOWN OF HIGHLANDS

Countersigned by: _____

Policy expires **10** **76**
Month  Year

Location of exposure: **HIGHLAND FALLS** **NY**
City  State

THE TRAVELERS INDEMNITY COMPANY
THE TRAVELERS INDEMNITY COMPANY OF AMERICA
THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

THE TRAVELERS INSURANCE COMPANY
THE PHOENIX INSURANCE COMPANY
THE CHARTER OAK FIRE INSURANCE COMPANY

1. These declarations are effective: **5/8/76**

2. Provisional Premium due under these declarations:  $ **NIL**  ☐ additional  ☐ return

3. Changes: — It is agreed that the policy is amended as described below.

AS RESPECTS GENERAL DECLARATION SYMBOL 001, ITEM 11, PAGE 2 OF 2.

SECTION II, COVERAGE DECLARATIONS A, SYMBOL 205C AND ENDORSEMENT A-203A
ARE ELIMINATED FROM THE POLICY.

SECTION II, COVERAGE DECLARATIONS V, SYMBOL 236 AND ENDORSEMENT V-242
ARE HEREBY ADDED TO THE POLICY.

CP-1666A  8-74  Printed in U.S.A.  575

T_00204
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION II COVERAGE DECLARATIONS V**
(Applicable to the Special General Liability Form or Endorsement)

Symbol 236
Page 1 of 1

1. Policy No: **650-584A016-3-COF-75**                          Issue Date: **7/9/76**

2. Effective Date — These declarations are effective on the policy's effective date stated in the GENERAL DECLARATIONS unless otherwise stated hereafter: These declarations are effective _____ and replace SECTION II COVERAGE DECLARATIONS A or V of a prior effective date.

3. Coverage Afforded and Limits of Liability — Insurance is afforded for such of the following coverages for which limits of liability are inserted. The limit of The Travelers' liability for each such coverage shall be as stated herein.

| Coverage | Single Limit | Limits of Liability | Separate Limits |
|---|---|---|---|
| A. Bodily Injury . . . . . | | $ | each occurrence |
| | | $ | aggregate |
| B. Property Damage . . . | $1,000,000 each occurrence | $ | each occurrence |
| | $1,000,000 aggregate | $ | aggregate |
| P. Personal Injury . . . . Advertising Injury Incidental Medical Malpractice Injury | | $ | aggregate |
| E. Premises Medical Payments | $ | | each person |
| | $ | | each accident |

4. Hazards — Coverages A and B apply to the products and completed operations hazards.
   Exception:

5. Special Provisions (if any):

CP-1661 7-74 Printed in U.S.A.

D-II-2

T_00205
CONFIDENTIAL

| OFFICE & CODE | DIST. | PRODUCER & CODE | | W.P. | | AUDIT | | REINS. | | SECT. | COMM'S | PREMIUM | ISSUE DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALNY-002 C-2 | | HENRY J. SILVESTRI | 00751 | 1 | 3 | 1 | | | X | 8 | 10 | (16) | 7/3/76 |

CHANGE DECLARATIONS B (COPY)

Symbol 014A
Page 1 of

Policy No: **650-584A016-3-COF-75**      Issue Date: **7/3/76**

Named Insured: **TOWN OF HIGHLANDS**

Countersigned by: _____    Policy expires **10**    **76**
                                                            Month        Year

Location of exposure: _____ **HIGHLAND FALLS** _____ **NY** _____
                              City                         State

THE TRAVELERS INDEMNITY COMPANY              THE TRAVELERS INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF AMERICA   THE PHOENIX INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS  THE CHARTER OAK FIRE INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

1.   These declarations are effective:    **3/15/76**

2.   Provisional Premium due under these declarations:    $ _____ **16** _____  ☐ additional    ☒ return

3.   Changes: — It is agreed that the policy is amended as described below.

**WITH RESPECT TO SECTION 1, LOCATION 2, BUILDING 2 IS NO LONGER
SUBJECT TO RATE.   PREMIUMS HAVE BEEN REVISED BASED ON TARIFF #5807.**

