| OFFICE & CODE | DIST. | PRODUCER & CODE | W.P. PROF | AUDIT | PRINS | COMM. % | PREMIUM | ISSUE DATE |
|---|---|---|---|---|---|---|---|---|
| ALNY-002 | C-1 | HENRY J SYLVESTRI 88751 | M | 1 | A | X | 18 | 14,725 | 10/13/77NB |

TRNG GENL LIAB

The Travelers Edition A

**GENERAL DECLARATIONS (COPY)**
Policy Codes:

Symbol 001
Page 1 of 2

1. Title **INSTITUTIONAL A (500)**    Policy   Policy No. **650-584A016-3-COF-77**   Year Code **77R**

2. Named Insured:   **TOWN OF HIGHLANDS**

The Named Insured is:   ☐ individual   ☐ partnership   ☐ corporation   ☐ joint venture

☒ other: **MUNICIPALITY**

3. Mailing Address:   **TOWN HALL, MAIN STREET**
(Including Zip Code)   **HIGHLAND FALLS, ORANGE CO., N.Y.**

4. Policy Period   Effective from   **10/12/77**   to   **10/12/78**
(Month, Day, Year)        (Month, Day, Year)
12 Noon, Standard Time, at the Named Insured's mailing address.

5. Kind of Insurance and Insuring Company   The Travelers agrees with the Named Insured to provide insurance under a section of this policy and in the company (each a stock insurance company) designated by entry of an "X". The insurance afforded under a section is that set forth in the declarations, forms and endorsements made a part of the section.

| SECTION | KIND OF INSURANCE | COMPANY | | | |
|---|---|---|---|---|---|
| | | The Travelers Indemnity Company | The Charter Oak Fire Insurance Company | The Travelers Indemnity Company of Rhode Island | |
| I | Property . . . . . . . | ☐ | ☒ | ☐ | ☐ |
| II | General Liability | ☐ | ☒ | ☐ | ☐ |
| III | Automobile Liability | ☒ | ☐ | ☐ | ☐ |
| IV | Automobile Physical Damage | ☒ | ☐ | ☐ | ☐ |
| V | Crime . . . . . . . . . | ☐ | ☒ | ☐ | ☐ |

6. | VI | Workmen's Compensation and Employers' Liability | Section VI applies only if an "X" is inserted hereafter: ☐ Its complete provisions are contained as a separate policy in Section VI. |

7. Premium Summary

Sections
I – VI

(a) Provisional premium . . . . . . . . .   $ **14,725**
(b) Payable at inception . . . . . . . . .   $ **14,725**
(c) Payable at end of each _____ month period   $

Agency at: **FORT MONTGOMERY, N.Y.**      Countersignature date:

_____
Authorized Agent

CP-1027-1A 1-72 Printed in U.S.A. (174)

D-0-1

T_00337
CONFIDENTIAL

The Travelers
Edition A

**GENERAL DECLARATIONS**

Symbol 001
Page 2 of 2

8.  Replacement of Prior Insurance – If this policy replaces another policy previously issued by The Travelers and listed below, the Named Insured, by acceptance of this policy, delivers notice to The Travelers to cancel such other policy. Such cancellation will become effective at the time this policy becomes effective, with premium adjustment (if any) on a pro rata basis.

Policy Number:

9.  Named Insured's Business:     **MUNICIPALITY**

10.  Address of Locations and Buildings

| Loc. No. | Bldg. No. | Address<br>*Same as mailing address unless otherwise specified* | Occupancy |
|---|---|---|---|
| 1 | 1 | 213-217 MAIN ST. HIGHLAND FALLS, ORANGE CO., N.Y. | TOWN HALL |
| 1 | 2 | 40 MOUNTAIN AVENUE HIGHLAND FALLS, ORANGE CO., N.Y. | OFFICE & RECREA- TION ROOMS |
| 2 | 3 | OLD RTE 9W, FORT MONTGOMERY, ORANGE CO., N.Y. | TOWN GARAGE |
| 1 | 1 | SEE 8000C SECTION 11 ONLY | PARKS |

11.  Declarations, Forms and Endorsements – The declarations bearing the same year code as these GENERAL DECLARATIONS and forms and endorsements made a part of this policy are those for which symbols are entered below.

| Section | Declarations | Forms and Endorsements |
|---|---|---|
| General | 001 | 0120 0230 0280A F-7130(1,2) |
| I | 110(1,2) 118A 8000A 219B(4,5,8) 205C 211ZB 200B 210A(1) 220(1C) | ACE-144 1320 K-131 112B C-140 C-223A(1) 23890 8-614 A-203B C-226A(10) B-225A(4,5,8) 8000(B, ) AB-304B |
| III | 307B 308C 348A | EE-306 EE-3315 AC-328B 3200A |
| IV | 413(1) | AB-401C L-420(1) 5330 |
| V | 500 501 510(1) | AT-500A AB-501A B-505B K-520A(1) |

Issue Date:     **10/13/77**

IN WITNESS WHEREOF, each company designated in Item 5. for the sections of this policy for which such company is designated as insurer has executed and attested these presents, but this policy shall not be valid unless countersigned by the duly authorized Agent of such company at the agency hereinbefore mentioned.

THE TRAVELERS INDEMNITY COMPANY
THE CHARTER OAK FIRE INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

*Secretary*                    *President*

CP-1027-2  1-72 Printed in U.S.A.

CONFIDENTIAL

## A.   General Conditions

1.   **Application of this Form** — This form applies to all forms and endorsements, including the declarations pertaining to them, under Sections I through V unless otherwise specified.

2.   **Application of Limits of Liability** — Sections II and III — If this policy is issued for a period in excess of one year, any limit of The Travelers' liability stated in the declarations as "aggregate" shall apply separately to each consecutive annual period thereof.

3.   **Assignment** — Assignment of interest under this policy shall not bind The Travelers until its consent is endorsed on this policy; if, however, the Named Insured shall die, such insurance as is afforded by this policy shall apply: (a) to the Named Insured's legal representative, as the Named Insured, but only while acting within the scope of his duties as such; and (b) with respect to the property of the Named Insured, to the person having proper temporary custody of such property, as Insured, but only until the appointment and qualification of the legal representative.

4.   **Cancellation**

   a.   **By the Named Insured** — This policy may be canceled by the Named Insured by mailing or delivering to The Travelers written notice stating when thereafter the cancellation shall be effective.

   b.   **By The Travelers** — This policy or any section (Section I, II, III, IV or V) thereof may be canceled by The Travelers by mailing or delivering to the Named Insured at the mailing address shown in this policy written notice stating when not less than 30 days thereafter such cancellation shall be effective; provided that if the Named Insured fails to pay the premium for this policy or any instalment thereof, this policy may be canceled by The Travelers by mailing or delivering to the Named Insured at the mailing address shown in this policy written notice stating when not less than 10 days thereafter such cancellation shall be effective.

   When a section of this policy is canceled, the cancellation shall apply to all insurance provided under such section.

   A copy of such notice shall be mailed or delivered to any mortgagee, trustee or loss payee designated under a section of this policy when such section is to be canceled.

   The mailing of such notice shall be sufficient proof of notice. This policy or section thereof (as specified in such notice) shall terminate on the effective date and hour of cancellation stated in such notice.

   c.   **Premium Adjustment** — If the Named Insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If The Travelers cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

5.   **Changes** — Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop The Travelers from asserting any right under the provisions of this policy; nor shall the provisions of this policy be waived or changed, except by endorsement issued to form a part of this policy; provided, however, changes may be made in the written portion of the declarations by a manager of The Travelers when initialed by such manager.

6.   **Company Designation** — The rights and duties expressed in a section of this policy are the rights and duties of the company designated in the declarations as the insurer for such section. Reference in this policy to the "company" or "The Travelers" means the company so designated.

7.   **Concealment or Fraud** — This policy shall be void if, whether before or after a loss, the Named Insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or its subject, or the interest of the Named Insured therein, or in case of any fraud or false swearing by the Named Insured relating thereto.

8.   **Financial Responsibility Laws** — Sections II and III — When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the

T_00339
CONFIDENTIAL

extent of the coverage and limits of liability required by such law. The Named Insured agrees to reimburse The Travelers for any payment made by The Travelers which it would not have been obligated to make under this policy except for the agreement contained in this provision.

9.    **Inspection, Audit and Premiums**

    a.    **Inspection** — The Travelers shall be permitted but not obligated to inspect the Named Insured's property and operations at any time. Neither The Travelers' right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the Named Insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

    b.    **Audit** — The Travelers may examine and audit the Named Insured's books and records at any time during the policy period and within three years after policy termination, as far as they relate to the subject matter of this insurance.

    c.    **Premiums**

        (1)    **Named Insured's Records** — The Named Insured shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to The Travelers at the close of the policy period and at such times during the policy period, as The Travelers may direct.

        (2)    **Applicable to Sections II, III and IV** — Adjustable Premiums Subject to Audit — The premium for each section is provisional. The earned premium shall be determined at the close of each annual period. If, however, the policy period exceeds one year, at the option of The Travelers, the entire earned premium may be determined at policy termination.

        If the earned premium exceeds the provisional premium, upon notice to the Named Insured, the additional premium for the excess shall become due and payable to The Travelers. If the earned premium is less than the provisional premium, The Travelers shall refund to the Named Insured the excess paid.

        (3)    **Policy Written for a Period Exceeding One Year** — Premiums for any PROFESSIONAL LIABILITY ENDORSEMENT under Section II and premiums for Sections III and IV shall be recomputed as of each policy anniversary in accordance with the then current rules, rates and rating plans in use by The Travelers.

10.    **Legal Action Against The Travelers** — No action shall lie against The Travelers under any section of this policy unless, as a condition precedent thereto, there shall have been full compliance with all provisions of this policy applicable to such section, subject to the following:

    a.    **Section I** — Such action shall commence within 12 months next after inception of the loss; however, if under the laws of the state within which this policy is issued such limitation is invalid, any such claim shall be void unless such action be commenced within the shortest limit of time permitted by the laws of such state.

    b.    **Sections II and III** — Such action shall not commence until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant, and The Travelers.

    Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under these sections to the extent of the insurance afforded by these sections. No person or organization shall have any right under these sections to join The Travelers as a party to any action against the Insured to determine the Insured's liability, nor shall The Travelers be impleaded by the Insured or his legal representative. Bankruptcy or insolvency of the Insured or of the Insured's estate shall not relieve The Travelers of any of its obligations hereunder.

    c.    **Section IV** — Such action shall not commence until 30 days after proof of loss is filed and the amount of loss is determined.

    d.    **Section V** — Such action shall not commence until 90 days after the required proofs of loss have been filed with The Travelers, nor at all unless commenced within two years from the date when the Named Insured discovers the .

loss. If any limitation of time for notice of loss or any legal proceeding herein contained is shorter than that permitted to be fixed by agreement under any statute controlling the construction of this policy, the shortest permissible statutory limitation of time shall govern and shall supersede such time limitation.

