POLICY NUMBER:

COMMERCIAL AUTO
ISSUE DATE:

**THIS ENDORSEMENT CHANGES THE POLICY.   PLEASE READ IT CAREFULLY.**

# SPLIT UNINSURED MOTORISTS LIMITS

| | | |
|---|---|---|
| **Bodily Injury** | $ | Each Person |
| | $ | Each Accident |
| **Property Damage** | $ | Each Accident |

Paragraph 1. of OUR LIMIT OF LIABILITY is changed to read:

1. Regardless of the number of covered **autos, insureds,** claims made or vehicles involved in the **accident,** our limit of liability is as follows:

    a. The most we will pay for all damages resulting from **bodily injury** to any one person caused by any one **accident** is the limit shown in this endorsement for "each person".

    b. Subject to the limit for "each person", the most we will pay for all damages resulting from **bodily injury** caused by any one accident is the limit shown in this endorsement for "each accident".

    c. If coverage for **property damage** is provided by this insurance, the most we will pay for all damages resulting from **property damage** caused by any one **accident** is the limit of **property damage** shown in this endorsement for "each accident".

T_00539
CONFIDENTIAL

**The Travelers**                                                                                          CA 5

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### AMENDATORY ENDORSEMENT—NEW YORK

I. NEW YORK AUTO ACCIDENT INDEMNIFICATION ENDORSEMENT (STATUTORY UNINSURED MOTORIST COVERAGE)

We agree with you in consideration of the payment of the premium for this endorsement and subject to all terms of this endorsement:

### INSURING AGREEMENTS

**I. Damages for Bodily Injury Caused by Uninsured Autos**

We will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured auto because of bodily injury, sustained by the insured, caused by accident arising out of the ownership, maintenance or use of such uninsured auto. For the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount of such damages, shall be made by agreement between the insured or such representative and us or, if we fail to agree, by arbitration.

**II. Definitions**

(a) "Bodily Injury" means bodily injury, sickness or disease including death resulting from any of these.

(b) "Insured" means:

(1) you and, while residents of the same household, your spouse and the relatives of either;

(2) any other person while occupying

(i) an auto owned by you or, if you are an individual, such spouse and used by or with the permission of either, or

(ii) any other auto while being operated by you or such spouse, except a person occupying an auto not registered in the State of New York, while used as a public or livery conveyance; and

(3) any person, with respect to damages he is entitled to recover because of bodily injury to which this endorsement applies sustained by an insured under (1) or (2) above.

(c) "Uninsured Auto" means:

(1) an auto with respect to the ownership, maintenance or use of which there is, in the amounts specified in the New York Motor Vehicle Financial Security Act neither (i) cash or securities on deposit with the New York Commissioner of Motor Vehicles nor (ii) a bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such auto, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the insurance company writing the same disclaims liability or denies coverage under the policy, or

(2) a hit-and-run auto as defined;

but the term "uninsured auto" shall not include:

(i) an auto owned by you or your spouse;

(ii) an auto which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law, or any similar law;

(iii) an auto which is owned by the United States of America, Canada, a state, a political sub-division of any such government or an agency of any such government;

C-1613 NEW 6-78 PRINTED IN U.S.A.

CA 5                                                                                          **Page 1 of 4**

T_00540
CONFIDENTIAL

The Travelers                                                                                                                CA 5

      (iv) a land motor vehicle or trailer, if operated on rails or crawler-treads or while located for use as a residence or premises and not as a vehicle; or

      (v) a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads.

(d) "Hit-and-Run Automobile" means an auto which causes bodily injury to an insured arising out of physical contact of such auto with the insured or with an auto which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or the owner of such "hit-and-run auto" (2) the insured or someone on his behalf shall have reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with us within 90 days of the accident a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unknown and setting forth the facts in support thereof; and (3) at our request, the insured or his legal representative makes available for inspection the auto which the insured was occupying at the time of the accident.

(e) "Occupying" means in or upon or entering into or alighting from.

(f) "State" includes the District of Columbia, a territory or possession of the United States, and a province of Canada.

III. Territory

This endorsement applies only to accidents which occur within the State of New York.

## EXCLUSIONS

This endorsement does not apply:

(a) to bodily injury to an insured while operating an auto in violation of an order of suspension or revocation; or to care or loss of services recoverable by an insured because of such bodily injury so sustained;

(b) to bodily injury to an insured, or care or loss of services recoverable by an insured, with respect to which such insured, his legal representatives or any person entitled to payment under this endorsement shall, without our written consent, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable for such injury;

(c) so as to directly or indirectly benefit any workers' compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workers' compensation or disability benefits law or any similar law.

## CONDITIONS

1. **Policy Provisions.** None of the provisions, exclusions or conditions of the policy shall apply to the insurance afforded by this endorsement except the Condition "Your Duties After Accident or Loss" and "Cancelling This Policy During The Policy Period".

2. **Premium.** If during the policy period the number of autos owned by you or your spouse and registered in New York or the number of New York dealer's license plates or transporter plates issued to you changes, you shall notify us during the policy period of any change and the premium shall be adjusted as of the date of such change in accordance with the manuals in use by us. If the earned premium thus computed exceeds the estimated total premium paid, you shall pay the excess to us; if less, we shall return to you the unearned portion paid by such insured.

3. **Notice and Proof of Claim: Medical Reports.** Within 90 days, or as soon as practicable, the insured or other person making claim shall give us written notice of claim under this endorsement.

As soon as practicable after written request by us, the insured or other person making claim shall give us written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable under this policy. The insured and every other person making claim under this policy shall as may reasonably be required submit to examinations under oath by any person named by us and subscribe the same. Proof of claim shall be made upon forms furnished by us unless we shall have failed to furnish such forms within 15 days after receiving notice of claim.

T_00541
CONFIDENTIAL

**The Travelers**                                                                                                          **CA 5**

The injured person shall submit to physical examinations by physicians selected by us when and as we may reasonably require and the injured person, or in the event of such person's incapacity that person's legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefore, shall upon each request from us execute authorization to enable us to obtain medical reports and copies of records.

4. **Notice of Legal Action.** If before we make payment of loss hereunder, the insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of an auto involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to us by the insured or his legal representative.

5. **Limits of Liability.** (a) Our limit of liability for all damages, including damages for care or loss of services, because of **bodily injury** sustained by one person as the result of any one accident is $10,000 and, subject to the above provision, our total limit of liability for all damages, including damages for care or loss of services, because of **bodily injury** sustained by two or more persons, whether insureds or qualified persons under the New York Motor Vehicle Accident Indemnification Corporation Law, as the result of any one accident is $20,000. (b) Any amount payable under the terms of this endorsement, including amounts payable for care or loss of services, because of bodily injury sustained by one person, shall be reduced by (1) all sums paid to one or more insureds on account of such **bodily injury** by or on behalf of (a) the owner or operator of the uninsured auto and (b) any other person or persons jointly or severally liable together with such owner or operator for such bodily injury, (2) all sums paid to one or more insureds on account of bodily injury sustained in the same accident under any insurance or statutory benefits similar to that provided by this endorsement and (3) the amount paid and the present value of all amounts payable on account of such bodily injury under any workers' compensation law, exclusive of non-occupational disability benefits.

6. **Other Insurance.** With respect to **bodily injury** to an insured while occupying an auto not owned by you, this insurance applies only as excess insurance over any other similar insurance available to such insured and applicable to such auto as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance. Except as provided in the previous paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and we shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability and such other insurance.

7. **Arbitration.** If any person making a claim hereunder and we do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured auto because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and we do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrators may be entered in any Court having jurisdiction thereof. Such person and we each agree to consider ourselves bound and to be bound by any award made by the Arbitrators pursuant to this endorsement.

8. **Trust Agreement.** In the event of payment to any person under this endorsement:

    (a) we shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

    (b) such person shall hold in trust for our benefit all rights of recovery which he shall have against such other person or organization because of such **bodily injury**;

    (c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

    (d) if requested in writing by us, such person shall take, through any representative designated by us such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, we shall be reimbursed out of such recovery for expenses, costs and attorneys fees incurred by us in connection with such recovery;

    (e) such person shall execute and deliver to us such instruments and papers as may be appropriate to secure the rights and obligations of such person and us established by this provision and, upon our request, shall attend hearings and trials and assist in securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings.

**CA 5**                                                                                                        **Page 3 of 4**

T_00542
CONFIDENTIAL

The Travelers                                                               CA 5

9. **Our Payment of Loss.** Any amount due hereunder is payable (a) to the insured, or (b) if the insured be a minor to his parent or guardian, or (c) if the insured be deceased to his surviving spouse, otherwise (d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents; provided, we may at our option pay any amount due under this endorsement in accordance with sub-division (d) of this condition.

10. **Action Against Us.** No action shall lie against us unless the insured or his legal representative has fully complied with all the terms of this endorsement before bringing such action.

11. **Changes.** This endorsement embodies all agreements existing between the insured and us relating to this insurance. Notice to or knowledge possessed by us, any agent or any other person shall not effect a waiver or a change in this endorsement or prevent us from asserting any right under the terms of this endorsement.

12. **Assignment.** Assignment of interest under this endorsement shall not bind us until our consent is endorsed hereon; if, however, you or your spouse if a resident of the same household, shall die, this endorsement shall cover (1) the survivor as named insured, (2) his legal representative as named insured but only while acting within the scope of his duties as legal representative, and (3) any relative who was an insured at the time of such death.

13. **Policy Period—Termination.** This endorsement applies only to accidents which occur on and after the effective date hereof and during the policy period and shall terminate upon (1) termination of the policy which it forms a part or (2) termination of New York registration on all autos owned by you or your spouse.

CA 5                                                                   Page 4 of 4

T_00543
CONFIDENTIAL

The Travelers

**ITEM FOUR. SCHEDULE OF COVERED AUTOS YOU OWN**
(See reverse side for explanation of certain entries or absence thereof)

Special Code 07/74/74   SPV 8   Policy No. 650-584A016-3-COF-78
Page No. 1

| When Used With a | This is Form |
|---|---|
| Business Auto Policy | CA 00 02 10 | X |
| Truckers Policy | CA 00 13 10 |

| Covered Auto No. | TERRITORY Town & State where The Covered Auto Will be Principally Garaged | County-Town Code (where applicable) | DESCRIPTION Year Model: Trade Name: Body Type | Vehicle Identification Number (VIN) |
|---|---|---|---|---|
| 1 | FORT MONTGOMERY, NY | 3408 | 76 CHEV | 1C29YC8564528 |
| 2 | | | 78 CHEV SEDAN | 1L69L8119583O |
| 3 | | | 74 CHEV SUBURBAN | CCY164F172717 |
| 4 | | | 76 CHEV P/U | CKL146116O672 |
| 5 | | | 61 FWD CHASSIS TRLR | H21989 |

| Covered Auto No. | DESCRIPTION (Con't) Size GVW, GCW or Vehicle Seating Capacity | Stat./SO Code | Terr/Zone Code | SURCHARGE AR | SURCHARGE FR | State Exception Code |
|---|---|---|---|---|---|---|
| 1 | N/A | 1998(6MA) | 032T | | | |
| 2 | LIGHT | 7912 | 032T | | | |
| 3 | LIGHT | 0149 | 032T | | | |
| 4 | 4447 | 0149 | 032T | | | |
| 5 | 8860 | 6849 | 032T | | | |

| Covered Auto No. | Liability | Basic PIP Deductible | Basic PIP Rating Basis | Basic PIP Premium | Added PIP Limit Code | Added PIP Premium | Property Protection | Medical Payments | Uninsured Motorists B.I. | Uninsured Motorists P.D. |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 417 | | C | 21 | | | | | 2 | |
| 2 | 337 | | C | 8 | | | | | 2 | |
| 3 | 210 | | C | 5 | | | | | 2 | |
| 4 | 210 | | C | 5 | | | | | 2 | |
| 5 | 53 | | C | 1 | | | | | | |
| TOTALS | 1227 | | | 40 | | | | | 8 | |

| Covered Auto No. | Cost New—Cont'l or Sym-Priv Pass | Limit of Liability | Age Group | Comprehensive Deductible | Comprehensive Premium | Spec'r Coverage | Perils Premium | Collision Deductible | Collision Premium |
|---|---|---|---|---|---|---|---|---|---|
| 1 | L)5J | ACV | 4 | 200 | 40 | | | 250 | 158 |
| 2 | 5000 | ACV | 2 | | 46 | | | 250 | 123 |
| 3 | 5200 | ACV | 6 | | 3u | | | 100 | 81 |
| 4 | 5600 | ACV | 4 | | 37 | | | 100 | 99 |
| 5 | 15000 | ACV | 6 | | 94 | | | 100 | 221 |
| TOTALS | | | | | 247 | | | | 682 |

*Applicable to Comprehensive and Specified Perils Coverage

| Covered Auto No. | Name and Address of Loss Payee (The number opposite each entry indicates the auto to which the entry applies, such auto being identified by the same number above) |
|---|---|

NEW 6/74 PRINTED IN U.S.A.

