| OFF CODE DIST | AGENT & CODE | | | | CO. | PREMIUM | COMM. % | ISSUE DATE |
|---|---|---|---|---|---|---|---|---|
| ALBY-002 G-1 | HENRY J. SYLVESTRI  88751 | R | Y | N | COF | 14,315 | 20 | 10/3X09 SA |
| | | | | | IND | 4,658 | | POLICY CODE 8 |

GENERAL DECLARATIONS

GEN 1

- **INSTITUTIONAL A (500)**
  - **POLICY NO.** 650-50AA016-3-COF-79
  - **BUSINESS** MUNICIPALITY

NAMED INSURED AND MAILING ADDRESS
- **TOWN OF HIGHLAND;**
- **TOWN HALL**
- **MAIN ST., HIGHLAND FALLS, ORANGE CO., NY**

Effective from **10/12/72** to **10/12/80** X 12:01 AM ____ 12 Noon Standard Time, at the Named Insured's address.

LOC. NO.    BLDG. NO.    OCCUPANCY    ADDRESS (Same as mailing address unless specified otherwise)

"SEE GEN 4"

The Named Insured is: ____ Individual  ____ Partnership  ____ Corporation  X MUNICIPALITY

**POLICY SECTIONS AND INSURING COMPANY** – The Travelers agrees with the Named Insured to provide insurance under a section of this policy as designated by an "X" and in the company (each a stock company) for which an abbreviation is shown.

| | | |
|---|---|---|
| X PROPERTY    X INLAND MARINE    ____ BOILER AND MACHINERY – SECTION I. | | Insuring Company: COF |
| X GENERAL LIABILITY – SECTION II.    ____ GARAGE LIABILITY – SECTION II & III | | Insuring Company: COF |
| X AUTOMOBILE LIABILITY – SECTION III. | | Insuring Company: IND |
| X AUTOMOBILE PHYSICAL DAMAGE    ____ DEALERS PHYSICAL DAMAGE – SECTION IV. | | Insuring Company: IND |
| X CRIME – SECTION V. | | Insuring Company: COF |

**SUPPLEMENTAL POLICIES** – Each of the following is a separate policy containing its complete provisions.

Policy    Policy No.    Insuring Company

**PREMIUM SUMMARY**

Provisional Premium        $18,973
Payable at Inception       $18,973
Payable at the end of each
      month period.        $

**NUMBER SUMMARY** – Except for the following, numbers of forms and endorsements are indicated on the applicable coverage declarations.

General Endorsements:  GEN 1, GEN 4, GL-0019
Provision Dividers:  PR 1, IM 1, GL 1, CO 1, CR 1
Coverage Declarations:  PR 7, IM 2, GL 2, CA 00 02 01 7
CR 2

FIRE DISTRICT – 3411 HIGHLAND FALLS
              3408 FORT MONTGOMERY FD

N. Y. (ALBANY)

_____
AUTHORIZED AGENT

_____
COUNTERSIGNATURE DATE

CP 2270A 4 78 Printed in U.S.A. (279)

GEN 1        HOME OFFICE RECORD (MICROFILM) COPY        Page 1 of 2

T_00582
CONFIDENTIAL

The Travelers

# COMMON PROVISIONS
## (Sections I, II and V)

GEN 1

hese provisions apply to all Sections I, II and V declarations, forms and endorsements unless otherwise specified. rms in boldface, italics or underlined in this policy apply in accordance with the "Definitions" contained in such declarations. orms and endorsements.

**A. ASSIGNMENT**—Assignment of interest under this policy shall not bind the Company until its consent is endorsed on this policy. However, if the Named Insured shall die, this insurance shall apply to:
1. the Named Insured's legal representative, as the Named Insured, but only while acting within the scope of the representative's duties as such; or
2. with respect to property of the Named Insured, the person having temporary custody of such property, as insured, but only until the appointment and qualification of the legal representative.

**B. CANCELLATION**
1. **BY THE NAMED INSURED**—The Named Insured may cancel this policy by returning it to the Company or by giving the Company written notice, stating the date cancellation is to take effect.
2. **BY THE COMPANY**—The Company may cancel this policy or any Section of it by mailing or delivering to the Named Insured at the mailing address shown in the GENERAL DECLARATIONS written notice stating when, not less than 30 days after, the cancellation shall be effective. If the Named Insured fails to pay, when due, the policy premium or any premium installment, the number of days specified above is amended to "10".
The mailing of the notice shall be sufficient proof of notice and notice of cancellation addressed to the Named Insured and mailed to the mailing address shown in the GENERAL DECLARATIONS shall be sufficient notice to effect cancellation of this policy.
3. **CANCELLATION EFFECTIVE DATE**—The time of the return of the policy or the effective date, and hour of cancellation when the Company cancels, stated in the notice shall become the end of the policy period.
4. **PREMIUM ADJUSTMENT**—If the Named Insured cancels, earned premium shall be computed in accordance with the Company's customary short rate cancellation procedures. If the Company cancels, earned premium shall be computed pro-rata. Premium adjustment may be made either at the time cancellation is effected or as soon after as practicable, but payment or tender of unearned premium is not a condition of cancellation.

**C. COMPANY DESIGNATION**—The rights and duties expressed in a section of this policy are the rights and duties of the company designated in the declarations as the insurer for such section. Reference in this policy to the "Company" or "The Travelers" means the company so designated.

**D. CONCEALMENT OR FRAUD**—Sections I and V of this policy are void if, whether before or after a loss, including damage, the Named Insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance, or if the Named Insured has engaged in any fraud or false swearing relating to this insurance.

**E. INSPECTION**—The Company shall be permitted but not obligated to inspect the Named Insured's property and operations at any time. Neither the Company's right to make inspections, nor the making of them, nor any report concerning them shall constitute an undertaking on behalf of or for the benefit of the Named Insured or others to determine or warrant that the property or operations are safe or healthful or are in compliance with any law, rule or regulation.

**F. INSURANCE UNDER MORE THAN ONE SECTION, COVERAGE OR ENDORSEMENT**—In the event that more than one section, coverage or endorsement of this policy insures the same loss, damage or claim, the Company shall not be liable in total for more than the actual loss or damage sustained by the insured.

**G. LIBERALIZATION CLAUSE**—With respect to Sections I and V, when a filing is submitted to the insurance supervisory authorities on behalf of the Company and:
1. it is approved or accepted by the authorities to be effective while and this policy is in force or within 45 days prior to its inception, and
2. it includes forms or other provisions that would extend or broaden this insurance by endorsement or substitution of form, without additional premium,
the extended or broadened insurance shall benefit the insured as though the endorsement or substitution of form had been made.

**H. NO BENEFIT TO BAILEE**—With respect to Sections I and V, this insurance shall not benefit directly or indirectly any carrier or other bailee.

**I. PREMIUM, RECORDS AND AUDITS**
1. **PREMIUM**
   a. Premiums for this policy shall be computed in accordance with the Company's rules, rates, rating plans, premiums and minimum premiums applicable to this insurance.
   b. In the event that this policy is written for a period exceeding one year, premiums shall be recomputed as of each policy anniversary in accordance with the then current Company's rules, rates, rating plans, premiums and minimum premiums applicable to this insurance.
2. **RECORDS**—The Named Insured shall maintain such records as are necessary for premium computation, and shall send copies of them to the Company at the end of the policy period and at at such time during the policy period as the Company may direct.
3. **AUDIT**—The Company may examine and audit the Named Insured's books and records at any time during the policy period and extensions and within three years after the final termination of the policy, as far as they relate to the subject matter of this insurance.

**J. SUBROGATION** (Applicable unless otherwise specified in other forms or endorsements) In the event of any payment under this policy, the Company shall be subrogated to all the insured's rights of recovery against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Named Insured shall do nothing after loss to prejudice such rights.

**K. TIME OF INCEPTION**—To the extent that this insurance replaces insurance in other policies terminating 12 noon Standard Time on the inception date of this policy, this insurance shall not become effective until such other insurance has terminated.

**L. CHANGE OR WAIVER OF PROVISIONS**—Nothing contained in this policy shall be changed, waived or modified, except by endorsement issued by the Company or its authorized agents.

GEN 1

T_00583
CONFIDENTIAL

**The Travelers**

**ADDITIONAL LOCATION SCHEDULE**
**(Amending The General Declarations)**

GEN 4

POLICY NO: 650-584A016-3-COF-79          ISSUE DATE: 10/23/79

EFFECTIVE DATE—Same as policy unless otherwise specified:

**SCHEDULE OF ADDITIONAL LOCATIONS AND BUILDINGS:**

| LOC. NO. | BLDG. NO. | ADDRESS | OCCUPANCY |
|---|---|---|---|
| 1 | 1 | 213-217 MAIN ST. HIGHLAND FALLS, ORANGE CO., NY | TOWN HALL |
| 2 | 2 | OLD RTE. 9W FORT MONTGOMERY, ORANGE CO., NY | TOWN GARAGE |
| 2 | 3 | SAME AS #2 | OFFICE, POLICE DEPARTMENT |
| 2 | 4 | ROE PARK (POND) FORT MONGOMERY, NY | SWIMMING POOL PLAYGROUND AND BASEBALL DIAMOND |
| 2 | 5 | BROOKS PARK FORT MONTGOMERY, NY | BASEBALL DIAMOND |
| 1 | 6 | LONG POND HIGHLAND FALLS, NY | PICNIC GROUNDS AND BATHING BEACH |

CP-2121A 4-78 Printed in U.S.A.

GEN 4

HOME OFFICE COPY

T_00584
CONFIDENTIAL



GL 00 19 07 78

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

(The following information is required only when this endorsement is issued subsequent to preparation of policy.)

Endorsement Effective

Policy No.

Named Insured.

Endorsement No.

Countersigned by

(Authorized Representative)

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

## GENERAL LIABILITY INSURANCE

## SMP LIABILITY INSURANCE

## BUSINESSOWNERS POLICY

## AMENDATORY ENDORSEMENT—ADDITIONAL DEFINITION

It is agreed that the following definition is added:

"loading or unloading", with respect to an automobile, means the handling of property after it is moved from the place where it is accepted for movement into or onto an automobile or while it is in or on an automobile or while it is being moved from an automobile to the place where it is finally delivered, but "loading or unloading" does not include the movement of property by means of a mechanical device (other than a hand truck) not attached to the automobile.

GL 00 19 07 78

T_00585
CONFIDENTIAL

The Travelers

# BUILDING, PERSONAL PROPERTY
# AND TIME ELEMENT DECLARATIONS
## (Section 1—Standard, Broad or Special Forms)

PR 7

1. **POLICY NO:** 650-584A016-3-COF-79    **ISSUE DATE:** 10/23/79

2. **EFFECTIVE DATE**—Same as policy unless otherwise specified:

3. **COVERAGES, LIMITS OF LIABILITY AND APPLICABLE FORMS**—Insurance applies only to a coverage and at a premises for which a limit of liability is inserted. A limit under "Blanket" applies to a coverage and at a premises for which "Included" is inserted. An "X" indicates the applicable form.

| Coverages | Limits of Liability Premises at | | | | Applicable Form | | |
|---|---|---|---|---|---|---|---|
| | Bldg. No. 1 | Bldg. No. 2 | Bldg. No. ___ | Blanket | Standard | Broad | Special |
| Buildings | $ 132,700 | $ 51,000 | $ | $ | X | | |
| Pers. Prop. of Insured | $ 11,000 | $ 7,700 | $ | $ | X | | |
| Pers. Prop. of Others | $ | $ | $ | $ | | | |
| Business Interruption | $ | $ | $ | $ | | | |
| Extra Expense | $ | $ | $ | $ | | | |
| Rental Income | $ | $ | $ | $ | | | |

4. **BUILDINGS AND PERSONAL PROPERTY OF THE INSURED AND OTHERS**

   a. **Deductible**—$100. b. **Coinsurance**—80%. c. **Mortgagee**—Building Coverage only
   Exception:            Exception:            Bldg. No.:            Name and Address

   d. **Optional Coverages**—Applies to the following only when indicated by an "X" and provided for in the form:
   **Personal Property of the Insured and Others**        **Replacement Cost Provision**
   ___ Burglary and Robbery (Broad Form)        ___ Buildings
   ___ Theft (Special Form)        ___ Personal Property of the Insured
   ___ Transportation Extension—Personal Property of the Insured.

5. **BUSINESS INTERRUPTION**—a. **Coinsurance:** ___ %. b. **Ordinary Payroll Expense**—Included. Exceptions:
   ___ Excluded. ___ Included only for _____ consecutive calendar days or part thereof.
   c. **Extended Period of Indemnity:** _____ consecutive calendar days.

6. **EXTRA EXPENSE**—Restoration Period and Monthly Percentage Limit—Three months at 40-80-100%.

   Exceptions:

7. **RENTAL INCOME**—a. **Coinsurance:** ___ %. b. **Monthly Limitation:** ___ %

   c. **Extended Period of Indemnity:** ___ consecutive calendar days.

8. **STATE EXCEPTIONS**—Insurable Value—Minnesota and South Carolina

   Bldg. No.    Bldg. $        Bldg. No.    Bldg. $        Bldg. No.    Bldg. $

9. **NUMBERS OF FORMS AND ENDORSEMENTS AT INCEPTION:**
   **PLR 1, PR 20, PR 37, PR 109**

10. **SPECIAL PROVISIONS, if any:**

CP 2226 A 4-78 Printed in U.S.A

T_00586
CONFIDENTIAL

The Travelers

**AMENDATORY PROVISIONS**
**(Applicable to Institutions)**

The following provisions apply only to the premises designated in these declarations:

A. BUILDING AND PERSONAL PROPERTY—STANDARD, BROAD AND SPECIAL FORMS

Coverage Extensions—Such insurance as is afforded for the following "Coverage Extensions" is amended as follows:

1. **Extra Expense**—The limit of liability is increased to $5,000.
2. **Personal Effects**—The limits of liability are increased to $500 for any one person or $5,000 in any one occurrence.
3. **Transportation**—The limit of liability is increased to $5,000.
4. **Valuable Papers and Records**—The limit of liability is increased to $5,000.

