The Travelers

# LIABILITY COVERAGE DECLARATIONS
## (Section II)

GL 2-1

1. **POLICY NO:** 650-849E440-9-ND-80          **ISSUE DATE:** 10/20/80

2. **EFFECTIVE DATE**—Same as policy unless otherwise specified.

3. **COVERAGES AND LIMITS OF LIABILITY**—Insurance applies only to the coverage for which an "X" is inserted. The limit of the Company's liability for each such coverage shall be as stated.

|  Coverage | Limits of Liability |
|---|---|

a. **X** COMPREHENSIVE GENERAL LIABILITY

|  | Single Limits | Separate Limits |
|---|---|---|
| Coverage A — Bodily Injury | | $ ___ each occurrence |
| | | $ ___ aggregate |
| | $ 1,000,000 each occurrence | |
| | $ 1,000,000 aggregate | |
| Coverage B — Property Damage | | $ ___ each occurrence |
| | | $ ___ aggregate |

b. _____ BROAD FORM COMPREHENSIVE GENERAL LIABILITY

c. _____ PREMISES MEDICAL PAYMENTS

| Coverage E — Premises Medical Payments | $ ___ each person |
|---|---|
| | $ ___ each accident |

d. **X** CONTRACTUAL LIABILITY—Coverage is afforded for the following types of contract:
   _____ All written contracts
   _____ All written _____ contracts
   _____ Designated contracts, see Amendatory Endorsement No. _____

|  | Single Limits | Separate Limits |
|---|---|---|
| Coverage Y — Bodily Injury | | $ ___ each occurrence |
| | $ 1,000,000 each occurrence | |
| | $ 1,000,000 aggregate | |
| Coverage Z — Property Damage | | $ ___ each occurrence |
| | | $ ___ aggregate |

The following exclusions in the CONTRACTUAL LIABILITY FORM do not apply if an "X" is inserted:
   _____ Exclusion (o) is not applicable.
   _____ Exclusion (p) is not applicable.

4. **AUDIT PERIOD**—Annual, unless otherwise indicated: _____ Semi-Annual; _____ Quarterly; _____ Monthly.

5. **NUMBERS OF SCHEDULES, DECLARATIONS, FORMS AND ENDORSEMENTS AT POLICY INCEPTION:**
   GL 1, GL 2, GL 4, GL 3, GL 5, GL 7, GL 9, G-106A, G-109, 26320, 19850,

6. **SPECIAL PROVISIONS**, if any:    8000, 31110

CP-2431-A  6-80  Printed in U.S.A.

GL-2-1 (Liability Coverage Dec)        **HOME OFFICE RECORD COPY**

T_00738
CONFIDENTIAL

The Travelers          **LIABILITY PROVISIONS**         GL 1
                                  **(Section II)**

These provisions apply to all Section II—Liability declarations, forms and endorsements, unless otherwise specified. FOR ADDITIONAL PROVISIONS APPLICABLE TO SECTION II—LIABILITY, REFER TO "ADDITIONAL LIABILITY PROVISIONS".

A. **ACTION AGAINST THE COMPANY**—No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the provisions of this Section nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

Any person or organization or the legal representative of either who has secured such judgment or written agreement shall thereafter be entitled to recover under this Section to the extent of the insurance afforded by this Section. No person or organization shall have any right to join the Company as a party to any action against the Insured to determine the Insured's liability, nor shall the Company be impleaded by the Insured or his legal representative. Bankruptcy or insolvency of the Insured or of the Insured's estate shall not relieve the Company of any of its obligations.

B. **ANNUAL AGGREGATE**—If this policy is issued for a period in excess of one year, any limit of the Company's liability stated in the declarations as "aggregate" shall apply separately to each consecutive annual period or part thereof.

C. **DECLARATIONS**—By acceptance of the insurance afforded by Section II, the Named Insured agrees that statements in the declarations are his agreements and representations, that such insurance is issued in reliance upon the truth of such representations and that such insurance embodies all agreements existing between the Named Insured and the Company or any of its agents relating to this insurance.

D. **FINANCIAL RESPONSIBILITY LAWS**—When insurance under Section II is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The Named Insured agrees to reimburse the Company for any payment made by the Company which it would not have been obligated to make under such insurance except for the agreement contained in this provision.

E. *INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT*

1. In the event of an occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances of the occurrence, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company or any of its authorized agents as soon as practicable.

2. If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by the Insured or the Insured's representative.

3. The Insured shall cooperate with the Company and, upon the Company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the Insured because of injury or damage with respect to which insurance is afforded under this Section; and the Insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

F. **LIMITS OF LIABILITY—TWO OR MORE POLICIES**—In the event of an injury, damage or loss covered by this policy and any other policy containing this provision or a similar provision issued by the Company to the Named Insured, the maximum that will be paid under all such policies combined for such injury, damage or loss is the highest applicable limit of liability of any one of such policies. This provision does not apply with respect to any policy issued by the Company which has a policy number containing the letters CUP or EX.

G. **OTHER INSURANCE**—The insurance afforded by this Section is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the Insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the Company's liability under this Section shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the Company shall not be liable under this Section for a greater proportion of the

T_00739
CONFIDENTIAL

loss than that stated in the applicable contribution provision below:

1. **Contribution by Equal Shares**—If all of such other valid and collectible insurance provides for contribution by equal shares, the Company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers shall then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

2. **Contribution by Limits**—If any of such other insurance does not provide for contribution by equal shares, the Company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this section for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

H. **PREMIUM**—Premium designated in this Section as ''advance premium'' is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the **Named Insured**, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the Company shall return to the **Named Insured** the unearned portion paid by the **Named Insured**.

T_00740
CONFIDENTIAL

**The Travelers**

# ADDITIONAL LIABILITY PROVISIONS
## (Section II)

**GL 1**

These additional provisions also apply to all Section II—Liability declarations, forms and endorsements, unless otherwise specified.

## DEFINITIONS

When used in this Section (including endorsements forming a part hereof):

"**Automobile**" means a land motor vehicle, trailer or semitrailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment;

"**Bodily injury**" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

"**Completed operations hazard**" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Named Insured. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the Named Insured under the contract have been completed,

(2) when all operations to be performed by or on behalf of the Named Insured at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The completed operations hazard does not include bodily injury or property damage arising out of

(a) operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof,

(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or

(c) operations for which the classification stated in the policy or in the Company's manual specifies "including completed operations";

"**Elevator**" means any hoisting or lowering device to connect floors or landings, whether or not in service, and all appliances thereof including any car, platform, shaft, hoistway, stairway, runway, power equipment and machinery; but does not include an automobile servicing hoist, or a hoist without a platform outside a building if without mechanical power or if not attached to building walls, or a hod or material hoist used in alteration, construction or demolition operations, or an inclined conveyor used exclusively for carrying property or a dumbwaiter used exclusively for carrying property and having a compartment height not exceeding four feet;

"**Incidental contract**" means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) elevator maintenance agreement;

"**Insured**" means any person or organization qualifying as an Insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each Insured against whom claim is made or suit is brought, except with respect to the limits of the Company's liability;

"**Mobile equipment**" means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the Named Insured, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;

"**Named Insured**" means the person or organization named in the declarations of this policy;

"**Named Insured's products**" means goods or products manufactured, sold, handled or distributed by the Named Insured or by others trading under his name, including any container thereof (other than a vehicle), but "Named Insured's products" shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold;

"**Occurrence**" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the Insured;

"**Policy territory**" means:

(1) the United States of America, its territories or possessions, or Canada, or

(2) international waters or air space, provided the bodily injury or property damage does not occur in

CP-2136-2   4-78   Printed in U.S.A.

T_00741
CONFIDENTIAL

The Travelers

## ADDITIONAL LIABILITY PROVISIONS
### (Section II)

GL 1

the course of travel or transportation to or from any other country, state or nation, or

(3) anywhere in the world with respect to damages because of bodily injury or property damage arising out of a product which was sold for use or consumption within the territory described in paragraph (1) above, provided the original suit for such damages is brought within such territory;

"Products hazard" includes bodily injury and property damage arising out of the Named Insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the Named Insured and after physical possession of such products has been relinquished to others;

"Property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

### SUPPLEMENTARY PAYMENTS

The Company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the Company, all costs taxed against the Insured in any suit defended by the Company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the Company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the Company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this Section, and the cost of bail bonds required of the Insured because of accident or traffic law violation arising out of the use of any vehicle to which this Section applies, not to exceed $250 per bail bond, but the Company shall have no obligation to apply for or furnish any such bonds;

(c) expenses incurred by the Insured for first aid to others at the time of an accident, for bodily injury to which this Section applies;

(d) reasonable expenses incurred by the Insured at the Company's request in assisting the Company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.

