RETURN RECEIPT REQUESTED

March 29, 2006

Town of Highlands
254 Main Street
Highland Falls, New York 10928

Attention:    Ms. Inga Quaintence
               Town Supervisor

Re:   Insured:     Town of Highlands
      Claimant:    Tonneson, et al.
      File No:     THGL-1997-001

Dear Ms. Quaintence:

With reference to the above captioned subject, please be advised that the New York Municipal Insurance Reciprocal (NYMIR), as the insurer for the Town of Highlands, acknowledges receipt of a Third-Party Summons and Complaint. We would like to draw your attention to the Commercial General Liability ("CGL") policy, which contains the Coverage Form that states:

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

      (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

TOH-TRAV-001231

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "covered territory"; and

        (2) The "bodily injury" or "property damage" occurs during the policy period.

    c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of service or death resulting at any time from the "bodily injury".

However, the coverage is subject to certain exclusions under part I 2, which provides:

2.    Exclusions.

This insurance does not apply to:

f.  Pollution

    (1)    "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

      (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

    (2)    Any loss, cost or expense arising out of any:

      (a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

      (b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

The Coverage Form includes the following Definitions:

SECTION V – DEFINITIONS

15. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

The Third-Party Summons and Complaint alleges that the Town allowed releases, spills or overflows of petroleum products, from the Highway Garage, causing petroleum products, including gasoline containing MTBE and/or TBA, to reach Plaintiffs' groundwater and/or water systems.

Thus, based on the above cited portions of the policy, no coverage is provided for the allegation of pollution contamination. NYMIR, therefore, must disclaim coverage as outlined and recommends that the Town retained legal counsel to answer and defend this litigation.

Very truly yours,


Gregg Papush
Claims Examiner
Direct Voice: 516/750-9440
gpapush@wrightrisk.com


cc:  CGL Financial - via fax only