CP-1666A  8-74  Printed in U.S.A.  975

T_00206
CONFIDENTIAL

| OFFICE & CODE | DIST. | PRODUCER'S CODE | | WF. BOR | AUDIT | | REINS. | | SECT. | COMM.% | PREMIUM | ISSUE DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 88751 | | | Y | N | Y | N | | | SECT A | |
| 4LNY-862 | C-1 | HENRY J SILVESTRI | $ | 2 | A | | | X | $ | 16 | 6 AP | 8/4/76C |

CHANGE DECLARATIONS B (COPY)

Symbol 014A
Page 1 of 1

Policy No: 650-584A016-3-COF-75

Issue Date: 8/4/76

Named Insured: TOWN OF HIGHLANDS

Countersigned by: _____

Policy expires: **10** **76**
Month   Year

Location of exposure: **HIGHLAND FALLS**
City        **NY**
State

THE TRAVELERS INDEMNITY COMPANY
THE TRAVELERS INDEMNITY COMPANY OF AMERICA
THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

THE TRAVELERS INSURANCE COMPANY
THE PHOENIX INSURANCE COMPANY
THE CHARTER OAK FIRE INSURANCE COMPANY

1.  These declarations are effective: **6/25/76**

2.  Provisional Premium due under these declarations:    $ **6**    ☒ additional    ☐ return

3.  Changes: — It is agreed that the policy is amended as described below.

A) AS RESPECTS SECTION 1 SCHEDULED PROPERTY FLOATER TO ADD THE FOLLOWING

ITEM: PUBLIC ADDRESS SYSTEM & SPEAKERS    @ $500

B) TOTAL LIMIT AMENDED TO READ: 8,800

CP-1066A 8-74 Printed in U.S.A. 976

T_00207
CONFIDENTIAL

| OFFICE & CODE | DIST. | PRODUCER & CODE | R.F. | REP. | AMBT. Y M D | REINS. Y M D | SECT. | COMM.S | PREMIUM | ISSUE DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 4LNY-002 | C-1 | HENRY J. SYLVESTRI 88751 | 1 | 2 | A | X | 4 | 18 | 32 AP 17 RP | 9/3/76 |

**Policy Codes:**

**CHANGE DECLARATIONS C (COPY)**
**(Premium Bearing — Sections III and IV)**

Symbol 015B

Policy No: **650-584A016-3-COF-75**                                                                    Page 1 of **1**

Named Insured: **TOWN OF HIGHLANDS**                                                    Issue Date: **9/3/76**

Countersigned by: _____          Policy Expires: **10**      **76**

                                                                            Month               Year

Location of exposure: **HIGHLAND FALLS**            **NY**

                                City                                State

THE TRAVELERS INDEMNITY COMPANY
THE TRAVELERS INDEMNITY COMPANY OF AMERICA
THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

THE TRAVELERS INSURANCE COMPANY
THE PHOENIX INSURANCE COMPANY
THE CHARTER OAK FIRE INSURANCE COMPANY

1. These declarations are effective: **8/23/76**
                                 (Month, Day, Year)

2. Provisional Premium due under these declarations:     $ **49** ☐ additional       ☒ return

3. Changes — **Sections III and IV Automobile Schedule and Premiums** and **Sections III and IV Automobile Schedule and Premiums Supplement**
    Such declarations are amended as described below.

| | Add | Replace | Change Coverage | Delete |
|---|---|---|---|---|
| | ☐ Auto No. _____ | ☐ Auto No. _____ | ☐ Auto No. _____ | ☒ Auto No. **1 72 CHEV** |

| Auto No. | Description or No. of Automobiles by Class | C | N/F | D | F | U | Limit of Liability | D Ded. | O | R Ded. | S | TT | P ACV Ded. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

☐ See Sections III and IV Coverage Declarations B, attached.

4. Other Changes — It is agreed that the policy is amended as described below.

CP-1926A  1-76  Printed in U.S.A.

*Refer to "Notes" on reverse side

T_00208
CONFIDENTIAL

650-584A016-3-COF-75
10/12/75 To 10/12/76

T_00209
CONFIDENTIAL