11.    **Liberalization Clause** — If during the period that insurance is in force under this policy, or within 45 days prior to its inception date, on behalf of The Travelers there be adopted or filed with and approved or accepted by the insurance supervisory authorities, in conformity with law, any changes in the forms or endorsements forming a part of this policy by which this policy could be extended or broadened, without additional premium charge, by endorsement or substitution of form, then such extended or broadened insurance shall inure to the benefit of the Named Insured as though such endorsement or substitution of form had been made.

12.    Named Insured's or Insured's Duties in the Event of Loss or an Occurrence or Suit which may Give Rise to Claim

   a.    **Section I — All Forms and Endorsements except Coverages C and D of the STANDARD, BROAD or SPECIAL FORM.**

   (1)    The Named Insured shall protect the property from further loss. Any such further loss due to the Named Insured's failure to protect the property is not recoverable under this section unless such failure was beyond the control of the Named Insured.

   (2)    The Named Insured shall:

   (a)    give notice of the loss to The Travelers or its authorized representative as soon as practicable;

   (b)    immediately notify the police of any loss resulting from a violation of the law;

   (c)    furnish The Travelers or its authorized representative a complete inventory of damaged and undamaged property as soon as practicable, showing in detail quantities, costs and actual cash value;

   (d)    file with The Travelers his sworn proof of loss within 60 days after discovery of the loss, stating the time and origin of loss, the interest of the Named Insured and of all others in the property, the actual cash value and amount of claim for each item thereof, and the identity of all other insurance on the property, valid or otherwise; and

   (e)    as often as may be reasonably required, exhibit to any person designated by The Travelers all that remains of any property herein described, and submit to examinations under oath at demand of The Travelers, and subscribe the same, and produce for examination all pertinent records and documents and cooperate with The Travelers in all matters pertaining to loss or claim.

   b.    Section I — Coverages C and D — STANDARD, BROAD or SPECIAL FORM

   (1)    The Named Insured shall protect the property from further loss that might result in extension of the period of interruption of business or untenantability of the building or the period of restoration. Any such further loss due to the Named Insured's failure to protect the property is not recoverable under this section unless such failure was beyond the control of the Named Insured.

   (2)    The Named Insured shall:

   (a)    give notice of the loss to The Travelers or its authorized representative as soon as practicable;

   (b)    file with The Travelers his sworn proof of loss within 60 days following the date of loss to real or personal property, stating:

   (i)    the time and origin of the property loss causing loss of income or extra expense;

   (ii)    the interest of the Named Insured and all others in the business;

T_00341
CONFIDENTIAL

GENERAL PROVISIONS FORM
**(Applicable to Sections I through V)**

> (iii)  the identity of all other insurance, whether valid or otherwise, covering in any manner the loss insured by these coverages; and
>
> (iv)  the actual amount of loss of income and extra expense value and loss claimed, accompanied by detailed exhibits of all values, costs and estimates upon which such amounts are based and a copy of all the descriptions and schedules in all policies applying to such loss; and

**(c)**  as often as may be reasonably required, exhibit to any person designated by The Travelers all that remains of any property herein described, and submit to examinations under oath at demand of The Travelers, and subscribe the same, and produce for examination all pertinent records and documents and cooperate with The Travelers in all matters pertaining to loss or claim.

**c.  Sections II and III**

**(1)  All Coverages**

**(a)**  The Insured or someone on his behalf shall give written notice to The Travelers or its authorized representative as soon as practicable, including in the notice particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence, the names and addresses of the injured and of available witnesses.

**(b)**  The Insured shall immediately forward to The Travelers every demand, notice, summons, or other process received by him or his representative, if claim is made or suit is brought against the Insured.

**(c)**  The Insured shall cooperate with The Travelers and, upon The Travelers' request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the Insured because of injury or damage with respect to which insurance is afforded under these sections; and the Insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

**(2)**  Medical Payments Coverages — Sections II and III  - As soon as practicable the injured person or someone on his behalf shall give to The Travelers written proof of claim, under oath if required, and shall, after each request from The Travelers, execute authorization to enable The Travelers to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by The Travelers when and as often as The Travelers may reasonably require. The Travelers may pay the injured person or any person or organization rendering services and the payment shall reduce the amount payable for such injury. Payment shall not constitute an admission of liability of any person or, except hereunder, of The Travelers.

**d.  Section IV – The Named Insured shall:**

**(1)**  protect the covered automobile, whether or not this insurance applies to the loss, and any further loss due to the Named Insured's failure to protect shall not be recoverable under this section; reasonable expenses incurred in affording such protection shall be deemed incurred at The Travelers' request;

**(2)**  give notice of the loss as soon as practicable to The Travelers or any of its authorized representatives and also, in the event of theft or larceny, to the police;

**(3)**  file with The Travelers, within 91 days after loss, his sworn proof of loss in such form and including such information as The Travelers may reasonably require and, upon The Travelers' request, shall exhibit the damaged property and submit to examination under oath; and

**(4)**  cooperate with The Travelers and, upon The Travelers' request, shall assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the Named Insured because of loss with respect to which this section applies; and shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses;

T_00342
CONFIDENTIAL

but the Named Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation, offer or pay any reward for recovery of stolen property or incur any expense other than as specifically provided in this section.

e.   **Section V.**

    (1)   Upon knowledge or discovery of loss or of an occurrence which may give rise to a claim for loss, the Named Insured shall: (a) give notice thereof as soon as practicable to The Travelers or any of its authorized agents and, except under Coverages A and E, also to the police if the loss is due to a violation of law; and (b) file detailed proof of loss, duly sworn to, with The Travelers within four months after the discovery of loss.

    (2)   Proof of loss under Coverage E shall include the instrument which is the basis of claim for such loss, or if it shall be impossible to file such instrument, the affidavit of the Named Insured or the Named Insured's bank of deposit setting forth the amount and cause of loss shall be accepted in lieu thereof.

    (3)   Upon The Travelers' request, the Named Insured shall submit to examination by The Travelers, subscribe the same, under oath if required, and produce for The Travelers' examination all pertinent records, all at such reasonable times and places as The Travelers shall designate, and shall cooperate with The Travelers in all matters pertaining to loss or claims with respect thereto.

13.   **Other Insurance**

    a.   **Section I** — Other insurance covering the property insured is not permitted, except against loss not insured against by this section or unless this policy is otherwise endorsed.

    When other insurance is permitted and it is not otherwise specified, this policy shall be excess over any other insurance whether prior or subsequent hereto, and by whomsoever effected, directly or indirectly covering loss insured hereunder, and The Travelers shall be liable only for the excess of such loss beyond the amount due from such other insurance, whether collectible or not, but not to exceed the applicable limit of liability under this policy.

    If other insurance is permitted and loss under this policy is subject to a deductible, The Travelers shall not be liable for more than its pro rata share of such loss in excess of the deductible amount.

    b.   **Sections II and III** — The insurance afforded by these sections is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the Insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of The Travelers' liability under these sections shall not be reduced by the existence of such other insurance.

    When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, The Travelers shall not be liable under these sections for a greater proportion of the loss than that stated in the applicable contribution provision below:

    (1)   **Contribution by Equal Shares** — If all of such other valid and collectible insurance provides for contribution by equal shares, The Travelers shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

    (2)   **Contribution by Limits** — If any of such other insurance does not provide for contribution by equal shares, The Travelers shall not be liable for a greater proportion of such loss than the applicable limit of liability under these sections for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

T_00343
CONFIDENTIAL

c.  Section IV — If the Named Insured has other insurance against a loss covered by this section, The Travelers shall not be liable under this section for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss. However, with respect to any covered automobile newly acquired during the period this section is in effect and not described in the declarations for this section, this insurance shall not apply to any loss against which the Named Insured has other valid and collectible insurance.

d.  Section V — If there is available to the Named Insured any other insurance or indemnity covering any loss covered by Coverage A or E, The Travelers shall be liable hereunder only for that part of such loss which is in excess of the amount recoverable or recovered from such other insurance or indemnity, except, as respects the Separate Limits Option, if such other insurance or indemnity is a bond or policy of fidelity insurance: (1) any loss covered under both such fidelity insurance and Coverage E shall first be paid under Coverage E; and (2) any loss covered under both Coverages A and E shall first be paid under Coverage E and the excess, if any, shall be paid under Coverage A. The Travelers waives any right of contribution which it may have against any forgery insurance carried by any depository bank which is indemnified under Coverage E.

Under any other Coverage, if there is any other valid and collectible insurance which would apply in the absence of such Coverage, the insurance under this policy shall apply only as excess insurance over such other insurance; provided, the insurance shall not apply: (1) to property which is separately described and enumerated and specifically insured in whole or in part by any other insurance: or (2) to property otherwise insured unless such property is owned by the Named Insured.

14.  **Policy Period**

a.  Sections I and IV — This policy applies to loss occurring only during the policy period.

b.  Sections II and III — This policy applies during the policy period as described in such sections.

c.  Section V — Subject to Supplemental Insuring Agreement 2, Coverage A applies only to loss sustained by the Named Insured through fraudulent or dishonest acts committed during the policy period, and Coverage E applies only to loss sustained during the policy period.

Under all other Coverages, this policy applies only to loss occurring during the policy period.

d.  Sections I through V — Wherever this policy provides an effective or termination date, it shall mean as respects such date 12 noon, Standard Time, at the Named Insured's mailing address shown in the GENERAL DECLARA-TIONS, subject to the exception hereunder.

To the extent that insurance in this policy replaces insurance in other policies terminating at 12:01 A.M. (Standard Time) on the inception date of this policy, this policy shall be effective for such other insurance 12:01 A.M. (Standard Time) instead of at noon Standard Time.

15.  **Provisions of Policy Conformed to Statute** — The provisions of this policy which are in conflict with the statutes of the territory where this policy is issued are hereby amended to conform to such statutes.

16.  **Subrogation**

a.  Section I (Except Property in Due Course of Transit) and Sections II, III, IV and V— In the event of any payment under this policy The Travelers shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Named Insured may waive such rights prior to a loss, but shall do nothing after loss to prejudice such rights.

b.  Section I — **Property in Due Course of Transit**

(1)  Impairment of Recovery Rights — Any act or agreement by the Named Insured before or after loss whereby any right of the Named Insured to recover in whole or in part for loss to property against any carrier for

The Travelers
Edition A (NS)

**GENERAL PROVISIONS FORM**
(Applicable to Sections I through V)

Symbol 0120
Page 7 of 10

hire, bailee or other party liable therefor, is released, impaired or lost, shall render the insurance null and void, but The Travelers' right to retain or recover the premium shall not be affected. The Named Insured, however, may, without prejudice to this insurance, accept the ordinary bills of lading issued by carriers for hire. The Travelers is not liable for any loss which, without its written consent, has been settled or compromised by the Named Insured.