HOME OFFICE RECORD

T_00544
CONFIDENTIAL

The Travelers

**ITEM FOUR. SCHEDULE OF COVERED AUTOS YOU OWN**
(See reverse side for explanation of certain entries or absence thereof)

Special Code  07/74/74  SPV 8    Policy No. 650-584A016-3-COF-78
Page No. 2

| | When Used With a | This is Form |
|---|---|---|
| Business Auto Policy | CA 00 02 10 |
| Truckers Policy | CA 00 13 10 |

| Covered Auto No. | TERRITORY | | DESCRIPTION | | |
|---|---|---|---|---|---|
| | Town & State Where The Covered Auto Will be Principally Garaged | County-Town Code when applicable | Year Model; Trade Name; Body Type | | Vehicle Identification Number (VIN) |
| 6 | FORT MONTGOMERY NY | 3408 | 74 DODGE DUMP | | W31BF4S072984 |
| 7 | | | 72 GMC DUMP | | TCE63MV523141 |
| 8 | | | 76 INTER LOADER & BACKHOE | | V001964 |
| 9 | | | 63 ELGIN SWEEPER | | KA36 |

| Covered Auto No. | DESCRIPTION (Con't) | | | | SURCHARGE | | State Exception Code |
|---|---|---|---|---|---|---|---|
| | Size GVW, GCW or Vehicle Seating Capacity | Stat. ISO Code | | Terr/Zone Code | AR | FR | |
| 6 | 4526 | 0347 | | 0327 | | | |
| 7 | 10760 | 2347 | | 0327 | | | |
| 8 | 15119 | 7906 | | 0327 | | | |
| 9 | 11050 | 7906 | | 0327 | | | |

| Covered Auto No. | PREMIUM | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Liability | Basic PIP | | | Added PIP | | Property Protection | Medical Payments | Uninsured Motorists | |
| | | Deductible | Rating Basis | Premium | Limit Code | Premium | | | B.I. | P.D. |
| 6 | 284 | | C | 7 | | | | | 2 | |
| 7 | 390 | | C | 9 | | | | | 2 | |
| 8 | INCLUDED IN GEN'L | | | | | | | | 2 | |
| 9 | INCLUDED IN GEN'L | | | | | | | | 2 | |
| TOTALS | 674 | | | 16 | | | | | 8 | |

| Covered Auto No. | Cost New-Confer Sym-Price Pass | Limit of Liability * | Age Group | Comprehensive | | Specified Perils | | Collision | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Deductible | Premium | Coverage | Premium | Deductible | Premium |
| 6 | 7200 | ACV | 6 | | 54 | | | 100 | 223 |
| 7 | 8500 | ACV | 6 | | 70 | | | 100 | 289 |
| 8 | 13000 | ACV | 6 | | 62 | | | 100 | 250 |
| 9 | 18000 | ACV | 6 | | 75 | | | | NC |
| TOTALS | | | | | 261 | | | | 762 |

*Applicable to Comprehensive and Specified Perils Coverage

| Covered Auto No. | Name and Address of Loss Payee  The number opposite each entry indicates the auto to which the entry applies, such auto being identified by the same number above. |
|---|---|

HOME OFFICE RECORD

T_00545
CONFIDENTIAL

The Travelers

| When used with a | This form is |
|---|---|
| Business Auto Policy | CA 00 02 20 |
| Truckers Policy | CA 00 13 20 |

Policy No. 650-584A016-3-COF-78

## ITEM FIVE

## SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS.

### LIABILITY INSURANCE–RATING BASIS, COST OF HIRE

| STATE | ESTIMATED COST OF HIRE FOR EACH STATE | RATE PER EACH $100 COST OF HIRE | PREMIUM |
|---|---|---|---|
| NEW YORK | IF ANY | .448 | 27 MIN |
| | | TOTAL PREMIUM | $ 27 MIN |

Definition (Except for Truckers Policy):

**Cost of hire** means the total amount you incur for the hire of **autos you** don't own (not including **autos you** borrow or rent from **your** employees or their family members). **Cost of hire** does not include charges for services performed by motor carriers of property or passengers.

Definition (Truckers Policy only):

**Cost of hire** means the total cost you incur for the hire of **autos you** don't own (not including private passenger type **autos you** borrow or rent from members of **your** household, **your** employees or agents or members of their household).

## ITEM SIX                                                            CA 00 02 20 Business Auto Policy

SCHEDULE FOR EMPLOYERS' NON-OWNERSHIP LIABILITY—Covered **autos** borrowed from **your** employees or members of their households.

### Rating Basis–Number of Employees

| Estimated Number of Employees | Liability Premium |
|---|---|
| 30 | 66 |

**HOME OFFICE RECORD**

Includes copyrighted material of Insurance Services Office, with its permission.
Copyright, Insurance Services Office, 1977.

T_00546
CONFIDENTIAL

The Travelers          LIMITATION OF COVERAGE          Symbol 30050
Commercial Policies    FOR POLLUTION ENDORSEMENT
                       AMENDATORY OKLAHOMA PROVISION
                       (Forming part of Section III)

## Provision

Part B Exclusions in Provision 1 of Schedule Automobile Liability Form, exclusions (g) and (h) are hereby deleted and replaced by the following:

"(g)  bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water, but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental."

T_00547
CONFIDENTIAL

CA 01 18
(Ed. 04 78)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### CHANGES IN POLICY—LOADING AND UNLOADING—LOUISIANA, NEW YORK AND PENNSYLVANIA

LIABILITY INSURANCE for a covered auto licensed or principally garaged in Louisiana, New York or Pennsylvania is changed as follows:

A.  The exclusion relating to the loading or unloading of property does not apply.

B.  WHO IS INSURED does not include anyone loading or unloading a covered auto except you, your employees, a lessee or borrower or any of their employees

CA 01 18 (Ed. 04 78)          Copyright, Insurance Services Office, 1977, 1978

T_00548
CONFIDENTIAL



CA 01 12
(Ed. 01 78)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### CHANGES IN POLICY — NEW YORK

For a covered auto licensed or principally garaged in, or for garage operations conducted in New York, the policy is changed as follows:

**A. CHANGES IN UNINSURED MOTORISTS INSURANCE**

UNINSURED MOTORISTS INSURANCE does not apply to an accident occurring in New York to the extent that coverage is afforded by the New York Automobile Accident Indemnification Endorsement

**B. CHANGES IN CONDITIONS**

CANCELLING THIS POLICY DURING THE POLICY PERIOD applies except that if we cancel we will mail you at least 20 days notice for any reason other than nonpayment of premium.

CA 01 12 (Ed. 01 78)          Copyright, Insurance Services Office, 1977

T_00549
CONFIDENTIAL



CA 01 24
(Ed. 04 78)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### CHANGES IN POLICY—OUR LIMIT OF LIABILITY—NEW YORK

LIABILITY INSURANCE for a covered auto licensed or principally garaged in, or garage operations conducted in, New York, is changed as follows:

OUR LIMIT OF LIABILITY applies except that we will apply the limit shown in the declarations to first provide the separate limits required by the New York Motor Vehicle Safety Responsibility Act as follows:

A.    $10,000 for bodily injury to any one person caused by any one accident,

B.    $20,000 for bodily injury to two or more persons caused by any one accident, and

C.    $5,000 for property damage caused by any one accident.

This provision will not change our total limit of liability.

CA 01 24 (Ed. 04 78)             Copyright, Insurance Services Office, 1978

T_00550
CONFIDENTIAL



CA 22 32
(Ed. 06 78)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### PERSONAL INJURY PROTECTION
### (NEW YORK)

The Company agrees with the named insured, as follows:

#### Section I—Personal Injury Protection

The Company will pay first party benefits to reimburse for basic economic loss sustained by an eligible injured person on account of personal injuries caused by an accident arising out of the use or operation of a motor vehicle. This coverage applies only to motor vehicle accidents which occur during the policy period and on or after December 1, 1977 and within the United States of America, its territories or possessions, or Canada.

#### First Party Benefits

First party benefits, other than death benefits, are payments equal to basic economic loss, reduced by the following:

(a) 20 per cent of the eligible injured person's loss of earnings from work to the extent that an eligible injured person's basic economic loss consists of such loss of earnings;

(b) amounts recovered or recoverable on account of personal injury to an eligible injured person under State or Federal laws providing security disability or workmen's compensation benefits, or disability benefits under article nine of the New York Workmen's Compensation Law;

(c) the amount of any applicable deductible, provided that such deductible shall apply to each accident, but only to the total of first party benefits otherwise payable to the named insured and any relative as a result of that accident; and

(d) amounts recovered or recoverable on account of personal injury to an eligible injured person for any element of basic economic loss under State or Federal laws providing Medicare benefits (other than lifetime reserve days and provided further that the Medicare benefits utilized herein do not result in a reduction of such person's Medicare benefits for a subsequent illness or injury).

#### Basic Economic Loss

Basic economic loss shall consist of medical expense, work loss, other expense and, when death occurs, a death benefit as herein provided. Except for such death benefit, basic economic loss shall not include any loss sustained on account of death. Basic economic loss of each eligible injured person on account of any single accident shall not exceed $50,000, except that any death benefit hereunder shall be in addition thereto.

#### Medical Expense

Medical expense shall consist of necessary expenses for:

(a) medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services;

(b) psychiatric, physical and occupational therapy and rehabilitation;

(c) any non-medical remedial care and treatment rendered in accordance with a religious method of healing recognized by the laws of New York; and

(d) any other professional health services.

These medical expenses will not be subject to a time limitation, provided that within one year after the date of the accident it is ascertainable that further medical expenses may be sustained as a result of the injury. Payments hereunder for necessary medical expenses shall be subject to the limitations and requirements of Section 67b of the New York Insurance Law.

#### Work Loss

Work loss shall consist of the sum of the following losses and expenses, up to $1,000 per month for a period of three years from the date of the accident:

(a) loss of earnings from work which the eligible injured person would have performed had such person not been injured, except that an employee who is entitled to receive monetary payments, pursuant to statute or contract with the employer, or who receives voluntary monetary benefits paid for by the employer, by reason of such employee's inability to work because of personal injury arising out of the use or operation of a motor vehicle, shall not be entitled to receive first party benefits for loss of earnings from work to the extent that, such monetary payments or benefits from the employer do not result in the employee suffering a reduction in income or a reduction in such employee's level of future benefits arising from a subsequent illness or injury; and

(b) reasonable and necessary expenses sustained by the eligible injured person in obtaining services in lieu of those which such person would have performed for income.

#### Other Expenses

Other expenses shall consist of all reasonable and necessary expenses, other than medical expenses and work loss, up to $25 per day for a period of one year from the date of the accident causing injury.

#### Death Benefit

Upon the death of any eligible injured person, caused by an accident to which this coverage applies, the Company will pay to the estate of such person a death benefit of $2,000.

#### Eligible Injured Person

An eligible injured person is:

(a) the named insured and any relative who sustains personal injury arising out of the use or operation of any motor vehicle; or

CA 22 32 (Ed. 06 78)         Copyright, Insurance Services Office, 1977, 1978         Page 1 of 3

T_00551
CONFIDENTIAL



(b) any other person who sustains personal injury arising out of the use or operation of the insured motor vehicle in the State of New York while not occupying another motor vehicle.

**Exclusions**

This coverage does not apply to personal injury sustained by:

(a) the named insured or relative while occupying, or while a pedestrian through being struck by, any motor vehicle owned by the named insured with respect to which the coverage required by the New York Comprehensive Automobile Insurance Reparations Act is not in effect;

(b) any relative while occupying, or while a pedestrian through being struck by, any motor vehicle owned by the relative with respect to which the coverage required by the New York Comprehensive Automobile Insurance Reparations Act is not in effect.

(c) the named insured or relative while occupying, or while a pedestrian through being struck by, a motor vehicle in New York State, other t. in the insured motor vehicle, with respect to which the coverage required by the New York Comprehensive Automobile Insurance Reparations Act is in effect; however this exclusion does not apply to personal injury sustained in New York State by the named insured or relative while occupying a bus or school bus, as defined in Sections 104 and 142 of the New York Vehicle and Traffic Law, unless that person is the operator, an owner, or an employee of the owner, or operator, of such bus or school bus;

[(d) any person in New York State while occupying the insured motor vehicle which is a bus, or school bus, as defined in Sections 104 and 142 of the New York Vehicle and Traffic Law, but only if such person is a named insured or relative under any other policy providing the coverage required by the New York Comprehensive Automobile Insurance Reparations Act; however, this exclusion does not apply to the named insured, an owner, or an employee of the owner or operator of such bus or school bus;].