B. BUILDING AND PERSONAL PROPERTY—BROAD AND SPECIAL FORMS

1. **Burglary of Personal Property of the Insured and Others:**

   a. The first paragraph of the definition of burglary is amended as follows:

      "BURGLARY" means the felonious abstraction of property from within a building, or a room, closet or safe within a building, by a person feloniously entering or exiting from such building, room, closet or safe by actual force and violence as evidenced by visible marks made by tools, explosives, electricity, or chemicals upon, or physical damage to, the exterior thereof at the place of such entry, or the interior thereof at the place of such exit.

   b. The following definition is added:

      "'Safe' means a safe or vault, the door or doors of which are equipped with at least one combination lock and which doors shall be locked by all such locks at time of loss."

2. **Explosion By Steam Boilers**—Such insurance as is afforded for explosion coverage is extended to include loss resulting from explosion of steam boilers, steam pipes, steam turbines and steam engines if owned by, leased by, or operated under the control of the Insured. This extension does not apply to loss to steam boilers, steam pipes, steam turbines or steam engines.

T_00587
CONFIDENTIAL

The Travelers                   **PROPERTY PROVISIONS**                   PR 1
                                      (Section I)

These provisions apply to all SECTION I—PROPERTY declarations, forms and endorsements unless otherwise speci-
fied. This form does not apply to SECTION I—INLAND MARINE AND BOILER AND MACHINERY declarations, forms
and endorsements.

A. **DUTIES OF THE NAMED INSURED IN THE EVENT OF LOSS**—In the event of loss, the Insured named in the GENERAL DECLARATIONS shall:

1. protect the property from further loss, including, when insured, further loss with respect to loss of earnings, rental income and tuition fees and extra expense that might result in extension of the period of interruption or restoration of business; make reasonable temporary repairs required to protect the property and keep an accurate record of repair expenses;

2. immediately notify the proper police authority of any loss which is due to a violation of law;

3. give written notice of the loss to the Company as soon as practicable;

4. prepare a complete inventory of property to which loss occurs, showing in detail, quantities, description, actual cash value or replacement value of such property and amount of loss; and attach to the inventory all pertinent records and accounts, or certified copies thereof if originals be lost, for verification of each claim made under this policy, and its amount, and permit extracts and copies thereof to be made, if needed;

5. exhibit the remains of the damaged property as often as may be reasonably required by the Company;

6. submit to examination under oath; produce employees or others for such examination to the extent that it is within the Insured's power to do so; and as often as may be reasonably required, produce for examination all pertinent records and accounts, or certified copies thereof if originals be lost, at such reasonable time and place designated by the Company and permit extracts and copies thereof to be made if needed;

7. cooperate with the Company in all matters pertaining to loss or claim;

8. furnish a copy of all descriptions, schedules and declarations in all policies; and

9. submit to the Company within 60 days, when requested, a signed sworn statement of loss stating:

   a. the place, time and cause of loss, including, when insured, the origin of loss causing loss of earnings, rental income and tuition fees and extra expense, when insured;

   b. the interest of the Insured and all others in the property involved and all encumbrances thereon and in the business;

   c. other insurance, whether or not valid, covering in any manner the loss;

   d. any change in the title, nature, location, occupancy, encumbrances or possessions of property or the business during the term of this policy;

   e. specifications of any damaged building and detailed estimates for repair of the damage;

   f. when requested, the actual cash value or replacement value of all undamaged property; and

   g. an inventory of the property to which loss occurred as described in 4. above, and, when insured, the actual amount of loss of earnings, rental income and tuition fees and extra expense, and loss claimed, accompanied by detailed exhibits of all values, costs and estimates upon which such amounts are based.

B. **LEGAL ACTION AGAINST THE COMPANY**—No action shall be brought against the Company unless the Insured has complied with all the policy provisions and such action shall have commenced within 12 months after the loss occurs.

C. **MORTGAGEE PROVISION—BUILDINGS ONLY**

This provision applies to mortgagees named in the declarations. The word "mortgagee" includes "trustee".

Loss to buildings shall be payable to each named mortgagee as interest may appear under all present or future mortgages on the building designated in the declarations in order of precedence of mortgages on them.

As to the mortgagee's interest, this insurance shall not be affected by:

1. any act or neglect of the mortgagor or building owner;

2. any foreclosure or other proceedings or notice of sale relating to the property;

3. any change in the title or ownership of the property; or

4. the occupancy of the premises for purposes more hazardous than are permitted by this policy.

If the Insured shall neglect to pay any premium due under this policy, the mortgagee shall, on demand, pay the premium.

The mortgagee shall notify the Company of any change of ownership or occupancy or increase of hazard which shall come to the mortgagee's knowledge. Unless permitted by this policy, such change of ownership or occupancy or increase of hazard shall be noted on the policy and the mortgagee shall, on demand, pay the premiums for the increased hazard for the term it existed under this policy; otherwise, insurance under this Section shall be null and void.

The Company may cancel this policy by notifying the Insured in accordance with the policy's cancellation provisions. If so canceled, the policy shall continue in force for the benefit only of the mortgagee, unless like notification has also been sent to the mortgagee. The Company may also cancel this mortgagee provision in accordance with the policy's cancellation provisions.

T_00588
CONFIDENTIAL

The Travelers

**PROPERTY PROVISIONS**
(Section I)

PR 1

When the Company pays the mortgagee any sum for loss under this policy and states that the mortgagor or owner had no liability for loss, the Company shall, to the extent of its payment, be legally subrogated to all rights of the mortgagee to whom such payment shall have been made under the mortgage debt. In lieu of taking subrogation, the Company may, at its option, pay to the mortgagee the whole principal due or to grow due on the mortgage, with interest accrued thereon to the date of such payment, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities. However, no subrogation shall impair the right of the mortgagee to recover the full amount of said mortgagee's claim.

If the Insured fails to submit a statement of loss, the designated mortgagee, upon notice, shall submit statement of loss in the form specified in the "Duties of the Named Insured in the Event of Loss" provision of this form within 60 days after receipt of such request and be subject to the provisions of the policy relating to appraisal and time of payment and of bringing suit.

**D. WAR RISK AND GOVERNMENTAL ACTION EXCLUSION**—This insurance shall not apply to loss caused, directly or indirectly, by or due to any act or condition incident to the following:

1. Hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack by: (a) any government or sovereign power (de jure or de facto); (b) any authority maintaining or using military, naval or air forces; (c) military, naval or air forces; or (d) an agent of any such government, power, authority or forces, it being understood that any discharge, explosion or use of any weapon of war employing nuclear fission or fusion shall be conclusively presumed to be such a hostile or warlike action by such a government, power, authority or forces;

2. Insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating or defending against such an occurrence; seizure or destruction under quarantine or custom's regulations, confiscation by order of any government or public authority, or risks of contraband or illegal transportation or trade; or

3. Order of any civil authority, except acts of destruction at the time of and for the purpose of preventing the spread of fire, provided that such fire did not originate from any of the perils excluded by this policy.

**E. NUCLEAR CLAUSE AND NUCLEAR EXCLUSION**

1. NUCLEAR CLAUSE—The word "fire" is not intended to and does not embrace nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled,

and loss by nuclear reaction or nuclear radiation or radioactive contamination is not intended to be and is not insured against, whether such loss be, direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to, or aggravated by fire or any other perils insured against.

However, subject to the foregoing and all provisions of this insurance, direct loss by "fire" resulting from nuclear reaction or nuclear radiation or radioactive contamination is insured against.

2. NUCLEAR EXCLUSION—Loss by nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, or due to any action or condition incident to any of the foregoing is not insured against, whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to, or aggravated by any of the perils insured against and nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, is not explosion or smoke. This exclusion applies to all perils insured against except the peril of fire, which is otherwise provided for in the nuclear clause above.

**F. OTHER INSURANCE**—This insurance is excess over any other insurance available to a Named Insured or any other party having an insurable interest and which would apply in the absence of this insurance. The Company shall be liable only for the excess of loss beyond the amount due from the other insurance, whether or not collectible, not exceeding the applicable limit of liability.

If the Insured has other insurance against a loss insured under Section I, the Company shall not be liable for a greater proportion of the loss than the applicable limit of liability bears to the total applicable limit of liability of all insurance against such loss.

**G. SUBROGATION (Applicable unless otherwise specified in other forms or endorsements)**—The Company shall not be bound to pay any loss if the Insured has impaired any right of recovery for loss. The Insured may, however, release others in writing from liability for loss prior to its occurrence. Such release shall not affect the Insured's right of recovery under this insurance.

**H. PERIOD OF INSURANCE AND TERRITORY**—This insurance applies only to loss occurring during the policy period and which occurs within or between the United States of America, its territories or possessions, Puerto Rico and Canada.

**I. REINSTATEMENT**—In the event of loss, the applicable limit of liability is not reduced.

R 1

T_00589
CONFIDENTIAL

The Travelers

## BUILDING AND PERSONAL PROPERTY
## STANDARD FORM
### (Section I)

PR 20

A. **INSURING AGREEMENT**—The Company agrees to provide insurance in accordance with the provisions of this form and the declarations and other provisions which apply, except as may be modified by endorsement.

B. **PERILS INSURED AGAINST**—The Company insures against direct loss or damage by:
   1. FIRE
   2. LIGHTNING
   3. WINDSTORM OR HAIL
   4. EXPLOSION
   5. RIOT, RIOT ATTENDING A STRIKE, OR CIVIL COMMOTION
   6. SMOKE
   7. VEHICLES OR AIRCRAFT
   8. VANDALISM OR MALICIOUS MISCHIEF
   9. FIRE PROTECTIVE EQUIPMENT DAMAGE
   10. PROPERTY REMOVAL

C. **PROPERTY INSURED**
   1. **BUILDINGS** designated in the declarations and yard fixtures; materials, supplies and temporary structures to be used for construction, repairs or alterations to such buildings; building service equipment; all of which is owned by the Insured and on or within 100 feet of the premises designated in the declarations.
   2. **PERSONAL PROPERTY OF THE INSURED** while in or on a building where such personal property is designated as insured in the declarations, including such property in the open or within vehicles, while on or within 100 feet of the premises designated in the declarations, consisting of:
      a. business personal property usual or incidental to the Insured's occupancy as specified in the GENERAL DECLARATIONS;
      b. tenant's improvements and betterments to buildings occupied but not owned by the Insured; and
      c. the Insured's interest in property of others to the extent of the value of services performed by the Insured.
   3. **PERSONAL PROPERTY OF OTHERS** in the care, custody or control of the Insured while in or on a building where such personal property is designated as insured in the declarations, including such property in the open or within vehicles, while on or within 100 feet of the premises designated in the declarations.

D. **PROPERTY NOT INSURED**
   1. **BUILDINGS**
      a. Bridges or dams; piers, wharves and docks; outdoor swimming pools; beach or diving platforms; growing crops; and land;
      b. Except as provided in the "Coverage Extensions": signs; walks, roadways, curbing and paved surfaces; fences; retaining walls not a part of the building; lawns; trees, plants and shrubs grown for other than commercial purposes; all while located outdoors;
      c. Foundations of buildings, machinery, boilers, engines, or other supports of the building or its equipment which are below the undersurface of the lowest basement floor, or, where there is no basement, below the surface of the ground;
      d. Pilings, piers, pipes, flues and drains which are underground; pilings which are below the low water mark; or
      e. The cost of excavations, grading or filling.
   2. **PERSONAL PROPERTY OF THE INSURED AND OTHERS**
      a. Aircraft;
      b. Watercraft (including motors and equipment) unless held for sale or sold but not delivered, but excluding all watercraft while afloat;
      c. Automobiles, motor trucks, trailers or semi-trailers; all if licensed for use on public thoroughfares or held for sale or sold; but this exclusion does not apply to trailers designed for use with private passenger vehicles if such trailers are held for sale or sold and not licensed;
      d. Any other self-propelled vehicle or machine (not specified in c. above) if licensed for use on public thoroughfares;
      e. Outdoor trees, plants or shrubs grown for other than commercial purposes; or outdoor signs; all except as provided in the "Coverage Extensions";
      f. Money and securities; or
      g. Growing crops.

E. **COVERAGE EXTENSIONS**—Such insurance shown as applicable in the declarations for this form for Buildings or Personal Property also applies to the following extensions.

   Except for the "Coinsurance Provision", all of the provisions of this form, including the "Deductible Provision", apply to these extensions.

   These extensions apply as additional amounts of insurance, except for "Debris Removal" which applies as specified.

   When this and any other form contain like "Coverage Extensions", the amount recoverable shall not exceed the largest amount recoverable under any applicable extension.

   1. **DEBRIS REMOVAL** expenses incurred in the removal of debris of insured property caused by a loss insured against. The total amount recoverable under this form for both loss to property and debris removal expense shall not exceed the limit of liability applying to the property insured; except that if the amount of

CP-2117   4/78   Printed in U S A   11

T_00590
CONFIDENTIAL

BUILDING AND PERSONAL PROPERTY
STANDARD FORM
(Section I)

PR 20

insurance provided by this form at the time of loss is at least 80% of the value of the property, the Insured may apply up to 10% of the value or limit of liability (whichever is less) applicable to the property to which the loss occurs as an additional amount of insurance for debris removal expense, but not to exceed $25,000 in any one occurrence.

Value shall be determined in accordance with the "How Loss Is Settled" provision.

2. **EXTRA EXPENSE** up to $1,000 in any one occurrence for extra expense necessarily incurred to continue as nearly as practicable the normal operation of business following a loss to a building or personal property at the designated premises.

3. **NEWLY ACQUIRED PROPERTY**

   a. Property as described below and acquired during the policy period and used or to be used for the Insured's business when such property is not otherwise insured.