### NUCLEAR ENERGY LIABILITY EXCLUSION (BROAD FORM)

I. This Section does not apply:

GL 1

A. Under any Liability Coverage, to bodily injury or property damage

(1) with respect to which an Insured under this Section is also an Insured under a nuclear energy liability policy issued by the Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the Insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

C. Under any Liability Coverage, to bodily injury or property damage resulting from the hazardous properties of nuclear material, if

(1) the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an Insured or (b) has been discharged or dispersed therefrom;

(2) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or

(3) the bodily injury or property damage arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to property damage to such nuclear facility and any property thereat.

II. As used in this exclusion:

"Hazardous properties" include radioactive, toxic or explosive properties;

T_00742
CONFIDENTIAL

The Travelers

## ADDITIONAL LIABILITY PROVISIONS
### (Section II)

GL 1

"Nuclear material" means source material, special nuclear material or byproduct material;

"Source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"Waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

"Nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste.

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

"Property damage" includes all forms of radioactive contamination of property.

III. This exclusion modifies the provisions of the policy relating to all General Liability and Medical Payments Insurance other than Comprehensive Personal and Farmer's Comprehensive Personal Insurance.

T_00743
CONFIDENTIAL

**The Travelers**

**DECLARATIONS SCHEDULE**
**(General Liability/Section II)**

GL 3-1

POLICY NO: **650-849E440-9-IND-80**      NO. **1**      ISSUE DATE: **10/20/80**

EFFECTIVE DATE—Same as policy unless otherwise specified:

This Schedule discloses all hazards insured hereunder known to exist at the effective date of this policy, unless otherwise stated herein:

The rating classifications stated herein, except as specifically provided elsewhere in this policy, do not modify any of the other provisions of this policy.

| Opn. No. | Loc. No./ Bldg. No. | Description of Hazards | Subline— Code No. | Premium Bases* | Rates | | Advance Premium | |
|---|---|---|---|---|---|---|---|---|
| | | | | | B.I. | P.D. | B.I. | P.D. |
| 001 | 1/1 | Premises and Operations (Minimum Premium BI __82__ PD __31__ ) STREETS, ROADS OR HIGHWAYS-WITH OR WITHOUT SIDEWALKS INCLUDING BRIDGES AND CUL-VERTS BUT EXCLUDING TOLL ROADS, TOLL BRIDGES AND DRAW-BRIDGES-EXISTENCE ONLY MUNICIPALITIES THAT HAVE EN-ACTED PRIOR NOTICE LAWS UN-DER WHICH THE MUNICIPALITY HAS NO LIABILITY FOR OCCURR-ENCES DUE TO A DEFECTIVE CONDITION IN STREETS, ROADS HIGHWAYS OR SIDEWALKS UNLESS IT HAS BEEN NOTIFIED PRIOR TO THE OCCURRENCE OF THE EXISTENCE OF SUCH DEFECTIVE CONDITION.    314-92151S | J-10 | | 68.738 | 44.850 | 637 | 449 |
| 002 | 1/1 | (MINIMUM BI 56 PD 31) VOTING PLACES-INCLUDING VOTING MACHINES-PER LOCATION 314-93111 | K-2 | | 9.302 | 5.606 | 19 | 11 |
| 003 | 1/1 | (MINIMUM BI 4 PD 2) VACANT LAND-EXCLUDING REAL ESTATE DEVELOPMENT PROPERTY 314-65150 | B-1,000 | | .155 | .031 | 155 | 31 |
| 004 | 1/1 | (MINIMUM BI 18 PD 2) BUILDINGS OR PREMISES-OFFICE 314-65121S | A-3,600 | | 26.349 | .135 | 949 | 5 |
| 005 | 1/1 | (MINIMUM BI 56 PD 31) SEWERS-STORM OR SANITARY 314-49521 | J-1 | | 23.254 | 6.503 | 23 | 7 |

GL 3-1      HOME OFFICE RECORD      *See over for Description of Premium Bases      Page 1 of 2

CP-2146A Rev 6-00 Printed in U S A

T_00744 CONFIDENTIAL

**The Travelers**

# DECLARATIONS SCHEDULE
## (General Liability/Section II)

GL 3-1

ABBREVIATIONS—The following abbreviations are used in this Schedule:   "MP" means "Premises Medical Coverage"; "BI" means "Bodily Injury Liability"; "PD" means "Property Damage Liability"; "PI" means "Personal Injury Liability";   "Opn. No." means "Operation Number";   "Loc. No." means "Location Number".

## DESCRIPTION OF TERMS USED AS PREMIUM BASES:

| KEY | PREMIUM BASES | RATES APPLY |
|---|---|---|
| A | Area | Per 100 sq. ft. of Area |
| B | Frontage | Per Linear Foot |
| C | Payroll | Per $100 of Payroll |
| D | No. Insured | Each or Units |
| E | No. Insured | Per Landing |
| F | Cost | Per $100 of Cost |
| G | Receipts | Per $1,000 of Receipts |
| H | Receipts | Per $100 of Receipts |
| I | Admissions | Per 100 Admissions |
| J | Other | |

When used as a premium basis:

"Payroll" means the total remuneration for services rendered by an employee, whether paid in money or substitutes for money, subject to limitations contained in the payroll rule in the manual in use by the Company.

"Cost" means the total cost of all work let or sub-let in connection with each specific project including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of the work, and all fees, bonuses or commissions made, paid or due.

a. For Contractual Liability classifications, use the total cost to any indemnitee.

b. For Owners or Contractors Protective Liability classifications, use the total cost to the Named Insured.

"Receipts" means the gross amount of money charged by the Named Insured, by the concessionaires of the Named Insured or by others trading under his name for goods or products sold, or operations performed, excluding receipts from telecasting, broadcasting, motion pictures, or taxes which the Named Insured collects as a separate item and remits directly to the government.

"Admissions" means the total number of persons, other than employees of the Named Insured, admitted to the event insured or to events conducted on the premises whether on paid admissions, tickets, complimentary tickets or passes.

T_00745
CONFIDENTIAL

GL 4

**The Travelers**

## DECLARATIONS SCHEDULE SUPPLEMENT
(General Liability/Section II)

ISSUE DATE: 10/20/80

POLICY NO: 650-849E440-9-IND-80     NO. ___1___

EFFECTIVE DATE—Same as policy unless otherwise specified:

| Opn. No. | Loc. No. | Description of Hazards | Subline-Code No. | Premium Bases | Rates B.I. | Rates P.D. | Advance Premium B.I. | Advance Premium P.D. |
|---|---|---|---|---|---|---|---|---|
| 006 | 2/3 | (MINIMUM BI 4 PD 2) | | | | | | |
| 007 | 1/4 | VACANT LAND—EXCLUDING REAL ESTATE DEVELOPMENT PROPERTY  314-65150 | B-400 | .155 | .033 | 62 | 13 |
| | | (MINIMUM BI 82 PD 31) | | | | | | |
| | | PARKS OR PLAYGROUNDS-1 ACRE OR LESS (7 ACRES)  314-864145 | L-1 | | 34.369 | 11.213 | 34 | 11 |
| | | ROE PARK (NEXT 4 ACRES)  314-864145S | L-4 | | 6.874 | 2.243 | 27 | 9 |
| | | ROE PARK (NEXT 20 ACRES)  314-864145 | L-2 | | 4.583 | 1.682 | 9 | 3 |
| 008 | 1/4 | (MINIMUM BI 482 PD 51) | | | | | | |
| | | SWIMMINGS POOLS—EXCLUDING AMUSEMENT DEVICES FOR WHICH ADMISSION CHARGE IS MADE  314-794175 | H-638 | | 22.683 | .090 | 145 | 1 |
| 900 | | | | | | ADD FOR SPECIAL MINIMUM 337 | 50 |
| 009 | 1/4 | (MINIMUM BI 56 PD 31) | | | | | | |
| | | PLAYGROUND EQUIPMENT-ALL TYPES INCLUDING WADING POOLS  314-79304 | D-1 | | 77.513 | 22.425 | 78 | 22 |
| 010 | 1/4 | ADDITIONAL INTEREST  106- | | | | | 63 | 10 |

GL 4

CP-70URA  4-78   Printed in U.S.A

HOME OFFICE COPY

Page    of

T_00746
CONFIDENTIAL

The Travelers

CP-2/88A 4-78 Printed in U.S.A.