(2) Subrogation or Loan — If in the event of loss the Named Insured shall acquire any right of action against any individual, firm or corporation for loss to property, the Named Insured shall, if requested by The Travelers, assign and transfer such claim or right of action to The Travelers or, at The Travelers' option, execute and deliver to it the customary form of loan receipt upon receiving an advance of funds in respect of the loss and shall subrogate The Travelers to, or shall hold in trust for it, all such rights of action to the extent of the amount paid or advanced, and shall permit suit to be brought in the Named Insured's name under the direction of and at the expense of The Travelers.

17. Territory — This policy applies only to loss, bodily injury or property damage which occurs, or to an offense committed, within the United States of America, its territories or possessions, Puerto Rico and Canada; and

(a) with respect to Section II:

(1) within international waters or air space, provided the bodily injury or property damage or offense does not occur in the course of travel or transportation to or from any other country, state or nation; or

(2) anywhere in the world because of bodily injury or property damage arising out of a product which was sold for use or consumption within the United States of America, its territories or possessions, Puerto Rico, or Canada, provided the original suit for damages is brought within such territory;

(b) with respect to Section III, within international waters or air space, provided the bodily injury or property damage does not occur in the course of travel or transportation to or from any other country, state or nation;

(c) with respect to Section IV, between ports of the United States of America, its territories or possessions, Puerto Rico and Canada;

(d) with respect to Section V: (1) Coverage A applies only to loss sustained by the Named Insured through fraudulent or dishonest acts committed by any of the employees engaged in the regular service of the Named Insured within the territory designated above or while such employees are elsewhere for a limited period; and (2) Coverage F applies to loss sustained anywhere in the world.

B.   **Nuclear Energy Provisions**

1.   **Section I**

a.   **Exclusions**

(1) The following exclusion applies to any loss under Section I except loss: (a) under the STANDARD, BROAD or SPECIAL FORM: or (b) with respect to insurance provided under Boiler and Machinery forms and endorsements.

Section I does not apply to loss by nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, and whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to, or aggravated by the peril(s) insured against; however, subject to the foregoing and all provisions of this policy, direct loss by fire resulting from nuclear reaction or nuclear radiation or radioactive contamination is insured against.

(2) The following exclusion applies to loss (except loss by fire or lightning) under the STANDARD, BROAD or SPECIAL FORM.

Section I does not apply to loss by nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, or due to any act or condition incident to any of the foregoing, whether

T_00345
CONFIDENTIAL

such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to or aggravated by any of the peril(s) insured against; and nuclear reaction or nuclear radiation or radioactive contamination all whether controlled or uncontrolled, is not "explosion" or "smoke".

b. **Nuclear Clause** – The following clause applies to the STANDARD, BROAD or SPECIAL FORM.

Loss by "fire" is not intended to and does not embrace nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, and loss by nuclear reaction or nuclear radiation or radioactive contamination is not intended to be and is not insured against, whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to, or aggravated by "fire" or any other peril(s) insured against; however, direct loss by "fire" resulting from nuclear reaction or nuclear radiation or radioactive contamination is insured against.

2. **Sections II and III**

a. **Exclusion** – Sections II and III do not apply:

(1) under any liability coverage, to bodily injury or property damage—

(a) with respect to which an Insured under these sections is also an Insured under a nuclear energy liability policy issued by the Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(b) resulting from the hazardous properties of nuclear material and with respect to which:

(i) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof; or

(ii) the Insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization;

(2) under any medical payments coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization;

(3) under any liability coverage, to bodily injury or property damage resulting from the hazardous properties of nuclear material, if —

(a) the nuclear material (i) is at any nuclear facility owned by, or operated by or on behalf of, an Insured or (ii) has been discharged or dispersed therefrom;

(b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or

(c) the bodily injury or property damage arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions, Puerto Rico, or Canada, this subdivision (c) applies only to property damage to such nuclear facility and any property thereat.

b. **Definitions**

(1) "Hazardous properties" includes radioactive, toxic or explosive properties.

(2) "Nuclear material" means source material, special nuclear material or byproduct material.

T_00346
CONFIDENTIAL

Edition A (NS)                          GENERAL PROVISIONS FORM
                                        (Applicable to Sections I through V)                    Page 9 of 10

(3) "Source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

(4) "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor.

(5) "Waste" means any waste material (a) containing byproduct material and (b) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof.

(6) "Nuclear facility" means:

(a) any nuclear reactor;

(b) any equipment or device designed or used for (i) separating the isotopes of uranium or plutonium, (ii) processing or utilizing spent fuel, or (iii) handling, processing or packaging waste;

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste;

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

(7) "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

(8) "Property damage" includes all forms of radioactive contamination of property.

3. Section IV — Exclusion — Section IV does not apply to loss due to radioactive contamination.

4. Section V — Exclusion — Section V does not apply to loss due to nuclear reaction, nuclear radiation or radioactive contamination, or to any act or condition incident to any of the foregoing.

C.  State Exceptions — Applicable to the States Indicated

1.  New York — Nuclear Provisions

a.  Section I — In Part B. (Nuclear Energy Provisions) Provisions 1. a. and 1. b. are replaced by the following:

"Nuclear Clause — This policy does not cover loss or damage caused by nuclear reaction or nuclear radiation or radioactive contamination, all whether directly or indirectly resulting from an insured peril under this policy."

b.  Section III — In Part B. (Nuclear Energy Provisions) Provision 2. does not apply under Section III to insured premises located or automobiles principally garaged in New York.

2.  Vermont — Sections II and III — If this policy affords a liability coverage with respect to a premises located or an automobile principally garaged in Vermont, this policy is amended in the following particulars with respect to such coverage:

This policy, including this provision, is issued and delivered subject to the Laws of Vermont and particularly to Title 8, Chapter III, Section 1203 of the Vermont Statutes, annotated, including the following statutory requirements forming a part of such Chapter:

T_00347
CONFIDENTIAL

**GENERAL PROVISIONS FORM**
(Applicable to Sections I through V)

The Travelers shall pay and satisfy any judgment that may be recovered against the Insured upon any claim covered by this policy to the extent and within the limits of liability assumed thereby, and shall protect the Insured against the levy of any execution issued upon any such judicial judgment or claim against the Insured. No limitation of liability in this policy shall be valid if, after a judgment has been rendered against the Insured in respect to his legal liability for damages in a particular instance, The Travelers continues the litigation by an appeal or otherwise, unless the Insured shall stipulate with The Travelers, agreeing to continue such litigation.

No action shall lie against The Travelers to recover for any loss under this policy, unless brought within one year after the amount of such loss is made certain either by judgment against the Insured after final determination of the litigation or by agreement between the parties with the written consent of The Travelers.

The insolvency or bankruptcy of the Insured shall not release The Travelers from the payment of damages for injury sustained or loss occasioned during the life of this policy, and in case of such insolvency or bankruptcy an action may be maintained by the injured person or claimant against The Travelers under the terms of this policy for the amount of any judgment obtained against the Insured not exceeding the limits of this policy.

Payment of any judicial judgment or claim by the Insured for any of The Travelers' liability hereunder shall not bar the Insured from any action or right of action against The Travelers. In case of payment of loss or expense under this policy, The Travelers shall be subrogated to all rights of the Insured against any party, as respects such loss or expense, to the amount of such payment, and the Insured shall execute all papers required and shall cooperate with The Travelers to secure to The Travelers such rights.

T_00348
CONFIDENTIAL

**POLICY RENEWAL—B**

Symbol 0230

DEAR POLICYHOLDER:

WE ARE PLEASED TO RENEW YOUR POLICY FOR THE PERIOD SPECIFIED IN THE

GENERAL DECLARATIONS TO WHICH THIS NOTICE IS ATTACHED.

*Please retain all enclosed pages with your present policy.*

THE TRAVELERS INSURANCE COMPANIES

CP-1110　1-72　Printed in U.S.A.

T_00349
CONFIDENTIAL

The Travelers
Commercial Policies

**EFFECTIVE TIME ENDORSEMENT**
(Applicable to Sections I through V)

Symbol CZ80A
Page 1 of 1

The time of inception and the time of expiration or termination of the policy or Certificate of Insurance and of any schedule, declaration or endorsement forming a part of such policy or Certificate of Insurance shall be 12:01 A.M. Standard Time, at the Named Insured's mailing address shown in the GENERAL DECLARATIONS, subject to the exception hereunder.

To the extent that coverage in the policy replaces coverage in other policies terminating noon Standard Time on the inception date of the policy, coverage under the policy shall not become effective until such other coverage has been terminated.

Any other provision of the policy pertaining to time of inception and time of expiration or termination is hereby replaced by this endorsement.

CP-2074 7-77 Printed in U.S.A.

The Travelers
Commercial Policies

## PROPERTY FLOATER – SPECIAL FORM

Page 1 of 2

Policy No: **650-534A016-3-COF-77**

Issue Date: **10/13/77**

### A. PROPERTY INSURED

This form applies to personal property, owned by the Named Insured or in his custody or control, described in the *declarations*.

### B. DECLARATIONS

| 1. Description of Property | Limit of Liability |
|---|---|
| 1. TWO PORTABLE CHEMICAL TOILETS | $ 500 |
| 2. GAS DRUM SAND SPREADER | 3,500 |
| 3. ONE TRIUMPH CYCK BAR | 800 |
| 4. ONE HIGH PRESSURE WASHER | 300 |
| 5. PORTABLE ELECTRIC TOOLS, HAND TOOLS AND MISCELLANEOUS EQUIPMENT OF THE TYPE USED BY MUNICIPALITY FOR STREET AND HIGHWAY MAINTENANCE | 1,800 |
| 6. GRAVELY TRACTOR (14 H.P. – MODEL 19217E1) INCLUDING MOWER ATTACHMENTS, LIFT KIT SNOW BLOWER AND CAB | 1,400 |
| 7. PUBLIC ADDRESS SYSTEM INCLUDING SPEAKERS | 500 |

TOTAL 8,800

LOCATION – LONG POND RECREATION AREAS HIGHLAND FALLS, N.Y.

SEE 8000A FOR ADDITIONAL PROPERTY

2. Deductible Amount:                 $

3. Special Provisions, if any:

### C. INSURING AGREEMENT

The Travelers insures against all risks of direct physical loss except as otherwise provided.

F-7139 New 10-75 Printed in U.S.A.

T_00351
CONFIDENTIAL

The Travelers
Commercial Policies

**PROPERTY FLOATER — SPECIAL FORM**

Page 1 of 2

Policy No:  **650-58AA016-3-COF-77**

Issue Date:  **10/13/77**

**A. PROPERTY INSURED**

This form applies to personal property, owned by the Named Insured or in his custody or control, described in the *declarations.*

**B. DECLARATIONS**

1. Description of Property

Limit of Liability

FIVE (5) VOTING MACHINES @ 1,500 EACH

$ 7,500

2. Deductible Amount:          $

3. Special Provisions, if any:

**C. INSURING AGREEMENT**

The Travelers insures against all risks of direct physical loss except as otherwise provided.