(e) any person while occupying a motorcycle;

(f) any person who intentionally causes his own personal injury;

(g) any person as a result of operating a motor vehicle while in an intoxicated condition or while his ability to operate such vehicle is impaired by the use of a drug (within the meaning of Section 1192 of the New York Vehicle and Traffic Law); or

(h) any person while

   (i) committing an act which would constitute a felony, or seeking to avoid lawful apprehension or arrest by a law enforcement officer;

   (ii) operating a motor vehicle in a race or speed test; or

   (iii) operating or occupying a motor vehicle known to be stolen.

**Other Definitions**

When used in reference to this coverage:

(a) "the insured motor vehicle" means a motor vehicle owned by the named insured and to which the bodily injury liability insurance of this policy applies and for which a specific premium is charged;

(b) "motorcycle" means a vehicle as defined in Section 123 of the New York Vehicle and Traffic Law;

(c) "motor vehicle" means a motor vehicle, as defined in Section 311 of the New York Vehicle and Traffic Law, except that it shall include fire and police vehicles, and it shall not include a motorcycle;

(d) "named insured" means the person or organization named in the declarations;[1].

(e) "occupying" means in or upon or entering into or alighting from;

(f) "personal injury" means bodily injury, sickness or disease;

(g) "relative" means a spouse, child, or other person related to the named insured by blood, marriage, or adoption (including a ward or foster child), who regularly resides in the insured's household, including any such person who regularly resides in the household, but is temporarily living elsewhere; and

(h) "use or operation" of a motor vehicle includes the loading or unloading of such vehicle but does not include conduct within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles, unless the conduct occurs off the business premises.

**Conditions**

**Action Against Company.** No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with the terms of this coverage.

**Notice.** In the event of an accident, written notice setting forth details sufficient to identify the eligible injured person, along with reasonably obtainable information regarding the time, place and circumstances of the accident, shall be given by, or on behalf of, each eligible injured person, to the Company, or any of the Company's authorized agents, as soon as reasonably practicable, but in no event more than 90 days after the date of the accident, unless the eligible injured person submits written proof that it was impossible to comply with such time limitation due to specific circumstances beyond such person's control. If an eligible injured person or his legal representative institutes a proceeding to recover damages for personal injury under Section 673(2) of the New York Insurance Law, a copy of the summons and complaint or other process served in connection with such action shall be forwarded as soon as practicable to the Company or any of the Company's authorized agents by such eligible injured person or his legal representative.

**Proof of Claim; Medical and Earnings Reports.** As soon as reasonably practicable, the eligible injured person or someone on his behalf shall give to the Company written proof of claim, including full particulars of the nature and extent of the injuries and treatment received and contemplated. Upon request by the Company, the eligible injured person or someone on his behalf shall:

(a) execute a written proof of claim under oath;

(b) provide authorization that will enable the Company to obtain medical records; and

(c) provide any other pertinent information that may assist the Company in determining the amount due and payable.

The eligible injured person shall submit to medical examination by physicians selected by, or acceptable to the Compa-

T_00552
CONFIDENTIAL

ny, wl n, and is often as, the Company may reasonably require.

**Arbitration.** In the event any person making a claim for first party benefits and the Company do not agree regarding any matter relating to the claim, such person shall have the option of submitting such disagreement to arbitration pursuant to procedures promulgated or approved by the Superintendent of Insurance.

**Reimbursement and Trust Agreement.** To the extent that the Company pays first party benefits, the Company is entitled to the proceeds of any settlement or judgment resulting from the exercise of any right of recovery for damages for personal injury under Section 673(2) of the New York Insurance Law. The Company shall have a lien upon any such settlement or judgment to the extent that the Company has paid first party benefits. An eligible injured person shall:

(a) hold in trust, for the benefit of the Company, all rights of recovery which he shall have for personal injury under Section 673(2) of the New York Insurance Law;

(b) do whatever is proper to secure, and shall do nothing to prejudice, such rights; and

(c) execute, and deliver to the Company, instruments and papers as may be appropriate to secure the rights and obligations of such person and the Company established by this provision.

An eligible injured person shall not compromise an action to recover damages brought under Section 673(2) of the New York Insurance Law except:

(a) with the written consent of the Company, or

(b) with approval of the court, or

(c) where the amount of the settlement exceeds $50,000.

**Other Coverage.** Where more than one source of first party benefits required by Article XI of the New York Insurance Law and Article VI or VIII of the New York Vehicle and Traffic Law is available and applicable to an eligible injured person in any one accident, this Company is liable to an eligible injured person only for an amount equal to the maximum amount that the eligible injured person is entitled to recover under this coverage, divided by the number of available and applicable sources of required first party benefits. An eligible injured person shall not recover duplicate benefits for the same elements of loss under this coverage or any other mandatory first-party automobile or no-fault automobile insurance coverage issued in compliance with the laws of another state. If the eligible injured person is entitled to benefits under any such mandatory first-party automobile or no-fault automobile insurance for the same elements of loss under this coverage this Company shall be liable only for an amount equal to the proportion that the total amount available under this coverage bears to the sum of the amount available under this coverage and the amount available under such other mandatory insurance for the common elements of loss. However, where another state's mandatory first-party or no-fault automobile insurance law provides unlimited coverage available to an eligible injured person for an element of loss under this coverage, the obligation of this Company is to share equally for that element of loss with such other mandatory insurance until the $50,000 limit of this coverage is exhausted by the payment of that element of loss and any other elements of loss.

### Section II—Excess Coverage

If automobile medical payments coverage or any disability coverages or uninsured motorists coverage are afforded under this policy, such coverages shall be excess insurance over any mandatory or additional personal injury protection benefits paid or payable, or which would be paid or payable but for the application of a deductible, under this or any other automobile no-fault insurance policy.

### Section III—Constitutionality

If it is conclusively determined by a court of competent jurisdiction that the New York Comprehensive Automobile Insurance Reparations Act, or any amendment thereto, is invalid or unenforceable in whole or in part, then, subject to the approval of the Superintendent of Insurance, the Company may amend this policy and may also recompute the premium for the existing or amended policy.

These amendments and recomputations will be effective retroactively to the date that such Act or any amendment is deemed to be invalid or unenforceable in whole or in part.

T_00553
CONFIDENTIAL



CA 22 33
(Ed. 06 78)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### ADDED PERSONAL INJURY PROTECTION ENDORSEMENT
### (NEW YORK)

The Company agrees with the named insured subject to all of the provisions, exclusions and conditions of the Mandatory Personal Injury Protection Endorsement. (New York), not expressly modified in this Endorsement as follows:

**Additional Personal Injury Protection**

The Company will pay additional first party benefits to reimburse for extended economic loss on account of personal injuries sustained by an eligible injured person and caused by an accident arising out of the use or operation of a motor vehicle. This coverage applies only to motor vehicle accidents which occur after the effective date of this Endorsement and on or after December 1, 1977, and within the United States of America, its territories or possessions or Canada.

**Eligible Injured Person**

An eligible injured person is:

(i)   the named insured and any relative who sustains personal injury arising out of the use or operation of any motor vehicle; or

(ii)  any other person who sustains personal injury arising out of the use or operation of the insured motor vehicle while occupying the insured motor vehicle; or

(iii) any other person who sustains personal injury arising out of the use or operation of any other motor vehicle (other than a public or livery conveyance) while occupying such other motor vehicle, if such other motor vehicle is being operated by the named insured or any relative.

**Exclusions**

All the exclusions of the Mandatory Personal Injury Protection Endorsement (New York) apply to this coverage except a, b, c, and d. In addition, this coverage does not apply to personal injury sustained by:

(a)  any person while occupying a motor vehicle owned by such person with respect to which the coverage required by the New York Comprehensive Automobile Insurance Reparations Act is not in effect;

(b)  any person while occupying, or while a pedestrian through being struck by, a motor vehicle owned by the named insured or any relative with respect to which additional personal injury protection coverage is not provided under this policy.

**Additional First Party Benefits**

Additional first party benefits are payments equal to extended economic loss reduced by:

(a)  20 per cent of the eligible injured person's loss of earnings from work, to the extent that the extended economic loss covered by this Endorsement include such loss of earnings;

(b)  amounts recovered or recoverable on account of personal injury to an eligible insured person under State or Federal laws providing social security disability or workmen's compensation benefits or disability benefits under article nine of the New York Workmen's Compensation Law, which amounts have not been applied to reduce first party benefits covered or recoverable under basic economic loss;

(c)  amounts recovered or recoverable by the eligible injured person for any element of extended economic loss covered by this Endorsement under any mandatory source of first party automobile no-fault benefits required by the laws of any State (other than the State of New York) or of the United States of America, its possessions or territories, or by the laws of any Province of Canada; and

(d)  amounts recovered or recoverable by the eligible injured person for any element of extended economic loss under State or Federal laws providing Medicare benefits (other than lifetime reserve days and provided further that the Medicare benefits utilized herein do not result in a reduction of such person's Medicare benefits for subsequent illness or injury).

**Extended Economic Loss**

Extended economic loss shall consist of the following:

(a)  basic economic loss sustained on account of an accident occurring within the United States of America, its possessions or territories or Canada, which is not recovered or recoverable under a policy issued in satisfaction of the requirements of Article VI or VIII of the New York Vehicle and Traffic Law and Article XVIII of the New York Insurance Law;

(b)  the difference between

(i)   basic economic loss, and

(ii)  basic economic loss recomputed in accordance with the time and dollar limits set out in the declaration; and

(c)  an additional death benefit in the amount set out in the declaration.

**Two or More Motor Vehicles Insured Under This Policy**

The limit of liability under this coverage applicable to injuries sustained by an eligible injured person while occupying or while a pedestrian through being struck by the insured motor vehicle shall be as stated in the declarations for that insured motor vehicle. The limit of liability for injuries covered by this endorsement and sustained by an eligible injured person while occupying, or while a pedestrian through being struck by, a motor vehicle, other than the insured motor vehicle, shall be the highest limit stated for this coverage in the declarations for any insured motor vehicle under this policy.

CA 22 33 (Ed. 06 78)          Copyright: Insurance Services Office, 1977, 1978          Page 1 of 2

T_00554
CONFIDENTIAL



**Arbitration**

(a) ...

The arbitration provisions of the Mandatory Personal Injury Protection Endorsement (New York) shall not apply to this endorsement.

**Subrogation**

In the event of any payment for extended economic loss, the Company is subrogated to the extent of such payments to the rights of the person to whom, or for whose benefit, such payments were made. Such person must execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing to prejudice such rights.

**Other Coverage; Non-duplication**

The eligible injured person shall not recover duplicate benefits for the same elements of loss covered by this endorsement or any other optional first party automobile or no-fault automobile insurance coverages.

If an eligible injured person is entitled to New York mandatory and additional personal injury protection benefits under this other policy, and if such eligible injured person is not ...

benefits under this policy, then the coverage provided under this Additional Personal Injury Protection Endorsement (New York) shall be excess over such other New York mandatory and additional personal injury protection benefits.

When coverage provided under this endorsement applies on an excess basis, it shall apply only in the amount by which the total limit of liability of New York mandatory and additional personal injury protection coverage available under this policy exceeds the total limit of liability for any other applicable New York mandatory and additional personal injury protection coverage.

Subject to the provisions of the preceding three paragraphs, if the eligible injured person is entitled to benefits under any other optional first party automobile or no-fault automobile insurance for the same elements of loss covered by this endorsement, this Company shall be liable only for an amount equal to the proportion that the total amount available under this endorsement bears to the sum of the amounts available under this endorsement and such other optional insurance, for the same elements of loss.

T_00555
CONFIDENTIAL

COMMERCIAL AUTO

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# CITIZENS' BAND RADIO COVERAGE – FIRE, POLICE AND EMERGENCY VEHICLES

PHYSICAL DAMAGE INSURANCE is changed as follows:

The exclusion relating to citizens' band radios does not apply to any equipment that is installed in a covered **auto** which is:

A.  Owned by a police or fire department, or

B.  Equipped as an emergency vehicle and owned by a political body or any of its agencies; or

C.  Equipped as an emergency vehicle and owned by a volunteer fire department, volunteer rescue squad or volunteer ambulance corps.