      (1) Under "Buildings" coverage, up to $100,000 in any one occurrence on additions and buildings under construction or buildings newly acquired; and

      (2) Under "Personal Property of the Insured" coverage, up to $50,000 in any one occurrence on property at a newly acquired premises owned or controlled by the Insured and within 100 feet of such premises.

   b. This extension ceases:

      (1) at the time such property is more specifically insured;

      (2) 30 days from the date construction begins;

      (3) 30 days from date of acquisition;

      (4) the date the values of such property are reported to the Company; or

      (5) the date the policy is terminated; whichever occurs first.

   c. Additional premium is due and payable for values so reported from the date construction begins or the date of acquisition.

4. **OFF PREMISES** up to $5,000 in any one occurrence for property insured under "Buildings" and "Personal Property of the Insured" as described below while away from the designated premises and when its removal is incidental and not usual to the Insured's business operations:

   a. for not more than 90 consecutive days, property while temporarily removed from the designated premises and at a location not owned, leased, operated or controlled by the Insured. This insurance does not apply to loss:

      (1) while the property is rented or loaned by the Insured to others;

      (2) after the property is delivered to customers or prospective customers; or

      (3) to outside signs.

   b. in the care, custody or control of a custodian, but excluding such property while in vehicles.

5. **OUTDOOR SIGNS** up to $1,000 in any one occurrence while at the designated premises under insurance covering "Buildings"; and, under insurance covering "Personal Property of the Insured", when the building is not owned by the Insured.

6. **PERSONAL EFFECTS** belonging to the Insured or the Insured's officers, partners or employees up to $250 for any one person or $1,000 in any one occurrence, under insurance covering personal property while located at the designated premises.

7. **PERSONAL PROPERTY OF OTHERS** up to $5,000 in any one occurrence on personal property similar to that insured by this policy while in the Insured's care, custody or control and in or on a building where "Personal Property of the Insured" is designated as insured in the declarations, including such property in the open or within vehicles, while on or within 100 feet of the designated premises.

8. **REPLACEMENT COST** under insurance covering "Buildings" when the full cost of repair or replacement (without deduction for depreciation) of that part of the property sustaining loss is less than $1,000. This extension does not apply to loss by windstorm or hail.

   In the event of loss, the "Replacement Cost" provision of "How Loss Is Settled" will apply in lieu of the "Actual Cash Value" provision.

9. **TRANSPORTATION** up to $2,000 in any one occurrence for loss by a peril insured against under insurance covering "Personal Property of the Insured" away from the designated premises in due course of transit on land vehicles owned or operated by the Insured including loss by the conveying vehicle's collision, upset or overturn and loss while the property is being loaded or unloaded incidental to transit.

   This extension does not apply:

   a. unless so indicated in the declarations;

   b. to property while waterborne, except while on ferries operated on the navigable waters of the Continental United States and Canada, other than to and from Alaska;

   c. to loss caused by the transporting vehicle coming into contact with any portion of the roadbed or curbing or with any stationary object while backing up for loading or unloading purposes;

R 20

Page 2 of 7

T_00591
CONFIDENTIAL

d. to loss caused by the property coming in contact with any object unless the transporting vehicle on which the property is being transported also collides with the object; or

e. to loss to the transporting vehicle (including any part or equipment thereof) or containers.

10. TREES, PLANTS, SHRUBS AND OTHER SPECIFIED PROPERTY—Trees, plants and shrubs grown for other than commercial purposes; lawns; walks, roadways, curbing and paved surfaces; fences; and retaining walls not a part of the building; under insurance covering buildings or personal property and all while located outdoors on the designated premises, against direct loss by fire, lightning, explosion, riot, riot attending a strike, civil commotion or aircraft.

The Company shall only be liable up to $500 on any one tree, plant or shrub, including expenses incurred in removing their debris, but for not more than $5,000 in the aggregate on trees, plants and shrubs in any one occurrence.

11. VALUABLE PAPERS AND RECORDS up to $1,000 in any one occurrence under insurance covering "Personal Property of the Insured" for the cost of research and other expenses necessarily incurred to reproduce, replace or restore valuable papers and records and recording or storage media located at the designated premises.

F. EXCLUSIONS—This form does not insure against loss:

1. while the building, whether intended for occupancy by owner or tenant, is vacant for more than 60 consecutive days immediately preceding the loss, but unoccupancy is permitted except for loss by vandalism or malicious mischief while the building is unoccupied beyond 60 consecutive days immediately preceding the loss;

2. to property more specifically insured in whole or in part by this or any other contract of insurance except for the amount of loss in excess of the amount due from such more specific insurance;

3. resulting directly or indirectly from artificially generated electric current, except for an ensuing insured loss by fire;

4. caused directly or indirectly by the failure, fluctuation or interruption of power or other utility service furnished to the premises if the cause of such failure, fluctuation or interruption occurs away from the premises; however, if loss by a peril insured against ensues at the premises, the Company will be liable only for such ensuing insured loss;

5. occasioned directly or indirectly by enforcement of any ordinance or law regulating the construction, repair, demolition or condemnation, including debris removal expense, or use of any property; or

6. caused by, resulting from, contributed to or aggravated by:

a. earth movement, including but not limited to earthquake, landslide, mudflow, earth sinking, earth rising or shifting;

b. flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water, release of water impounded by a dam, or spray from any of the foregoing, all whether or not driven by wind;

c. water which backs up through sewers or drains; or

d. water below the surface of the ground, including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors;

except for an ensuing insured loss by fire or explosion.

G. DEDUCTIBLE—The deductible amount specified in the declarations shall be deducted from the amount of loss in any one occurrence.

H. HOW LOSS IS SETTLED—The following valuation provisions apply to that part of the property sustaining loss. Value, unless otherwise specified, means the value at the time and place of loss.

1. ACTUAL CASH VALUE—(Applicable unless the "Replacement Cost" provision applies)— Property will be valued at its actual cash value except for the following property for which the value will be determined as described and will not exceed:

a. BUSINESS PROPERTY SOLD BUT NOT DELIVERED—the price at which it was sold by the Insured, less discounts, allowances and expenses not incurred;

b. PERSONAL PROPERTY OF OTHERS—the amount shown in the Insured's receipt issued to the customer, or the actual cash value; whichever is less;

c. PROPERTY IN TRANSIT—The actual cash value of such property at point of shipment;

d. RECORDING OR STORAGE MEDIA (except finished property held for sale)—the cost of such media in unexposed or blank form, except as provided in the "Valuable Papers and Records" extension;

e. STOCK IN PROCESS OF MANUFACTURE—the cost of raw materials and

T_00592
CONFIDENTIAL

BUILDING AND PERSONAL PROPERTY — PR 20
**STANDARD FORM**
**(Section I)**

labor expended plus the proper proportion of overhead charges;

**f. TENANT'S IMPROVEMENTS AND BETTERMENTS**

(1) if repaired or replaced at the expense of the Insured and within a reasonable time after loss, the actual cash value; or

(2) if not repaired or replaced within a reasonable time after loss, that proportion of the original cost of the property which the unexpired term of the lease or rental agreement, whether written or oral, and in effect at the time of loss, bears to the periods from the dates the **tenant's improvements and betterments** were made to the expiration date of the lease or rental agreement;

however, if the property is repaired or replaced at the expense of others, the Company shall not be liable for the loss; and

**g. VALUABLE PAPERS AND RECORDS**—the cost of blank books, blank cards or other blank materials for **valuable papers and records** plus the cost of labor incurred by the Insured for transcribing or copying such records, except as provided in the "Valuable Papers and Records" extension.

**2. REPLACEMENT COST**—(Applicable when the declarations indicate this provision applies). Replacement cost means the full cost of repair or replacement of that part of the property sustaining the loss at the time and place of loss, without deduction for depreciation.

**a.** If the property is repaired or replaced, its value will be its replacement cost not exceeding the lesser of:

(1) the replacement cost of the property equivalent to the property sustaining the loss and intended for the same occupancy and use and on the same premises; or

(2) the amount actually and necessarily expended in repairing or replacing the property.

If the property is not repaired or replaced, it shall be valued in accordance with the "Actual Cash Value" provision.

The Insured may elect to disregard this provision and make claim on an **actual cash value** basis. However, further claim for any additional amount on a replacement cost basis may then be made, provided the Company is notified in writing within 180 days after the date of loss.

**b. THE REPLACEMENT COST PROVISION DOES NOT APPLY:**

(1) unless the declarations so indicate;

(2) to stock or merchandise, including materials and supplies therefor;

(3) unless and until the property sustaining the loss is actually repaired or replaced with due diligence and dispatch; or

(4) to the following property which shall be valued in accordance with the "Actual Cash Value" provision:

    (a) obsolete property which is not in use;

    (b) household contents, personal effects, domestic appliances, carpeting, awnings, air conditioners, outdoor equipment or articles of art, rarity or antiquity; or

    (c) personal property of others; business property sold but not delivered; recording or storage media; tenant's improvements and betterments; stock in process of manufacture; or property in transit.

**3. COINSURANCE**—The Company shall not be liable for a greater proportion of any loss to the property than the applicable limit of liability bears to the amount produced by multiplying the value of such property to which such limit applies by the coinsurance percentage specified in the declarations.

The value of the property shall be determined in accordance with the "How Loss Is Settled" provisions.

The "Coinsurance" provision does not apply to insurance provided under "Coverage Extensions" or which is subject to special limits of liability.

**4. LIMITS OF LIABILITY**—The Company shall not be liable in any one loss for more than:

**a.** the interest of the Insured in the property (except personal property owned by others for which insurance is specifically provided); or

**b.** the applicable limit specified in the declarations or in this or any other form or endorsement;

whichever is less.

In no event shall the Company be liable for a greater proportion of loss than the applicable limit of liability bears to the total applicable limit of liability of all insurance covering such loss.

**5. PAYMENT OF LOSS**—The Company will pay all adjusted claims within 30 days after presentation and acceptance of the statement of loss.

**6. APPRAISAL**—If the Insured and the Company fail to agree on the amount of the loss, either can demand that the amount of loss be set by

T_00593
CONFIDENTIAL

The Travelers    BUILDING AND PERSONAL PROPERTY
STANDARD FORM
(Section I)
    PR 20

appraisal. If either party makes a written demand for appraisal, each shall select a competent independent appraiser. Each shall notify the other of the selected appraiser's identity within 20 days of the receipt of the written demand.

The two appraisers shall select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, the Insured or the Company may petition a judge of a Court of Record in the state where the insured premises is located to select an umpire.

The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to the Company, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. A written agreement signed by any two of these three shall set the amount of loss.

Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and compensation of the umpire shall be paid equally by the Insured and the Company.

7. **PRIVILEGE TO ADJUST LOSSES WITH OWNER OF PROPERTY**—Loss shall be adjusted as follows:

   a. On property owned by the Insured or in which the Insured has an interest, loss shall be adjusted with and payable to the Insured.

   b. Where another payee is specifically named in the policy, loss shall be adjusted with the insured but shall be payable to the Insured and such other payee as interest may appear.

   c. In the event claim is made for loss to property of others held by the Insured, the right to adjust such loss with the owner or owners of the property is reserved to the Company and the receipt of payment by such owner or owners in satisfaction thereof shall be in full satisfaction of any claim of the Insured for which such payment has been made.

   If legal proceedings be taken to enforce a claim against the Insured as respects any such loss, the Company reserves the right at its option without expense to the Insured to conduct and control the defense on behalf of and in the name of the Insured. No action of the Company in such regard shall increase its liability under the policy, nor increase the applicable limits of liability specified in the policy.

8. **COMPANY'S OPTIONS**—If the Company gives notice within 30 days after it has received a signed sworn statement of loss, it shall have the option to take all or any part of the property to which the loss occurred at an agreed value, or to repair, rebuild or replace it with equivalent property.

9. **WAIVER OF INVENTORY**—If the total claim for any loss is both less than $10,000 and less than 5% of the applicable limit of liability, no special inventory or appraisal of the undamaged property will be required, but this shall not be construed to waive the application of the "Coinsurance" provision.

10. **ABANDONMENT OF PROPERTY**—There can be no abandonment of the property to the Company without the consent of the Company.

I. **CONDITIONS**

1. **INCREASE OF HAZARD**—The Company shall not be liable for loss occurring while the hazard is increased by any means within the control or knowledge of the Insured unless the Company has received prior written notice. However, except as otherwise provided, permission is granted to make alterations and repairs.

2. **NO CONTROL**—This insurance shall not be prejudiced by any act or neglect of any person (other than the Insured) or by the failure of the Insured to comply with any warranty or condition of this policy when such act, neglect or failure is not within the control of the Insured.

J. **DEFINITIONS**

1. **"ACTUAL CASH VALUE"** means replacement cost less depreciation (including obsolescence) of that part of the property sustaining loss at the time and place of loss, but not exceeding the cost to repair or replace with material of like kind and quality within reasonable time after the loss.

2. **"BUILDING"** or **"BUILDINGS"** includes structures; additions and extensions attached to the building or structure; fixtures, machinery and equipment; all forming a permanent part of and pertaining to the service of a building.

3. **"BUILDING SERVICE EQUIPMENT"** means personal property used for the maintenance or service of the premises, including fire extinguishing apparatus, floor coverings, outdoor furniture and appliances for refrigerating, ventilating, cooking, dishwashing and laundering; but does not include other personal property in apartments or rooms furnished by the Insured.

4. **"CUSTODIAN"** means the Insured, a partner or an officer of the Insured or any employee who is in the regular service of and authorized by the Insured to have the care, custody or control of the property.

T_00594
CONFIDENTIAL

5. **EXPLOSION** means direct loss by explosion, including direct loss resulting from the explosion of accumulated gases or unconsumed fuel within the firebox (or combustion chamber) of any fired vessel or within the flues or passages which conduct the gases of combustion therefrom; but does not include loss by:

   a. explosion of steam boilers, steam pipes, steam turbines or steam engines, if owned by, leased by or operated under the control of the Insured;

   b. rupture or bursting of rotating or moving parts of machinery caused by centrifugal force or mechanical breakdown;

   c. rupture or bursting of water pipes;

   d. rupture or bursting due to expansion or swelling of the contents of any building caused by or resulting from water;

   e. rupture, bursting or operation of pressure relief devices;

   f. sonic boom;

   g. electric arcing; or

   h. water hammer.