## DECLARATIONS SCHEDULE SUPPLEMENT
### (General Liability/Section II)

POLICY NO: 650-849E440-9-IND-80   NO. 2

ISSUE DATE: 10/20/80

GL 4

EFFECTIVE DATE—Same as policy unless otherwise specified:

| Opn. No. | Loc. No. | Description of Hazards | Subline—Code No. | Premium Bases | Rates B.I. | Rates P.O. | Advance Premium B.I. | Advance Premium P.O. |
|---|---|---|---|---|---|---|---|---|
| 001 | 2/5 | (MINIMUM BI 83 PD 31) PARKS OR PLAYGROUNDS 1 ACRE OR LESS (3 ACRES) | 314-86414S | L-1 | 34.369 | 11.213 | 34 | 11 |
|  |  | BROOKS PARK (NEXT 4 ACRES) | 314-86414S | L-2 | 6.874 | 2.243 | 14 | 4 |
| 012 | 2/5 | ADDITIONAL INTEREST | 106— |  |  |  | 5 | 2 |
| 013 | 1/6 | (MINIMUM BI 82 PD 31) PARKS OR PLAYGROUNDS-1 ACRE OR LESS (7 ACRES) | 314-86414S | L-1 | 34.369 | 11.213 | 34 | 11 |
|  |  | LONG POND BEACH (NEXT 4 ACRES) | 314-86414S | L-4 | 6.874 | 2.243 | 27 | 9 |
|  |  | LONG POND BEACH (NEXT 20 ACRES) | 314-86414S | L-2 | 4.583 | 1.682 | 9 | 3 |
| 014 | 1/6 | (MINIMUM BI 239 PD 10) BATHING BEACHES—ADMISSION CHARGE | 314-79487 | H-6,600 | 15.503 | .090 | 1023 | 6 |
| 900 |  | ADD FOR SPECIAL MINIMUM |  |  |  |  |  | 4 |
| 015 | 1/6 | ADDITIONAL INTEREST | 106— |  |  |  | 109 | 3 |
| 016 | 1/1 | (MINIMUM BI 18 PD 2) |  |  |  |  |  |  |
| 017 | 1/1 | BUILDINGS OR PREMISES -OFFICE | 314-65121S | A-2,000 | 26.350 | .135 | 527 | 3 |
|  |  | (MINIMUM BI 130 PD 31) GOVERNMENT EMPLOYEES-MUNICIPAL,TOWNSHIP,COUNTY,OR STATE | 313-93111 | C-12,600 | 1.660 | .291 | 209 |  |
|  |  |  |  |  |  |  |  | 37 |

GL 4

HOME OFFICE COPY

Page    of

T_00747
CONFIDENTIAL

The Travelers

CP-2268A 4/H Printed in U.S.A.

GL 4

# DECLARATIONS SCHEDULE SUPPLEMENT
## (General Liability/Section II)

ISSUE DATE: 10/20/80

POLICY NO: 650-849E440-9-IND-80    NO. _____ 3 _____

EFFECTIVE DATE—Same as policy unless otherwise specified:

| Opn. No. | Loc. No. | Description of Hazards | Subline—Code No. | Premium Basis | Rates B.I. | Rates P.D. | Advance Premium B.I. | Advance Premium P.D. |
|---|---|---|---|---|---|---|---|---|
| 018 | 1/1 | (MINIMUM BI 389 PD 52) STREET OR ROAD CONSTRUCTION OR MAINTENANCE SATE, COUNTY, CITY OR OTHER GOVERNMENTAL UNITS | 313-16112 | C-54,600 | 4.928 | .935 | 2691 | 510 |
| | | | | XC | | .415 | | 227 |
| | | | | U | | .208 | | 113 |
| 019 | 2/3 | (MINIMUM BI 130 PD 31) POLICEMEN | 313-93141 | C-24,200 | 1.660 | .056 | 402 | 14 |
| 020 | 1/1 | ADDITIONAL INTEREST-EMPLOYEE 5% | 106— | | | | 340 | 39 |
| 021 | 1/1 | OWNERS OR CONTRACTORS PROTECTIVE LIABILITY (MINIMUM BI 17 PD 16) PERMITS-CONSTRUCTION OPERATIONS-MUNICIPALITIES | 315-93163 | M-30 | .180 | .104 | 5 | 3 |
| 900 | | ADD FOR COVERAGE MINIMUM | | | | | | 13 |
| 022 | 1/1 | CONTRACTUAL LIABILITY (MINIMUM BI 28 PD 31) LIMITED FORM CONTRACTS | 313-16297 | F-IF ANY | .042 | .025 | | |
| 023 | | PERSONAL INJURY | 325-99980 | | | | 2723 | |

HOME OFFICE COPY

Page ___ of ___

GL 4

T_00748
CONFIDENTIAL

## I.  COVERAGE A—BODILY INJURY LIABILITY

### COVERAGE B—PROPERTY DAMAGE LIABILITY

The Company will pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as damages because of

> Coverage A—bodily injury or
> Coverage B—property damage

to which this insurance applies, caused by an occurrence, and the Company shall have the right and duty to defend any suit against the **Insured** seeking damages on account of such **bodily injury** or **property damage,** even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

**EXCLUSIONS**—This insurance does not apply:

(a) to liability assumed by the **Insured** under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the **Named Insured's** products or a warranty that work performed by or on behalf of the **Named Insured** will be done in a workmanlike manner;

(b) to **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use, loading or unloading of

   (1) any **automobile** or **aircraft** owned or operated by or rented to any **Insured,** or

   (2) any other **automobile** or **aircraft** operated by any person in the course of his employment by any **Insured;**

but this exclusion does not apply to the parking of an **automobile** on premises owned by, rented to or controlled by the **Named Insured** or the ways immediately adjoining, if such **automobile** is not owned by or rented or loaned to any **Insured;**

(c) to **bodily injury** or **property damage** arising out of (1) the ownership, maintenance, operation, use, loading or unloading of any **mobile equipment** while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity or (2) the operation or use of any **snowmobile** or trailer designed for use therewith;

(d) to **bodily injury** or **property damage** arising out of and in the course of the transportation of **mobile equipment** by an **automobile** owned or operated by or rented or loaned to any **Insured;**

(e) to **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use, loading or unloading of

   (1) any watercraft owned or operated by or rented or loaned to any **Insured,** or

   (2) any other watercraft operated by any person in the course of his employment by any **Insured;**

but this exclusion does not apply to watercraft while ashore on premises owned by, rented to or controlled by the **Named Insured;**

(f) (1) to **bodily injury** or **property damage** arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant

    (i) if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any **Insured** or any person or organization for whose acts or omissions any **Insured** is liable, or

    (ii) resulting from or contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto;

but this exclusion (f) (1) does not apply to **property damage** arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water;

   (2) to **property damage** arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water, but this exclusion (f) (2) does not apply to **property damage** resulting from fire or explosion arising out of any emission, discharge, seepage, release or escape which neither

    (i) is expected or intended from the standpoint of any **Insured** or any person or organization for whose acts or omissions any **Insured** is liable, nor

    (ii) results from or is contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto;

(g) to **bodily injury** or **property damage** due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect to

   (1) liability assumed by the **Insured** under an incidental contract or

   (2) expenses for first aid under the Supplementary Payments provision;

(h) to **bodily injury** or **property damage** for which the **Insured** or his indemnitee may be held liable

   (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

CP-2177  4/78  Printed in U.S.A.

T_00749
CONFIDENTIAL

**The Travelers**     COMPREHENSIVE GENERAL LIABILITY FORM          GL 5



(2) if not so engaged, as an owner or lessor of premises used for such purposes.

if such liability is imposed

  (i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

  (ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person; but part (ii) of this exclusion does not apply with respect to liability of the Insured or his indemnitee as an owner or lessor described in (2) above;

(i) to any obligation for which the Insured or any carrier as his insurer may be held liable under any workers' compensation, unemployment compensation or disability benefits law, or under any similar law;

(j) to bodily injury to any employee of the Insured arising out of and in the course of his employment by the Insured or to any obligation of the Insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the Insured under an incidental contract;

(k) to property damage to

  (1) property owned or occupied by or rented to the Insured,

  (2) property used by the Insured, or

  (3) property in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control;

  but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to property damage (other than to elevators) arising out of the use of an elevator at premises owned by, rented to or controlled by the Named Insured;

(l) to property damage to premises alienated by the Named Insured arising out of such premises or any part thereof;

(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from

  (1) a delay in or lack of performance by or on behalf of the Named Insured of any contract or agreement, or

  (2) the failure of the Named Insured's products or work performed by or on behalf of the Named Insured to meet the level of performance, quality, fitness or durability warranted or represented by the Named Insured;

  but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the Named Insured's products or work performed

by or on behalf of the Named Insured after such products or work have been put to use by any person or organization other than an Insured;

(n) to property damage to the Named Insured's products arising out of such products or any part of such products;

(o) to property damage to work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(p) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the Named Insured's products or work completed by or for the Named Insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein.