F-7139  New 10-75  Printed in U.S.A.

T_00352
CONFIDENTIAL

The Travelers
Commercial Policies

**PROPERTY FLOATER — BROAD FORM**

    (3)  Explosion.

    (4)  Riot or civil commotion including acts by striking employees.

    (5)  Smoke.

    (6)  Aircraft or objects falling therefrom but excluding loss to the contents of aircraft.

    (7)  Sprinkler leakage.

    (8)  Vandalism and malicious mischief.

    (9)  Theft.

    (10)  Earthquake.

    (11)  Flood but only while the property is in transit.

    (12)  The collision, upset, derailment or overturn of the conveyance on which the property is being transported.

    (13)  Collapse or subsidence of docks, wharves, bridges or culverts.

    (14)  Stranding, sinking, burning or collision of ferries including General Average and salvage charges incurred.

## D.  EXCLUSIONS

This form does not insure against loss:

    (1)  to automobiles; motor trucks, trailers or other vehicles designed and licensed for highway use to transport persons or property; aircraft;

    (2)  to accounts, bills, documents, records, deeds, evidences of debt, money, securities or stamps;

    (3)  to property while waterborne except while on ferries operating on the navigable waters of the Continental United States and Canada other than to or from Alaska;

    (4)  due to any fraudulent, dishonest or criminal act or omission by the Named Insured or a partner of the Named Insured; or by theft by any employee of the Named Insured, while working or otherwise, or by any person to whom the property is entrusted but this exclusion does not apply to property in the custody of a carrier for hire;

    (5)  by wear and tear, deterioration, inherent vice or latent defect except for an ensuing loss by a peril insured against;

    (6)  by electrical currents artificially generated except for an ensuing insured loss by fire or explosion;

    (7)  by delay, loss of market, loss of use or consequential loss of any kind; or

    (8)  by:

        (a)  hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack: (i) by any government or sovereign power (de jure or de facto), or by any authority maintaining or using military, naval or air forces; (ii) by military, naval or air forces; or (iii) by an agent of any such government, power, authority or forces;

        (b)  any weapon of war employing atomic fission or radioactive force whether in time of peace or war; or

        (c)  insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating or defending against such an occurrence, seizure or destruction under quarantine or customs regulation, confiscation by order of any government or public authority, or risks of contraband or illegal transportation or trade.

## E. DEDUCTIBLE

The Travelers shall be liable in any one occurrence only for the amount of loss in excess of the deductible amount specified in the *declarations*.

## F. BASIS OF LOSS PAYMENT — ADDITIONAL PROVISIONS

  1.  Coinsurance — The Travelers shall not be liable for a greater proportion of any loss than the applicable limit of liability bears to the actual cash value of the property insured at the time and place of loss. This provision applies separately to each item described in the *declarations* when this form insures two or more items.

  2.  Limit of Liability — The Travelers shall not be liable in any one loss for more than the applicable limit of liability specified in the *declarations*.

  3.  Payment for Property of Others — At the option of The Travelers, any loss to property of others may be adjusted with and paid to the owners of such property.

## G. DEFINITIONS

  1.  "Declarations" means the declarations contained in this form.

  2.  "Loss" includes damage.

## H. ADDITIONAL CONDITIONS

  1.  Other Insurance — If at the time of loss there is available to the Named Insured or any other interested party any other insurance which would apply in the absence of this form, the insurance under this form shall apply only as excess insurance over such other insurance.

  2.  Territory — This form applies only to loss which occurs within the United States of America, its territories or possessions, Puerto Rico and Canada.

  3.  This form is subject to any policy, declarations, form or endorsement indicated as applicable to it, except that any provisions therein in conflict with the provisions of this form are declared null and void to the extent that they conflict.

F-7140 (Back)

T_00353
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION I COVERAGE DECLARATIONS C**
(Applicable to Standard, Broad or Special Form)

Symbol 110
Page 1 of 2

1. Policy No: **650-584A016-3-COV-77**      Issue Date: **10/13/77**

2. **Effective Date** — These declarations are effective on the policy's effective date stated in the GENERAL DECLARATIONS unless otherwise stated hereafter. These declarations are effective _____ and replace any SECTION I COVERAGE DECLARATIONS C of a prior effective date. _____

3. **Coverages and Limits of Liability** — Insurance is afforded for such of the following coverages and at the premises for which a limit of liability is inserted. A limit inserted opposite "Blanket" applies to a coverage and at the premises for which the word "included" is inserted.

|  | | | Limits of Liability | | |
| LOC NO. | Premises at Bldg. No. | Coverage A Building | Coverage B Personal Property | Coverage C Income | Coverage D Extra Expense |
|---|---|---|---|---|---|
| 1 | 1 | $ 124,000 | $ 10,000 | $ | $ |
| 2 | 3 | 45,000 | 7,000 | | |
| | | | | | |
| Blanket | | $ | $ | $ | $ |

4. **Form Applicable** — The form which applies to a coverage afforded is that for which an "X" is inserted.

| Form | Symbol | Coverage | | | |
| | | Coverage A | Coverage B | Coverage C | Coverage D |
|---|---|---|---|---|---|
| STANDARD | ACT-144 | ☒ | ☒ | ☐ | ☐ |
| BROAD | | ☐ | ☐ | ☐ | ☐ |
| SPECIAL | | ☐ | ☐ | ☐ | ☐ |

5. **Coverage A or B**

a. **Deductible** — $100 deductible applies. Indicate any exception by insertion of "X".

☐ $_____ deductible applies    ☐ Other — describe:

CP-1016-1 1-72 Printed in U.S.A. (7-77)

D-1-1

The Travelers
Commercial Policies

SECTION I COVERAGE DECLARATIONS C
(Applicable to Standard. Broad or Special Form)

* Symbol 110
Page 2 of 2

b.  Coinsurance — 80% coinsurance applies. Exception:

c.  Off Premises Extension — The limit of liability in any one occurrence is $5.000 unless otherwise stated hereafter:
    $ _____

d.  Replacement Cost Provision — This provision applies only to the coverage for which an "X" is inserted:

    ☐ Coverage A;    ☐ Coverage B.

e.  Optional Coverage — Coverage B of the BROAD or SPECIAL FORM — Burglary and robbery coverage or theft coverage
    (whichever is provided by the form) applies only if an "X" is inserted hereafter:    ☐

f.  Mortgagee — Each of the following is a first mortgagee unless otherwise specified:

    Premises at
    Bldg. No.                                           Name and Address

6.  Coverage C — Income

    a.  Coinsurance — _____ % coinsurance applies.

    b.  Ordinary Payroll Expenses — With respect to income (other than rental or tuition income) ordinary payroll expenses
        are excluded unless an "X" is inserted in one of the following boxes: ☐ Included;    ☐ Included for
        _____ consecutive calendar days or part thereof.

    c.  Monthly Limit — _____ % applies to each 30 consecutive calendar days or part thereof.

7.  State Exceptions

    a.  Fire District — New York:    **3411 — VILLAGE OF HIGHLAND FALLS**
                                      **3408 — FORT MONTGOMERY**
    b.  Insurable Value — Minnesota and South Carolina — Bldg. No.          Coverage A
                                                          1               $

8.  Special Provisions, if any:

Issue Date: **10/13/77**

(Auto Dealers, Apartment Owners, Bankers, Commercial Building. Garage, Hotel, Institutional, Motel, Office, Service Station B and
Special Business Policies)

CP-1016-2  1-72  Printed in U.S.A.                                           D-I-1

T_00355
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION I COVERAGE DECLARATIONS C**
(Applicable to Standard, Broad or Special Form)

Symbol 110
Page 1 of 2

1.  Policy No:  **650-584A016-3-COF-77**                    Issue Date:  **10/13/77**

2.  Effective Date — These declarations are effective on the policy's effective date stated in the GENERAL DECLARATIONS unless otherwise stated hereafter:  These declarations are effective_____and replace any SEC-TION I COVERAGE DECLARATIONS C of a prior effective date.

3.  Coverages and Limits of Liability — Insurance is afforded for such of the following coverages and at the premises for which a limit of liability is inserted. A limit inserted opposite "Blanket" applies to a coverage and at the premises for which the word "included" is inserted.

| Premises at Bldg. No. | Coverage A Building | Limits of Liability | | |
|---|---|---|---|---|
| | | Coverage B Personal Property | Coverage C Income | Coverage D Extra Expense |
| **2** | $ **NIL** | $ **2,000** | $ | $ |
| | | | | |
| Blanket | $ | $ | $ | $ |

4.  Forms Applicable — The form which applies to a coverage afforded is that for which an "X" is inserted.

| Form | Symbol | Coverage | | | |
|---|---|---|---|---|---|
| | | Coverage A | Coverage B | Coverage C | Coverage D |
| STANDARD | | ☐ | ☐ | ☐ | ☐ |
| BROAD | | ☐ | ☐ | ☐ | ☐ |
| SPECIAL | **C-140** | ☐ | ☒ | ☐ | ☐ |

5.  Coverage A or B

   a.  Deductible — $100 deductible applies. Indicate any exception by insertion of "X".

        ☐  $_____deductible applies   ☐ Other — describe:

CP-1016-1 1-72 Printed in U.S.A. (975)                                        D-I-1

T_00356
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION I COVERAGE DECLARATIONS C**
(Applicable to Standard, Broad or Special Form)

* Symbol 110
Page 2 of 2

b1b

b.  Coinsurance — 80% coinsurance applies. Exception:

c.  Off Premises Extension — The limit of liability in any one occurrence is $5,000 unless otherwise stated hereafter:
    $_____

d.  Replacement Cost Provision — This provision applies only to the coverage for which an "X" is inserted:

    ☐  Coverage A;    ☐  Coverage B.

e.  Optional Coverage — Coverage B of the BROAD or SPECIAL FORM — Burglary and robbery coverage or theft coverage (whichever is provided by the form) applies only if an "X" is inserted hereafter:    ☐

f.  Mortgagee — Each of the following is a *first* mortgagee unless otherwise specified:

    Premises at
    Bldg. No.                                             Name and Address

6.  **Coverage C — Income**

    a.  Coinsurance — _____ % coinsurance applies.

    b.  Ordinary Payroll Expenses — With respect to income (other than rental or tuition income) ordinary payroll expenses are excluded unless an "X" is inserted in one of the following boxes:  ☐  Included:    ☐  Included for _____ consecutive calendar days or part thereof.

    c.  Monthly Limit — _____% applies to each 30 consecutive calendar days or part thereof.