**CA 20 02 01 78**         Copyright, Insurance Services Office, Inc., 1977         Page 1 of 1

T_00556
CONFIDENTIAL

The Travelers
Commercial Policies

**EXTORTION EXCLUSION ENDORSEMENT**
(Forming part of Section V)

Symbol 5330
Page 1 of 1

Such insurance as is provided by the CRIME FORM is amended as follows:

1.  The CRIME FORM does not apply to loss due to the surrender of money, securities or other property away from the premises as a result of a threat to do:

    (a)  bodily harm to any person, or

    (b)  damage to the premises or property owned by the Named Insured or held by the Named Insured in any capacity;

    provided, however, these exclusions do not apply:

    (1)  to Coverage A, if coverage is afforded thereunder;

    (2)  under Coverage C, if coverage is afforded thereunder, to loss of money, securities or other property while being conveyed by a messenger when there was no knowledge by the Named Insured of any such threat at the time the conveyance was initiated; or

    (3)  with respect to "(a)" above, to Coverage O, if coverage is afforded thereunder.

T_00557
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION V COVERAGE DECLARATIONS A**
(Applicable to Crime Form)

Symbol 500
Page 1 of 1

1. Policy No: **650-584A016-3-COF-78** Year Code: **78**    Issue Date: **10/18/78**

2. **Effective Date:** These declarations are effective on the policy's effective date stated in the GENERAL DECLARATIONS un-less otherwise stated hereafter: These declarations are effective _____ and replace any SECTION V COVERAGE DECLARATIONS A of a prior effective date.

3. **Coverages Afforded and Limits of Liability** — Insurance is afforded for such of the following Coverages for which a limit of liability is inserted. When "SEE SCHED" is inserted under Limits of Liability, refer to the applicable schedule of SECTION V COVERAGE DECLARATIONS B.

   a. **Separate Limits Option**

   | Coverages | | Limits of Liability | Deductible Amount |
   |---|---|---|---|
   | A. | Employee Dishonesty: Per Loss | $ | $ |
   | | Per Employee | $ | $ |
   | B. | Loss Inside the Premises | **SEE SCHEDUL*** | |
   | C. | Loss Outside the Premises | **SEE SCHEDULB** | |
   | D. | Money Orders and Counterfeit Paper Currency | $ | $ |
   | E. | Depositors Forgery | $ | $ |
   | F. | Merchandise: Section A – Burglary | **SEE SCHEDULB** | |
   | | Section B – Theft | $ | $ |
   | G. | Credit Card Forgery | $ | $ |

   b. **Single Limit Option**

   | Coverages A, B, C, D & E (as described above) | $ | $ |
   |---|---|---|

   *Does not apply to Coverage D

4. Special Provisions, if any:

CP-1250  1-72  Printed in U.S.A.    D-V-1

T_00558
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION V COVERAGE DECLARATIONS B**
(For any Endorsement Shown as Applicable Below)

Symbol 501
Page 1 of 1

1.  Policy No: **650-584A016-3-COF-78**          Issue Date: **10/18/78**

2.  Effective Date – These declarations are effective on the policy's effective date stated in the GENERAL DECLARATIONS unless otherwise stated hereafter. These declarations are effective _____ and replace any SEC-TION V COVERAGE DECLARATIONS B of a prior effective date.

3.  Applicable Endorsements – Only an endorsement for which one or more entries are made applies.

_____     _____

**(1)   FIDELITY SCHEDULE ENDORSEMENT (COVERAGE A)**

| Name Schedule Coverage | Position Schedule Coverage | No. of Employees | Premises at Bldg. No. | Limit of Liability Per Employee $ |
|---|---|---|---|---|
| | | | | |

**(2)   PREMISES, MESSENGERS OR ARMORED MOTOR VEHICLES SCHEDULE ENDORSEMENT (COVERAGES B AND C)**

| Premises at Bldg. No. | Limit of Liability Coverage B | Coverage C | No. of Messengers | No. of Armored Motor Vehicles |
|---|---|---|---|---|
| **1** | **$ 3,500** | **$ 3,500** | **3** | **0** |
| Any new premises and additional messengers or armored motor vehicles operating therefrom | $ | $ | | |

**(3)   MERCHANDISE BURGLARY OR THEFT ENDORSEMENT – SCHEDULE BASIS (COVERAGE F)**

| Premises at Bldg. No. | Portion Occupied By Named Insured | Coinsurance Percentage | Coinsurance Limit | Limits of Liability Section A Burglary $ | Section B Theft $ |
|---|---|---|---|---|---|
| **1** | **ENTIRE** | **NOT APPLICABLE** | | **3,000** | |

CP-1274 1-72 Printed in U.S.A. (1176)                                    D-V-2

T_00559
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION V COVERAGE DECLARATIONS K**
(Applicable to Section V Special Provisions Endorsement K)

Symbol 550
Page 1 of 1

1. Policy No: **650-584A016-3-COF-78** Year Code: **78**                    Issue Date: **10/18/78**

2. Effective Date — These declarations are effective on the policy's effective date stated in the GENERAL DECLARATIONS unless otherwise stated hereafter. These declarations are effective _____ and replace any SECTION V COVERAGE DECLARATIONS K of a prior effective date.

3. Applicable Provisions — Only a provision for which an "X" is inserted applies.

"X"                                    Provision Titles and Entries

(1)  [X]  DESIGNATED PROPERTY, EXCLUSION (COVERAGE F)    **K-520A(1)**
                                    Class of Merchandise

        **ALL PROPERTY EXCEPT OFFICE EQUIPMENT**

(2)  [ ]  DIVIDED COVERAGE ON MERCHANDISE (COVERAGE F)

|  | Limit of Liability | | | |
|---|---|---|---|---|
| Class of Merchandise | Section A-Burglary | Section B-Theft | Coinsurance Percentage | Coinsurance Limit |
| (a) | $ | $ | % | $ |
| (b) | $ | $ | % | $ |

(3)  [ ]  EXTEND DEFINITION OF PREMISES TO INCLUDE GROUNDS (COVERAGE F)

                            Premises at Bldg. No.

(4)  [ ]  PROCESSING CHARGE OR SELLING PRICE INSURANCE (COVERAGE F)

(5)  [ ]  INCREASED LIMIT ON JEWELRY (COVERAGE F)

                    Amount Per                    Aggregate Limit
                    Article of Jewelry            of Liability
                    $                             $

(6)  [ ]  ROBBERY OF A BUILDING WATCHMAN, JANITOR OR PORTER (COVERAGE F)

(7)  [ ]  FORCIBLE EXIT, EXCLUSION (COVERAGE F)

CP-1284  1-72  Printed in U.S.A.                                        D-V-3

T_00560
CONFIDENTIAL

The Travelers
Commercial Policies

**CRIME FORM**
(Forming part of Section V)

AT-500A

# A. INSURING AGREEMENTS

Subject to SECTION V COVERAGE DECLARATIONS A, The Travelers insures against:

**Coverage A — Employee Dishonesty** — Loss of money, securities and other property which the Named Insured shall sustain through any fraudulent or dishonest act or acts committed by any of the employees, acting alone or in collusion with others;

**Coverage B — Loss Inside the Premises** — Loss of money and securities by the actual destruction, disappearance or wrongful abstraction thereof within the premises or within any banking premises or similar recognized places of safe deposit;

Loss of: (1) other property by safe burglary or robbery within the premises or attempt thereof, and (2) a locked cash drawer, cash box or cash register by felonious entry into such container within the premises or attempt thereof or by felonious abstraction of such container from within the premises or attempt thereof;

Damage to the premises by such safe burglary, robbery or felonious abstraction, or by or following burglarious entry into the premises or attempt thereof, provided with respect to damage to the premises the Named Insured is the owner thereof or is liable for such damage;

As respects the Single Limit Option, loss by robbery within the premises from any employee of money or checks paid to such employee from payroll funds during the work period when such robbery occurred, provided there was on the same occasion a robbery or attempt thereat from a custodian;

**Coverage C — Loss Outside the Premises** — Loss of money and securities by the actual destruction, disappearance or wrongful abstraction thereof outside the premises while being conveyed by a messenger or any armored motor vehicle company, or while within the living quarters in the home of any messenger;

Loss of other property by robbery or attempt thereat outside the premises while being conveyed by a messenger or any armored motor vehicle company, or by theft while within the living quarters in the home of any messenger;

**Coverage D — Money Orders and Counterfeit Paper Currency** — Loss due to the acceptance in good faith, in exchange for merchandise, money or services, of any post office or express money order, issued or purporting to have been issued by any post office or express company, if such money order is not paid upon presentation, or due to the acceptance in good faith in the regular course of business of counterfeit United States or Canadian paper currency;

**Coverage E — Depositors Forgery** — Loss which the Named Insured or any bank which is included in the Named Insured's proof of loss and in which the Named Insured carries a checking or savings account as their respective interests may appear, shall sustain through forgery or alteration of, on or in any check, draft, promissory note, bill of exchange, or similar written promise, order or direction to pay a sum certain in money, made or drawn by or drawn upon the Named Insured, or made or drawn by one acting as agent of the Named Insured or purporting to have been made or drawn as hereinbefore set forth, including:

(1) any check or draft made or drawn in the name of the Named Insured, payable to a fictitious payee and endorsed in the name of such fictitious payee;

(2) any check or draft procured in a face to face transaction with the Named Insured, or with one acting as agent of the Named Insured, by anyone impersonating another and made or drawn payable to the one so impersonated and endorsed by anyone other than the one so impersonated; and

(3) any payroll check, payroll draft or payroll order made or drawn by the Named Insured, payable to bearer as well as to a named payee and endorsed by anyone other than the named payee without authority from such payee;

whether or not any endorsement mentioned in (1), (2) or (3) be a forgery within the law of the place controlling the construction thereof. Mechanically reproduced facsimile signatures are treated the same as handwritten signatures.

The Named Insured shall be entitled to priority of payment over loss sustained by any bank aforesaid. Loss under this Coverage, whether sustained by the Named Insured or such bank, shall be paid directly to the Named Insured in its own name, except in cases where such bank shall have already fully reimbursed the Named Insured for such loss. The liability of The Travelers to such bank for such loss shall be part of and not in addition to the amount of insurance applicable to the Named Insured's office to which such loss would have been allocated had such loss been sustained by the Named Insured.

If the Named Insured or such bank shall refuse to pay any of the aforegoing instruments made or drawn as hereinbefore set forth, alleging that such instruments are forged or altered, and such refusal shall result in suit being brought against the Named Insured or such bank to enforce such payment and The Travelers shall give its written consent to the defense of such suit then any reasonable attorneys' fees, court costs or similar legal expenses incurred and paid by the Named Insured or such bank in such defense shall be construed to be a loss under this Coverage and the liability of The Travelers for such loss shall be in addition to any other liability under this Coverage.

# B. SUPPLEMENTAL INSURING AGREEMENTS

1. **Consolidation — Merger** — If, through consolidation or merger with, or purchase of assets of, some other concern, any persons shall become employees or if the Named Insured shall thereby acquire the use and control of any additional premises, the insurance afforded by this form shall also apply as respects such employees and premises, provided the Named Insured shall give The Travelers written notice thereof within 30 days thereafter and shall pay The Travelers an additional premium computed pro rata from the date of such consolidation, merger or purchase to the end of the current policy period.

2. **Loss Under Prior Bond or Policy** — If a coverage of this form, other than Coverage E, is substituted for any prior bond or policy of insurance carried by the Named Insured or by any predecessor in interest of the Named Insured, which prior bond or policy is terminated, cancelled or allowed to expire as of the time of such substitution, The Travelers agree that such coverage applies to loss which is discovered as provided in

T_00561
CONFIDENTIAL

The Travelers
Commercial Policies

**CRIME FORM**
(Forming part of Section V)

Symbol AT 04BA
Page 2 of 8

Additional Condition G. 3. (Discovery Period) of this form and which would have been recoverable by the Named Insured or such predecessor under such prior bond or policy except for the fact that the time within which to discover loss thereunder had expired; provided:

(a) the insurance under this supplemental insuring agreement shall be a part of and not in addition to the amount of insurance afforded by the applicable coverage of this form;

(b) such loss would have been covered under such coverage had such coverage with its agreements, conditions and limitations as of the time of such substitution been in force when the acts or events causing such loss were committed or occurred; and

(c) recovery under such coverage on account of such loss shall in no event exceed the amount which would have been recoverable under such coverage in the amount for which it is written as of the time of such substitution, had such coverage been in force when the acts or events were committed or occurred, or the amount which would have been recoverable under such prior bond or policy had such prior bond or policy continued in force until the discovery of such loss, if the latter amount be smaller.