6. **"EXTRA EXPENSE"** means the excess of the total cost incurred during the period of indemnity and chargeable to the operation of the Insured's business over and above the total cost that would normally have been incurred to conduct the business during the same period had no loss occurred, but does not include loss of income. Any salvage value of property obtained for temporary use during the same period of indemnity and remaining after the resumption of normal operations shall be taken into consideration in the adjustment of any loss.

7. **"FIRE PROTECTIVE EQUIPMENT"** means tanks, water mains, hydrants, or valves and any other equipment whether used solely for fire protection or jointly for fire protection and for other purposes but does not include:

   a. branch piping from a joint system where such branches are used entirely for purposes other than fire protection;

   b. any underground water mains or appurtenances located outside of the premises or forming a part of a public water distribution system; or

   c. any pond or reservoir.

8. **"FIRE PROTECTIVE EQUIPMENT DAMAGE"** means direct loss by leakage or discharge of water or other substance from within any part of the fire protective equipment and collapse or fall of a tank forming a part of such equipment.

   In the event of such loss, and when the building is insured, fire protective equipment damage also includes the cost of repair or replacement of such equipment when the loss is directly

caused by breakage of any of its parts or by freezing.

9. **"MONEY"** means currency, coins, bank notes, travelers checks, register checks and money orders held for sale to the public.

10. **"PERIOD OF INDEMNITY"** means the length of time required with the exercise of due diligence and dispatch to rebuild, repair or replace that part of the property sustaining loss, commencing with the date of the loss but not limited by the date of termination of this insurance.

11. **"PROPERTY REMOVAL"** means direct loss by removal of property from premises endangered by a peril insured against, including coverage pro rata for 30 days at each proper place to which the property shall necessarily be removed for preservation from, or repair of, damage caused by such peril.

12. **"RECORDING OR STORAGE MEDIA"** means film, tape, disc, drum, cell and other recording or storage media for electronic data processing.

13. **"RIOT, RIOT ATTENDING A STRIKE, OR CIVIL COMMOTION"** means direct loss by riot, riot attending a strike, or civil commotion, including direct loss by acts of striking employees of the owner or tenants of the building while occupied by said striking employees, or pillage and looting occurring during and at the immediate place of a riot, riot attending a strike, or civil commotion. This peril does not include loss due to change in temperature or humidity or interruption of operations.

14. **"SECURITIES"** means all negotiable and non-negotiable instruments or contracts representing either money or other property and includes revenue or other stamps, tokens and tickets; but does not include money.

15. **"SMOKE"** means only direct loss by the sudden and accidental damage from smoke, other than smoke from industrial operations or agricultural smudging.

16. **"SONIC BOOM"** means only direct loss by shock waves caused by aircraft.

17. **"TENANT'S IMPROVEMENTS AND BETTERMENTS"** means the Insured's use interest in fixtures, alterations, installations or additions comprising a part of the building occupied but not owned by the Insured and made or acquired at the Insured's expense exclusive of rent paid by the Insured, but which are not legally subject to removal by the Insured.

18. **"UNOCCUPIED"** or **"UNOCCUPANCY"** means containing contents pertaining to occupancy of the building while operations or other customary activities are suspended. A suspension of

T_00595
CONFIDENTIAL

operations or period of inactivity during part of the year which is usual and incidental to the occupancy of the building shall not be deemed as unoccupancy.

19. "VACANT" or "VACANCY" means containing no contents pertaining to operations or activities customary to occupancy of the building, but does not mean a building under construction.

20. "VALUABLE PAPERS AND RECORDS" means written, printed or otherwise inscribed documents and records pertaining to the Insured's business, including books of account, card index systems, maps, drawings, abstracts, deeds, mortgages and manuscripts, but does not mean money, securities, recording or storage media, or property held as samples or for sale or for delivery after sale.

21. "VANDALISM OR MALICIOUS MISCHIEF" means only direct loss by willful and malicious damage to or destruction of property, but does not include loss:

a. to glass (other than glass building blocks) forming a part of a building;

b. by pilferage, theft, burglary or larceny, except for willfull damage to a building caused by burglars in gaining entrance to or exit from the building or attempt thereat;

c. by explosion of steam boilers, steam pipes, steam turbines or steam engines, if owned by, leased by, or operated under the control of the Insured; or by rupture or bursting of rotating or moving parts of machinery caused by centrifugal force or mechanical breakdown;

d. while the building (whether intended for occupancy by owner or tenant) is vacant or unoccupied beyond 60 consecutive days immediately preceding the loss whether or not such vacancy or unoccupancy commenced prior to the attachment date of the policy;

e. resulting from change in temperature or humidity, unless specifically endorsed; or

f. to outside signs.

22. "VEHICLES OR AIRCRAFT" means only direct loss by actual physical contact between aircraft (including objects falling therefrom) or vehicles and the insured property or buildings containing the insured property. "Aircraft" also includes self-propelled missiles and spacecraft.

This peril does not include loss:

a. by any vehicle owned or operated by the Insured or any tenant of the premises, including their employees; or

b. to any aircraft or vehicle including its contents.

23. "WINDSTORM OR HAIL" means direct loss by wind or hail but does not include loss:

a. caused directly or indirectly by frost, cold weather, ice (other than hail), snow or sleet, whether or not driven by wind;

b. to the interior of a building or personal property within a building caused by rain, snow, sand or dust all whether or not driven by wind, unless such loss is a result of an opening having first been made in the roof or walls of a building by the direct action of wind or hail; or

c. to outdoor radio or television antennas, including their lead-in wiring, masts or towers.

T_00596
CONFIDENTIAL

The Travelers

# STANDARD FIRE POLICY PROVISIONS FORM
## (Section I)

PR 37

This form contains the provisions of the Standard Fire Policy. With respect to insurance against loss by fire, lightning or removal from premises endangered by fire or lightning as contained in the Standard Fire Policy, nothing in this policy shall limit or restrict the rights and privileges granted the insured by the provisions of the Standard Fire Policy.

In Consideration of the Provisions and Stipulations Herein or Added Hereto and of the Premium Specified in the declarations (or specified in endorsement attached hereto), this Company, for the term from inception date shown in the declarations at 12:01 A.M. (Standard Time) to expiration date shown in the declarations at 12:01 A.M. (Standard Time) at location of property involved, to an amount not exceeding the amount(s) specified herein, does insure the insured named in the declarations and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the insured, against all DIRECT LOSS BY FIRE, LIGHTNING AND OTHER PERILS INSURED AGAINST IN THIS POLICY INCLUDING REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY, EXCEPT AS HEREINAFTER PROVIDED, to the property described herein while located or contained as described in this policy, or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation from the perils insured against in this policy, but not elsewhere.

Assignment of this policy shall not be valid except with the written consent of this Company.

This policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this policy, together with such other provisions, stipulations and agreements as may be added hereto, as provided in this policy.

---

State Exceptions—Page 2 of this form is amended as follows:

1  **Maine**—The words "twelve months" in line 161 are changed to "two years".

2  **Missouri**
   a.  Includes Standard Fire Insurance Policy for Missouri.
   b.  Lines 60-67 of this form are amended as follows:
   "This Policy may be canceled, not renewed, reduced in amount or adversely modified at any time by the Company by giving to the insured a thirty days' written notice of such action with or without tender of the excess of paid premium above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand. Only five days' notice is required where such action is based upon nonpayment of premium or evidence of incendiarism by the insured."
   c.  Lines 141-147 of this form are amended as follows:
   "Upon partial destruction or damage to insured property, this Company shall pay the insured a sum of money equal to the damage done or repair to the same to the extent of such damage, not exceeding the amount written in the policy, so that said property shall be in as good condition as before the fire, at the option of the insured, pursuant to Section 379.150 RSMO 1969."

PR 37

T_00597
CONFIDENTIAL

The Travelers

# STANDARD FIRE POLICY PROVISIONS FORM
## (Section I)

PR 37

PR 37

Page 2 of 3

T_00598
CONFIDENTIAL

**The Travelers**                **NEW YORK AMENDATORY ENDORSEMENT**                **PR 109**
**(Section I)**

A   As respects the PROPERTY PROVISIONS, the "Nuclear Clause and Nuclear Exclusion" provision is replaced by the following

   **NUCLEAR CLAUSE**—This policy does not cover loss or damage caused by nuclear reaction or nuclear radiation or radioactive contamination, all whether directly or indirectly resulting from an insured peril under this policy.

B.  As respects the PROPERTY PROVISIONS, under "Legal Action Against The Company", "12 months" is changed to "two years".

C.  As respects the Standard, Broad or Special forms, the following is added to the "How Loss Is Settled" provision:

   The following provision pertaining to payment of liens on proceeds of fire insurance shall be included in a policy providing coverage for peril of fire and insuring the interest of an owner in any residential, commercial or industrial building or structure except a one or two family residential structure:

   Prior to the payment of any proceeds under this insurance otherwise payable to the insured for damages resulting to the premises from a loss occasioned by fire, the Company will deduct therefrom and pay the claim of any tax district which renders a certificate of lien pursuant to the Insurance law. Upon the payment of such claim the Company shall, to the extent of such payment, be released from any obligation to pay the same to the Insured and that the payment of any such claim within 30 days of receipt by the Company of the certificate of lien shall, as between the Insured and the Company, operate as a conclusive presumption that such claim was valid and properly paid.

T_00599
CONFIDENTIAL

**The Travelers**

### BUILDING, PERSONAL PROPERTY AND TIME ELEMENT DECLARATIONS
#### (Section 1—Standard, Broad or Special Forms)



1. **POLICY NO:** 650-584A016-3-COF-79          **ISSUE DATE:** 10/23/79

2. **EFFECTIVE DATE**—Same as policy unless otherwise specified:

3. **COVERAGES, LIMITS OF LIABILITY AND APPLICABLE FORMS**—Insurance applies only to a coverage and at a premises for which a limit of liability is inserted. A limit under "Blanket" applies to a coverage and at a premises for which "Included" is inserted. An "X" indicates the applicable form.

| Coverages | Bldg. No. 3 | Bldg. No. ___ | Bldg. No. ___ | Blanket | Standard | Broad | Special |
|---|---|---|---|---|---|---|---|
| Buildings | $ | $ | $ | $ | ___ | ___ | ___ |
| Pers. Prop. of Insured | $ 2,200 | $ | $ | $ | ___ | ___ | X |
| Pers. Prop. of Others | $ | $ | $ | $ | ___ | ___ | ___ |
| Business Interruption | $ | $ | $ | $ | ___ | ___ | ___ |
| Extra Expense | $ | $ | $ | $ | ___ | ___ | ___ |
| Rental Income | $ | $ | $ | $ | ___ | ___ | ___ |

*Limits of Liability — Premises at* / *Applicable Form*

4. **BUILDINGS AND PERSONAL PROPERTY OF THE INSURED AND OTHERS**

    a. **Deductible**—$100. b. **Coinsurance**—80%. c. **Mortgagee**—Building Coverage only
    Exception:         Exception:        Bldg. No.:        Name and Address

    **$250**

    d. **Optional Coverages**—Applies to the following only when indicated by an "X" and provided for in the form:
    **Personal Property of the Insured and Others**    **Replacement Cost Provision**
    __ Burglary and Robbery (Broad Form)    __ Buildings
    __ Theft (Special Form)    __ Personal Property of the Insured
    __ **Transportation Extension**—Personal Property of the Insured.

5. **BUSINESS INTERRUPTION**—a. **Coinsurance:** ___ ___ %. b. **Ordinary Payroll Expense**—Included. Exceptions:
    __ Excluded. __ Included only for _____ consecutive calendar days or part thereof.
    c **Extended Period of Indemnity:** _____ consecutive calendar days.

6. **EXTRA EXPENSE**—Restoration Period and Monthly Percentage Limit—Three months at 40-80-100%.

    Exceptions.

7. **RENTAL INCOME**—a. **Coinsurance:** ___ % b. **Monthly Limitation:** ___ %

    c. **Extended Period of Indemnity:** ___ ___ consecutive calendar days.

8. **STATE EXCEPTIONS**—Insurable Value—Minnesota and South Carolina

    Bldg. No.    Bldg. $        Bldg. No.    Bldg. $        Bldg. No.    Bldg. $

9. **NUMBERS OF FORMS AND ENDORSEMENTS AT INCEPTION:**
    PR 1, PR 24, PR 37, PR 109

10. **SPECIAL PROVISIONS,** if any: **EXCEPT $100 SHALL APPLY TO ALL INSURED LOSSES UNDER COVERAGE A; AND $100 SHALL APPLY TO INSURED LOSSES UNDER COVERAGE B IF CAUSED BY FIRE, LIGHTNING, WINDSTORM, HAIL, EXPLOSION, RIOT OR CIVIL COMMOTION, SMOKE, SPRINKLER LEAKAGE, VEHICLES OR AIRCRAFT.**

CP-2229-A  4-74  Printed in U.S.A

T_00600
CONFIDENTIAL

**The Travelers**       **BUILDING AND PERSONAL PROPERTY SPECIAL FORM**       **PR 24**
(Section I)

**A. INSURING AGREEMENT—The** Company agrees to provide insurance in accordance with the provisions of this form and the declarations and other provisions which apply. except as may be modified by endorsement.

The Company insures against all risks of direct physical loss or damage except as otherwise provided in this form and any other provisions of the policy which apply.

**B. PROPERTY INSURED**

1. BUILDINGS designated in the declarations and yard fixtures; materials, supplies and temporary structures to be used for construction, repairs or alterations to such buildings; building service equipment; all of which is owned by the Insured and on or within 100 feet of the premises designated in the declarations.

2. PERSONAL PROPERTY OF THE INSURED while in or on a building where such personal property is designated as insured in the declarations, including such property in the open or within vehicles, while on or within 100 feet of the premises designated in the declarations, consisting of:

   a. business personal property usual or incidental to the Insured's occupancy as specified in the GENERAL DECLARATIONS.

   b. tenant's improvements and betterments to buildings occupied but not owned by the Insured; and

   c. the Insured's interest in property of others to the extent of the value of services performed by the Insured.