**II. PERSONS INSURED**—Each of the following is an Insured under this insurance to the extent set forth below:

(a) if the Named Insured is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the Named Insured with respect to the conduct of such a business;

(b) if the Named Insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the Named Insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d) any person (other than an employee of the Named Insured) or organization while acting as real estate manager for the Named Insured; and

(e) with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law,

  (i) an employee of the Named Insured while operating any such equipment in the course of his employment, and

  (ii) any other person while operating with the permission of the Named Insured any such equipment registered in the name of the Named Insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization;

provided that no person or organization shall be an Insured under this paragraph (e) with respect to:





T_00750
CONFIDENTIAL

**I. COVERAGE Y—CONTRACTUAL BODILY INJURY LIABILITY**

**COVERAGE Z—CONTRACTUAL PROPERTY DAMAGE LIABILITY**

The Company will pay on behalf of the Insured all sums which the Insured, by reason of contractual liability assumed by him under any written contract of the type designated in the declarations, shall become legally obligated to pay as damages because of

> Coverage Y—bodily injury or
> Coverage Z—property damage

to which this insurance applies, caused by an occurrence, and the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend

(1) any arbitration proceeding wherein the Company is not entitled to exercise the Insured's rights in the choice of arbitrators and in the conduct of such proceedings, or

(2) any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

**EXCLUSIONS**—This insurance does not apply:

(a) to liability assumed by the Insured under any incidental contract;

(b) (1) if the Insured is an architect, engineer or surveyor, to bodily injury or property damage arising out of the rendering of or failure to render professional services by such Insured, including

(i) the preparation or approval of maps, drawings, opinions, surveys, change orders, designs or specifications, and

(ii) supervisory, inspection or engineering services;

(2) if the indemnitee of the Insured is an architect, engineer or surveyor, to the liability of the indemnitee, his agents or employees, arising out of

(i) the preparation or approval of or failure to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications, or

(ii) the giving of or the failure to give directions or instructions by the indemnitee, his agents or employees, provided such giving or failure to give is the primary cause of the bodily injury or property damage;

(c) to bodily injury or property damage due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing;

(d) to bodily injury or property damage for which the indemnitee may be held liable

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

(2) if not so engaged, as an owner or lessor of premises used for such purposes,

if such liability is imposed

(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the indemnitee as an owner or lessor described in (2) above;

(e) to any obligation for which the Insured or any carrier as his insurer may be held liable under any workers' compensation, unemployment compensation or disability benefits law, or under any similar law;

(f) to property damage to

(1) property owned or occupied by or rented to the Insured,

(2) property used by the Insured, or

(3) property in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control;

(g) to any obligation for which the Insured may be held liable in an action on a contract by a third party beneficiary for bodily injury or property damage arising out of a project for a public authority; but this exclusion does not apply to an action by the public authority or any other person or organization engaged in the project;

(h) to property damage to premises alienated by the Named Insured arising out of such premises or any part thereof;

(i) to loss of use of tangible property which has not been physically injured or destroyed resulting from

(1) a delay in or lack of performance by or on behalf of the Named Insured of any contract or agreement, or

(2) the failure of the Named Insured's products or work performed by or on behalf of the Named Insured to meet the level of performance, quality, fitness or durability warranted or represented by the Named Insured;

CP-2134  4-78  Printed in U.S.A.

7

T_00751
CONFIDENTIAL

but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the **Named Insured's products** or work performed by or on behalf of the **Named Insured** after such products or work have been put to use by any person or organization other than an **Insured**;

(j) to **property damage** to the **Named Insured's products** arising out of such products or any part of such products;

(k) to **property damage** to work performed by or on behalf of the **Named Insured** arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(l) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the **Named Insured's products** or work completed by or for the **Named Insured** or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(m) to **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use, loading or unloading of any **mobile equipment** while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity;

(n) (1) to **bodily injury** or **property damage** arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant

    (i) if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any **Insured** or any person or organization for whose acts or omissions any **Insured** is liable, or

    (ii) resulting from or contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto;

but this exclusion (n) (1) does not apply to **property damage** arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water;

  (2) to **property damage** arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water, but this exclusion (n) (2) does not apply to **property damage** resulting from fire or explosion arising out of any emission, discharge, seepage, release or escape which neither

    (i) is expected or intended from the standpoint of any **Insured** or any person or organization for whose acts or omissions any **Insured** is liable, nor

    (ii) results from or is contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto;

Unless stated in the Liability Coverage Declarations as not applicable, the following exclusions also apply to contractual liability assumed by the **Insured** under any agreement relating to construction operations.

This insurance does not apply;

(o) to **bodily injury** or **property damage** arising out of construction, maintenance or repair of watercraft or loading or unloading thereof;

(p) to **bodily injury** or **property damage** arising out of operations, within fifty feet of any railroad property, affecting any railroad bridge or trestle, tracks, road beds, tunnels, underpass or crossing.

**II.  PERSONS INSURED**—Each of the following is an **Insured** under this insurance to the extent set forth below:

(a) if the **Named Insured** is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the **Named Insured** with respect to the conduct of such a business;

(b) if the **Named Insured** is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the **Named Insured** is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

**III.  LIMITS OF LIABILITY**—Regardless of the number of (1) **Insureds** under this policy, (2) persons or organizations who sustain **bodily injury** or **property damage**, or (3) claims made or **suits** brought on account of **bodily injury** or **property damage**, the Company's liability is limited as follows:

**A. Occurrence Limits**

  1. **Separate Limits of Liability.** If there is an entry under "Separate Limits" in the Liability Coverage Declarations, then, under

    a. **Coverage Y**—The total liability of the Company for all damages, including damages for care and loss of services, because of **bodily injury** sustained by one or more persons as the result of any one **occurrence** shall

T_00752
CONFIDENTIAL

**The Travelers** CONTRACTUAL LIABILITY FORM C-7

not exceed the limit of bodily injury stated in the declarations as applicable to "each occurrence".

b. **Coverage Z—**The total liability of the Company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the declarations as applicable to "each occurrence".

2. **Single Limits of Liability.** If there is an entry under "Single Limits" in the Liability Coverage Declarations, then, under

**Combined Bodily Injury (Coverage Y) and Property Damage (Coverage Z)—**The limit of liability stated as applicable to "each occurrence" is the total limit of the Company's liability for all damages because of bodily injury and property damage sustained by one or more persons or organizations as the result of any one occurrence.

**Coverages Y and Z—**For the purpose of determining the limit of the Company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

B. **Aggregate Limits.** If there is an aggregate limit stated in the Liability Coverage Declarations, then, under

**Coverage Z—**Subject to either above provision (A.1. or A.2.) respecting "each occurrence", the total liability of the Company for all damages because of all property damage to which this coverage applies shall not exceed the limit of liability stated in the declarations as "aggregate". Such aggregate limit of liability applies separately with respect to each project away from premises owned by or rented to the Named Insured.

IV. **POLICY PERIOD; TERRITORY—**This insurance applies only to bodily injury or property damage which occurs during the policy period within the policy territory.

V. **ADDITIONAL DEFINITIONS—**When used in reference to this insurance (including endorsements forming a part of the policy):

"Contractual liability" means liability expressly assumed under a written contract or agreement provided, however, that contractual liability shall not be construed as including:

(a) liability under a warranty of the fitness or quality of the Named Insured's products or a warranty that work performed by or on behalf of the Named Insured will be done in a workmanlike manner; or

(b) bodily injury or property damage for which the Insured has assumed liability if such injury or damage occurred prior to the execution of the contract;

"Suit" includes an arbitration proceeding to which the Insured is required to submit or to which the Insured has submitted with the Company's consent.

VI. **ADDITIONAL PROVISIONS**

**ARBITRATION—**The Company shall be entitled to exercise all of the Insured's rights in the choice of arbitrators and in the conduct of any arbitration proceeding.

**PREMIUM—**The advance premium stated in the declarations is the estimated premium on account of such written contracts as are on file with or known to the Company. The Named Insured shall notify the Company of all other written contracts entered into during the policy period to which this insurance applies.

T_00753
CONFIDENTIAL

The Travelers    **PERSONAL INJURY LIABILITY FORM**    GL 9

POLICY NO : 650-849E440-9-IND-80    ISSUE DATE: 10/20/80

EFFECTIVE DATE—Same as policy unless otherwise indicated:

**ADDITIONAL DECLARATIONS**

| Coverage | Limits of Liability |
|---|---|
| **P. Personal Injury Liability** | $ 1,000,000 aggregate |

The insurance afforded is only with respect to **personal injury** arising out of an offense included within such of the following groups of offenses as are indicated by specific premium charge or charges.

Insured's Participation_____%

**Groups of Offenses**    Advance Premium

A. False Arrest, Detention or Imprisonment, or Malicious Prosecution    $

B. Libel, Slander, Defamation or Violation of Right of Privacy    $

C. Wrongful Entry or Eviction or Other Invasion of Right of Private Occupancy    $

Minimum Premium $  40    Total Advance Premium  $ SEE SCHEDULE

The premium stated in the declarations is an estimated premium only. Upon termination of this policy, the earned premium for each group of offenses for which insurance is afforded shall be the following percentages of the basic limits "Premises—Operations" earned **bodily injury** liability premium.

Group A  20 %

Group B  10 %

Group C  10 %    **"SECLUSION "C" IS ELIMINATED"**

The premium developed as per above shall be subject to an increased limits of liability factor of  1.59

**I.   COVERAGE P—PERSONAL INJURY LIABILITY**
The Company will pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as **damages** because of injury (herein called **"personal injury"**) sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the Named **Insured's** business:

Group A — false arrest, detention or imprisonment, or malicious prosecution;

Group B — the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy; except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the **Named Insured**;

Group C — wrongful entry or eviction, or other invasion of the right of private occupancy;

if such offense is committed during the policy period within the United States of America, its territories or possessions, or Canada, and the Company shall have the right and duty to defend any suit against the **Insured** seeking **damages** on account of such **personal injury** even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

EXCLUSIONS—This insurance does not apply:
(a) to liability assumed by the **Insured** under any contract or agreement;

CP 2192A 4-78 Printed in U.S.A.