7.  **State Exceptions**

    a.  Fire District — New York:    **3611 — VILLAGE OF HIGHLAND FALLS**

    b.  Insurable Value — Minnesota and South Carolina — Bldg. No.              Coverage A
                                                    1                      $

8.  **Special Provisions, if any:**

Issue Date:    **10/13/77**

(Auto Dealers, Apartment Owners, Bankers, Commercial Building, Garage, Hotel, Institutional, Motel, Office, Service Station B and Special Business Policies)

CP-1016-2  1-72  Printed in U.S.A.                                                D-1-1

T_00357
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION I COVERAGE DECLARATIONS K**
(Applicable to the Form or Endorsement Attached Hereto and to Scheduled Property Form B)

Symbol 118A
Page 1 of 1

1.  Policy No: **650-584A016-3-COF-77**                    Issue Date: **10/13/77**

2.  Application — These declarations apply to those forms or endorsements attached hereto the numbers of which are entered below.

Form or Endorsement No:

**K-131**
**F-7139(1,2)**

Special Provisions, if any:
**SEE 8000A**

CP-1847 8-7C Printed in U.S.A.

T_00358
CONFIDENTIAL

**The Travelers
Commercial Policies**

**GENERAL PURPOSE ENDORSEMENT**

Symbol **8000A**
Page ___ of ___

Policy No : **650-58AA016-3-COF-77**

Issue Date: **10/13/77**

AS RESPECTS SECTION 1 COVERAGE DECLARATIONS K SYMBOL #118A —SCHEDULED PROPERTY FORM B THE FOLLOWING ITEMS APPLY ONLY FROM THE PERIOD OF JUNE 1 TO SEPTEMBER 30 OF EACH YEAR.

| DESCRIPTION OF ARTICLE | AMOUNT INSURED |
|---|---|
| 4 PORTABLE TOILETS @ $250 EACH | $1,000.00 |

CP-1268 1-72 Printed in U.S.A. (1076)

T_00359
CONFIDENTIAL

The Travelers
Central A Edition

**STANDARD FORM**
(Forming part of Section I)

Symbol ACT-14
Page 1 of :



**A. Insuring Agreement —** The Travelers insures, except as otherwise provided, against direct loss by:

(1) **Fire or lightning.**

(2) **Windstorm or hail,** excluding loss:

    (a) caused directly or indirectly by frost or cold weather or ice (other than hail), snow or sleet, whether driven by wind or not; or

    (b) to the interior of a building or property therein caused by rain, snow, sand or dust, all whether driven by wind or not, unless the building shall first sustain an actual damage to roof or walls by the direct action of wind or hail, and then The Travelers shall be liable for loss to the interior of the building or to the property therein as may be caused by rain, snow, sand or dust entering the building through openings in the roof or walls made by direct action of wind or hail.

(3) **Explosion,** excluding loss:

    (a) by explosion of steam boilers, steam pipes, steam turbines or steam engines (except direct loss resulting from the explosion of accumulated gases or unconsumed fuel within the firebox or combustion chamber of any fired vessel or within the flues or passages which conduct the gases of combustion therefrom) if owned by, leased by or operated under the control of the Named Insured;

    (b) by rupture or bursting: (i) of rotating or moving parts of machinery caused by centrifugal force or mechanical breakdown; (ii) of water pipes; or (iii) due to expansion or swelling of the contents of any building caused by or resulting from water:

    (c) by rupture or bursting or operation of pressure relief devices; or

    (d) by shock waves caused by aircraft, generally known as "sonic boom"; or by electric arcing or water hammer.

(4) **Riot or civil commotion,** including direct loss: (a) by acts of striking employees; or (b) from pillage and looting occurring during and at the immediate place of a riot or civil commotion. However, The Travelers shall not be liable for loss due to change in temperature or humidity or interruption of operations, whether or not the loss is insured by the policy as to other perils.

(5) **Smoke,** meaning only direct loss by the sudden and accidental damage from smoke other than smoke from industrial operations or agricultural smudging.

(6) **Sprinkler leakage,** meaning only direct loss by:

    (a) leakage or discharge of water or other substance from within any automatic sprinkler system; or

    (b) collapse or fall of a tank forming part of such system.

    In the event of such loss The Travelers shall also be liable under Coverage A (if applicable) for the cost of repairs or replacement of such system when such loss is directly caused by: (i) breakage of any of its parts; or (ii) freezing.

(7) **Vandalism and malicious mischief,** meaning only direct loss by willful and malicious damage to or destruction of property, but excluding any loss:

    (a) to glass (other than glass building blocks) constituting a part of a building and to signs outside a building; or

    (b) by pilferage, theft, burglary or larceny, except for willful damage to a building caused by burglars.



CP-1060 Rev. 8-74 Printed in U.S.A.

1.

T_00360
CONFIDENTIAL

**STANDARD FORM**
(Forming part of Section I)

(8)   Vehicles or aircraft, meaning only direct loss by physical contact between aircraft (including objects falling therefrom) or vehicles and the insured property or buildings containing the insured property. The Travelers shall not be liable for loss:  (a) by any vehicle owned or operated by the Named Insured or by any occupant of the premises; or (b) to the contents of aircraft or vehicles.

"Aircraft" also includes self-propelled missiles and spacecraft.

B.   Extensions of Coverage — Such insurance as is afforded by Coverage A or B also applies as described hereunder.

Extensions 1. and 6. do not increase the limit of liability otherwise applicable to the property insured; the other extensions apply as an additional amount of insurance.

The total amount recoverable under the Extensions of Coverage in this form and Extensions of Coverage in any other form made a part of the policy are not cumulative and shall not exceed the largest amount recoverable under any single form made a part of the policy.

1.   Debris Removal — Coverage A or B applies to expenses incurred in the removal of debris of the insured property occasioned by a loss insured against.

2.   Extra Expense — Coverage A or B applies to extra expense as defined and limited under Coverage D (Extra Expense) at a premises designated in the declarations for Coverage A or B, for an amount not exceeding $1,000 in any one occurrence.

3.   Newly Acquired Property — The coverage indicated below applies to the property described below, newly acquired by the Named Insured during the policy period and used for his business described in the declarations for an amount not exceeding $50,000 in any one occurrence:

   (a)   under Coverage A, to additions and buildings under construction or buildings acquired; or

   (b)   under Coverage B, to property acquired at premises owned or controlled by the Named Insured except at a premises designated in the declarations.

This extension does not apply to property insured in whole or in part elsewhere by the policy.

This extension shall cease 30 days from the date construction begins, 30 days from the date the property is acquired, the date the values of such construction or acquisition are reported to The Travelers, or the date the policy is terminated, whichever occurs first.  Additional premium shall be due and payable for values so reported from the date construction begins or the date of acquisition.

4.   Off Premises — Coverage A or B applies to property (other than merchandise or stock) temporarily removed from a premises designated in the declarations for cleaning, repairing, reconstruction or restoration.  This extension does not apply to property:

   (a)   in due course of transit;

   (b)   at premises owned, leased or operated by the Named Insured; or

   (c)   insured in whole or in part elsewhere by the policy.

The Travelers shall not be liable in any one occurrence for more than the limit specified for this extension in the declarations.

If the limit exceeds $5,000, The Travelers shall not be liable for a greater proportion of any loss than the limit specified in the declarations bears to an amount produced by multiplying the value of all property insured by this extension

T_00361
CONFIDENTIAL



The Travelers
Central A Edition

STANDARD FORM
(Forming part of Section 1)

Symbol ACT-144
Page 3 of 3

at the time of the loss by the coinsurance percentage specified in the declarations, but not exceeding such limit. The limit is the aggregate limit when such limit is shown in the declarations.

5.   **Personal Effects** — Coverage B applies to personal effects of the Named Insured and, at his option, to personal effects of his officers, partners or employees, which are not usual or incidental to the Named Insured's business while on a premises designated in the declarations, for an amount not exceeding $250 for any one person, nor more than $1,000 in any one occurrence.

6.   **Property Removal** — Coverage A or B applies to direct loss by removal of property from premises endangered by a peril insured against, including coverage pro rata for 30 days at each proper place to which the property shall necessarily be removed for preservation from or repair of damage caused by such peril.

7.   **Specified Property** — Coverage A applies to walks, roadways, curbing and paved surfaces outside of buildings, fences, retaining walls, and lawns, trees, plants and shrubs not grown for commercial purposes, located on a premises, only against direct loss by fire, lightning, explosion, riot, civil commotion or aircraft, for an amount not exceeding $250 on any one tree, plant or shrub, including expenses incurred in removing their debris, nor more than $1,000 in any one occurrence.

8.   **Valuable Papers and Records** — Coverage B applies to the cost of research and other expenses necessarily incurred to reproduce, replace or restore valuable papers and records and recording or storage media located on a premises designated in the declarations, for an amount not exceeding $1,000 in any one occurrence.

C.   **Additional Exclusion** — The Travelers shall not be liable for loss by theft or attempted theft.

D.   **Additional Definition** — "Automatic sprinkler system" means any automatic fire protective system including sprinklers, discharge nozzles and ducts, pipes, valves, fittings, tanks (including component parts and supports thereof), pumps and private fire protection mains, all connected with and constituting a part of an automatic fire protective system; and non-automatic fire protective systems, hydrants, standpipes or outlets supplied from an automatic fire protective system.

E.   **Additional Condition** — This form is subject to: (1) any declarations or endorsement indicated as applicable to it; (2) the SECTION 1 PROVISIONS FORM; and (3) the GENERAL PROVISIONS FORM.

F.   **State Exceptions** — Applicable to the States Indicated

1.   **Massachusetts and Minnesota** — As respects loss by fire or lightning, the words "direct loss" are amended to read "all loss".

2.   **South Carolina; and in Florida for properties located in the Counties of Broward, Dade, Martin, Monroe and Palm Beach, and in all areas East of the West Bank of the Inter-Coastal Waterway in the Counties of Indian River and St. Lucie** — This form does not insure against loss caused in any manner by windstorm to paint or waterproofing material applied to the exterior of a building. The value of such paint or waterproofing material shall not be included in the determination of value when applying the Coinsurance Provision applicable to loss from windstorm.

```
For use with Premium Decs A - Symbol 100
For use with Cov.     Decs A - Symbol 108
For use with Cov.     Decs C - Symbol 110
For use with Cov.     Decs T - Symbol 099
```



(Completed Buildings - all policies)

T_00362
CONFIDENTIAL

The Travelers
Central Edition

SECTION I PROVISIONS FORM

Symbol 1320
Page 1 of 13

A.  Application of this Form — This form applies to all forms and endorsements, including the declarations applicable to them, forming a part of Section I of the policy unless otherwise specified.