Coverage E of this form shall also cover loss sustained by the Named Insured at any time before the termination or cancellation of Coverage E, which would have been recoverable under the coverage of some similar form of forgery insurance (exclusive of fidelity insurance) carried by the Named Insured or any predecessor in interest of the Named Insured, had such prior forgery insurance given all of the coverage afforded under Coverage E; provided, with respect to loss covered by this paragraph:

(a) the coverage of Coverage E is substituted on or after the date hereof for such prior forgery coverage and the Named Insured or such predecessor, as the case may be, carried such prior forgery coverage as the office at which such loss was sustained continuously from the time such loss was sustained to the date the coverage of Coverage E was substituted therefor;

(b) at the time of discovery of such loss, the period for discovery of the loss under all such prior forgery insurance has expired; and

(c) if the amount of insurance carried under Coverage E applicable to the office at which such loss is sustained is larger than the amount applicable to such office under such prior forgery insurance, and in force at the time such loss is sustained, then liability hereunder for such loss shall not exceed the smaller amount.

## C. ADDITIONAL EXCLUSIONS

**1.** This form does not insure against:

(a) loss due to any fraudulent, dishonest or criminal act by any Named Insured or partner therein, whether acting alone or in collusion with others;

(b) under Coverage A loss, or to that part of any loss, as the case may be, the proof of which, either as to its factual existence or as to its amount, is dependent upon an inventory computation or a profit and loss computation; provided, however, that this exclusion shall not apply to loss of money, securities or other property which the Named Insured can prove, through evidence wholly apart from such computations, is sustained by the Named Insured through any fraudulent or dishonest act or acts committed by one or more of the employees;

(c) under Coverages B and C, to loss due to any fraudulent, dishonest or criminal act by an employee, director, trustee or authorized representative of any Named Insured, while working or otherwise and whether acting alone or in collusion with others; provided, this exclusion does not apply to safe burglary or robbery or attempt thereat;

(d) loss due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

(e) under Coverages B and C, to loss: (1) due to the giving or surrendering of money or securities in any exchange or purchase; (2) due to accounting or arithmetical errors or omissions; or (3) of manuscripts, books of account or records;

(f) under Coverage B, to loss of money contained in coin operated amusement devices or vending machines, unless the amount of money deposited within the device or machine is recorded by a continuous recording instrument therein;

(g) under Coverage C, to loss of insured property while in the custody of any armored motor vehicle company, unless such loss is in excess of the amount recovered or received by the Named Insured under: (1) the Named Insured's contract with said armored motor vehicle company; (2) insurance carried by said armored motor vehicle company for the benefit of users of its service; and (3) all other insurance and indemnity in force in whatsoever form carried by or for the benefit of users of said armored motor vehicle company's service, and then this form shall cover only such excess;

(h) loss of property otherwise insured under the policy of which this form is a part or damage to the premises when such damage is otherwise insured under the policy of which this form is a part; or

(i) under Coverage B, to loss, other than to money, securities, a safe or vault, by fire whether or not such fire is caused by, contributed to by or arises out of the occurrence of a hazard insured against.

**2.** Prior Fraud, Dishonesty or Cancellation — The coverage of this form shall not apply to any employee from and after the time that the Named Insured or any partner or officer thereof not in collusion with such employee shall have knowledge or information that such employee has committed any fraudulent or dishonest act in the service of the Named Insured or otherwise, whether such act be committed before or after the date of employment by the Named Insured.

If, prior to the issuance of this form, any fidelity insurance in favor of the Named Insured or any predecessor in interest of the Named Insured and covering one or more of the Named Insured's employees shall have been canceled as to any of such employees by reason of the giving of written notice of cancellation by the insurer issuing such fidelity insurance, whether The Travelers or not, and if such employees shall not have been reinstated under the coverage of said fidelity insurance or superseding fidelity insurance, The Travelers shall not be liable on account of such employees unless The Travelers shall agree in writing to include such employees within the coverage of this form.

The Travelers
Commercial Policies

**CRIME FORM**
(Forming part of Section V)

Symbol AT-50BA
Page 2 of 5

## D. LOSS DEDUCTIBLE

1. Coverage A – The Travelers shall not be liable on account of any loss through acts or defaults committed at any time whether before or after the effective date of any applicable deductible amount by any of the employees acting alone or in collusion with others, except for the amount of such loss, after deducting the net amount of all reimbursement and recovery, including any cash deposit taken by the Named Insured, obtained or made by the Named Insured, other than from any bond or policy of insurance issued by a surety or insurance company and covering such loss, or by The Travelers on account thereof prior to payment by The Travelers of such loss in excess of the deductible amount stated in the declarations. If the limit of liability stated in the declarations applies per employee, and more than one employee is concerned or implicated in such loss, the deductible shall apply to each employee so concerned or implicated.

2. Coverage E – The Travelers shall not be liable on account of any loss through forgery or alteration committed by any person or in which such person is concerned or implicated, whether such forgery or alteration involves one or more instruments, except for the amount in excess of the deductible amount stated in the declarations.

3. All Other Coverages – The Travelers shall not be liable on account of any loss, except for the amount in excess of the deductible amount stated in the applicable declarations for such Coverage.

## E. BASIS OF LOSS PAYMENT

1. Limits of Liability – Single Limit Option – Payment of loss under this form shall not reduce the liability of The Travelers under this form for other losses; provided, however, that the total liability of The Travelers under this form on account of:

   (a) all loss incidental to an actual or attempted fraudulent, dishonest or criminal act or series of related acts, whether committed by one or more persons, at the premises in which no employee is concerned or implicated or in which there is no forgery or alteration of an instrument covered under Coverage E; or

   (b) all loss, other than as specified in (a) preceding, caused by acts or omissions of any person (whether one of the employees or not) or acts or omissions in which such person is concerned or implicated;

   is limited to the limit of liability stated in the declarations. The liability of The Travelers for loss sustained by any or all of the Named Insured shall not exceed the amount for which The Travelers would be liable had all such loss been sustained by any one of the Named Insured. Regardless of the number of years this form shall be in force and the number of premiums which shall be payable or paid, The Travelers' total limit of liability shall not be cumulative from year to year or period to period.

2. Limits of Liability – Separate Limits Option – Payment of loss under Coverage A or E shall not reduce The Travelers' liability for other losses under the applicable coverage whenever sustained. The Travelers' total liability:

   (a) under Coverage A (per loss basis) for all loss caused by any employee or in which such employee is concerned or implicated;

   (b) under Coverage A (per employee basis) as to each employee; or

   (c) under Coverage E for all loss by forgery or alteration committed by any person or in which such person is concerned or implicated, whether such forgery or alteration involves one or more instruments;

   is limited to the applicable limit of liability specified in the declarations. The liability of The Travelers for loss sustained by any or all of the Named Insured shall not exceed the amount for which The Travelers would be liable had all such loss been sustained by any one of the Named Insured.

   Except under Coverages A and E, the applicable limit of liability stated in the declarations is the total limit of The Travelers' liability with respect to all loss of property of one or more persons or organizations arising out of any one occurrence. All loss incidental to an actual or attempted fraudulent, dishonest or criminal act or series of related acts at the premises, whether committed by one or more persons, shall be deemed to arise out of one occurrence.

   Regardless of the number of years this form shall be in force and the number of premiums which shall be payable or paid, the limit of The Travelers' liability as specified in the declarations shall not be cumulative from year to year or period to period.

3. Limits of Liability Under This Form and Prior Insurance – This provision shall apply only to Coverages A and E.

   With respect to loss caused by any person (whether one of the employees or not) or in which such person is concerned or implicated or which is chargeable to any employee as provided in Provision E.4. of this form and which occurs partly during the period of this insurance and partly during the period of other bonds or policies issued by any of The Travelers Insurance Companies to the Named Insured or to any predecessor in interest of the Named Insured and terminated or canceled or allowed to expire and in which the period for discovery has not expired at the time any such loss thereunder is discovered, the total liability of The Travelers Insurance Companies under this form and under such other bonds or policies shall not exceed, in the aggregate, the amount carried under this form on such loss or the amount available to the Named Insured under such other bonds or policies, as limited by the terms and conditions thereof, for any such loss, if the latter amount be the larger.

4. Loss Caused by Unidentifiable Employees – If a loss is alleged to have been caused by the fraud or dishonesty of any one or more of the employees and the Named Insured shall be unable to designate the specific employee or employees causing such loss, the Named Insured shall nevertheless have the benefit of Coverage A, subject to the provisions of Exclusion C. 1. (b) of this form, provided that the evidence submitted reasonably proves that the loss was in fact due to the fraud or dishonesty of one or more of the said employees, and provided, further, that the aggregate liability of The Travelers for any such loss shall not exceed the limit of liability applicable to Coverage A.

5. Valuation, Payment, Replacement – In no event shall The Travelers be liable as respects securities for more than the actual cash value thereof at the close of business on the business day next preceding the day on which the loss was discovered, nor as respects other property, for more than the actual cash value thereof at the time of loss; provided, however, the actual cash value of such other property held by the Named

T_00563
CONFIDENTIAL

The Travelers
Commercial Policies

**CRIME FORM**
**(Forming part of Section V)**

Symbol AT-900A
Page 4 of 5

Insured as a pledge, or as collateral for an advance or a loan, shall be deemed not to exceed the value of the property as determined and recorded by the Named Insured when making the advance or loan, nor, in the absence of such record, the unpaid portion of the advance or loan plus accrued interest thereon at legal rates.

The Travelers may, with the consent of the Named Insured, settle any claim for loss of property with the owner thereof. Any property for which The Travelers has made indemnification shall become the property of The Travelers.

In case of damage to the premises or loss of property other than securities, The Travelers shall not be liable for more than the actual cash value of such property, or for more than the actual cost of repairing such premises or property or of replacing same with property or material of like quality and value. The Travelers may, at its election, pay such actual cash value, or make such repairs or replacements. If The Travelers and the Named Insured cannot agree upon such cash value or such cost of repairs or replacements, such cash value or such cost shall be determined by arbitration.

**E.** Recoveries — If the Named Insured shall sustain any loss covered by this form which exceeds the applicable limit of liability hereunder plus any applicable deductible amount, the Named Insured shall be entitled to all recoveries made after payment by The Travelers of loss covered by this form (except from suretyship, insurance, reinsurance, security or indemnity taken by or for the benefit of The Travelers) by whomsoever made, less the actual cost of effecting such recoveries until reimbursed for such excess loss; and any remainder, or, if there be no such excess loss, any such recoveries shall be applied first to the reimbursement of The Travelers and thereafter to the reimbursement of the Named Insured for that part of such loss within such deductible amount, if any.

## F. DEFINITIONS

1. "Banking Premises" means the interior of that portion of any building which is occupied by a banking institution in conducting its business.

2. "Custodian" means the Named Insured or a partner of the Named Insured or any employee who is duly authorized by the Named Insured to have the care and custody of the insured property within the premises, excluding any person while acting as a watchman, porter or janitor.

3. "Employee" means any natural person (except a director or trustee of the Named Insured, if a corporation, who is not also an officer or employee thereof in some other capacity) while in the regular service of the Named Insured in the ordinary course of the Named Insured's business during the policy period and whom the Named Insured compensates by salary, wages or commissions and has the right to govern and direct in the performance of such service, but does not mean any broker, factor, commission merchant, consignee, contractor or other agent or representative of the same general character. As applied to loss under Coverage A, the above words "while in the regular service of the Named Insured" shall include the first 30 days thereafter; subject, however to General Condition A. 4. of the GENERAL PROVISIONS FORM and Additional Condition G. 2. of this form.

4. "Loss", except under Coverages A and E, includes damage.

5. "Messenger" means the Named Insured or a partner of the Named Insured or any employee who is duly authorized by the Named Insured to have the care and custody of the insured property outside the premises.

6. "Money" means currency, coins, bank notes and bullion; and travelers checks, register checks and money orders held for sale to the public.

7. "Payroll Funds" means money and securities intended solely for the payroll of the Named Insured.

8. "Premises" means the interior of that portion of any building which is occupied by the Named Insured in conducting its business.

9. "Robbery" means the taking of insured property: (a) by violence inflicted upon a messenger or a custodian; (b) by putting him in fear of violence; (c) by any other overt felonious act committed in his presence and of which he was actually cognizant, provided such other act is not committed by a partner or employee of the Named Insured; (d) from the person or direct care and custody of a messenger or custodian who has been killed or rendered unconscious; or (e) under Coverage B: (1) from within the premises by means of compelling a messenger or custodian by violence or threat of violence while outside the premises to admit a person into the premises or to furnish him with means of ingress into the premises; or (2) from a showcase or show window within the premises while regularly open for business by a person who has broken the glass thereof from outside the premises.