3. PERSONAL PROPERTY OF OTHERS in the care, custody or control of the Insured while in or on a building where such personal property is designated as insured in the declarations, including such property in the open or within vehicles, while on or within 100 feet of the premises designated in the declarations.

**C. PROPERTY EXCLUDED OR SUBJECT TO LIMITA- TIONS—**This form does not insure against loss or damage:

1. UNDER BUILDINGS AND PERSONAL PROPERTY

   a. to awnings, outdoor equipment, or other property, all while outside of buildings, caused by rain, ice, snow or sleet;

   b. except as otherwise provided in this policy, while the building, whether intended for occupancy by owner or tenant, is vacant for more than 60 consecutive days immediately preceding the loss, but unoccupancy is permitted except for loss by vandalism and malicious mischief while the building is unoccupied beyond 60 consecutive days immediately preceding the loss.

   c. to plumbing, heating, air conditioning or other equipment or appliances (except fire protective equipment) or by discharge, leakage or overflow from such equipment or appliances caused by or resulting from freezing while the building is vacant or unoccupied; however this exclusion does not apply to loss.

   (1) occurring during unoccupancy of the building; or

   (2) if the building has not been vacant beyond 60 consecutive days immediately preceding the loss,

   and providing, during the unoccupancy or vacancy, the Insured shall have exercised due diligence with respect to maintaining heat in the building or unless such equipment and appliances had been drained and the water supply shut off.

   d. to machines or machinery caused by rupture, bursting or disintegration of their rotating or moving parts resulting from centrifugal or reciprocating force.

   e. to a building under construction including materials, equipment and supplies therefore, except for direct loss by specified perils other than burglary, robbery, collapse of building, falling objects or weight of snow, ice or sleet;

   f. to property more specifically insured in whole or in part by this or any other contract of insurance except for the amount of loss in excess of the amount due from such more specific insurance.

   g. to outdoor signs, except as provided in the Coverage Extensions.

   h. to trees, plants and shrubs grown for other than commercial purposes, except for direct loss by specified perils other than windstorm or hail (unless the property is contained in a building) or weight of snow, ice or sleet; or

   i. to steam boilers, steam pipes, steam turbines or steam engines caused by any condition or occurrence within such boilers, pipes, turbines or engines, except direct loss resulting from explosion of accumulated gases or unconsumed fuel within the fire box or combustion chamber of any fired vessel or within the flues or passages which conduct the gases of combustion therefrom; or to hot water boilers or other equipment for heating water caused by any condition or occurrence within such boilers or equipment other than an explosion.

PR 24

Page 1 of 10

T_00601
CONFIDENTIAL

**The Travelers**

## BUILDING AND PERSONAL PROPERTY SPECIAL FORM
### (Section I)



**2  UNDER BUILDINGS**

a. to the interior of a building caused by rain, snow, sand or dust, all whether driven by wind or not, unless:

  (1) the building shall first sustain an actual damage to roof or walls by the direct action of wind or hail, and then the Company shall be liable only for direct loss to the interior of the building as may be caused by rain, snow, sand or dust entering the building through openings in the roof, or walls made by direct action of wind or hail; or

  (2) direct loss results from specified perils other than windstorm or hail;

b. to bridges or dams; piers, wharves and docks; outdoor swimming pools; beach or diving platforms; growing crops; or land;

c. to walks, roadways, curbing and paved surfaces; fences; retaining walls not a part of the building; lawns; trees, plants and shrubs grown for other than commercial purposes; all while located outdoors and except as provided in the "Coverage Extensions".

d. to foundations of buildings, machinery, boilers, engines, or other supports of the building or its equipment which are below the undersurface of the lowest basement floor, or, where there is no basement, below the surface of the ground;

e. to pilings, piers, pipes, flues and drains which are underground; or pilings which are below the low water mark; or

f. for the cost of excavations, grading or filling.

**3  UNDER PERSONAL PROPERTY**

a. to live animals, birds or fish except when held for sale but not delivered, and then only against death or destruction directly resulting from or made necessary by specified perils;

b. to property while being used in any test, experiment or research project; except for direct loss by specified perils;

c. to aircraft;

d. to watercraft (including motors and equipment) unless held for sale or sold but not delivered but excluding all watercraft while afloat;

e. to automobiles, motor trucks or trailers, all if licensed for use on public thoroughfares or held for sale or sold; but this exclusion does not apply to trailers designed for use with private passenger vehicles if such trailers are held for sale or sold and not licensed;

f. to any other self-propelled vehicle or machine, (not specified in e. above) if licensed for use on public thoroughfares;

g. to money and securities; or

h. to growing crops.

**D.  PERILS EXCLUDED OR SUBJECT TO LIMITATIONS—This form does not insure against loss or damage:**

**1.  TO BUILDINGS AND PERSONAL PROPERTY.**

a. caused by deterioration, inherent vice, or latent defect, wear and tear, rust, corrosion, insects, termites or vermin; unless direct loss by specified perils ensues, and then the Company shall be liable only for such ensuing insured loss;

b. caused by animal or insect, mold, mildew, wet or dry rot, smog; fungus, decay, or gas from agricultural or industrial operations; unless direct loss by a peril not otherwise excluded ensues, and then the Company shall be liable only for such ensuing insured loss;

c. caused by actual work upon or installation or erection of property, unless direct loss by specified perils ensues, and then the Company shall be liable only for such ensuing insured loss;

d. occasioned directly or indirectly by enforcement of any ordinance or law regulating the construction, repair, demolition or condemnation, including debris removal expenses, or use of any property;

e. caused by failure, breakdown or derangement of machinery or equipment, unless direct loss by specified perils ensues, and then the Company shall be liable only for such ensuing insured loss;

f. caused by continuous or repeated seepage or leakage of water or steam from within a plumbing, heating or air conditioning system or domestic appliance which occurs over a period of weeks, months or years;

g. resulting directly or indirectly from artificially generated electric current, except for an ensuing insured loss by fire;

h. caused directly or indirectly by the failure, fluctuation or interruption of power or other utility service furnished to the premises if the cause of such failure, fluctuation or interruption occurs away from the premises; however, if loss by a peril not otherwise excluded ensues at the premises, the Company will be liable only for such ensuing insured loss;

i. caused by explosion of steam boilers, steam pipes, steam turbines or steam engines (except direct loss resulting from the explosion of accumulated gases or unconsumed fuel within the firebox or combustion chamber of any fired vessel or within the flues or passages which conduct the gases of combustion therefrom) if owned by, leased by or operated under the control of the insured, or for any ensuing loss except by fire or explosion not otherwise excluded, and then the

T_00602
CONFIDENTIAL

Company shall be liable only for such ensuing insured loss;

j. caused by:

(1) shortage of property disclosed by taking inventory;

(2) mysterious or unexplained disappearance; or

(3) voluntary parting with title or possession of any property by the insured or others to whom the property may be entrusted if induced to do so by any fraudulent scheme, trick or device, or false pretense;

k. caused by, resulting from, contributed to or aggravated by the following:

(1) earth movement, including but not limited to earthquake, landslide, mudflow, earth sinking, earth rising or shifting;

(2) flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water, release of water impounded by a dam, or spray from any of the foregoing, or other water from natural sources whether on or below ground;

(3) water which backs up through sewers or drains; or

(4) water below the surface of the ground, including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors.

however, this exclusion does not apply

(a) to an ensuing insured loss by fire or explosion.

(b) with respect to Exclusions (2) and (4) above, to loss by water

(i) from any plumbing, heating or air conditioning system above or below ground on the designated premises; or

(ii) indirectly caused by fire, vehicles or aircraft or vandalism or malicious mischief, all originating on or away from the premises; or

(c) with respect to Exclusion (3) above, to loss by water back-up, other than from a septic tank or cesspool, when the cause of the water back-up originates on the premises;

2. TO BUILDINGS

a. caused by settling, cracking, shrinkage, bulging or expansion of pavements, foundations, walls, floors, roofs or ceilings; unless direct loss by a peril not otherwise excluded ensues, and then the Company shall be liable only for such ensuing insured loss;

b. caused by theft of property that is not an integral part of the building at the time of loss

unless direct loss by a peril not otherwise excluded ensues and then the Company shall be liable only for such ensuing insured loss;

3. TO PERSONAL PROPERTY

a. caused by theft unless shown as applicable in the declarations;

b. caused by:

(1) any legal proceeding or threat thereof;

(2) delay or loss of market; or

(3) consequential loss of any kind except as provided in the "Debris Removal" or "Extra Expense" Coverage extension.

c. caused by error, omission or deficiency in design, specifications, workmanship or materials; unless direct loss by specified perils ensues, and then the Company shall be liable only for such ensuing insured loss;

d. caused by marring, scratching, shrinkage, evaporation, leakage, loss of weight, contamination, or change in flavor, color, texture or finish, except for direct loss by specified perils;

e. caused by dampness or dryness of atmosphere or changes in temperature;

f. caused by breakage of patterns, dies, molds, models or forms except for direct loss by specified perils;

g. caused by breakage of glass, glassware, statuary, marbles, bric-a-brac, porcelains and other articles of a fragile or brittle nature, except for direct loss by specified perils; however, this exclusion does not apply to bottles or similar containers of property for sale, or sold but not delivered, or to lenses of photographic or scientific instruments; or

h. due to

(1) any fraudulent, dishonest or criminal act or omission done by or at the instigation of any insured, partner or joint adventurer in or of any insured, an officer, director or trustee of any insured; or

(2) pilferage, appropriation or concealment of any property due to any fraudulent, dishonest or criminal act of

(a) any employee, while working or otherwise, or whether acting alone or in collusion with others;

(b) an agent of an insured; or

(c) any person to whom the property may be entrusted;

however, this exclusion does not apply to an ensuing insured loss by specified perils other than burglary or robbery, if the loss arises from an act or omission by a person other than the insured.

T_00603
CONFIDENTIAL

Travelers

## BUILDING AND PERSONAL PROPERTY SPECIAL FORM
### (Section I)

PR 24

E. **COVERAGE EXTENSIONS**—Such insurance shown as applicable in the declarations for this form for Building or Personal Property also applies to the following extensions.

Except for the "Coinsurance Provision", all of the provisions of this form, including the "Deductible Provision", apply to these extensions.

These extensions apply as additional amounts of insurance, except for "Debris Removal" which applies as specified.

When this and any other form contain like "Coverage Extensions", the amount recoverable shall not exceed the largest amount recoverable under any applicable extension.

1. BUILDING DAMAGE BY THEFT (when theft is insured under "Personal Property of the Insured") to that part of the building occupied by the Insured and containing insured property, and to building service equipment within the building, provided the Insured owns the building or is liable for damage.

   The Company shall not be liable for damage by fire or explosion, or to glass (other than glass building blocks) or to any lettering or ornamentation on glass.

2. DEBRIS REMOVAL expense incurred in the removal of debris of insured property occasioned by a loss insured against. The total amount recoverable under this form for both loss to property and debris removal expense shall not exceed the limit of liability applying to the property insured; except that if the amount of insurance provided by this form at the time of loss is at least 80% of the value of property, the Insured may apply up to 10% of the limit of liability applicable to the property to which the loss occurs as an additional amount of insurance for debris removal expense, but not to exceed $25,000 in any one occurrence.

   Value shall be determined in accordance with the "How Loss Is Settled" provision.

3. EXTRA EXPENSE up to $1,000 in any one occurrence for extra expense necessarily incurred to continue as nearly as practicable the normal operation of business following a loss to a building or personal property at the designated premises.

4. NEWLY ACQUIRED PROPERTY

   a. Property as described below and acquired during the policy period and used or to be used for the Insured's business when such property is not otherwise insured.

      (1) Under "Building" coverage, up to $100,000 in any one occurrence on additions and buildings under construction or buildings newly acquired; and

      (2) Under "Personal Property" of the Insured" coverage, up to $50,000 in any one occurrence on property at a newly acquired premises, owned or controlled by the Insured and within 100 feet of such premises.

   b. This extension ceases:

      (1) at the time such property is more specifically insured;

      (2) 30 days from the date construction begins;

      (3) 30 days from date of acquisition;

      (4) the date the values of such property are reported to the Company; or

      (5) the date the policy is terminated;

      whichever occurs first.

   c. Additional premium is due and payable for values so reported from the date construction begins or the date of acquisition.

5. OFF PREMISES up to $5,000 in any one occurrence for property insured under "Buildings" and "Personal Property of the Insured" as described below while away from the designated premises and when its removal is incidental and not usual to the Insured's business operations:

   a. for not more than 90 consecutive days, property while temporarily removed from the designated premises and at a location not owned, leased, operated or controlled by the Insured. This insurance does not apply to loss:

      (1) while the property is rented or loaned by the Insured to others;

      (2) after the property is delivered to customers or prospective customers; or

      (3) to outside signs.

   b. in the care, custody or control of a custodian, but excluding such property while in vehicles.

6. OUTDOOR SIGNS up to $1,000 in any one occurrence while at the designated premises under insurance covering "Buildings"; and, under insurance covering "Personal Property of the Insured", when the building is not owned by the Insured; only against direct loss by specified perils, other than vandalism or malicious mischief.

7. PERSONAL EFFECTS belonging to the Insured or the Insured's officers, partners or employees, up to $250 for any one person or $1,000 in any one occurrence. Under insurance covering personal property while located at the designated premises, only against direct loss by specified perils.

8. PERSONAL PROPERTY OF OTHERS up to $5,000 in any one occurrence on personal property similar to that insured by this policy

T_00604
CONFIDENTIAL

**The Travelers**    **BUILDING AND PERSONAL PROPERTY SPECIAL FORM**    **PR 24**
(Section I)

while in the Insured's care, custody or control and in or on a building where "Personal Property of the Insured" is designated as insured in the declarations, including such property in the open or within vehicles, while on or within 100 feet of the designated premises.