T_00754
CONFIDENTIAL

(b) to personal injury arising out of the willful violation of a penal statute or ordinance committed by or with the knowledge or consent of any insured;

(c) to personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the Named Insured;

(d) to personal injury arising out of any publication or utterance described in Group B, if the first injurious publication or utterance of the same or similar material by or on behalf of the Named Insured was made prior to the effective date of this insurance;

(e) to personal injury arising out of a publication or utterance described in Group B concerning any organization or business enterprise, or its products or services, made by or at the direction of any insured with knowledge of the falsity thereof.

**II. PERSONS INSURED**—Each of the following is an insured under this insurance to the extent set forth below:

(a) If the Named Insured is designated in the declarations as an individual, the person so designated and his spouse;

(b) If the Named Insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) If the Named Insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

This insurance does not apply to personal injury arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a Named Insured.

**III. LIMITS OF LIABILITY; INSURED'S PARTICIPATION**

Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain personal injury, or (3) claims made or suits brought on account of personal injury, the total limit of the Company's liability under this coverage for all damages shall not exceed the limit of personal injury liability stated in the declarations as "aggregate".

If a participation percentage is stated in the declarations for the insured, the Company shall not be liable for a greater proportion of any loss than the difference between such percentage and one hundred percent and the balance of the loss shall be borne by the insured; provided, the Company may pay the insured's portion of a loss to effect settlement of the loss, and, upon notification of the action taken, the Named Insured shall promptly reimburse the Company therefor.

**IV. ADDITIONAL DEFINITION**—When used in reference to this insurance:

"Damages" means only those damages which are payable because of personal injury arising out of an offense to which this insurance applies.

T_00755
CONFIDENTIAL

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**

**MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE**

**OWNERS' AND CONTRACTORS' PROTECTIVE LIABILITY INSURANCE**

**OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE**

### ADDITIONAL INSURED
(Employees)

It is agreed that the "Persons Insured" provision is amended to include any employee of the *named insured* while acting within the scope of his duties as such, but the insurance afforded to such employee does not apply:

1. to *bodily injury* to (a) another employee of the *named insured* arising out of or in the course of his employment or (b) the *named insured* or, if the *named insured* is a partnership or joint venture, any partner or member thereof;

2. to *property damage* to property owned, occupied or used by, rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by (a) another employee of the *named insured* or (b) the *named insured,* or, if the *named insured* is a partnership or joint venture, any partner or member thereof.

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-11932  4-67  PRINTED IN U.S.A.  N.S. 173

G106A

T_00756
CONFIDENTIAL

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE

MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE

OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE

STOREKEEPER'S INSURANCE

ADDITIONAL INSURED
(Premises Leased to the Named Insured)

It is agreed that the "Persons Insured" provision is amended to include as an *insured* the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the *named insured*, and subject to the following additional exclusions:

The insurance does not apply:

1. to any *occurrence* which takes place after the *named insured* ceases to be a tenant in said premises;

2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| LONG POND BEACH HIGHLAND, FALLS, NY | UNITED STATE GOVERNMENT C/O MAURICE LUSTIG 111 EAST 16 STREET NEW YORK, NEW YORK | 109 | 3 |
| BROOKS PARK FORT MONTGOMERY SCHOOL FORT MONTGOMERY, NEW YORK | CENTRAL SCHOOL DIST. TOWN OF HIGHLAND FORT MONTGOMERY, NEW YORK FORT MONTGOMERY SCHOOL | 5 | 2 |
| ROE PARK BROOKS LAKE FORT MONTGOMERY, NEW YORK | PEOPLE OF THE STATE OF NEW YORK EXECUTIVE DEPT. OFFICE OF PARKS AND RECREATION PALISADES INTERSATE PARK COMM. THEIR OFFICES, AGENTS AND EMPLOYEES | 63 | 10 |

Amending Policy No. **650-849E490-9-IND-80**

C-11259 7-66 Printed in U.S.A. N.S. (679)    **HOME OFFICE RECORD**    G109

T_00757
CONFIDENTIAL

The Travelers

POLICY NO: 650-849E440-9-IND-80

ISSUE DATE: 10/20/80

## HIGHWAYS, ROADS, STREETS AND SIDEWALKS

WITH RESPECT TO HIGHWAYS, ROADS, OTHER THAN TOOL ROADS, STREETS, SIDEWALKS, CULVERTS, AND BRIDGES, OTHER THAN TOOL BRIDGES AND DRAWBRIDGES, OWNED OR MAINTAINED BY THE NAMED INSURED, THE IN-SURANCE APPLIES TO BODILY INJURY OR PROPERTY DAMAGE ARISING OUT OF THE EXISTENCE OF ANY CONDITION IN SUCH EXPOSURES, INCLUDING, UBT NOT LIMITED TO, PARKING METERS, TRAFFIC LIGHTS AND SIGNS, STREET BENCHES AND DECOR-ATIONS, PUBLIC REFUSE RECEPTACLES, SAFETY ZONE STANCHIONS, LIGHT AND TELEPHONE POLES, TREES, WATER HYDRANTS AND ALARM BOXES, BUT DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE ARISING OUT OF:

A)  THE OWNERSHIP, MAINTENANCE, OPERATION, USE, LOADING OR UNLOADING OF AUTOMOBILES, MOBILE EQUIPMENT, OR OTHER VEHICLES BY OR ON BEHALF OF THE NAMED INSURED;

B)  THE OPERATION OF ANY PUBLIC UTILITY BY OR ON BEHALF OF THE NAMED INSURED.

CP-2096A  4-78  Printed in U.S.A.  (780)

26320
Page 1 of 1

HOME OFFICE COPY

T_00758
CONFIDENTIAL

The Travelers

POLICY NO:  650-849E440-9-IND-80                    ISSUE DATE:  10/20/80

## ADDITIONAL DEFINITION

### (MUNICIPAL CORPORATIONS - EXECUTIVE OFFICERS)

THE WORDS "EXECUTIVE OFFICER", APPEARING IN THE "PERSONS INSURED"
PROVISION, SHALL MEAN ANY PERSON WHO IS AN ELECTIVE OR APPOINTIVE
OFFICER OR A MEMBER OF ANY BOARD OR COMMISSION OF THE NAMED INSURED.

19850

CP-2096A  4-78  Printed in U.S.A   (280)

HOME OFFICE COPY                      Page    of

T_00759
CONFIDENTIAL

31110

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
COMPLETED OPERATIONS AND PRODUCTS LIABILITY INSURANCE
CONTRACTUAL LIABILITY INSURANCE
DRUGGISTS' LIABILITY INSURANCE
FARMER'S COMPREHENSIVE PERSONAL INSURANCE
MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
OWNERS' AND CONTRACTORS' PROTECTIVE LIABILITY INSURANCE
OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE
STOREKEEPER'S INSURANCE

## LIMITATION OF COVERAGE FOR POLLUTION

It is agreed that the exclusions relating to any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant are deleted and replaced by the following exclusion:

to bodily injury or property damage arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any insured or any person or organization for whose acts or omissions any insured is liable.

C-1M88  Nev 2-79  PRINTED IN U.S.A.

31110

T_00760
CONFIDENTIAL

## SYMBOL NUMBERS OF ENDORSEMENTS

Amending Policy No. **650-849E440-9-IND-80**

It is agreed that endorsements with the following symbol numbers form a part of this policy on its effective date:

CA ?

CA 5

CA 00 01 01 78

CA 01 12 01 78

CA 01 18 01 78

CA 01 24 04 78

CA 01 30 12 79

CA 01 31 12 79

CA 00 02 01 78

CA 00 02 11

CA 00 02 21

CA 20 02 01 78

CA 21 07 01 78

CA 2X 17 01 78

CA 22 32 06 78

CA 22 33 06 78

CA 23 03 01 78

9380

CA 99 22 01 78

This endorsement is issued by that member of The Travelers Insurance Companies which issued the policy of which this endorsement forms a part.

C-10925  1-66  PRINTED IN U.S.A.  (775)

9380

T_00761
CONFIDENTIAL

The Travelers

## AUTOMOBILE PROVISIONS
### (SECTIONS III AND IV)

CA 1

**AUTOMOBILE PROVISIONS**

**A. Application**—These provisions apply to automobile insurance under Sections III and IV of this policy and replace equivalent general provisions contained in applicable automobile declarations, forms and endorsements.