B.  Property, Income and Extra Expense Insured

1.  Coverage A — Building — This coverage applies to a building, including a building under construction, designated in the declarations, and including fixtures, machinery and equipment constituting a permanent part of and pertaining to the service of such building. This coverage also applies to the following property owned by the Named Insured and located on the premises:

(a)  materials, supplies and temporary structures to be used for construction, repair or alteration of such building;

(b)  permanently installed gasoline pumps, including their underground tanks; permanently installed automobile hoists; and outdoor signs; and

(c)  personal property used for the maintenance or service of such building, including fire extinguishing apparatus, floor coverings, refrigerating, ventilating, cooking, dishwashing and laundering equipment, shades and outdoor furniture or fixtures (but not including other personal property in apartments or rooms furnished by the Named Insured as landlord).

2.  Coverage B — Personal Property — This coverage applies to personal property usual or incidental to the Named Insured's business described in the declarations, while on a premises designated in the declarations, consisting of:

(a)  personal property, including equipment, fixtures, furniture, machinery, signs and supplies, all owned by the Named Insured;

(b)  at the option of the Named Insured, personal property of others (except outdoor television equipment) while in the care, custody or control of the Named Insured; and

(c)  tenant's improvements and betterments, meaning the Named Insured's use interest in fixtures, alterations, installations or additions comprising a part of the building occupied but not owned by the Named Insured and made or acquired at the expense of the Named Insured exclusive of rent paid by the Named Insured, but which are not legally subject to removal by him.

3.  Coverage C — Income — This coverage applies to the actual loss of income sustained at the premises by the Named Insured resulting directly from the necessary interruption of the Named Insured's business or untenantability of a building caused by loss to real or personal property on the premises by a loss insured against as defined and limited for Coverages A and B by the STANDARD, BROAD or SPECIAL FORM, whichever form applies.

Such insurance as is afforded by Coverage C also applies to:

(a)  actual loss sustained for a period not exceeding two consecutive weeks when access to the premises is specifically prohibited by order of civil authority as a direct result of a loss insured against on or within 100 feet of the premises;

(b)  expenses necessarily incurred for the purpose of reducing the actual loss, including expenses in excess of normal necessarily incurred in replacing any finished stock used by the Named Insured to reduce loss, but in no event shall the aggregate of these expenses exceed the amount by which the loss is reduced; such expenses shall not be subject to the "Coinsurance Provision" under "Basis of Loss Payment" in this form; and

(c)  actual loss caused by delay in the commencement of the Named Insured's business or in the restoration of the building to a tenantable condition, resulting from an insured loss to: (1) alterations or additions to the building; (2) the building while under construction and after its completion or occupancy; or (3) building materials, supplies, machinery and equipment incidental to the construction or occupancy of such building, while on or within 100 feet of the premises.

4.  Coverage D — Extra Expense — This coverage applies to necessary extra expense incurred by the Named Insured in order to continue as nearly as practical the normal operation of his business following a loss to real or personal property on the premises by a loss insured against as defined and limited for Coverages A and B by the STANDARD, BROAD or SPECIAL FORM, whichever form applies.

T_00363
CONFIDENTIAL

SECTION I PROVISIONS FORM

Such insurance as is afforded by Coverage D also applies to necessary extra expense incurred:

    (a)   for a period not exceeding two consecutive weeks when access to the premises is specifically prohibited by order of civil authority as a direct result of a loss insured against on or within 100 feet of the premises; and

    (b)   as the result of actual loss caused by delay in the commencement of the Named Insured's business resulting from an insured loss to: (1) alterations or additions to the building; (2) the building while under construction and after its completion or occupancy; or (3) building materials, supplies, machinery and equipment incidental to the construction or occupancy of such building, while on or within 100 feet of the premises.

C.   Property, Income and Extra Expense Excluded

    1.   Coverage A does not apply to:

        (a)   (1) the cost of excavations, grading or filling; (2) foundations of buildings, machinery, boilers or engines, which foundations are below the undersurface of the lowest basement floor, or where there is no basement,  below the surface of the ground; (3) pilings, piers, pipes, flues and drains which are underground; or (4) pilings which are below the low water mark; but this exclusion does not apply to a building under construction designated in SECTION I COVERAGE DECLARATIONS B;

        (b)   walks, roadways, curbing, and paved surfaces outside of buildings, fences, retaining walls and lawns, trees, plants and shrubs, except as otherwise specifically insured by the policy; land and growing crops; or

        (c)   outdoor swimming pools, piers, wharves, docks, beach or diving platforms or their appurtenances, unless the policy is so endorsed; or loss to property under the STANDARD, BROAD or SPECIAL FORM when such loss is insured in whole or in part by another form or endorsement of the policy.

    2.   Coverage B does not apply to:

        (a)   automobiles, motor-trucks, trailers and semi-trailers, except:  (1) when such property is specifically insured by endorsement; or (2) general utility or boat trailers designed for use with private passenger vehicles and held for sale or sold by the Named Insured;

        (b)   any self-propelled vehicle or machine not specified in preceding Exclusion 2(a), unless such property is not required to be licensed for highway use;

        (c)   aircraft; or watercraft, including motors, equipment and accessories therefor, unless held for sale or sold by the Named Insured on land;

        (d)   money and securities; or growing or harvested crops;

        (e)   property for which the loss is insured in whole or in part under Coverage A; or property more specifically insured in whole or in part under another contract; or loss to property under the STANDARD, BROAD or SPECIAL FORM when such loss is insured in whole or in part by another form or endorsement of the policy;

        (f)   household furnishings and personal effects of the Named Insured, or his officers, directors, partners, employees, stockholders or relatives of any of the foregoing, which are not usual and incidental to the Named Insured's business;

        (g)   property of guests or tenants; or

        (h)   as respects a premises whose principal occupancy is that of an automobile dealer, garage or service station, gasoline pumps including their underground tanks, automobile hoists and air compressors, when such property is not owned by the Named Insured.

    3.   Coverage C does not apply to:

        (a)   loss to finished stock, nor for the time required to reproduce the finished stock;

The Travelers
Central Edition

SECTION I PROVISIONS FORM

Symbol 1320
Page 3 of 13

(b)    any increase of loss resulting from the suspension, lapse or cancellation of any lease, license, contract or order, unless such suspension, lapse or cancellation results directly from the interruption of business or untenantability of the premises from a loss insured against, and then The Travelers shall be liable for only such loss as affects the Named Insured's income during, and limited to, the period of indemnity covered under the policy; or

(c)    any other consequential or remote loss.

4.    Coverage D does not apply to:

(a)    loss of income or any other consequential or remote loss;

(b)    the cost of repairing or replacing the property, or the cost of research or other expense necessary to replace or restore recording and storage media or valuable papers and records, except cost in excess of the normal cost of such repair, replacement or restoration necessarily incurred for the purpose of reducing the total amount of extra expense; however, in no event shall such excess cost exceed the amount by which the total extra expense otherwise payable is reduced; or

(c)    any extra expense resulting from suspension, lapse or cancellation of any lease, license, contract or order beyond the period of restoration.

5.    Coverages C and D do not apply to any loss or increase of loss resulting from interference at the premises by strikers or other persons with rebuilding, repairing or replacing the property or with the resumption or continuation of business, or with the restoration of the premises to a tenantable condition.

D.    Exclusions — The Travelers shall not be liable for loss:

(1)    occasioned directly or indirectly by:

(a)    enforcement of any ordinance or law regulating the construction, repair or demolition of any building unless specifically insured by endorsement; or

(b)    electrical currents artificially generated unless loss by fire or explosion ensues, and then The Travelers shall be liable only for such ensuing insured loss;

(2)    caused by, resulting from, contributed to or aggravated by any of the following:

(a)    flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not;

(b)    water which backs up through sewers or drains;

(c)    water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors; or

(d)    earth movement including but not limited to earthquake, landslide, mudflow, earth sinking, earth rising or shifting;

unless loss by fire or explosion ensues, and then The Travelers shall be liable only for such ensuing insured loss;

(3)    caused by or resulting from power, heating or cooling failure, interruption or fluctuation, unless such failure, interruption or fluctuation results from physical damage to power, heating or cooling equipment on the premises and is directly caused by a loss insured against (other than loss by riot, civil commotion or vandalism and malicious mischief) by the STANDARD, BROAD or SPECIAL FORM, whichever applies;

(4)    under Coverage A or B, of income resulting from interruption of business, or extra expense;

(5)    under the STANDARD, BROAD or SPECIAL FORM, whichever applies, occurring while the premises are:

T_00365
CONFIDENTIAL

SECTION I PROVISIONS FORM

(a)  vacant beyond 60 consecutive days immediately preceding the loss; or

(b)  unoccupied beyond 60 consecutive days immediately preceding the loss unless such unoccupancy is usual or incidental to the operation of the Named Insured's business;

but this exclusion does not apply to a building under construction designated in SECTION I COVERAGE DECLARATIONS B;

(6)  by fire caused directly or indirectly by: (a) enemy attack by armed forces, including action taken by military, naval or air forces in resisting an actual or an immediately impending enemy attack; (b) invasion; (c) insurrection; (d) rebellion; (e) revolution; (f) civil war; (g) usurped power; or (h) order of any civil authority except acts of destruction at the time of and for the purpose of preventing the spread of fire, provided that such fire did not originate from any of the perils excluded by Section I;

(7)  by any peril, other than fire, caused directly or indirectly by:

(a)  hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack: (i) by any government or sovereign power (de jure or de facto), or by any authority maintaining or using military, naval or air forces; (ii) by military, naval or air forces; or (iii) by an agent of any such government, power, authority or forces, it being understood that any discharge, explosion or use of any weapon of war employing nuclear fission or fusion shall be conclusively presumed to be such a hostile or warlike action by such a government, power, authority or forces; or

(b)  insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating or defending against such an occurrence; seizure or destruction under quarantine or customs regulations, confiscation by order of any government or public authority, or risks of contraband or illegal transportation or trade.

Loss Deductible — The Travelers shall be liable under Coverages A and B in any one occurrence only for its proportion of a loss in excess of $100 unless it is otherwise indicated in the deductible item of the declarations.

Basis of Loss Payment

1.  Applicable to Coverages A and B Unless Otherwise Specified — Determination of Value of That Part of the Property Sustaining Loss

a.  Property Owned by Named Insured — The value shall be the actual cash value of the property or the cost to repair or replace the property with material of like kind and quality within a reasonable time after loss, whichever is less.

The foregoing provision shall not apply, however, to property for which the loss is adjusted under the "Replacement Cost Provision" hereunder or the following property for which the value shall be determined as described.

(1)  Coverage B — Recording or Storage Media (except finished property held for sale) — The value shall not exceed the cost of such media in unexposed or blank form.

(2)  Coverage B — Personal Property Sold But Not Delivered — The value shall be the regular cash selling price less all discounts and charges to which such property would have been subject had no loss occurred.

(3)  Coverage B — Stock in Process of Manufacture — The value shall be the cost of raw materials and labor expended plus the proper proportion of overhead charges.

(4)  Property in Transit — Such property shall be valued at the amount of invoice, including any cost for prepaid or advanced freight and such other charges as may have accrued and become legally due since the shipment. In the absence of an invoice, the property shall be valued at its actual cash value at point of shipment, but not exceeding the cost to repair or replace the property with material of like kind and quality within a reasonable time after loss.