10. "Safe Burglary" means: (a) the felonious abstraction of insured property from within a vault or safe, the door of which is equipped with a combination lock, located within the premises by a person making felonious entry into such vault or such safe and any vault containing the safe, when all doors thereof are duly closed and locked by all combination locks thereon, provided such entry shall be made by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon the exterior of: (1) all of said doors of such vault or such safe and any vault containing the safe, if entry is made through such doors; or (2) the top, bottom or walls of such vault or such safe and any vault containing the safe through which entry is made, if not made through such doors; or (b) the felonious abstraction of such safe from within the premises.

11. "Securities" means all negotiable and non-negotiable instruments or contracts representing either money or other property and includes revenue and other stamps in current use, tokens and tickets, but does not include money.

## G. ADDITIONAL CONDITIONS

1. Books and Records — The Named Insured shall keep records of all the insured property in such manner that The Travelers can accurately determine therefrom the amount of loss.

2. Cancellation As to Any Employee — This form shall be deemed canceled as to any employee: (a) immediately upon discovery by the Named Insured, or by any partner or officer thereof not in collusion with such employee, of any fraudulent or dishonest act on the part of such employee, or (b) at noon, standard time as aforesaid, upon the effective date specified in a written notice mailed to the Named Insured. Such date

T_00564
CONFIDENTIAL

The Travelers
Commercial Policies

**CRIME FORM**
(Forming part of Section V)

Symbol AT-500A
Page 5 of 5

shall not be less than 15 days after the date of mailing. The mailing by The Travelers of notice as aforesaid to the Named Insured at the address shown in the GENERAL DECLARATIONS shall be sufficient proof of notice. Delivery of such written notice by The Travelers shall be equivalent to mailing.

3. **Discovery Period** — Loss is covered under this form only if discovered not later than one year from the end of the policy period specified for this form in the GENERAL DECLARATIONS.

4. **Joint Insured** — If more than one Named Insured is covered under this form, the Named Insured first named shall act for itself and for every other Named Insured for all purposes of this form. Knowledge possessed or discovery made by any Named Insured or by any partner or officer thereof shall, for the purposes of Additional Condition G. 2. and Exclusion C. 2. of this form, and of General Conditions A. 10. and A. 12. of the GENERAL PROVISIONS FORM, constitute knowledge possessed or discovery made by every Named Insured. Cancellation of this form shall apply to every Named Insured. If, prior to the cancellation or termination of this form, this form is canceled or terminated as to any Named Insured, there shall be no liability for any loss sustained by such Named Insured unless discovered within one year from the date of such cancellation or termination. Payment by The Travelers to the Named Insured first named of any loss under this form shall fully release The Travelers on account of such loss. If the Named Insured first named ceases for any reason to be covered under this form, then the Named Insured next named shall thereafter be considered as the Named Insured first named for all purposes of this form.

5. **No Benefit to Bailee** — This condition shall apply only to Coverages B and C.

The insurance afforded by this form shall not inure directly or indirectly to the benefit of any carrier or other bailee for hire.

6. **Ownership of Property: Interests Covered** — The insured property may be owned by the Named Insured, or held by the Named Insured in any capacity whether or not the Named Insured is liable for the loss thereof, or may be property as respects which the Named Insured is legally liable; provided, Coverages B, C and D apply only to the interest of the Named Insured in such property, including the Named Insured's liability to others, and do not apply to the interest of any other person or organization in any of said property unless included in the Named Insured's proof of loss.

7. **This form is subject to:**

(a) any declarations, form or endorsement indicated as applicable to it; and

(b) the GENERAL PROVISIONS FORM.

T_00565
CONFIDENTIAL

**MERCHANDISE BURGLARY OR THEFT ENDORSEMENT**
(Forming part of Section V)

Subject to SECTION V COVERAGE DECLARATIONS A, such insurance as is provided by the CRIME FORM is amended as follows:

A. **Insuring Agreement** — The following is added:

**Coverage F — Merchandise Burglary or Theft**

**Section A — Burglary** — Loss by burglary or by robbery of a watchman, while the premises are not open for business, of merchandise, furniture, fixtures and equipment within the premises or within a showcase or show window used by the Named Insured and located outside the premises but inside the building line of the building containing the premises or attached to said building.

Damage to the premises and the exterior thereof, and to the insured property within the premises or within such showcase or show window, by such burglary, robbery of a watchman, or attempt thereat, provided with respect to damage to the premises and the exterior thereof the Named Insured is the owner of the premises or is liable for such damage.

**Section B — Theft** — Loss by theft of merchandise, furniture, fixtures and equipment within the premises or within a showcase or show window used by the Named Insured and located outside the premises but inside the building line of the building containing the premises or attached to said building.

Damage to the premises and the exterior thereof, and to the insured property within the premises or within such showcase or show window, by such theft or attempt thereat, provided with respect to damage to the premises and the exterior thereof the Named Insured is the owner of the premises or is liable for such damage.

B. **Additional or Amended Exclusions** — **Coverage F** — Coverage F does not insure against: (1) loss of manuscripts, books or account or records; (2) loss of furs or articles containing fur which represents their principal value, by removal of such property from within a showcase or show window by a person who has broken the glass thereof from outside the premises or by an accomplice of any such person; (3) loss occurring while there is any change in the condition of the risk or during a fire in the premises; (4) damage by vandalism or malicious mischief; or (5) under Section B: (a) loss caused by the Named Insured, or anyone acting on the express or implied authority of the Named Insured, being induced by any fraudulent scheme, trick, device or false pretense to part with title to or possession of any property; (b) mere disappearance of insured property; or (c) any shortage disclosed by any inventory unless such shortage can be reasonably shown to have been occasioned by theft, robbery or larceny, or attempt thereat.

C. **Additional or Amended Basis of Loss Payment** — **Coverage F**

1. **Coinsurance Requirement** — If coverage applies on a schedule basis, The Travelers shall not be liable for a greater proportion of a loss of merchandise, exclusive of jewelry and of property held by the Named Insured as a pledge or as collateral, than the limit of liability stated in the schedule of SECTION V COVERAGE DECLARATIONS A bears to the: (a) coinsurance percentage, as stated in said schedule, of the actual cash value of all such merchandise contained within the premises at time of loss, or (b) coinsurance limit stated in said schedule, whichever is less.

2. **Limit of Liability — Section B — Theft** — The limit of The Travelers' liability stated in SECTION V COVERAGE DECLARATIONS A for Section B — Theft is part of and not in addition to the limit of liability stated in such declarations for Section A — Burglary.

3. **Special Limits of Liability** — Subject to any application of the coinsurance requirement and to Provision E.2. of the CRIME FORM: (a) the actual cash value of any one article of jewelry shall be deemed not to exceed $50; (b) the limit of The Travelers' liability for loss of the contents of any showcase or show window not opening directly into the interior of the premises is $100; and (c) subject to the applicable limit of liability, the actual value of property held by the Named Insured as a pledge, or as collateral for an advance or a loan, shall be deemed not to exceed the value of the property as determined and recorded by the Named Insured when making the advance or loan, nor, in the absence of such record, the unpaid portion of the advance or loan plus accrued interest thereon at legal rates.

4. **Inventory Shortages — Section B — Theft** — In the event that any inventory shortage can be reasonably shown to have been occasioned by robbery, theft or larceny, or attempt thereat, there shall be deducted from the amount thereof when determined an amount equal to the average shortage, as revealed by the last five annual physical inventories, or such

T_00566
CONFIDENTIAL

**MERCHANDISE BURGLARY OR THEFT ENDORSEMENT**
(Forming part of Section V)

lesser number as were made, increased or decreased by the percentage of increase or decrease, if any, in the total gross sales for the 12 month period immediately preceding the discovery of the loss, as compared to the average annual gross sales for the period represented by said inventories.

D.    **Additional or Amended Definitions — Coverage F**

1.    "Burglary" means the felonious abstraction of insured property from within: (a) a premises by a person feloniously entering or exiting from such premises by actual force and violence, as evidenced by visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of such premises at the place of such entry or to the interior of such premises at the place of such exit; (b) a showcase or show window outside the premises by a person feloniously entering into such showcase or show window by actual force and violence, as evidenced by visible marks thereon;

2.    "Jewelry" means jewelry, watches, necklaces, bracelets, gems, precious or semiprecious stones, articles containing one or more gems and articles of gold and platinum.

3.    "Premises" means the interior of that portion of any building which is occupied solely by the Named Insured in conducting its business unless SECTION V COVERAGE DECLARATIONS A indicates that coverage applies on a schedule basis, in which case "premises" means the interior of any building designated in the schedule of SECTION V COVERAGE DECLARATIONS B, but shall not include: (a) showcases or show windows not opening directly into the interior of the premises, or (b) public entrances, halls, or stairways.

4.    "Robbery of a watchman" means the taking of insured property by violence or threat of violence inflicted upon a private watchman employed exclusively by the Named Insured and while such watchman is on duty within the premises.

E.    **Additional or Amended Conditions — Coverage F**

1.    **Inventory Requests** — In the event of loss hereunder, upon The Travelers' request the Named Insured shall furnish a complete inventory of all property within the premises not stolen or damaged, stating the original cost and actual cash value and quantity thereof.

2.    **Other Insurance** — Provision 13.d. of the GENERAL PROVISIONS FORM is amended to read: "If there is any other valid and collectible insurance which would apply in the absence of Section V of this policy, the insurance under Section V of this policy shall apply only as excess insurance over such other insurance; provided, the insurance shall not apply to property: (a) which is separately described and enumerated and specifically insured in whole or in part by any other insurance; or (b) otherwise insured unless such property is owned by the Named Insured or as respects which the Named Insured is legally liable."

3.    **Reduction in Limit of Liability** — The occurrence of any loss shall reduce the applicable limit of liability by the extent of The Travelers' liability for such loss until the premises are restored to at least the same condition of safety as immediately prior to the loss; but such reduction shall not occur with respect to loss occurring subsequent to the receipt by The Travelers of notice of loss for which The Travelers is liable under Section V of the policy, if the Named Insured shall maintain within the premises at least one watchman while the premises are not open for business.

4.    **Recoveries** — Any property recovered after settlement of a loss shall be applied first to the expense of the parties in making such recovery, with any balance applied as if the recovery had been made prior to said settlement, and loss readjusted accordingly, and Provision E.6. of the CRIME FORM is amended accordingly. The Named Insured' or The Travelers, upon recovery of any such property, shall give notice thereof as soon as practicable to the other.

5.    **Inventory Requirement** — The Named Insured shall, at least once every period of twelve months while the insurance is in force, make a physical inventory of the insured merchandise and shall keep such inventory as a permanent record. Coverage F shall not apply to loss by robbery, theft or larceny, or attempt threat, unless there is available such a physical inventory made within the twelve months immediately preceding the date of such loss.

T_00567
CONFIDENTIAL

**MERCHANDISE BURGLARY OR THEFT ENDORSEMENT**
(Forming part of Section V)

6. **Other Conditions**

   a.  Provisions C.1. (c), C.1. (d), C.1. (i) and G.6. of the CRIME FORM shall apply to Coverage F exactly as they apply to Coverage B.

   b.  Supplemental Insuring Agreement 2. of the CRIME FORM does not apply to Coverage F.

   c.  If coverage applies on a schedule basis, Supplemental Agreement 1 of the CRIME FORM does not apply to Coverage F.

7. **This endorsement is subject to: (a) any declarations, form or endorsement indicated as applicable to it; (b) the CRIME FORM except as otherwise provided herein; and (c) the GENERAL PROVISIONS FORM except as otherwise provided herein.**

F.  **Special Provision — Coverage F** — The following special provision applies only if so indicated in SECTION V COVERAGE DECLARATIONS A. Coverage F applies only to loss of office equipment. The term "office equipment" means machines, supplies, furniture, fittings, fixtures, furnishings, books and instruments used for clerical or administrative purposes but shall not include stock in trade, personal effects and postage or revenue stamps or any substitute thereof.

T_00568
CONFIDENTIAL

The Travelers
(some correct Polaces)

**PREMISES, MESSENGERS OR ARMORED MOTOR
VEHICLES SCHEDULE ENDORSEMENT**
(Forming part of Section V)

B-505B
Symbol B 505-B
Page 1 of 1

Subject to SECTION V COVERAGE DECLARATIONS B, such insurance as is provided by the CRIME FORM is amended as follows:

1. As respects Coverages B and C, the definition of "Premises" in the CRIME FORM is replaced by the following:

   "Premises" means the interior of that portion of any building specified in the declarations which is occupied by the Named Insured in conducting its business.