9. **PROPERTY REMOVAL** under insurance covering buildings and personal property of the Insured and others for direct loss by removal of property from premises endangered by a peril not otherwise excluded, including coverage pro rata for 30 days at each proper place to which the property shall necessarily be removed for preservation from, or repair of damage caused by such peril.

10. **REPLACEMENT COST** under insurance covering "Buildings" when the full cost of repair or replacement (without deduction for depreciation) of that part of the property sustaining loss is less than $1,000. This extension does not apply to loss by windstorm or hail

In the event of loss, the Replacement Cost provision of How Loss is Settled applies in lieu of the Actual Cash Value provision

11. **TRANSPORTATION** up to $2,000 in any one occurrence under insurance covering Personal Property of the Insured away from the designated premises in due course of transit on and within the limits owned or operated by the Insured including loss while the property is being loaded or unloaded incidental to transit

This extension does not apply

a. unless so indicated in the declarations.

b. to property while waterborne except while on ferries operated on the navigable waters of the Continental United States and Canada other than to and from Alaska.

c. to loss caused by the transporting vehicle coming into contact with any portion of the roadbed or curbing or with any stationary object while backing up for loading or unloading purposes.

d. to loss caused by the property coming into contact with any object unless the transporting vehicle on which the property is being transported also collides with the object.

e. to loss to the conveying vehicle (including any part or equipment thereof) or containers;

f. to loss by theft from any vehicle while unattended unless the vehicle is of entirely closed construction and, at the time of loss, its doors shall have been securely locked and its windows firmly closed, and the loss is a direct result of forcible entry of which there shall be visible evidence;

g. to loss by ice, hail, rain, snow or sleet to property in a vehicle not equipped with a body of entirely enclosed construction; or

h. to loss by chipping, denting, bending, chafing, spotting, leakage of liquids or breakage, but this exclusion does not apply to direct loss by specified perils.

Only Exclusions C.1.f., C.3.a., C.3.c., C.3.d., and C.3.e., under "Property Excluded Or Subject To Limitations" and D.1.a., D.1.b., D.1.j., D.3.b., D.3.d., and D.3.h. under Perils Excluded Or Subject To Limitations apply to this extension.

12. **TREES, PLANTS, SHRUBS AND OTHER SPECIFIED PROPERTY**—Trees, plants and shrubs grown for other than commercial purposes; lawns, walks, roadways, curbing and paved surfaces, fences; and retaining walls not a part of the building; under insurance covering buildings and personal property and all while located outdoors on the designated premises, against direct loss by fire, lightning, explosion, riot, riot attending a strike, civil commotion or aircraft

The Company shall only be liable up to $500 on any one tree, plant or shrub including expenses incurred in removing their debris, but not for more than $5,000 in the aggregate on trees, plants and shrubs in any one occurrence

13. **VALUABLE PAPERS AND RECORDS** up to $1,000 in any one occurrence under insurance covering Personal Property of the Insured for the cost of research and other expenses necessarily incurred to reproduce, replace or restore valuable papers and records and recording or storage media at the designated premises

F. **DEDUCTIBLE**
The deductible amount specified in the declarations shall be deducted from the amount of loss in any one occurrence

G. **HOW LOSS IS SETTLED**—The following valuation provisions apply to that part of the property sustaining loss. Value unless otherwise specified, means the value at the time and place of loss

1. **ACTUAL CASH VALUE**—(Applicable unless the "Replacement Cost" provision applies)—Property will be valued at its actual cash value, except for the following property for which the value will be determined as described and will not exceed:

   a. **BUSINESS PROPERTY SOLD BUT NOT DELIVERED**—the price at which such property was sold by the Insured, less discounts, allowances and expenses not incurred;

PR 24

Page 5 of 10

T_00605
CONFIDENTIAL

b **PERSONAL PROPERTY OF OTHERS—**the amount shown in the Insured's receipt issued to customers, or the actual cash value; whichever is less;

c **PROPERTY IN TRANSIT—**the actual cash value of such property at point of shipment;

d **RECORDING OR STORAGE MEDIA—**(except finished property held for sale)—the cost of such media in unexposed or blank form, except as provided in the "Valuable Papers and Records" extension;

e **STOCK IN PROCESS OF MANUFACTURE—**the cost of raw materials and labor expended plus the proper proportion of overhead charges;

f. **TENANT'S IMPROVEMENTS AND BETTERMENTS**

   (1) if repaired or replaced at the expense of the Insured and within a reasonable time after loss, the actual cash value;

   (2) if not repaired or replaced within a reasonable time after loss, that proportion of the original cost of the property which the unexpired term of the lease or rental agreement, whether written or oral, and in effect at the time of loss, bears to the periods from the dates the tenant's improvements and betterments were made to the expiration date of the lease or rental agreement;

however, if the property is repaired or replaced at the expense of others, the Company shall not be liable for the loss; and

g **VALUABLE PAPERS AND RECORDS—**the cost of blank books, blank cards or other blank materials for valuable papers and records plus the cost of labor incurred by the Insured for transcribing or copying such records, except as provided in the "Valuable Papers and Records" extension.

2 **REPLACEMENT COST—**(Applicable when the declarations indicate the provision applies). Replacement cost means the full cost of repair or replacement of that part of the property sustaining the loss at the time and place of loss, without deduction for depreciation.

   a. If the property is repaired or replaced, its value will be its replacement cost not exceeding the lesser of:

     (1) the replacement cost of the property equivalent to the property sustaining the loss and intended for the same occupancy and use and on the same premises; or

     (2) the amount actually and necessarily expended in repairing or replacing the property.

If the property is not repaired or replaced, it shall be valued in accordance with the "Actual Cash Value" provision.

The Insured may elect to disregard this provision and make claim on an actual cash value basis. However, further claim for any additional amount on a replacement cost basis may then be made, provided the Company is notified in writing within 180 days after the date of loss.

b. **THE REPLACEMENT COST PROVISION DOES NOT APPLY:**

   (1) unless the declarations so indicate;

   (2) to stock or merchandise, including materials and supplies therefor;

   (3) unless and until the property sustaining the loss is actually repaired or replaced with due diligence and dispatch; or

   (4) to the following property which shall be valued in accordance with the "Actual Cash Value" provision:

     (a) obsolete property which is not in actual use;

     (b) household contents, personal effects, domestic appliances, carpeting, awnings, air conditioners, outdoor equipment, or articles of art, rarity or antiquity; or

     (c) personal property of others; business property sold but not delivered; recording or storage media; tenants improvements and betterments; stock in process of manufacture; or property in transit.

3. **COINSURANCE—**The Company shall not be liable for a greater proportion of any loss to the property than the applicable limit of liability bears to the amount produced by multiplying the value of such property to which such limit applies by the coinsurance percentage specified in the declarations.

The value of the property shall be determined in accordance with the "How Loss Is Settled" provisions.

The "Coinsurance" provision does not apply to insurance provided under "Coverage Extensions" or which is subject to special or restricted limits of liability.

4. **LIMITS OF LIABILITY—**The Company shall not be liable in any one loss for more than:

a. the interest of the Insured in the property (except personal property owned by others for which insurance is specifically provided); or

b. the applicable limit specified in the declarations or in this or any form or endorsement;

whichever is less.

T_00606
CONFIDENTIAL

The Travelers        **BUILDING AND PERSONAL PROPERTY SPECIAL FORM**
(Section I)                                    PR 24

In no event shall the Company be liable for a greater proportion of loss than the applicable limit of liability bears to the total applicable limit of liability of all insurance covering such loss.

5. **PAYMENT OF LOSS**—The Company will pay all adjusted claims within 30 days after presentation and acceptance of the statement of loss.

6. **APPRAISAL**—If the Insured and the Company fail to agree on the amount of the loss, either can demand that the amount of loss be set by appraisal. If either party makes a written demand for appraisal, each shall select a competent independent appraiser. Each shall notify the other of the selected appraiser's identity within 20 days of the receipt of the written demand.

The two appraisers shall select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, the Insured or the Company may petition a judge of a Court of Record in the state where the insured premises is located to select an umpire.

The appraisers shall then set the amount of loss. If the appraisers submit a written report of an agreement to the Company, the amount agreed upon shall be the amount of loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. A written agreement signed by any two of these three shall set the amount of loss.

Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and compensation of the umpire shall be paid equally by the Insured and the Company.

7. **PRIVILEGE TO ADJUST LOSSES WITH OWNER OF PROPERTY**— Loss shall be adjusted as follows:

a. On property owned by the Insured or in which the Insured has an interest, loss shall be adjusted with and payable to the Insured.

b. Where another payee is specifically named in the policy, loss shall be adjusted with the Insured but shall be payable to the Insured and such other payee as interest may appear.

c. In the event claim is made for loss to property of others held by the Insured, the right to adjust such loss with the owner or owners of the property is reserved to the Company and the receipt of payment by such owner or owners in satisfaction thereof shall be in full satisfaction of any claim of the Insured for which such payment has been made.

If legal proceedings be taken to enforce a claim against the Insured as respects any such loss, the Company reserves the right at its option without expense to the Insured to conduct and control the defense on behalf of and in the name of the Insured. No action of the Company in such regard shall increase its liability under the policy, nor increase the applicable limits of liability specified in the policy.

8. **COMPANY'S OPTIONS**—If the Company gives notice within 30 days after it has received a signed sworn statement of loss, it shall have the option to take all or any part of the property to which the loss occurred at an agreed value, or to repair, rebuild or replace it with equivalent property.

9. **WAIVER OF INVENTORY**—If the total claim for any loss is both less than $10,000 and 5% of the applicable limit of liability, no special inventory or appraisal of the undamaged property will be required, but this shall not be construed to waive the application of the Coinsurance provision.

10. **ABANDONMENT OF PROPERTY**—There can be no abandonment of the property to the Company without the consent of the Company.

H. **RESTRICTED LIMITS OF LIABILITY**—The Company shall not be liable for loss in any one occurrence.

1. by theft of

a. patterns, dies, molds, models and forms, for more than $1,000 in the aggregate;

b. furs or articles containing fur which represents their principal value, for more than $1,000 in the aggregate.

c. jewelry, bullion, gold, silver, platinum and other precious alloys or metals, for more than $1,000 in the aggregate; however this limitation shall not apply to jewelry valued at $50 or less per item; or

d. stamps, tickets and letters of credit, for more than $250 in the aggregate; or

2. to glass forming a part of the building (other than glass building blocks), for more than $50 per plate, pane, multiple plate, insulating unit, radiant heating panel, jalousie, louvre or shutter, nor for more than $250 in any one occurrence. This restriction, however, does not apply to direct loss by specified perils other than burglary, vandalism or malicious mischief or breakage of building glass.

T_00607
CONFIDENTIAL

The Travelers      **BUILDING AND PERSONAL PROPERTY SPECIAL FORM**
                              **(Section I)**                              PR 24    10

## I. CONDITIONS

1  INCREASE OF HAZARD—The Company shall not be liable for loss occurring while the hazard is increased by any means within the control or knowledge of the Insured unless the Company has received prior written notice. However, except as otherwise provided, permission is granted to make alterations and repairs.

2  NO CONTROL—This insurance shall not be prejudiced by any act or neglect of any person (other than the Insured) or by the failure of the Insured to comply with any warranty or condition of this policy when such act, neglect or failure is not within the control of the Insured.

## J. DEFINITIONS

1. "ACTUAL CASH VALUE" means replacement cost less depreciation (including obsolescence) of that part of the property sustaining loss at the time and place of loss, but not exceeding the cost to repair or replace with material of like kind and quality within reasonable time after the loss.

2. "BREAKAGE OF GLASS" means only the breakage of glass forming a part of the building, but does not include loss:
   a. to neon tubing attached to the building; or
   b.  if the building had been vacant beyond 30 consecutive days immediately preceding the loss.

3. "BUILDING" or "BUILDINGS" includes structures, additions and extensions attached to the building or structure; fixtures, machinery and equipment; all forming a permanent part of and pertaining to the service of a building.

4. "BUILDING SERVICE EQUIPMENT" means personal property used for the maintenance or service of the premises, including fire extinguishing apparatus, floor coverings, outdoor furniture and appliances for refrigerating, ventilating, cooking, dishwashing and laundering; but does not include other personal property in apartments or rooms furnished by the Insured.

5. "BURGLARY" means the felonious abstraction of property from within the premises by a person feloniously entering or exiting from such premises by actual force and violence as evidenced by visible marks made by tools, explosives, electricity, or chemicals upon, or physical damage to, the exterior of such premises at the place of such entry, or to the interior of such premises at the place of such exit.

   "Burglary" also includes damage by burglary or attempted burglary.

"Premises", with respect to burglary, means the interior of the portion of the building containing the insured property and a showcase or show window inside the building line of such building. Premises does not include public entrances, halls or stairways.

6. "COLLAPSE OF BUILDING" means only the sudden falling in of a substantial structural portion of the building.

7. "CUSTODIAN" means the Insured, a partner or an officer of the Insured or any employee who is in the regular service of, and authorized by, the Insured to have the care, custody or control of the property.

8. "EXTRA EXPENSE" means the excess of the total cost incurred during the period of indemnity and chargeable to the operation of the Insured's business over and above the total cost that would normally have been incurred to conduct the business during the same period had no loss occurred; but does not include loss of income. Any salvage value of property obtained for temporary use during the same period of indemnity and remaining after the resumption of normal operations shall be taken into consideration in the adjustment of any loss.

9. "FALLING OBJECTS" means loss caused by falling objects, but excluding loss to:
   a. the interior of the building or property within the building unless the building shall first sustain an actual damage to the exterior of the roof or walls by the falling object; or,
   b. personal property in the open.

10. "FIRE PROTECTIVE EQUIPMENT" means tanks, water mains, hydrants, or valves and any other equipment whether used solely for fire protection or jointly for fire protection and for other purposes but does not include:
    a. branch piping from a joint system where such branches are used entirely for purposes other than fire protection;
    b. any underground water mains or appurtenances located outside of the premises or forming a part of a public water distribution system; or
    c. any pond or reservoir.