**B. Provisions**—Insurance provided under applicable automobile declarations, forms or endorsements is amended as follows:

1. The cancellation provisions are replaced by the following:

**Cancellation**

a. **By You**—You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

b. **By Us**—We may cancel the policy by mailing to you at least 30 days notice at your last address known by us; however, if you fail to pay the policy premium or any installment thereof, the number of days specified above is amended to "10". We may deliver any notice instead of mailing it. Proof of mailing of any notice will be sufficient proof of notice.

c. The effective date of cancellation stated in the notice shall become the end of the period for which insurance is provided.

d. If the policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. However, making or offering to make the refund is not a condition of cancellation. If you cancel, the refund, if any, will be computed in accordance with the customary short rate procedure. If we cancel, the refund, if any, will be computed pro rata.

e. A copy of such notice shall be given to any mortgagee, trustee or loss payee designated under the policy when it is to be canceled.

2. The following provisions are added:

a. **Company Designation**—The rights and duties expressed in Section III or IV of the policy are the rights and duties of the company designated as the insurer for such section. Reference in the policy to "we", "us", and "our" means the company so designated.

b. **Two or More Policies With Us**—In the event of Bodily Injury, Property Damage or loss covered by this policy and any other policy containing this provision or a similar provision issued by us to you, the maximum that will be paid under all those policies combined for that Bodily Injury, Property Damage, or loss is the highest applicable limit of liability of any one of those policies. This provision does not apply with respect to any policy issued by us which has a policy number beginning with CUP or EX.

**C. Definition**—"Policy", whenever used in such declarations, forms and endorsements, shall mean Sections III and IV.

CA 1

T_00762
CONFIDENTIAL

The Travelers                                                                                              CA 5

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### AMENDATORY ENDORSEMENT—NEW YORK

1. NEW YORK AUTO ACCIDENT INDEMNIFICATION ENDORSEMENT (STATUTORY UNINSURED MOTORIST COVERAGE)

We agree with you in consideration of the payment of the premium for this endorsement and subject to all terms of this endorsement:

### INSURING AGREEMENTS

**I. Damages for Bodily Injury Caused by Uninsured Autos**

We will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured auto because of bodily injury, sustained by the insured, caused by accident arising out of the ownership, maintenance or use of such uninsured auto. For the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount of such damages, shall be made by agreement between the insured or such representative and us or, if we fail to agree, by arbitration.

**II. Definitions**

(a) "Bodily Injury" means bodily injury, sickness or disease including death resulting from any of these.

(b) "Insured" means:

    (1) you and, while residents of the same household, your spouse and the relatives of either;

    (2) any other person while occupying

        (i) an auto owned by you or, if you are an individual, such spouse and used by or with the permission of either, or

        (ii) any other auto while being operated by you or such spouse, except a person occupying an auto not registered in the State of New York, while used as a public or livery conveyance: and

    (3) any person, with respect to damages he is entitled to recover because of bodily injury to which this endorsement applies sustained by an insured under (1) or (2) above.

(c) "Uninsured Auto" means:

    (1) an auto with respect to the ownership, maintenance or use of which there is, in the amounts specified in the New York Motor Vehicle Financial Security Act neither (i) cash or securities on deposit with the New York Commissioner of Motor Vehicles nor (ii) a bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such auto, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the insurance company writing the same disclaims liability or denies coverage under the policy, or

    (2) a hit-and-run auto as defined:

    but the term "uninsured auto" shall not include:

        (i) an auto owned by you or your spouse;

        (ii) an auto which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law, or any similar law;

        (iii) an auto which is owned by the United States of America, Canada, a state, a political sub-division of any such government or an agency of any such government;

CA 5                                                                                          Page 1 of 4

T_00763
CONFIDENTIAL

**The Travelers**                                                                                                           **CAS**

        (iv) a land motor vehicle or trailer, if operated on rails or crawler-treads or while located for use as a residence or premises and not as a vehicle; or

        (v) a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads.

    (d) "Hit-and-Run Automobile" means an auto which causes bodily injury to an insured arising out of physical contact of such auto with the insured or with an auto which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or the owner of such "hit-and-run auto" (2) the insured or someone on his behalf shall have reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with us within 90 days of the accident a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unknown and setting forth the facts in support thereof; and (3) at our request, the insured or his legal representative makes available for inspection the auto which the insured was occupying at the time of the accident.

    (e) "Occupying" means in or upon or entering into or alighting from.

    (f) "State" includes the District of Columbia, a territory or possession of the United States, and a province of Canada.

III. **Territory**

    This endorsement applies only to accidents which occur within the State of New York.

**EXCLUSIONS**

This endorsement does not apply:

    (a) to bodily injury to an insured while operating an auto in violation of an order of suspension or revocation; or to care or loss of services recoverable by an insured because of such bodily injury so sustained;

    (b) to bodily injury to an insured, or care or loss of services recoverable by an insured, with respect to which such insured, his legal representatives or any person entitled to payment under this endorsement shall, without our written consent, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable for such injury;

    (c) so as to directly or indirectly benefit any workers' compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workers' compensation or disability benefits law or any similar law.

**CONDITIONS**

1. **Policy Provisions.** None of the provisions, exclusions or conditions of the policy shall apply to the insurance afforded by this endorsement except the Condition "Your Duties After Accident or Loss" and "Cancelling This Policy During The Policy Period".

2. **Premium.** If during the policy period the number of autos owned by you or your spouse and registered in New York or the number of New York dealer's license plates or transporter plates issued to you changes, you shall notify us during the policy period of any change and the premium shall be adjusted as of the date of such change in accordance with the manuals in use by us. If the earned premium thus computed exceeds the estimated total premium paid, you shall pay the excess to us; if less, we shall return to you the unearned portion paid by such insured.

3. **Notice and Proof of Claim; Medical Reports.** Within 90 days, or as soon as practicable, the insured or other person making claim shall give us written notice of claim under this endorsement.

    As soon as practicable after written request by us, the insured or other person making claim shall give us written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable under this policy. The insured and every other person making claim under this policy shall as may reasonably be required submit to examinations under oath by any person named by us and subscribe the same. Proof of claim shall be made upon forms furnished by us unless we shall have failed to furnish such forms within 15 days after receiving notice of claim.

CAS

T_00764
CONFIDENTIAL

**The Travelers**                                                                                        **CA 5**

The injured person shall submit to physical examinations by physicians selected by us when and as we may reasonably require and the injured person, or in the event of such person's incapacity that person's legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefore, shall upon each request from us execute authorization to enable us to obtain medical reports and copies of records.

4. **Notice of Legal Action.** If before we make payment of loss hereunder, the insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of an auto involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to us by the insured or his legal representative.

5. **Limits of Liability.** (a) Our limit of liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident is $10,000 and, subject to the above provision, our total limit of liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons, whether insureds or qualified persons under the New York Motor Vehicle Accident Indemnification Corporation Law, as the result of any one accident is $20,000. (b) Any amount payable under the terms of this endorsement, including amounts payable for care or loss of services, because of bodily injury sustained by one person, shall be reduced by (1) all sums paid to one or more insureds on account of such bodily injury by or on behalf of (a) the owner or operator of the uninsured auto and (b) any other person or persons jointly or severally liable together with such owner or operator for such bodily injury, (2) all sums paid to one or more insureds on account of bodily injury sustained in the same accident under any insurance or statutory benefits similar to that provided by this endorsement and (3) the amount paid and the present value of all amounts payable on account of such bodily injury under any workers' compensation law, exclusive of non-occupational disability benefits.

6. **Other Insurance.** With respect to bodily injury to an insured while occupying an auto not owned by you, this insurance applies only as excess insurance over any other similar insurance available to such insured and applicable to such auto as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance. Except as provided in the previous paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and we shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability and such other insurance.

7. **Arbitration.** If any person making a claim hereunder and we do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured auto because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and we do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrators may be entered in any Court having jurisdiction thereof. Such person and we each agree to consider ourselves bound and to be bound by any award made by the Arbitrators pursuant to this endorsement.

8. **Trust Agreement.** In the event of payment to any person under this endorsement:

   (a) we shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

   (b) such person shall hold in trust for our benefit all rights of recovery which he shall have against such other person or organization because of such bodily injury;

   (c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

   (d) if requested in writing by us, such person shall take, through any representative designated by us such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, we shall be reimbursed out of such recovery for expenses, costs and attorneys fees incurred by us in connection with such recovery;

   (e) such person shall execute and deliver to us such instruments and papers as may be appropriate to secure the rights and obligations of such person and us established by this provision and, upon our request, shall attend hearings and trials and assist in securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings.

**CA 5**                                                                                        **Page 3 of 4**

T_00765
CONFIDENTIAL

**The Travelers**                                                                                          **CA 5**

9. **Our Payment of Loss.** Any amount due hereunder is payable (a) to the insured, or (b) if the insured be a minor to his parent or guardian, or (c) if the insured be deceased to his surviving spouse, otherwise (d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents; provided, we may at our option pay any amount due under this endorsement in accordance with sub-division (d) of this condition.

10. **Action Against Us.** No action shall lie against us unless the insured or his legal representative has fully complied with all the terms of this endorsement before bringing such action.