(5)  Coverage B — Valuable Papers and Records — The value shall not exceed the cost of blank books, blank cards

T_00366
CONFIDENTIAL

SECTION I PROVISIONS FORM

or other blank materials, except as provided in the Extension "Valuable Papers and Records" under "Extensions of Coverage" in the STANDARD, BROAD or SPECIAL FORM, whichever applies.

b.  Replacement Cost Provision — Property Owned by the Named Insured — This provision (when applicable) applies only to a loss insured against by the STANDARD, BROAD or SPECIAL FORM, whichever applies.

The Named Insured may elect to make claim disregarding this provision and make further claim for any additional amount brought about by this provision, provided The Travelers is notified in writing within 180 days after loss of the Named Insured's intent to make further claim.

(1)  Value of the Property — The value of the property shall be the lesser of the following:

(a)  the replacement cost of the property equivalent to the property sustaining the loss on the same premises and intended for the same occupancy and use; or

(b)  the amount actually and necessarily expended in repairing or replacing the property sustaining the loss and intended for the same occupancy and use.

(2)  This Provision Does Not Apply:

(a)  unless it is indicated as applicable in the declarations;

(b)  unless and until the property sustaining the loss is actually repaired or replaced with due diligence and dispatch;

(c)  to stock (raw, in process or finished) or merchandise, including materials and supplies therefor;

(d)  to household furniture or contents, property of others or personal effects;

(e)  to paintings, etchings, pictures, tapestries, statuary, marbles, bronzes, antique furniture, rare books, antique silver, porcelains, rare glassware and bric-a-brac, or other articles of art, rarity or antiquity;

(f)  to carpeting, awnings, air conditioners, domestic appliances or outdoor equipment;

(g)  to a building under construction designated in SECTION I COVERAGE DECLARATIONS B, including machinery, equipment and other property used in connection with such building; or

(h)  to property described in Provision F. 1.a. (1) through F. 1.a. (5) in "Basis of Loss Payment" of this form, or to tenant's improvements and betterments.

c.  Tenant's Improvements and Betterments

1.  If repaired or replaced at the expense of the Named Insured and within a reasonable time after loss, the value of the property shall be its actual cash value.

2.  If not repaired or replaced within a reasonable time after loss, the value of the property shall be that proportion of the original cost of the property which the unexpired term of the lease or rental agreement, whether written or oral, and in effect at the time of loss, bears to the periods from the date the improvements and betterments were made to the expiration date of the lease.

3.  If the property is repaired or replaced at the expense of others for the use of the Named Insured, The Travelers shall not be liable for the loss.

d.  Property Owned by Persons Other Than Named Insured — The value shall not exceed the sum of:

(1)  the least of the following: (a) the amount for which the Named Insured is liable; (b) the actual cash value; or (c) the cost to repair or replace the property with material of like kind and quality within a reasonable time after loss; and

T_00367
CONFIDENTIAL

SECTION I PROVISIONS FORM

    (2)   the value of services performed by the Named Insured.

e.   Coinsurance Provision – This provision applies only to the STANDARD, BROAD or SPECIAL FORM, whichever is made a part of the policy.

    (1)   The Travelers shall not be liable for a greater proportion of any loss to the property insured than the applicable limit of liability bears to the amount produced by multiplying the value of such property to which such limit applies by the coinsurance percentage specified in the declarations.

    (2)   The value shall be determined in accordance with the preceding provisions under "Basis of Loss Payment". Property to which the "Replacement Cost Provision" applies shall be valued at replacement cost.

    (3)   This provision does not apply: (a) to property insured under "Extensions of Coverage" in the form; or (b) to a building under construction designated in SECTION I COVERAGE DECLARATIONS B.

f.   Waiver of Inventory – If the total claim for any loss is both less than $10,000 and less than 5% of the applicable limit of liability, no special inventory or appraisement of the undamaged property shall be required, but this shall not be construed to waive the application of the "Coinsurance Provision".

g.   Limit of Liability

    (1)   Applicable to all property except a building under construction designated in SECTION I COVERAGE DECLARATIONS B – The Travelers shall not be liable in any one loss for more than: (a) the interest of the Named Insured in the property except property owned by others for which coverage is specifically provided; or (b) the applicable limit of liability; whichever is less.

    (2)   Applicable to a building under construction designated in SECTION I COVERAGE DECLARATIONS B – The Travelers shall not be liable in any one loss for more than:

        (a)   that proportion of the applicable provisional limit stated in the declarations, which the value of the building to which the limit applies at the time of loss bears to the value of the building at the date of completion;

        (b)   a greater proportion of the loss than the applicable provisional limit bears to the value of the building to which the limit applies at the date of completion; or

        (c)   the applicable provisional limit of liability;

        whichever is least.

h.   Definitions

    (1)   "Actual Cash Value" means replacement cost less depreciation of that part of the property sustaining loss at the time and place of loss. Depreciation includes obsolescence.

    (2)   "Limit of Liability" means the limit specified in the declarations or specified in any form or endorsement made part of the policy, whichever is less, applying to the property.

    (3)   "Replacement Cost" means the full cost of repair or replacement at the time and place of loss without deduction for depreciation, but does not include the cost occasioned directly or indirectly by enforcement of any ordinance or law regulating the construction, repair or demolition of any building.

    (4)   "Value", unless otherwise specified, means the value at the time and place of loss.

2.   Applicable to Coverage C — Income

a.   The Travelers' Liability for Loss – The Travelers shall be liable for the actual loss sustained not exceeding the reduction in income less charges and expenses which do not necessarily continue during the interruption of business or the period of untenantability.

T_00368
CONFIDENTIAL

SECTION I PROVISIONS FORM

As respects sales and manufacturing income, due consideration shall be given to the continuation of normal charges and expenses to the extent necessary to resume operations with the same quality of service which existed immediately preceding the loss, including ordinary payroll expenses if such expenses are indicated as included in the declarations.

b.    Limitations

(1)    All Income

(a)    With respect to loss to media for, or programming records pertaining to, electronic data processing or electronically controlled equipment, including data thereon, the length of time for which The Travelers shall be liable hereunder shall not exceed:

(i)    30 consecutive days as respects repair or replacement of such media or programming records; or

(ii)    the length of time required to rebuild, repair or replace other property, not included in (i), as described and limited under Coverages A and B, which has been damaged or destroyed;

whichever is the greater length of time.

(b)    With respect to loss caused by delay in the commencement of the Named Insured's business or in the restoration of the building to a tenantable condition resulting from loss to alterations or additions to buildings or new buildings under construction, including materials, supplies, machinery or equipment on, or within 100 feet of, the premises of such buildings, the length of time for which The Travelers shall be liable shall be determined as otherwise provided herein except that the loss shall be calculated from the date that the Named Insured's business would have commenced or the building would have been tenantable had no loss to such property occurred.

(2)    Income Other Than Tuition Income — Except as provided in b.(1) above, The Travelers' liability shall not exceed the loss of income during the period of indemnity, being the length of time which would be required with the exercise of due diligence and dispatch to rebuild, repair or replace that part of the property sustaining loss, commencing with the date of the loss, but not limited by the termination of this insurance.

(3)    Tuition Income — Except as provided in b.(1) above, The Travelers' liability shall not exceed the loss of income during the length of time commencing with the date of loss and ending on the day preceding the beginning of the first school year following the date that part of the property sustaining loss could, with the exercise of due diligence and dispatch, be rebuilt, repaired or replaced, but not limited by the termination of this insurance. If the period of time ends on a date within 30 days immediately preceding the beginning of the first school year, the period of liability for loss is extended to end on the day preceding the beginning of the second school year.

(4)    Coinsurance Provision — This provision applies if a coinsurance percentage is inserted for Coverage C in the declarations.

The Travelers shall not be liable for a greater proportion of any loss than the applicable limit of liability bears to the amount produced by multiplying the coinsurance percentage by the income that would have been earned had no loss occurred during the 12 months immediately following the date of the loss.

If ordinary payroll expenses are excluded or limited to a specified period in the declarations, such expenses shall be excluded or limited (whichever applies) to the same extent in determining income for coinsurance purposes.

(5)    Monthly Limit — This limit applies if a percentage for monthly limit for Coverage C is inserted in the declarations.

The Travelers shall not be liable for more than such percentage of the limit of liability in any 30 consecutive calendar days or part thereof.

(6)    Limit of Liability — In no event shall The Travelers be liable in any one loss for more than the limit of liability

SECTION I PROVISIONS FORM

applying to Coverage C, as specified in the declarations or this form, whichever is less.

c.    **Definitions**

(1)    "Beginning of the First School Year" means the opening date of school in the Fall as prescribed, or as would be prescribed, in the school catalogue.

(2)    Income

(a)    Rental Income includes rental value and is the sum of:

(i)    the total anticipated gross rental income from tenant occupancy of the premises as furnished and equipped by the Named Insured;

(ii)    the amount of all charges which are the legal obligation of the tenants and which would otherwise be obligations of the Named Insured; and

(iii)    the fair rental value of any portion of the premises which is occupied by the Named Insured.

In determining rental income, due consideration shall be given to the Named Insured's rental experience before the date of loss and the probable experience thereafter at the premises had no loss occurred.

(b)    Sales and Manufacturing Income is the sum of:

(i)    total net sales value of production;

(ii)    total net sales of merchandise or services; and

(iii)    other earnings derived from operation of the business except rental and tuition income;

less the cost of:

(iv)    raw stock from which such production is derived;

(v)    supplies consisting of materials consumed directly in the conversion of such raw stock into finished stock or in supplying the services sold by the Named Insured;

(vi)    merchandise sold, including packaging materials for such merchandise; and

(vii)    services purchased from outsiders (not employees of the Named Insured) for resale which do not continue under contract.

No other costs shall be deducted in determining income subject to the following exception. Ordinary payroll expenses shall be deducted: (1) if excluded in the declarations; or (2) for the period of interruption beyond the period specified in the declarations.

In determining sales and manufacturing income, due consideration shall be given to the experience of the Named Insured's business before the date of loss and the probable experience thereafter had no loss occurred.

(c)    Tuition Income is the sum of tuitions, fees and other income from students, less the cost of merchandise sold and materials and supplies consumed in services sold to such students.

In determining tuition income, due consideration shall be given to the experience of the Named Insured's business before the date of loss and the probable experience thereafter had no loss occurred.

(3)    "Normal" describes the condition that would have existed had no loss occurred.

T_00370
CONFIDENTIAL

**SECTION I PROVISIONS FORM**

(4) "Ordinary Payroll Expenses" means the entire payroll expense for all employees of the Named Insured, except officers, executives, department managers, employees under contract and other important employees.