2. Supplemental Insuring Agreement 1. is amended by deleting "or if the Named Insured shall thereby acquire the use and control of any additional premises" and the words "and premises" appearing therein. As respects any new premises of the Named Insured, additional to the premises indicated in said declarations, Coverage B shall apply subject to the limit applicable to such new premises specified in said declarations; and, as respects messengers or armored motor vehicles, additional to the messengers or armored motor vehicles indicated in said declarations, Coverage C shall apply subject to the limit applicable to such additional messengers or armored motor vehicles specified in said declarations; provided, the Named Insured shall give The Travelers written notice of the occupancy of such new premises and the employment of such additional messengers or armored motor vehicles within 60 days thereafter and shall pay The Travelers an additional premium computed pro rata from such date to the end of the policy period.

   For the purpose of the application of the limits of liability applicable to Coverage C, no Messenger or armored motor vehicle shall be deemed to be simultaneously operating from or serving more than one premises location.

T_00569
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION V SPECIAL PROVISIONS ENDORSEMENT K**

## A. APPLICATION

Such insurance as is provided by the CRIME FORM is amended by any provision below shown as applicable in SECTION V COVERAGE DECLA-RATIONS K.

## B. PROVISIONS

(1) **DESIGNATED PROPERTY, EXCLUSION** — Coverage F does not apply to *loss* of such merchandise as is specified in the declarations.

(2) **DIVIDED COVERAGE ON MERCHANDISE**

1. With respect to *loss* of any class of merchandise designated in the declarations, the amount of insurance applicable to Coverage F is reduced to the limit stated in said declarations as applicable to such class, subject to any application of the coinsurance requirement. No merchandise shall be deemed to be classified under more than one of the aforesaid classes.

2. The Travelers shall not be liable for a greater proportion of a *loss* of any such class of merchandise than the applicable limit of liability stated in the declarations bears to: (a) the applicable coinsurance percentage, as stated in said declarations, of the actual cash value of all such merchandise contained within the *premises* at time of *loss;* or (b) the applicable coinsurance limit as stated in said declarations, whichever is less. Any coinsurance requirement applicable to Coverage F shall not apply to *loss* of such merchandise.

(3) **EXTENSION OF DEFINITION OF PREMISES TO INCLUDE GROUNDS** — As respects Coverage F, the word *"premises"* also includes that portion of the grounds, at the locations designated in the declarations, which is entirely enclosed by a fence or a wall.

(4) **PROCESSING CHARGE OR SELLING PRICE INSURANCE** — Under Coverage F with respect to *loss* of: (1) raw materials in the course of processing, the actual cash value of the property shall include the Named Insured's processing charge therefor, less unincurred charges or expense; and (2) finished merchandise owned by the Named Insured and ready for sale, the actual cash value of the property shall be deemed to be the Named Insured's selling price therefor, less applicable discounts and unincurred charges or expense.

(5) **INCREASED LIMIT ON JEWELRY** — As respects Coverage F, the actual cash value of any one article of *jewelry* shall be deemed not to exceed the amount specified in the declarations, and Provision C.3. (a) of the Merchandise Burglary or Theft Endorsement is amended accordingly; provided, the limit of The Travelers' liability under this Provision for *loss* of more than one article of *jewelry* in any one occurrence shall not exceed the "aggregate limit", if any, specified in the declarations, such limit to be part of and not in addition to the limit of liability applicable to Coverage F.

(6) **ROBBERY OF A BUILDING WATCHMAN, JANITOR OR PORTER** — As respects Coverage F, the definition of *"robbery of a watchman"* is amended to read as follows:

"Robbery of a watchman" means the felonious taking of insured property by violence or threat of violence inflicted upon: (1) a private watchman employed exclusively by the Named Insured and while such watchman is on duty within the *premises;* (2) a building watchman who enters the *premises;* or (3) a janitor or porter employed by the Named Insured and in actual care and custody of such property.

(7) **FORCIBLE EXIT, EXCLUSION** — As respects Coverage F, the definition of *"burglary"* is amended by deleting subdivision (a) and substituting the following:

"(a)    a *premises* by a person feloniously entering such *premises* by actual force and violence, as evidenced by visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of such *premises* at the place of such entry;"

CP-1954 3-76 Printed in U.S.A.

| OFFICE & CODE | DIST. | PRODUCER & CODE | W.F. | NO. | BODY<br>Y | NO<br>N | REMS<br>Y | N | SECT. | COMM. | PREMIUM | ISSUE DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AL NY<br>002 | C-1 | HENRY J SYLVESTRI 88751 | R | 1 | A | | | X | 3<br>4 | 20 | 224 AP 1ND<br>471 AP 1ND | 11/6/78 G |

CHANGE DECLARATIONS B (COPY)

Symbol 014A
Page 1 of 1

Policy No: 650-584A016-3-COF-78

Issue Date: 11/6/78

Named Insured: TOWN OF HIGHLANDS

Countersigned by: _____

Policy expires   10   79
                 Month  Year

Location of exposure: FORT MONTGOMERY        NY
                          City               State

THE TRAVELERS INDEMNITY COMPANY
THE TRAVELERS INDEMNITY COMPANY OF AMERICA
THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

THE TRAVELERS INSURANCE COMPANY
THE PHOENIX INSURANCE COMPANY
THE CHARTER OAK FIRE INSURANCE COMPANY

1. These declarations are effective: 10/30/78

2. Provisional Premium due under these declarations:   $ ___695___   ☒ additional   ☐ return

3. Changes: — It is agreed that the policy is amended as described below.   SECT III & IV

WITH RESPECT TO SCHEDULE OF OWNED AUTOS CA 00 02 10 04 78 VEHICLE #6
74 DODGE DUMP #N31BF45072984 IS HEREBY DELETED FROM THIS POLICY AND
VEHICLE #7 79 FORD DUMP #K70BVOC87R1 IS HEREBY ADDED TO THIS POLICY PER
ATTACHED SCHEDULE.

ANNUALS VEH #9: BI 515 PD INC. PIP 12 UM 2 COMP 179 COLL 593

CP 1566A 8-74 Printed in U.S.A. 076

T_00571
CONFIDENTIAL

The Travelers

Special Code

**ITEM FOUR. SCHEDULE OF COVERED AUTOS YOU OWN**
(See reverse side for explanation of certain entries or absence thereof)

SPV

Policy No. **650-584A016-3-COF-78**
Page No. **1**

| When Used With a | This is Form |
|---|---|
| Business Auto Policy | CA 00 02 10 |
| Truckers Policy | CA 00 13 10 | X |

| Covered Auto No. | TERRITORY | | | DESCRIPTION | |
|---|---|---|---|---|---|
| | Town & State Where The Covered Auto Will be Principally Garaged | County-Town Code (when applicable) | Year Model: Trade Name: Body Type | | Vehicle Identification Number (VIN) |
| 9 | FORT MONTGOMERY NY | 3408 | 79 DUMP FORD | | K70BVDC8721 |

| Covered Auto No. | DESCRIPTION (Con't) | | | SURCHARGE | | State Exception Code | |
|---|---|---|---|---|---|---|---|
| | Size GVW, GCW or Vehicle Seating Capacity | Stat/ISO Code | Terr/Zone Code | AR | FR | | |
| 9 | 27000 | 23475 | 032T | | | | |

| Covered Auto No. | FOR PERIOD | | | | | PREMIUM | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Liability | Basic PIP | | | Added PIP | | Property Protection | Medical Payments | Uninsured Motorists | |
| | | Deductible | Rating Basis | Premium | Limit Code | Premium | | | B.I. | P.D. |
| 9 | 490 | | C | 11 | | | | | 2 | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| TOTALS | 490 | | | 11 | | | | | 2 | |

| Covered Auto No. | Cost New-Com'l or Sym-Priv Pass | Limit of Liability | Age Group | Comprehensive | | Specified Perils | | Collision | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Deductible | Premium | Coverage | Premium | Deductible | Premium |
| 9 | 15320 | ACV | 1 | | 170 | | 1 | 100 | 564 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| TOTALS | | | | | 170 | | | | 564 |

*Applicable to Comprehensive and Specified Peril's Coverage

| Covered Auto No. | Name and Address of Loss Payee (The number opposite each entry indicates the auto to which the entry applies, such auto being identified by the same number above) |
|---|---|
| | |

C-19310 NEW 4-78 PRINTED IN U.S.A.

**HOME OFFICE RECORD**

T_00572
CONFIDENTIAL

| OFFICE & CODE | DIST. | PRODUCER & CODE | | CREDIT Y N | PRIOR Y N | SECT. | COMM. % | PREMIUM | |
|---|---|---|---|---|---|---|---|---|---|
| RLNY-002 | C-1 | HENRY J. SILVESTRI  86751 | R  9  A | | X | IV | 20 IND | 130 R/P | 1-30-73??? |

### CHANGE DECLARATIONS B (COPY)

Symbol 014A
Page 1 of 1

Policy No: **C50-591??16-3-COF-78**

Issue Date: **1-30-73**

Named Insured: **TOWN OF NIAGARA??**

Countersigned by: _____    Policy expires **OCT.**    **1979**
                                                                          Month          Year

Location of exposure: **NIAGARA FALLS.**    **NEW YORK**
                                   City                        State

THE TRAVELERS INDEMNITY COMPANY
THE TRAVELERS INDEMNITY COMPANY OF AMERICA
THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

THE TRAVELERS INSURANCE COMPANY
THE PHOENIX INSURANCE COMPANY
THE CHARTER OAK FIRE INSURANCE COMPANY

1.  These declarations are effective: **DEC. 19, 1978**

2.  Provisional Premium due under these declarations:    $ **130**    ☐ additional    ☒ return

3.  Changes: — It is agreed that the policy is amended as described below.

    **WITH RESPECTS TO SECTION IV**

    **COLLISION DEDUCTIBLE TO READ:  $250 IN LIEU OF $100 DEDUCTIBLE.**



N. Y. (ALBANY)

CF 1666n 8-74 Printed in U.S.A. 777

T_00573
CONFIDENTIAL

| OFFICE & CODE | DIST. | PRODUCER & CODE | RF. | MO | AUDIT | | REINS. | | SECT. | COMM. % | PREMIUM | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALNY-002 | C-1 | HENRY J. SYLVESTRI 88751 | R | 1 | X | | | X | | 20 | NIL | 6/4/79 SA |

CHANGE DECLARATIONS B (COPY)

Symbol 014A
Page 1 of

Policy No: **650-584A016-3-COF-78**                         Issue Date: 6/4/79

Named Insured: **TOWN OF HIGHLANDS**

Countersigned by: _____        Policy expires    **OCTOBER**        **79**
                                                                          Month          Year

Location of exposure: _____ **HIGHLAND FALLS** _____    **NY** _____
                                                   City                  State

THE TRAVELERS INDEMNITY COMPANY
THE TRAVELERS INDEMNITY COMPANY OF AMERICA           THE TRAVELERS INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS          THE PHOENIX INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND      THE CHARTER OAK FIRE INSURANCE COMPANY

1.    These declarations are effective:  **10/12/78**

2.    Provisional Premium due under these declarations:      $ **NIL** _____ ☐ additional    ☐ return

3.    Changes: — It is agreed that the policy is amended as described below.

      **AS RESPECTS GENERAL DECLARATION SYMBOL 001, ITEM 11, PAGE 2 OF 2**

      **SECTION #2 DECLARATIONS L, SYMBOL 212(11) ENDORSEMENT L207(11)**
      **ARE ADDED TO THE POLICY.**

CP 16a6A  R 74  Printed in U.S.A.  7/7

N. Y. (ALBANY)

T_00574
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION II COVERAGE DECLARATIONS L**
(Applicable to Section II Special Provisions Endorsement L)

Symbol 212
Page 1 of 1



1. Policy No: **650-584A01S—3—C0F—78**                    Issue Date: **5/4/79**

2. **Effective Date** — These declarations are effective on the policy's effective date stated in the GENERAL DECLARATIONS unless otherwise stated hereafter.  These declarations are effective _____  _____ and replace any SECTION II COVERAGE DECLARATIONS L of a prior effective date.

3. **Applicable Provisions** — Only a provision for which an "X" is inserted applies.