11. "FIRE PROTECTIVE EQUIPMENT DAMAGE" means direct loss by leakage or discharge of water or other substance from within any part of the fire protective equipment and collapse or fall of a tank forming a part of such equipment.

    In the event of such loss, and when the building is insured, fire protective equipment damage also includes the cost of repairs or replacement of such equipment when the loss is directly

PR 24                                                      Page 8 of 10

T_00608
CONFIDENTIAL

The Travelers        **BUILDING AND PERSONAL PROPERTY SPECIAL FORM**        PR 24
(Section I)

caused by breakage of any of its parts or by freezing

12. "JEWELRY" means watches, watch movements, jewels, pearls, precious and semi-precious stones.

13. "MONEY" means currency and coins, bank notes, travelers checks, registered checks and money orders held for sale to the public.

14. "PERIOD OF INDEMNITY" means the length of time required with the exercise of due diligence and dispatch to rebuild, repair or replace that part of the property sustaining loss, commencing with the date of the loss but not limited by the date of termination of this insurance.

15. "RECORDING OR STORAGE MEDIA" means film, tape, disc, drum, cell and other recording or storage media for electronic data processing.

16. "ROBBERY" means the felonious taking of property

a. by violence or threat of violence inflicted upon a custodian;

b. by any other overt felonious act committed in a custodian's presence and of which he was actually cognizant; or

c. from the person or direct care, custody or control of a custodian who has been killed or rendered unconscious

Robbery includes attempted robbery.

17. "SECURITIES" means all negotiable and non-negotiable instruments or contracts representing either money or other property and includes revenue or other stamps, tokens and tickets; but does not include money.

18. "SONIC BOOM" means only direct loss by shock waves caused by aircraft.

19. "SPECIFIED PERILS" means, subject to the applicable exclusions and limitations of this policy, direct loss:

a. With respect to property not in due course of transit: by fire; lightning; windstorm; hail; explosion; smoke; riot; riot attending a strike; civil commotion; vandalism or malicious mischief; breakage of building glass; burglary; robbery; collapse of building; falling objects; fire protective equipment damage; sonic boom; vehicles or aircraft; water damage; or weight of snow, ice or sleet; and;

b. With respect to property in due course of transit: by fire; lightning; windstorm; hail; explosion; smoke; riot; riot attending a strike; civil commotion; vandalism or malicious mischief; earthquake; flood; collapse or subsidence of docks, wharves, piers or

bridges; stranding, sinking, burning or collision of ferries on which the insured property is being transported, including General Average or salvage charges incurred; the transporting conveyance's collision (except contact with the roadbed), upset or overturn; or theft from the transporting conveyance

20. "TENANT'S IMPROVEMENTS AND BETTERMENTS" means the insured's use interest in fixtures, alterations, installations or additions comprising a part of the building occupied but not owned by the insured and made or acquired at the insured's expense exclusive of rent paid by the insured, but which are not legally subject to removal by the insured

21. "THEFT" includes but is not limited to, burglary or robbery and also includes damage by attempted theft, burglary or robbery.

22. "UNOCCUPIED" or "UNOCCUPANCY" means containing contents pertaining to occupancy of the building while operations or other customary activities are suspended. A suspension of operations or period of inactivity during part of the year which is usual and incidental to the occupancy of the building shall not be deemed as unoccupancy.

23. "VACANT" or "VACANCY" means containing no contents pertaining to operations or activities customary to occupancy of the building, but does not apply to a building under construction

24. "VALUABLE PAPERS AND RECORDS" means written, printed or otherwise inscribed documents and records pertaining to the insured's business, including books of account, card index systems, maps, drawings, abstracts, deeds, mortgages and manuscripts, but does not mean money, securities, recording or storage media, or property held as samples or for sale or for delivery after sale

25. "VEHICLES OR AIRCRAFT" means only direct loss by actual physical contact between aircraft (including objects falling therefrom) or vehicles and the insured property or buildings containing the insured property. "Aircraft" also includes self-propelled missiles and spacecraft.

This peril does not include loss:

a. by any vehicle owned or operated by the insured or any tenant of the premises, including their employees; or

b. to any aircraft or vehicle including its contents.

26. "WATER DAMAGE" means the accidental discharge, leakage or overflow of water or steam from within:

PR 24

T_00609
CONFIDENTIAL

**The Travelers**   **BUILDING AND PERSONAL PROPERTY SPECIAL FORM**   **PR 24**
(Section I)

a. a plumbing, heating, refrigerating or air conditioning system;

b. an industrial or domestic appliance; or

c. storage tanks for the supply of a plumbing system, elevator tanks and cylinders, or standpipes for fire hose.

27. **"WEIGHT OF SNOW, ICE OR SLEET" means direct loss by weight of snow, ice or sleet which results in physical injury to the building or property therein, but does not include loss to signs, awnings and property all when outside of buildings; except as the direct result of collapse of building.**

T_00610
CONFIDENTIAL

**The Travelers**                    **INLAND MARINE DECLARATIONS**                                    **IM 2**
                                               (Section I)

POLICY NO: **650-584A016-3-COF-79**                          ISSUE DATE:    **10/23/79**

EFFECTIVE DATE—Same as policy unless otherwise specified:

A.   **NUMBERS OF DECLARATIONS, FORMS AND ENDORSEMENTS AT INCEPTION:**

**IM 1, IM 2, F-7139**

B.   **LOSS PAYABLE PROVISION**—Loss, if any, shall be adjusted with the Insured and payable to the Insured and the following payee as interest may appear:

| Form or Endorsement No. | Item No., if any | Name and Address |
|---|---|---|
|  |  |  |

C.   Such declarations, forms and endorsements made a part of this policy:

1.   shall be part of Section I when this policy contains more than one section; and
2.   are subject to the INLAND MARINE PROVISIONS and other provisions of this policy which apply except that any such provisions which are in conflict with any provisions of those forms and endorsements made a part of this policy are declared null and void to the extent that they conflict.

D.   SPECIAL PROVISIONS, if any:    **AS RESPECTS FORM F-7139 #2 THE FOLLOWING ITEMS APPLY ONLY FROM JUNE 1 TO SEPTEMBER 30 EACH YEAR:**

**LIMIT OF LIABILITY**
**$1,000**

**FOUR PORTABLE TOILETS @ 250 EACH**

F-7253A  4-78  Printed in U.S.A.

IM 2                                               HOME OFFICE COPY

T_00611
CONFIDENTIAL

The Travelers

## INLAND MARINE PROVISIONS
### (Section I)

IM 1

These provisions apply to all INLAND MARINE declarations, forms and endorsements unless otherwise specified.

**A. DUTIES OF THE INSURED IN THE EVENT OF LOSS**—In the event of loss, the Insured shall:
  1. protect the property from further loss, make reasonable temporary repairs required to protect the property and keep an accurate record of repair expenses;
  2. immediately notify the proper police authority of any loss which is due to a violation of law;
  3. give written notice of the loss to the Company as soon as practicable;
  4. prepare a complete inventory of property to which loss occurs showing in detail quantities, description, actual cash value or replacement value, amount of loss; and attach to the inventory all pertinent records and accounts for verification of the claim and its amount and permit copies of records to be made if needed;
  5. exhibit the remains of the damaged property as often as may be reasonably required by the Company;
  6. submit to examination under oath and, to the extent that it is within the Insured's power to do so, produce employees or others for such examination;
  7. cooperate with the Company in all matters pertaining to loss or claim; and
  8. submit to the Company within 60 days, when requested, a signed sworn statement of loss stating:
     a. the place, time and cause of loss;
     b. the interest of the Insured and all others in the property involved and all encumbrances on the property;
     c. other insurance which may cover the loss; and
     d. an inventory of the property to which loss occurred as described in 4. above.

**B. HOW LOSS IS SETTLED**
  1. **ACTUAL CASH VALUE**—Unless otherwise specified, that part of the property sustaining loss will be valued at its actual cash value at the time and place of loss but not exceeding the amount which it would cost to repair or replace such part of the property with material of like kind and quality within a reasonable time after loss.
  2. **PAYMENT OF LOSS**—Unless a claim has been paid by others, the Company will pay all adjusted claims within 30 days after presentation and acceptance of the statement of loss.
  3. **APPRAISAL**—If the Insured and the Company fail to agree on the amount of the loss, either can demand that the amount of loss be set by appraisal. If either party makes a written demand for appraisal, each shall select a competent independent appraiser. Each shall notify the other of the selected appraiser's identity within 20 days of the receipt of the written demand.

The two appraisers shall select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, the Insured or the Company may petition a judge of a court of record in the state where the insured premises is located to select an umpire.

The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to the Company, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of loss.

Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and compensation of the umpire shall be paid equally by the Insured and the Company.

  4. **PAIR, SET OR PARTS**
     a. **Pair or Set**—In case of a loss to a pair or set the Company may elect to:
        (1) repair or replace any part to restore the pair or set to its value before the loss; or
        (2) pay the difference between actual cash value of the property before and after the loss.
     b. **Parts**—in case of a loss to any part of the insured property, consisting of several parts when complete, the Company shall be liable only for the value of the part to which the loss occurs.
  5. **ABANDONMENT OF PROPERTY**—Property cannot be abandoned to the Company without the Company's consent.

**C. LEGAL ACTION AGAINST THE COMPANY**—No action shall be brought against the Company unless the Insured has complied with all the policy provisions and such action shall have commenced within 12 months after the loss occurs.

**D. NUCLEAR EXCLUSION**—The Company shall not be liable for loss by nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, and whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to, or aggravated by any of the perils insured against.

However, subject to the foregoing and all provisions of this insurance, direct loss by "fire" resulting from nuclear reaction or nuclear radiation or radioactive contamination is insured against.

**E. REINSTATEMENT**—The applicable limit of liability is reinstated in the event of payment of loss except for total loss of a scheduled item. The Company will refund the unearned premium on such item after the loss or it may be applied to the premium due for the replacement of the scheduled item.

**F. SUBROGATION**—If, in the event of loss, the Insured shall acquire any right of action against any individual, firm or corporation for loss to property,

CP 2119   4-78   Printed in U.S.A.

T_00612
CONFIDENTIAL

**(Section I)**

the Insured will, if requested by the Company, assign and transfer such claim or right of action to the Company. The Insured may, however, at the Company's option, execute and deliver to the Company the customary form of loan receipt upon receiving an advance of funds for the loss and will subrogate the Company to, or will hold in trust for the Company, all such rights of action to the extent of the amount paid or advanced, and will permit suit to be brought in the Named Insured's name under the direction of and at the expense of the Company.

IM 1

T_00613
CONFIDENTIAL

The Travelers
Commercial Policies

**PROPERTY FLOATER — SPECIAL FORM**

Policy No: **650-584A016-3-COF-79**                    Issue Date: **10/23/79**

## A. PROPERTY INSURED

This form applies to personal property, owned by the Named Insured or in his custody or control, described in the declarations.

## B. DECLARATIONS

1. Description of Property                                                      Limit of Liability
   **FIVE VOTING MACHINES @ 1,500 EACH**                                    $ **7,500**

2. Deductible Amount:                    $ **100**

3. Special Provisions, if any:

## C. INSURING AGREEMENT

The Travelers insures against all risks of direct physical loss except as otherwise provided.

F-7139  New 10-75  Printed in U.S.A.

T_00614
CONFIDENTIAL

The Travelers
Commercial Policies

**PROPERTY FLOATER – SPECIAL FORM**

Page 2 of 2

## D. EXCLUSIONS

This form does not insure against loss:

(1) to automobiles: motor trucks, trailers or other vehicles designed and licensed for highway use to transport persons or property, aircraft.

(2) to accounts, bills, documents, records, deeds, evidences of debt, money, securities or stamps;

(3) to property while waterborne except while on ferries operating on the navigable waters of the Continental United States and Canada other than to or from Alaska;

(4) due to any fraudulent, dishonest or criminal act or omission by the Named Insured or a partner of the Named Insured, or by theft by any employee of the Named Insured, while working or otherwise, or by any person to whom the property is entrusted but this exclusion does not apply to property in the custody of a carrier for hire;

(5) by wear and tear, deterioration, inherent vice, latent defect; rust or corrosion; dampness or dryness of atmosphere or changes in temperature, insects or vermin;

(6) by failure or breakdown of machinery or equipment; or by electrical currents artificially generated;

(7) by any process or work upon the property; or by faulty workmanship or materials; but this exclusion does not apply to property in transit;

(8) by unexplained or mysterious disappearance of property; or shortage of property disclosed by taking inventory;

(9) caused by or resulting from flood (meaning waves, tidal water or tidal waves, mudflow, overflow of streams or other bodies of water or spray from any of the _____, release of water impounded by a dam or other water from natural sources whether on or below the ground), unless less by fire or exp___ ..nsues, and then The Travelers shall be liable only for such ensuing insured loss; but this exclusion does not apply to property in transit;

(10) by delay, loss of market, loss of use or consequential loss of any kind; or

(11) by:

(a) hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack: (i) by any government or sovereign power (de jure or de facto), or by any authority maintaining or using military, naval or air forces; (ii) by military, naval or air forces; or (iii) by an agent of any such government, power, authority or forces;

(b) any weapon of war employing atomic fission or radioactive force whether in time of peace or war; or

(c) insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating or defending against such an occurrence, seizure or destruction under quarantine or customs regulations, confiscation by order of any government or public authority, or risks of contraband or illegal transportation or trade;

however, with respect to exclusions (4) through (9) of this Part D, if a loss ensues which is not otherwise excluded or for which coverage is not more specifically limited, The Travelers will then be liable for such ensuing loss.

## E. DEDUCTIBLE

The Travelers shall be liable in any one occurrence only for the amount of loss in excess of the deductible amount specified in the *declarations*.

## F. BASIS OF LOSS PAYMENT – ADDITIONAL PROVISIONS

1. Coinsurance – The Travelers shall not be liable for a greater proportion of any loss than the applicable limit of liability bears to the actual cash value of the property insured at the time and place of loss. This provision applies separately to each item described in the *declarations* when this form insures two or more items.