11. **Changes.** This endorsement embodies all agreements existing between the insured and us relating to this insurance. Notice to or knowledge possessed by us, any agent or any other person shall not effect a waiver or a change in this endorsement or prevent us from asserting any right under the terms of this endorsement.

12. **Assignment.** Assignment of interest under this endorsement shall not bind us until our consent is endorsed hereon; if, however, you or your spouse if a resident of the same household, shall die, this endorsement shall cover (1) the survivor as named insured, (2) his legal representative as named insured but only while acting within the scope of his duties as legal representative, and (3) any relative who was an insured at the time of such death.

13. **Policy Period—Termination.** This endorsement applies only to accidents which occur on and after the effective date hereof and during the policy period and shall terminate upon (1) termination of the policy which it forms a part or (2) termination of New York registration on all autos owned by you or your spouse.

T_00766
CONFIDENTIAL

The Travelers

# BUSINESS AUTO POLICY

CA 0  01 01 78

In return for the payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## PART I—WORDS AND PHRASES WITH SPECIAL MEANING—READ THEM CAREFULLY

The following words and phrases have special meaning throughout this policy and appear in boldface type when used:

A. "You" and "your" mean the person or organization shown as the named insured in ITEM ONE of the declarations.

B. "We", "us" and "our" mean the company providing the insurance.

C. "Accident" includes continuous or repeated exposure to the same conditions resulting in bodily injury or property damage the insured neither expected nor intended.

D. "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads but does not include mobile equipment.

E. "Bodily injury" means bodily injury, sickness or disease including death resulting from any of these.

F. "Insured" means any person or organization qualifying as an insured in the WHO IS INSURED section of the applicable insurance. Except with respect to our limit of liability, the insurance afforded applies separately to each insured who is seeking coverage or against whom a claim is made or suit is brought.

G. "Loss" means direct and accidental damage or loss.

H. "Mobile equipment" means any of the following type of land vehicles:

1. Specialized equipment such as: Bulldozers; Power shovels; Rollers, graders or scrapers, Farm machinery; Cranes; Street sweepers or other cleaners; Diggers; Forklifts; Pumps; Generators; Air Compressors; Drills; Other similar equipment.

2. Vehicles designed for use principally off public roads;

3. Vehicles maintained solely to provide mobility for such specialized equipment when permanently attached.

4. Vehicles not required to be licensed.

5. Autos maintained for use solely on your premises or that part of roads or other accesses that adjoin your premises.

I. "Property damage" means damage to or loss of use of tangible property

J. "Trailer" includes semitrailer.

## PART II—WHICH AUTOS ARE COVERED AUTOS

A. ITEM TWO of the declarations shows the autos that are covered autos for each of your coverages. The numerical symbols explained in ITEM THREE of the declarations describe which autos are covered autos. The symbols entered next to a coverage designate the only autos that are covered autos.

B. OWNED AUTOS YOU ACQUIRE AFTER THE POLICY BEGINS.

1. If symbols "1", "2", "3", "4", "5" or "6" are entered next to a coverage in ITEM TWO, then you already have coverage for autos of the type described until the policy ends.

2. But, if symbol "7" is entered next to a coverage in ITEM TWO, an auto you acquire will be a covered auto for that coverage only if:

a. We already insure all autos that you own for that coverage or it replaces an auto you previously owned that had that coverage; and

b. You tell us within 30 days after you acquire it that you want us to insure it for that coverage.

C. CERTAIN TRAILERS AND MOBILE EQUIPMENT.

If the policy provides liability insurance, the following types of vehicles are covered autos for liability insurance:

1. Trailers with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Mobile equipment while being carried or towed by a covered auto.

## PART III—WHERE AND WHEN THIS POLICY COVERS

We cover accidents or losses which occur during the policy period:

A. In the United States of America, its territories or possessions, Puerto Rico or Canada; or

B. While the covered auto is being transported between any of these places.

## PART IV—LIABILITY INSURANCE

A. WE WILL PAY.

1. We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.

2. We have the right and the duty to defend any suit asking for these damages. However we have no duty to defend suits for bodily injury or property damage not covered by this policy. We may investigate and settle any claim or suit as we consider appropriate. Our payment of the LIABILITY INSURANCE ...

CA 00 01 01 78

T_00767
CONFIDENTIAL

The Travelers                    **BUSINESS AUTO POLICY**                    CA 00 01 01 78

**B. WE WILL ALSO PAY.**

In addition to our limit of liability, we will pay for the insured:

1. Up to $250 for cost of bail bonds (including bonds for related traffic law violations) required because of an accident we cover. We do not have to furnish these bonds.

2. Premiums on appeal bonds in any suit we defend.

3. Premiums on bonds to release attachments in a suit we defend but only for bonds up to our limit of liability.

4. All costs taxed against the insured in a suit we defend.

5. All interest accruing after the entry of the judgment in a suit we defend. Our duty to pay interest ends when we pay or tender our limit of liability.

6. Up to $50 per day for loss of earnings (but not other income) because of attendance at hearings or trials at our request.

7. Other reasonable expenses incurred at our request.

**C. WE WILL NOT COVER—EXCLUSIONS.**

This insurance does not apply to:

1. Liability assumed under any contract or agreement.

2. Any obligation for which the insured or his or her insurer may be held liable under any workers' compensation or disability benefits law or under any similar law.

3. Any obligation of the insured to indemnify another for damages resulting from bodily injury to the insured's employee.

4. Bodily injury to any fellow employee of the insured arising out of and in the course of his or her employment.

5. Bodily injury to any employee of the insured arising out of and in the course of his or her employment by the insured. However, this exclusion does not apply to bodily injury to domestic employees not entitled to workers' compensation benefits.

6. Property damage to property owned or transported by the insured or in the insured's care, custody or control.

7. Bodily injury or property damage resulting from the loading of property before it has been put in or on the covered auto or the unloading of property after it has been taken off or out of the covered auto. This exclusion does not apply to loading or unloading by means of a mechanical device that is permanently attached to the covered auto.

CA 00 01 01 78

8. Bodily injury or property damage caused by the dumping, discharge or escape of irritants, pollutants or contaminants. This exclusion does not apply if the discharge is sudden and accidental.

**D. WHO IS INSURED.**

1. You are an insured for any covered auto.

2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow except:

   a. Someone using a covered auto you hire or borrow from one of your employees or a member of his or her household.

   b. Someone using a covered auto while he or she is working in a business of selling, servicing, repairing or parking autos.

3. Anyone liable for the conduct of an insured described above is an insured but only to the extent of that liability. However, the owner or anyone else from whom you hire or borrow a covered auto is an insured only if that auto is a trailer connected to a covered auto you own.

**E. OUR LIMIT OF LIABILITY.**

1. Regardless of the number of covered autos, insureds, claims made or vehicles involved in the accident, the most we will pay for all damages resulting from any one accident is the LIABILITY INSURANCE limit shown in the declarations.

2. All bodily injury and property damage resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one accident.

**F. OUT OF STATE EXTENSIONS OF COVERAGE.**

1. While a covered auto is away from the state where it is licensed we will:

   a. Increase this policy's liability limits to meet those specified by a compulsory or financial responsibility law in the jurisdiction where the covered auto is being used.

   b. Provide the minimum amounts and types of other coverages, such as "No-Fault", required of out of state vehicles by the jurisdiction where the covered auto is being used.

2. We will not pay anyone more than once for the same elements of loss because of these extensions.

**PART V—PHYSICAL DAMAGE INSURANCE**

**A. WE WILL PAY.**

1. We will pay for loss to a covered auto or its equipment under:

   a. Comprehensive Coverage. From any cause except the covered auto's collision with another object or its overturn.

Page 2 of 4

T_00768
CONFIDENTIAL

The Travelers  **BUSINESS AUTO POLICY**  CA 00 01 01 78

b **Specified Perils Coverage.** Caused by:
   (1) Fire or explosion;
   (2) Theft;
   (3) Windstorm, hail or earthquake;
   (4) Flood;
   (5) Mischief or vandalism;
   (6) The sinking, burning, collision or derailment of any conveyance transporting the covered auto.

c **Collision Coverage.** Caused by the covered auto's collision with another object or its overturn.

2. **Towing.**
   We will pay up to $25 for towing and labor costs incurred each time a covered auto of the private passenger type is disabled. However, the labor must be performed at the place of disablement.

B. **WE WILL ALSO PAY.**
We will also pay up to $10 per day to a maximum of $300 for transportation expense incurred by you because of the total theft of a covered auto of the private passenger type. We will pay only for those covered autos for which you carry either Comprehensive or Specified Perils Coverage. We will pay for transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the policy's expiration, when the covered auto is returned to use or we pay for its loss.

C. **WE WILL NOT COVER—EXCLUSIONS.**
This insurance does not apply to:
1. Wear and tear, freezing, mechanical or electrical breakdown unless caused by other loss covered by this policy
2. Blowouts, punctures or other road damage to tires unless caused by other loss covered by this policy
3. Loss caused by declared or undeclared war or insurrection or any of their consequences.
4. Loss caused by the explosion of a nuclear weapon or its consequences.
5. Loss caused by radioactive contamination.
6. Loss to tape decks or other sound reproducing equipment not permanently installed in a covered auto.
7. Loss to tapes, records or other sound reproducing devices designed for use with sound reproducing equipment
8. Loss to any sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories.