(5) Stock or Merchandise

    (a) "Finished Stock" means stock manufactured by the Named Insured which in the ordinary course of his business is ready for packing, shipment or sale.

    (b) "Merchandise" means goods kept for sale by the Named Insured which are not the product of manufacturing operations conducted by him.

    (c) "Raw Stock" means material in the state in which the Named Insured receives it for conversion by him into finished stock.

    (d) "Stock in Process" means raw stock which has undergone any aging, seasoning, mechanical or other process of manufacture at the premises but which has not become finished stock.

d. Resumption of Operations — As soon as practicable after any loss, the Named Insured shall resume business or operations, in whole or in part, and shall utilize every available means to reduce the amount of loss, including:

    (1) making use of merchandise, equipment, supplies or stock (raw, in process or finished) or other property at the insured or other premises; or

    (2) making use of substitute facilities or services where practical.

3. Applicable to Coverage D — Extra Expense

a. The Travelers' Liability for Loss — The Travelers shall be liable for the necessary extra expense incurred for the period of restoration.

b. Resumption of Operations — As soon as practicable after any loss, the Named Insured shall resume normal operations of the business and shall dispense with such extra expense.

c. Limit of Liability — For the amount of a loss in excess of $1,000, The Travelers shall not be liable in any one loss for more than the percentage stated below for the determined period of restoration multiplied by the applicable limit of liability specified in the declarations.

    (a) 40% when the period of restoration is not in excess of one month;

    (b) 80% when the period of restoration is in excess of one month but not in excess of two months; and

    (c) 100% when the period of restoration is in excess of two months.

In no event shall The Travelers be liable for more than the actual expense incurred or for more than the applicable limit of liability specified in the declarations, whichever is less.

d. Definitions

    (1) "Extra expense" means the excess (if any) of the total cost incurred during the period of restoration chargeable to the operation of the Named Insured's business, over and above the total cost that would normally have been incurred to conduct the business during the same period had no loss occurred. Any salvage value of property obtained for temporary use during the period of restoration which remains after the resumption of normal operations shall be taken into consideration in the adjustment of any loss hereunder.

    (2) "Month" means 30 consecutive days.

    (3) "Normal" describes the condition that would have existed had no loss occurred.

T_00371
CONFIDENTIAL

The Travelers
Centr d Edition

SECTION I PROVISIONS FORM

Symbol 1320
Page 10 of 13

(4) "Period of restoration" means that period of time, commencing with the date of loss and not limited by the termination of this insurance, as would be required with the exercise of due diligence and dispatch to repair, rebuild or replace that part of the property to which the loss occurred.

The date of loss with respect to loss caused by the delay in the commencement of the Named Insured's business resulting from loss to alterations or additions to buildings or new buildings under construction shall be the date that the Named Insured's business would have commenced had no loss to such property occurred.

4.    Applicable to Coverages A, B, C and D

a.    Abandonment — There can be no abandonment to The Travelers of any property.

b.    Appraisal — In case the Named Insured and The Travelers shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of the Named Insured or The Travelers, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and failing to agree, shall submit their differences only to the umpire. An award in writing, so itemized, of any two when filed with The Travelers shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

c.    Options of The Travelers — It shall be optional with The Travelers to take all, or any part, of the property at the agreed or appraised value, and also to repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time, on giving notice of its intention so to do within 30 days after the receipt of the proof of loss herein required.

d.    Payment for Property of Others — At the option of The Travelers, any loss to property of others may be adjusted with and paid to the owners of such property.

e.    When Loss Payable — The amount of loss for which The Travelers may be liable shall be payable 60 days after proof of loss, as herein provided, is received by The Travelers and ascertainment of the loss is made either by agreement between the Named Insured and The Travelers expressed in writing or by the filing with The Travelers of an award as herein provided.

G.    Definitions

1.    "Building" includes structure.

2.    "Loss" under Coverages A and B includes damage.

3.    "Money" means currency and coins in current use, bank notes, bullion, travelers checks, register checks, and money orders held for sale to the public.

4.    "Premises", unless otherwise modified, means:  (a) under Coverage A, the premises of a building designated in the declarations and the area within 100 feet of such premises; (b) under Coverage B, the premises of the building containing the insured property and the area within 100 feet of such premises; and (c) under Coverages C and D, the premises of a building designated in the declarations.

5.    "Recording or Storage Media" means film, tape, discs, drums, cells and other recording media including magnetic recording or storage media for electronic data processing.

6.    "Securities" means all negotiable and non-negotiable instruments or contracts representing either money or other property and includes revenue or other stamps in current use, tokens, tickets, and credit card slips for sales made by the Named Insured and held by him for reimbursement from companies issuing credit cards; but does not include money.

SECTION I PROVISIONS FORM

7. "Valuable Papers and Records" means written, printed or otherwise inscribed documents and records pertaining to the Named Insured's business, including books, maps, drawings, abstracts, deeds, mortgages and manuscripts, but does no mean money, securities, recording or storage media, accounts receivable, or property held as samples or for sale or for delivery after sale.

H.  Additional Conditions

1.  Benefit to Bailee — This insurance shall not inure directly or indirectly to the benefit of any carrier or other bailee.

2.  Divisible Contract Provision — When property is insured at two or more buildings, the breach of any policy condition at any one building shall not prejudice the Named Insured's right to recover for loss occurring at a building where at the time of loss a breach of such condition does not exist.

3.  Increase of Hazard — With respect to the STANDARD, BROAD or SPECIAL FORM, whichever applies, The Travelers shall not be liable for loss occurring while the hazard is increased by any means within the control or knowledge of the Named Insured; however, this insurance shall not be prejudiced by:

    (a)  any act or neglect of the owner of any building if the Named Insured is not its owner, or by any act or neglect of any occupant (other than the Named Insured) of any building, when such act or neglect of the owner or occupant is not within the control of the Named Insured; or

    (b)  failure of the Named Insured to comply with any warranty or condition contained in any form or endorsement attached to the policy with regard to any portion of the premises over which the Named Insured has no control.

4.  Permits and Use

    a.  The Named Insured may make repairs and alterations and erect additions or new buildings on the premises.

    b.  In case of loss, the Named Insured may make reasonable repairs, temporary or permanent, provided the repairs are confined solely to the protection of the property from further loss and provided further that the Named Insured shall keep an accurate record of such repair expenditures. The cost of any such repairs directly attributable to a loss insured against shall be included in determining the amount of loss. Nothing contained herein is intended to modify the policy requirements applicable in case loss occurs and the requirement that, in case loss occurs, the Named Insured shall protect the property from further loss.

5.  Losses — Any payment for loss shall not reduce the applicable limit of liability with respect to subsequent losses.

6.  Mortgagee Provision — Reference herein to "form" means the STANDARD, BROAD or SPECIAL FORM, whichever applies, including any provisions of the policy applying to such form.

    Loss to buildings, shall be payable to the mortgagee (or trustee) named in the declarations for such form, as interest may appear under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee), in order of precedence of said mortgages, and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupancy of the premises for purposes more hazardous than are permitted by such form; provided, that in case the mortgagor or owner shall neglect to pay any premium due under the policy, the mortgagee (or trustee) shall, on demand, pay the same.

    Provided also, that the mortgagee (or trustee) shall notify The Travelers of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by such form, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise the form shall be null and void.

    The Travelers reserves the right to cancel the policy at any time as provided in the GENERAL PROVISIONS FORM, and The Travelers shall have the right, on like notice, to cancel this provision.

T_00373
CONFIDENTIAL

Whenever The Travelers shall pay the mortgagee (or trustee) any sum for loss under such form, and shall claim that, as to the mortgagor or owner, no liability therefor existed, The Travelers shall, to the extent of such payment, be thereupon legally subrogated to all rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage, with interest accrued thereon to the date of such payment, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of said mortgagee's (or trustee's) claim.

7. **Mortgagee's Obligations in Case of Loss** — If the Named Insured fails to render proof of loss, the mortgagee (or trustee), named in the declarations for the STANDARD, BROAD or SPECIAL FORM, upon notice shall render proof of loss in the form specified in the GENERAL PROVISIONS FORM within 60 days thereafter and shall be subject to the provisions of Section I of the policy relating to appraisal and time of payment and of bringing suit.

I. **State Exceptions — Applicable to the States Indicated**

1. **Alabama and South Carolina** — Under Part H. (Additional Conditions) Condition 5. (Losses) of this form is replaced by the following:

   "5. **Losses** — If a loss is paid, this insurance shall indemnify the Named Insured for loss of the pro rata unearned premium on the amount of such loss payment. The Travelers, however, may elect by written notice within 60 days after date of loss to reinstate the amount of such loss and, in consideration of such reinstatement, make no payment to the Named Insured as provided by this provision."

2. **Florida** — When insurance is written subject to coinsurance, the rate charged for the insurance is based upon the use of a coinsurance provision, with the consent of the Named Insured.

3. **Illinois** — Any reference in Section I of the policy to "Standard Form" is amended to read "Basic Form".

4. **Massachusetts** — Applicable to the STANDARD, BROAD or SPECIAL FORM

   a. Under Part F. (Basis of Loss Payment) Provisions 4.a. (Abandonment), 4.b. (Appraisal) and 4.c. (When Loss Payable) are replaced by the provisions "Abandonment", "Reference" and "When loss payable" in the STANDARD FIRE POLICY PROVISIONS FORM.

   b. Under Part F. (Basis of Loss Payment) Provision 4.c. (Options of The Travelers) is deleted.

   c. Under Part H. (Additional Conditions) Conditions 6. (Mortgagee Provision) and 7. (Mortgagee's Obligation in Case of Loss) are replaced by the following:

      "6. **Loss Payable Provision** — If a mortgagee, or mortgagees, is named in the declarations for the STANDARD, BROAD or SPECIAL FORM or by endorsement to the policy, loss, if any, on real estate is payable to such mortgage, or mortgagees, as the interests of such mortgage, or mortgagees, may appear in order of their priority under any present or future mortgage, or mortgages, of the within described real estate (but in no event to exceed the amount of insurance specified in the declarations). It is a condition of this contract, that any notice relative thereto, that is delivered to the address set forth for any of the mortgagees mentioned, shall be considered as being in full compliance with any and all requisites relative to the delivery of such notice."

5. **Minnesota** — Applicable to the STANDARD, BROAD or SPECIAL FORM

   a. Under Part F. (Basis of Loss Payment), Provisions 4.b. (Appraisal), 4.c. (Options of The Travelers) and 4.e. (When Loss Payable) are replaced by the provisions "Appraisal", "Company's options" and "When loss payable" in the STANDARD FIRE POLICY PROVISIONS FORM.

   b. Under Part H. (Additional Conditions) Conditions 6. (Mortgagee Provision) and 7. (Mortgagee's Obligations in Case of Loss) are replaced by the provision "Mortgagee interest and obligations" in the STANDARD FIRE POLICY PROVISIONS FORM.

T_00374
CONFIDENTIAL