    **"X"**
    
                                                                   **Provision Title and Entries**

    (1)   _   **EXCLUSION (NAMED INSURED'S PRODUCTS)**
                  Description of Operations:

    (2)   _   **EXCLUSION (ROLLING STOCK – RAILROAD CONSTRUCTION)**

    (3)   _   **EXCLUSION (STREET CLEANING)**

    (4)   _   **EXCLUSION (VOLUNTEER FIREMEN)**

    (5)   _   **EXCLUSION (WATER DAMAGE)**
                  Description of Premises:

    (6)      **FREIGHT HANDLERS AND STEVEDORES**

    (7)      **HEATING AND POWER COMPANIES (PRODUCTS HAZARD INTERPRETATION)**

    (8)   _   **INSURED PREMISES LIMITATION (ADDITIONAL DEFINITION)**

    (9)   _   **LIMITATION OF INSURANCE TO DESIGNATED LOCATION**
                  Description of Premises:

    (10)   _   **OPERATION OF CUSTOMERS' AUTOMOBILES ON PARTICULAR PREMISES**

    (11)   **X**   **PERSONAL INJURY (ELIMINATION OF EMPLOYEE EXCLUSION)** **L207(11)**

    (12)   _   **PERSONAL INJURY (LIMITATION OF COVERAGE)**

                  Designation of Coverage Groups   A

                                                      B

                                                      C

    (13)   _   **PERSONAL INJURY (PARTICIPATING BASIS)**

                  Amount of Insured's participation     _____ %

D-II-2

CP-1015  1-72  Printed in U.S.A.  1977

T_00575
CONFIDENTIAL

SECTION II SPECIAL PROVISIONS ENDORSEMENT L

A.    Application — Such insurance as is afforded by the COMPREHENSIVE GENERAL LIABILITY FORM is amended by a provision below shown as applicable in the SECTION II COVERAGE DECLARATIONS L.

B.    Provisions

(1)   EXCLUSION (NAMED INSURED'S PRODUCTS) — Such insurance as is afforded under Coverages A and B for the operations described in the declarations does not apply to bodily injury or property damage arising out of:

       (a)   the Named Insured's products; or

       (b)   reliance upon a representation or warranty made with respect thereto;

       if the bodily injury or property damage occurs after physical possession of such products has been relinquished to others whether such bodily injury or property damage occurs on premises owned by or rented to the Named Insured or elsewhere.

(2)   EXCLUSION (ROLLING STOCK – RAILROAD CONSTRUCTION) — With respect to construction or maintenance operations performed by railroads, including the laying, relaying or removal of tracks or maintenance of the way, the insurance does not apply to bodily injury or property damage arising out of the movement of rolling stock, except rolling stock assigned to the job while at the jobsite.

(3)   EXCLUSION (STREET CLEANING) — The insurance does not apply to bodily injury or property damage arising out of the maintenance, operation, use, loading or unloading of automobiles or mobile equipment in street cleaning operations performed by or on behalf of the Named Insured.

(4)   EXCLUSION (VOLUNTEER FIREMEN) — The insurance does not apply to bodily injury to any volunteer fireman, whether or not a member of the Named Insured's organization, while in the course of his duties as such.

(5)   EXCLUSION (WATER DAMAGE) — The insurance does not apply to property damage to buildings or property therein, wherever occurring, arising out of any of the following causes, if such cause occurs on or from premises owned by or rented to the Named Insured and described in the declarations:

       (a)   the discharge, leakage or overflow of water or steam from plumbing, heating, refrigerating or air-conditioning systems, standpipes for fire hose, or industrial or domestic appliances, or any substance from automatic sprinkler systems;

       (b)   the collapse or fall of tanks or the component parts or supports thereof which form a part of automatic sprinkler systems; or

       (c)   rain or snow admitted directly to the building interior through defective roofs, leaders or spouting, or open or defective doors, windows, skylights, transoms or ventilators;
       but this exclusion does not apply to property damage due to fire, to the use of elevators or to operations performed by independent contractors.

(6)   FREIGHT HANDLERS AND STEVEDORES — With respect to freight handling and stevedoring operations the insurance also applies to bodily injury or property damage, other than on board vessels, arising out of such operations after they have been completed or abandoned provided the bodily injury or property damage occurs at the site of such operations.

(7)   HEATING AND POWER COMPANIES (PRODUCTS HAZARD INTERPRETATION) — Electricity, gas or steam furnished or supplied by electric light and power, gas, steam heating or power companies or cooperatives shall not be deemed to be "goods or products" subject to the provisions of Section II of the policy relating to the products hazard.

CP-1036  1-72 Printed in U.S.A.

II-2

T_00576
CONFIDENTIAL

The Travelers
Commercial Policies

**SECTION II SPECIAL PROVISIONS ENDORSEMENT L**

Symbol L-207
Page 1 of 2

A.   Application — Such insurance as is afforded by the COMPREHENSIVE GENERAL LIABILITY FORM is amended by a provision below shown as applicable in the SECTION II COVERAGE DECLARATIONS L.

B.   Provisions

(1)   **EXCLUSION (NAMED INSURED'S PRODUCTS)** — Such insurance as is afforded under Coverages A and B for the operations described in the declarations does not apply to bodily injury or property damage arising out of:

   (a)   the Named Insured's products; or

   (b)   reliance upon a representation or warranty made with respect thereto;

   if the bodily injury or property damage occurs after physical possession of such products has been relinquished to others whether such bodily injury or property damage occurs on premises owned by or rented to the Named Insured or elsewhere.

(2)   **EXCLUSION (ROLLING STOCK — RAILROAD CONSTRUCTION)** — With respect to construction or maintenance operations performed by railroads, including the laying, relaying or removal of tracks or maintenance of the way, the insurance does not apply to bodily injury or property damage arising out of the movement of rolling stock, except rolling stock assigned to the job while at the jobsite.

(3)   **EXCLUSION (STREET CLEANING)** — The insurance does not apply to bodily injury or property damage arising out of the maintenance, operation, use, loading or unloading of automobiles or mobile equipment in street cleaning operations performed by or on behalf of the Named Insured.

(4)   **EXCLUSION (VOLUNTEER FIREMEN)** — The insurance does not apply to bodily injury to any volunteer fireman, whether or not a member of the Named Insured's organization, while in the course of his duties as such.

(5)   **EXCLUSION (WATER DAMAGE)** — The insurance does not apply to property damage to buildings or property therein, wherever occurring, arising out of any of the following causes, if such cause occurs on or from premises owned by or rented to the Named Insured and described in the declarations:

   (a)   the discharge, leakage or overflow of water or steam from plumbing, heating, refrigerating or air-conditioning systems, standpipes for fire hose, or industrial or domestic appliances, or any substance from automatic sprinkler systems;

   (b)   the collapse or fall of tanks or the component parts or supports thereof which form a part of automatic sprinkler systems; or

   (c)   rain or snow admitted directly to the building interior through defective roofs, leaders or spouting, or open or defective doors, windows, skylights, transoms or ventilators;

   but this exclusion does not apply to property damage due to fire, to the use of elevators or to operations performed by independent contractors.

(6)   **FREIGHT HANDLERS AND STEVEDORES** — With respect to freight handling and stevedoring operations the insurance also applies to bodily injury or property damage, other than on board vessels, arising out of such operations after they have been completed or abandoned provided the bodily injury or property damage occurs at the site of such operations.

(7)   **HEATING AND POWER COMPANIES (PRODUCTS HAZARD INTERPRETATION)** — Electricity, gas or steam furnished or supplied by electric light and power, gas, steam heating or power companies or cooperatives shall not be deemed to be "goods or products" subject to the provisions of Section II of the policy relating to the products hazard.

CP-1036  1-72  Printed in U.S.A.

II-2

T_00577
CONFIDENTIAL

| OFFICE & CODE | DIST. | PRODUCER & CODE | AP. | AUDIT | REINS. | SECT. | COMM. T. | PREMIUM | |
|---|---|---|---|---|---|---|---|---|---|
| ALBY 002 | C-1 | HENRY J SYLVESTRI 88751 | R 1 2 | X | 1 | 20 | 110-AP | 07-10-79 | |

CHANGE DECLARATIONS B (COPY)

Symbol 014A
Page 1 of 1

Policy No: 650-584A016-3-COF-78              Issue Date: 07-10-79

Named Insured: TOWN OF HIGHLANDS

Countersigned by: _____    Policy expires   10        79
                                                                Month     Year

Location of exposure: HIGHLAND V FALLS          NY
                      City                      State

THE TRAVELERS INDEMNITY COMPANY                THE TRAVELERS INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF AMERICA     THE PHOENIX INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS    THE CHARTER OAK FIRE INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

1.  These declarations are effective:  07-3-79

2.  Provisions Premium due under these declarations:    $ 110      ☒ additional      ☐ return

3.  Changes: — It is agreed that the policy is amended as described below.

AS RESPECTS SECTION II AND SYMBOL 200B, CLASS 314-79418, EXHIBITIONS IS
HEREBY ADDED TO THIS POLICY

PROVISIONS OF COVERAGE DECLARATIONS K SYMBOL 211(6) AND ENDORSEMENT
K-200A(6) ARE ADDED TO THE POLICY.

AS RESPECTS TOWN OF HIGHLAND INDEPENDENCE DAY CELEBRATION FROM
JULY 3RD, 1979 TO JULY 6TH, 1979, THE TOWN OF HIGHLAND INDEPENDENCE
DAY CELEBRATION COMMITTEE CORP. IS NAMED AS ADDITIONAL INSURED.

PROVISIONS OF THIS ENDORSEMENT TO EXPIRE 7-6-79.

CP 1666A B-74 Printed in U.S.A. 777


N.N.Y. (ALBANY)

T_00578
CONFIDENTIAL

**The Travelers**
**Commercial Policies**

**SECTION II COVERAGE DECLARATIONS K**
(Applicable to Section II Special Provisions Endorsement K)

**Symbol 211**
**Page 1 of 1**

1. Policy No: 650-534A016-3-COF-78   Year Code:          Issue Date:    07-10-79

2. **Effective Date** — These declarations are effective on the policy's effective date stated in the GENERAL DECLARATIONS unless otherwise stated hereafter. These declarations are effective _____ and replace any SEC-TION II COVERAGE DECLARATIONS K of a prior effective date.

3. **Applicable Provisions** — Only a provision for which an "X" is inserted applies.

| | "X" | Provision Title and Entries |
|---|---|---|
| (1) | ☐ | **AMENDMENT OF THE DEFINITION OF THE PRODUCTS HAZARD**<br>Designated Premises:<br><br>Description of Operations: |
| (2) | ☐ | **CARNIVALS AND CIRCUSES** |
| (3) | ☐ | **COLD STORAGE LOCKERS** |
| (4) | ☐ | **ERRONEOUS DELIVERY OF LIQUID PRODUCTS** |
| (5) | ☐ | **EXCLUSION (ALL HAZARDS IN CONNECTION WITH DESIGNATED PREMISES)**<br>Designated Premises: |
| (6) | ☒ | **EXCLUSION (ATHLETIC PARTICIPANTS)**  K-200A(6)<br>Description of Operations:    314-79418<br>  EXHIBITIONS-OUTSIDE-NO STADIUMS OR GRANDSTANDS |
| (7) | ☐ | **EXCLUSION (BICYCLES)** |
| (8) | ☐ | **EXCLUSION (COMPLETED OPERATIONS AND PRODUCTS HAZARDS)** |
| (9) | ☐ | **EXCLUSION (ESCALATORS)** |
| (10) | ☐ | **EXCLUSION (FAIRS)** |
| (11) | ☐ | **EXCLUSION (LAUNDRY AND DRY CLEANING DAMAGE)** |
| (12) | ☐ | **EXCLUSION (LOGGING AND LUMBERING OPERATIONS)** |
| (13) | ☐ | **EXCLUSION (MOVEMENT OF BUILDING OR STRUCTURES)** |

CP-4030  1-72  Printed in U.S.A.

D-II-2

T_00579
CONFIDENTIAL

| OFFICE & CODE | DIST. | PRODUCER & CODE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ALNY-002 | C-1 | HENRY J SYLVESTRI 88751 | R | A | | X | II | 39 | NIL | 07-10-79 |

### CHANGE DECLARATIONS B (COPY)

Symbol 014
Page 1 of

Policy No:    650-584A016-3-COF-78                    Issue Date: 07-10-79

Named Insured:  TOWN OF HIGHLANDS

Countersigned by: _____    Policy expires  19    79
                                                          Month    Year
Location of exposure: ____HIGHLAND FALLS_____  ____NY_____
                              City                     State

THE TRAVELERS INDEMNITY COMPANY                 THE TRAVELERS INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF AMERICA      THE PHOENIX INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS     THE CHARTER OAK FIRE INSURANCE COMPANY
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND

1.    These declarations are effective:    10-12-78

2.    Provisional Premium due under these declarations:    $ __NIL_____  ☐ additional    ☐ return

3.    Change: — It is agreed that the policy is amended as described below.

**#1-SYMBOL 001, ITEM II, PAGE 2 OF 2, SECTION II, ENDORSEMENT 21128 IS ELIMINATED.**

CP 1666A  8-74  Printed in U.S.A.  777

T_00580
CONFIDENTIAL

650-584A016-3-COF-78
10/12/78 To 10/12/79

T_00581
CONFIDENTIAL