2. Limit of Liability – The Travelers shall not be liable in any one loss for more than the applicable limit of liability specified in the *declarations*.

3. Payment for Property of Others – At the option of The Travelers, any loss to property of others may be adjusted with and paid to the owners of such property.

## G. DEFINITIONS

1. "Declarations" means the *declarations* contained in this form.

2. "Loss" includes damage.

## H. ADDITIONAL CONDITIONS

1. Other Insurance – If at the time of loss there is available to the Named Insured or any other interested party any other insurance which would apply in the absence of this form, the insurance under this form shall apply only as excess insurance over such other insurance.

2. Territory – This form applies only to loss which occurs within the United States of America, its territories or possessions, Puerto Rico and Canada.

3. This form is subject to any policy, declarations, form or endorsement indicated as applicable to it, except that any provisions therein in conflict with the provisions of this form are declared null and void to the extent that they conflict.

F-7139 (Back)

T_00615
CONFIDENTIAL

The Travelers
Commercial Policies

**PROPERTY FLOATER — SPECIAL FORM**

Page 1 of
42

Policy No: 650-584A016-3-COF-79                    Issue Date: 10/23/79

**A. PROPERTY INSURED**

This form applies to personal property, owned by the Named Insured or in his custody or control, described in the *declarations*.

**B. DECLARATIONS**

1. Description of Property                                                          Limit of Liability

| | Description | Limit |
|---|---|---|
| 1. | TWO PORTABLE CHEMICAL TOILETS | $ 500 |
| 2. | GAS DRUM SAND SPREADER | 3,500 |
| 3. | ONE TR!SPM CYCK BAR | 800 |
| 4. | ONE HIGH PRESSURE WASHER | 300 |
| 5. | PORTABLE ECLECTRIC TOOLS, HAND TOOLS AND MISCELLANEOUS EQUIPMENT OF THE TYPE USED BY MUNICIPALITY FOR STREET AND HIGHWAY MAINTENANCE | 1,800 |
| 6. | GRAVELY TRACTOR (14 H.P. – MODEL 19217E1) INCLUDING MOWER ATTACHMENTS, LIFT KIT SNOW BLOWER AND CAB | 1,400 |
| 7. | PUBLIC ADDRESS SYSTEM INCLUDING SPEAKERS | 500 |
| | **TOTAL** | **8,800** |

LOCATION – LONG POND RECREATION AREAS HIGHLAND FALLS, NY

SEE SPECIAL PROVISIONS ON IM 2

2. Deductible Amount:                    $ 100

3. Special Provisions, if any:

**C. INSURING AGREEMENT**

The Travelers insures against all risks of direct physical loss except as otherwise provided.

F 7139 New 10-75 Printed in U.S.A.

T_00616
CONFIDENTIAL

The Travelers
Commercial Policies

## PROPERTY FLOATER – SPECIAL FORM

Page 2 of 2

### D. EXCLUSIONS

This form does not insure against loss:

(1) to automobiles: motor trucks, trailers or other vehicles designed and licensed for highway use to transport persons or property; aircraft;

(2) to accounts, bills, documents, records, deeds, evidences of debt, money, securities or stamps;

(3) to property while waterborne except while on ferries operating on the navigable waters of the Continental United States and Canada other than to or from Alaska;

(4) due to any fraudulent, dishonest or criminal act or omission by the Named Insured or a partner of the Named Insured, or by theft by any employee of the Named Insured, while working or otherwise, or by any person to whom the property is entrusted but this exclusion does not apply to property in the custody of a carrier for hire;

(5) by wear and tear, deterioration, inherent vice, latent defect; rust or corrosion; dampness or dryness of atmosphere or changes in temperature, insects or vermin;

(6) by failure or breakdown of machinery or equipment; or by electrical currents artificially generated;

(7) by any process or work upon the property; or by faulty workmanship or materials; but this exclusion does not apply to property in transit;

(8) by unexplained or mysterious disappearance of property; or shortage of property disclosed by taking inventory;

(9) caused by or resulting from flood (meaning waves, tidal water or tidal waves, mudflow, overflow of streams or other bodies of water or spray from any of the ___, release of water impounded by a dam or other water from natural sources whether on or below the ground), unless loss by fire or exp___ ensues, and then The Travelers shall be liable only for such ensuing insured loss; but this exclusion does not apply to property in transit;

(10) by delay, loss of market, loss of use or consequential loss of any kind; or

(11) by:

(a) hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack: (i) by any government or sovereign power (de jure or de facto), or by any authority maintaining or using military, naval or air forces; (ii) by military, naval or air forces; or (iii) by an agent of any such government, power, authority or forces;

(b) any weapon of war employing atomic fission or radioactive force whether in time of peace or war; or

(c) insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating or defending against such an occurrence, seizure or destruction under quarantine or customs regulations, confiscation by order of any government or public authority, or risks of contraband or illegal transportation or trade;

however, with respect to exclusions (4) through (9) of this Part D, if a loss ensues which is not otherwise excluded or for which coverage is not more specifically limited, The Travelers will then be liable for such ensuing loss.

### E. DEDUCTIBLE

The Travelers shall be liable in any one occurrence only for the amount of loss in excess of the deductible amount specified in the *declarations*.

### F. BASIS OF LOSS PAYMENT – ADDITIONAL PROVISIONS

1. **Coinsurance** – The Travelers shall not be liable for a greater proportion of any loss than the applicable limit of liability bears to the actual cash value of the property insured at the time and place of loss. This provision applies separately to each item described in the *declarations* when this form insures two or more items.

2. **Limit of Liability** – The Travelers shall not be liable in any one loss for more than the applicable limit of liability specified in the *declarations*.

3. **Payment for Property of Others** – At the option of The Travelers, any loss to property of others may be adjusted with and paid to the owners of such property.

### G. DEFINITIONS

1. "Declarations" means the *declarations* contained in this form.

2. "Loss" includes damage.

### H. ADDITIONAL CONDITIONS

1. **Other Insurance** – If at the time of loss there is available to the Named Insured or any other interested party any other insurance which would apply in the absence of this form, the insurance under this form shall apply only as excess insurance over such other insurance.

2. **Territory** – This form applies only to loss which occurs within the United States of America, its territories or possessions, Puerto Rico and Canada.

3. This form is subject to any policy, declarations, form or endorsement indicated as applicable to it, except that any provisions therein in conflict with the provisions of this form are declared null and void to the extent that they conflict.

F-7139 (Back)

T_00617
CONFIDENTIAL

**The Travelers**                    **LIABILITY COVERAGE DECLARATIONS**                    **GL 2**
                                            **(Section II)**

1. **POLICY NO:**  650-584A016-3-COF-79                **ISSUE DATE:**  10/23/79

2. **EFFECTIVE DATE**—Same as policy unless otherwise specified:

3. **COVERAGES AND LIMITS OF LIABILITY**—Insurance applies only to the coverage for which an "X" is inserted.
   The limit of the Company's liability for each such coverage shall be as stated.

| Coverage | | Limits of Liability |
|---|---|---|

a.  **X COMPREHENSIVE GENERAL LIABILITY**

|  | **Single Limits** |  | **Separate Limits** |
|---|---|---|---|
| **Coverage A —** Bodily Injury | | $ ___ | each occurrence |
| | | $ ___ | aggregate |
| | $ 1,000,000 each occurrence | | |
| | $ 1,000,000 aggregate | | |
| **Coverage B —** Property Damage | | $ ___ | each occurrence |
| | | $ ___ | aggregate |

b.  ___ **BROAD FORM COMPREHENSIVE GENERAL LIABILITY**

c.  ___ **PREMISES MEDICAL PAYMENTS**

| **Coverage E — Premises Medical Payments** | $ ___ | each person |
|---|---|---|
| | $ ___ | each accident |

d.  **X CONTRACTUAL LIABILITY**

|  | **Single Limits** |  | **Separate Limits** |
|---|---|---|---|
| **Coverage Y —** Bodily Injury | | $ ___ | each occurrence |
| | $ 1,000,000 each occurrence | | |
| | $ 1,000,000 aggregate | | |
| **Coverage Z —** Property Damage | | $ ___ | each occurrence |
| | | $ ___ | aggregate |

The following exclusions in the CONTRACTUAL LIABILITY FORM do not apply if an "X" is inserted:
   ___ Exclusion (o) is not applicable.
   ___ Exclusion (p) is not applicable.

4. **AUDIT PERIOD**—Annual, unless otherwise indicated  ___Semi-Annual;  ___Quarterly;  ___Monthly.

5. **NUMBERS OF SCHEDULES, DECLARATIONS, FORMS AND ENDORSEMENTS AT POLICY INCEPTION:**

   GL 1, GL 2, GL 3, GL 4, GL 5, GL 7, GL 9, G-166A, G-109, G-332, 9001

6. **SPECIAL PROVISIONS, if any:**  26320

GL 2                    **HOME OFFICE COPY**

CR-2280-A  4-78  Printed in U.S.A.

T_00618
CONFIDENTIAL

The Travelers                     **LIABILITY PROVISIONS**                     GL 1
                                      **(Section II)**

These provisions apply to all Section II—Liability declarations, forms and endorsements, unless otherwise specified.
FOR ADDITIONAL PROVISIONS APPLICABLE TO SECTION II—LIABILITY, REFER TO "ADDITIONAL LIABILITY PROVISIONS".

**A. ACTION AGAINST THE COMPANY**—No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the provisions of this Section nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

Any person or organization or the legal representative of either who has secured such judgment or written agreement shall thereafter be entitled to recover under this Section to the extent of the insurance afforded by this Section. No person or organization shall have any right to join the Company as a party to any action against the Insured to determine the Insured's liability, nor shall the Company be impleaded by the Insured or his legal representative. Bankruptcy or insolvency of the Insured or of the Insured's estate shall not relieve the Company of any of its obligations.

**B. ANNUAL AGGREGATE**—If this policy is issued for a period in excess of one year, any limit of the Company's liability stated in the declarations as "aggregate" shall apply separately to each consecutive annual period or part thereof.

**C. DECLARATIONS**—By acceptance of the insurance afforded by Section II, the Named Insured agrees that statements in the declarations are his agreements and representations, that such insurance is issued in reliance upon the truth of such representations and that such insurance embodies all agreements existing between the Named Insured and the Company or any of its agents relating to this insurance.

**D. FINANCIAL RESPONSIBILITY LAWS**—When insurance under Section II is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The Named Insured agrees to reimburse the Company for any payment made by the Company which it would not have been obligated to make under such insurance except for the agreement contained in this provision.

**E. INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT**

1. In the event of an occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances of the occurrence, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company or any of its authorized agents as soon as practicable.

2. If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by the Insured or the Insured's representative.

3. The Insured shall cooperate with the Company and, upon the Company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the Insured because of injury or damage with respect to which insurance is afforded under this Section; and the Insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

**F. LIMITS OF LIABILITY—TWO OR MORE POLICIES**—In the event of an injury, damage or loss covered by this policy and any other policy containing this provision or a similar provision issued by the Company to the Named Insured, the maximum that will be paid under all such policies combined for such injury, damage or loss is the highest applicable limit of liability of any one of such policies. This provision does not apply with respect to any policy issued by the Company which has a policy number containing the letters CUP or EX.

**G. OTHER INSURANCE**—The insurance afforded by this Section is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the Insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the Company's liability under this Section shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the Company shall not be liable under this Section for a greater proportion of the

GL 1                                                                    **Page 1 of 5**

T_00619
CONFIDENTIAL

loss than that stated in the applicable contribution provision below:

1. **Contribution by Equal Shares**—If all of such other valid and collectible insurance provides for contribution by equal shares, the Company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss not so paid the remaining insurers shall then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

2. **Contribution by Limits**—If any of such other insurance does not provide for contribution by equal shares, the Company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this section for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

H. **PREMIUM**—Premium designated in this Section as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the **Named Insured**, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the Company shall return to the **Named Insured** the unearned portion paid by the **Named Insured**.

T_00620
CONFIDENTIAL

**The Travelers**

# ADDITIONAL LIABILITY PROVISIONS
## (Section II)

GL 1

These additional provisions also apply to all Section II—Liability declarations, forms and endorsements, unless otherwise specified.

## DEFINITIONS

When used in this Section (including endorsements forming a part hereof):

"**Automobile**" means a land motor vehicle, trailer or semitrailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment;

"**Bodily injury**" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

"**Completed operations hazard**" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Named Insured. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the Named Insured under the contract have been completed,

(2) when all operations to be performed by or on behalf of the Named Insured at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The completed operations hazard does not include bodily injury or property damage arising out of

(a) operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof,

(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or

(c) operations for which the classification stated in the policy or in the Company's manual specifies "including completed operations";

"**Elevator**" means any hoisting or lowering device to connect floors or landings, whether or not in service, and all appliances thereof including any car, platform, shaft, hoistway, stairway, runway, power equipment and machinery; but does not include an automobile servicing hoist, or a hoist without a platform outside a building if without mechanical power or if not attached to building walls, or a hod or material hoist used in alteration, construction or demolition operations, or an inclined conveyor used exclusively for carrying property or a dumbwaiter used exclusively for carrying property and having a compartment height not exceeding four feet;

"**Incidental contract**" means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) elevator maintenance agreement;

"**Insured**" means any person or organization qualifying as an Insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each Insured against whom claim is made or suit is brought, except with respect to the limits of the Company's liability;

"**Mobile equipment**" means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the Named Insured, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;

"**Named Insured**" means the person or organization named in the declarations of this policy;

"**Named Insured's products**" means goods or products manufactured, sold, handled or distributed by the Named Insured or by others trading under his name, including any container thereof (other than a vehicle), but "Named Insured's products" shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold;

"**Occurrence**" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the Insured;

"**Policy territory**" means:

(1) the United States of America, its territories or possessions, or Canada, or

(2) international waters or air space, provided the bodily injury or property damage does not occur in

CP-2136-2  4-76  Printed in U.S.A.

T_00621
CONFIDENTIAL