D. **HOW WE WILL PAY FOR LOSSES—THE MOST WE WILL PAY.**
1. At our option we may
   a Pay for, repair or replace damaged or stolen property; or

b. Return the stolen property, at our expense. We will pay for any damage that results to the auto from the theft.

2 The most we will pay for loss is the smaller of the following amounts:
   a The actual cash value of the damaged or stolen property at the time of loss.
   b. The cost of repairing or replacing the damaged or stolen property with other of like kind or quality.

3. For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the declarations. Any Comprehensive Coverage deductible shown in the declarations does not apply to loss caused by fire or lightning.

E. **GLASS BREAKAGE—HITTING A BIRD OR ANIMAL—FALLING OBJECTS OR MISSILES.**
We will pay for glass breakage, loss caused by hitting a bird or animal or by falling objects or missiles under Comprehensive Coverage if you carry Comprehensive Coverage for the damaged covered auto.

**PART VI—CONDITIONS**

The insurance provided by this policy is subject to the following conditions:

A. **YOUR DUTIES AFTER ACCIDENT OR LOSS.**
1. You must promptly notify us or our agent of any accident or loss. You must tell us how, when and where the accident or loss happened. You must assist in obtaining the names and addresses of any injured persons and witnesses.
2. Additionally, you and other involved Insureds must:
   a. Cooperate with us in the investigation, settlement or defense of any claim or suit. No Insured shall, except at his or her own cost, voluntarily make any payment, assume any obligation or incur any expense
   b. Immediately send us copies of any notices or legal papers received in connection with the accident or loss.
   c. Submit at our expense and as often as we require to physical examinations by physicians we select.
   d. Authorize us to obtain medical reports and other pertinent medical information
3. Additionally, to recover for loss to a covered auto or its equipment you must do the following.
   a Permit us to inspect and appraise the damaged property before its repair or disposition.

CA 00 01 01 78

T_00769
CONFIDENTIAL

**The Travelers**  **BUSINESS AUTO POLICY**  CA 00 01 01 78

b. Do what is reasonably necessary after loss at our expense to protect the covered auto from further loss.

c. Submit a proof of loss when required by us.

d. Promptly notify the police if the covered auto or any of its equipment is stolen.

**B. OTHER INSURANCE.**

1. For any covered auto you own this policy provides primary insurance. For any covered auto you don't own, the insurance provided by this policy is excess over any other collectible insurance. However, while a covered auto which is a trailer is connected to another vehicle the liability coverage this policy provides for the trailer:

a. Is excess while it is connected to a motor vehicle you don't own.

b. Is primary while it is connected to a covered auto you own.

2. When two or more policies cover on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the limit of our policy bears to the total of the limits of all the policies covering on the same basis.

**C. OUR RIGHT TO RECOVER FROM OTHERS.**

If we make any payment, we are entitled to recover what we paid from other parties. Any person to or for whom we make payment must transfer to us his or her rights of recovery against any other party. This person must do everything necessary to secure these rights and must do nothing that would jeopardize them.

**D. CANCELLING THIS POLICY DURING THE POLICY PERIOD.**

1. You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

2. We may cancel the policy by mailing you at least 10 days notice at your last address known by us. We may deliver any notice instead of mailing it. Proof of mailing of any notice will be sufficient proof of notice.

3. The effective date of cancellation stated in the notice shall become the end of the policy period.

4. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. However, making or offering to make the refund is not a condition of cancellation. If you cancel, the refund, if any will be computed in accordance with the customary short rate procedure. If we cancel, the refund, if any, will be computed pro rata.

**E. LEGAL ACTION AGAINST US.**

No legal action may be brought against us until there has been full compliance with all the terms of

this policy. In addition, under LIABILITY INSURANCE, no legal action may be brought against us until we agree in writing that the Insured has an obligation to pay or until the amount of that obligation has been finally determined by judgment after trial. No person or organization has any right under this policy to bring us into any action to determine the liability of the Insured.

**F. INSPECTION.**

At our option we may inspect your property and operations at any time. These inspections are for our benefit only. By our right to inspect or by our making any inspection we make no representation that your property or operations are safe, not harmful to health or comply with any law, rule or regulation.

**G. CHANGES.**

This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us. If a change requires a premium adjustment, we will adjust the premium as of the effective date of change. If we revise this policy form to provide more coverage without additional premium charge your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

**H. TRANSFER OF YOUR INTEREST IN THIS POLICY.**

Your rights and duties under this policy may not be assigned without our written consent.

**I. NO BENEFIT TO BAILEE—PHYSICAL DAMAGE INSURANCE ONLY.**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this policy.

**J. BANKRUPTCY.**

Bankruptcy or insolvency of the Insured shall not relieve us of any obligations under this policy.

**K. APPRAISAL FOR PHYSICAL DAMAGE LOSSES.**

1. If you and we fail to agree as to the amount of loss either may demand an appraisal of the loss. In such event, you and we shall each select a competent appraiser, and the appraisers shall select a competent and disinterested umpire. The appraisers shall state separately the actual cash value and the amount of loss, and, failing to agree, shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. You and we shall each pay the chosen appraiser and shall bear equally the other expenses of the appraisal and umpire.

2. We shall not be held to have waived any of our rights by any act relating to appraisal.

CA 00 01 01 78

Copyright, 1977, Insurance Services Office

Page 4 of 4

T_00770
CONFIDENTIAL



CA 01 12
(Ed. 01 78)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### CHANGES IN POLICY — NEW YORK

For a covered auto licensed or principally garaged in, or for garage operations conducted in New York, the policy is changed as follows:

**A. CHANGES IN UNINSURED MOTORISTS INSURANCE**

UNINSURED MOTORISTS INSURANCE does not apply to an accident occurring in New York to the extent that coverage is afforded by the New York Automobile Accident Indemnification Endorsement.

**B. CHANGES IN CONDITIONS**

CANCELLING THIS POLICY DURING THE POLICY PERIOD applies except that if we cancel we will mail you at least 20 days notice for any reason other than nonpayment of premium.

CA 01 12 (Ed 01 78)          Copyright, Insurance Services Office, 1977

T_00771
CONFIDENTIAL

CA 01 18
(Ed. 04 78)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### CHANGES IN POLICY—LOADING AND UNLOADING—LOUISIANA, NEW YORK AND PENNSYLVANIA

LIABILITY INSURANCE for a covered auto licensed or principally garaged in Louisiana, New York or Pennsylvania is changed as follows:

A.  The exclusion relating to the loading or unloading of property does not apply.

B.  WHO IS INSURED does not include anyone loading or unloading a covered auto except you, your employees, a lessee or borrower or any of their employees

CA 01 18 (Ed. 04 78)          Copyright, Insurance Services Office, 1977, 1978

T_00772
CONFIDENTIAL



CA 01 24
(Ed. 04 78)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### CHANGES IN POLICY—OUR LIMIT OF LIABILITY—NEW YORK

LIABILITY INSURANCE for a covered auto licensed or principally garaged in, or garage operations conducted in, New York, is changed as follows:

OUR LIMIT OF LIABILITY applies except that we will apply the limit shown in the declarations to first provide the separate limits required by the New York Motor Vehicle Safety Responsibility Act as follows:

A.   $10,000 for bodily injury to any one person caused by any one accident,

B.   $20,000 for bodily injury to two or more persons caused by any one accident, and

C.   $5,000 for property damage caused by any one accident.

This provision will not change our total limit of liability.

CA 01 24 (Ed. 04 78)          Copyright, Insurance Services Office, 1978

T_00773
CONFIDENTIAL



CA 01 30
(Ed. 12 79)

# THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## CHANGES IN POLICY—LIMITS OF LIABILITY—NEW YORK
### (Chapter 665—New York Laws of 1979)

A.   With respect to such coverage for bodily injury liability as is afforded by the polic⸱⸱⸱ ⸱⸱⸱ ⸱⸱⸱ury results in death, we will provide supplemental limits of liability of $50,000 for such bodily injury resu⸱ ⸱⸱ ⸱⸱⸱ ⸱⸱⸱ sustained by each person as the result of any one accident and, subject to this limit for each person, $10⸱⸱⸱⸱⸱ for such bodily injury resulting in death sustained by two or more persons as the result of each accident.

B.   The limits of liability of this endorsement shall be reduced as follows:

1.   In the event of the death of one person, the $50,000 limit shall be reduced by any amounts paid to or for that person under this policy's bodily injury liability coverage and.

2.   In the event of the death of two or more persons, and subject to the limitations in paragraph B.1. above, the $100,000 limit shall be reduced by any amounts paid to or for those persons under this policy's bodily injury liability coverage.

CA 01 30  (Ed. 12 79)          Copyright, Insurance Services Office, 197_

T_00774
CONFIDENTIAL