**TRAVELERS**

343 Thornall Street
Edison, New Jersey 08837-2201

Direct Dial: (732) 205-9301
FAX: (732) 494-5427
Email: sbraun1@travelers.com

February 6, 2007

Town of Highlands
Ann: Inga Quaimtance, Town Supervisor
254 Main Street
Highland Falls, NY 10928

**Re:**  Insured: Town of Highlands, New York
Suit: *Tonneson et al. v. Sunoco, Inc v. Town of Highlands.*
Claim Number: V2R1439
Type of claim: Environmental
Policies:
TITAN Indemnity Company, Commercial General Liability Policies:

| <u>Policy Number</u> | <u>Policy Period</u> |
|---|---|
| **PRIMARY** | |
| 90HP01961 | 1/12/97-98 |
| 98HP01239 | 1/12/98-99 |
| 99HP03615 | 1/12/99-00 |
| 00HP06172 | 1/12/00-01 |
| | |
| **EXCESS** | |
| 80XL01499 | 1/12/97-98 |
| 98XL01239 | 1/12/98-99 |
| 99XL03615 | 1/12/99-00 |
| 00XL06172 | 1/12/00-01 |

Dear Ms. Quaimtance:

Please be advised that I am handling the above-captioned environmental claim, which was tendered by your former counsel, Joseph Saurino, Esq. I am writing to advise you of TITAN Indemnity Company's ("TITAN") coverage position regarding your request for defense and indemnity, under the insured's policies set forth above. This will confirm that TITAN must decline any defense or indemnity under the above policies, for the reasons set forth below.

This claim arises out of a consolidated lawsuit brought by individual plaintiffs against Sunoco, Inc. Sunoco, in turn, has filed a third-party action against the Town of Highlands. The case is venued in the United States District Court for the Southern District of New York. Plaintiffs allege against Sunoco - strict liability; negligence nuisance, trespass, declaratory relief,

intentional interference with the right to appropriate, unfair competition, and emotional distress. In addition, they seek an injunction to pay for monitor wells, provide bottled water, compensatory damages to pay for capping wells, for diminution of value of homes, lost income from investment properties, stigma damages protection from future claims for future medical problems, and punitive damages. Sunoco alleges that the Township of Highlands owned and operated the Town of Highlands Highway Garage, which was located near the plaintiffs' wells and aquifers. Sunoco further alleges that gas was released from underground storage tanks, piping, lines and/or equipment at the garage. Sunoco seeks indemnification and/or contribution from the Town of Highlands.

* * *

## I.     Commercial General Liability

The above policies contain the following insuring agreement:

> ### SECTION I – COVERAGES
> ### COVERAGE A. BODILY INJURY AND
> ### PROPERTY DAMAGE LIABILITY
>
> #### 1. Insuring Agreement.
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B. This insurance applies only to bodily injury and property damage which occurs during the policy period. The bodily injury or property damage must be caused by an occurrence. The occurrence must take place in the coverage territory. We will have the right and duty to defend any suit seeking those damages. But:
>
> (1) The amount we will pay for damages is limited as discribed in SECTION III – LIMITS OF INSURANCE;
>
> (2) We may investigate and settle any claim or suit at our discretion; and
>
> (3) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under C overages A or B or medical expenses under Coverage C.

## SECTION V – DEFINITIONS

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

"Damages" means monetary damages and does not include any claim seeking only injunctive or equitable relief.

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property; or

b. Loss of use of tangible property that is not physically injured.

Titan reserves the right to decline coverage if an "occurrence" has not taken place under the insured's policies. Titan further reserves the right to deny coverage for any alleged damages that would be not constitute property damage and/or bodily injury under the policies. In addition, Titan reserves the right to deny coverage under the insured's policies if there has been no occurrence that caused bodily injury or property damage in the Titan policy periods.

Titan also reserves the right to preclude coverage for typically non-recoverable damages such as: injunctive relief; restitution-based damages; damages arising from other equitable and declaratory relief, and damages associated with economic loss. Additionally, damages arising from fines, punitive and/or penalty-based damages are typically not recoverable as damages under the insured's policies.

Please note that each of the Titan policies contains a pollution exclusion that precludes coverage in the instant matter:

2. Exclusions

This insurance does not apply to:

f. (1) "Bodily injury" or "Property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

(2) Any loss, cost or expense arising out of any:

(a) Request, demand or order that any insured

TOH-TRAV-001244

or others test for, monitor, clean up,
remove, contain, treat, detoxify or
neutralize, or in any way respond to, or
assess the effects to pollutants; or

(b) Claim or suit by or on behalf of a
governmental authority for damages
because of testing for , monitoring, cleaning
up, removing, containing, treating,
detoxifying, or neutralizing, or in any way
responding to, or assessing the effects of
pollutants.

Pollutants means any solid, liquid, gaseous
Thermal irritant or contaminant including smoke,
vapor, soot, fumes, acid alkalis, chemicals and
waste. Waste includes material to be recycled,
reconditioned or reclaimed.

The Titan policies preclude coverage for the "discharge, dispersal, seepage, migration,
release, or escape of pollutants at any time." The claims being made against the Town of
Highlands relate to the contamination of plaintiffs' property allegedly caused by discharge,
dispersal, seepage, migration, release, or escape of pollutants from Town of Highlands'
property, which allegedly migrated to the plaintiffs' property. Therefore, there exists no
defense or indemnity obligation under the Titan policies.

In addition to the foregoing exclusions, any and all rights under the subject policies are reserved,
including, but not limited to:

1.  Whether the policies provide coverage to the level of the Town of Highland's potential
    involvement at the site;

2.  Whether the subject policies provide coverage with respect to equitable or injunctive
    remedies or statutory fines and penalties, which may be sought against the Town of
    Highlands;

3.  Whether the subject policies provide coverage for any claims made by any national,
    state or local governments, agencies or subdivisions thereof;

4.  Whether there has been a claim or suit for covered property damage which was first
    made or brought during the policy period;

5.  Whether the subject policies exclude coverage to property damage to (a) property
    owned or occupied by or rented to the policyholder, (b) property used by the
    policyholder, (c) property in the care, custody or control of the policyholder, or as to
    which the Town of Highlands is for any purpose exercising physical control;

6.  Whether the subject policies exclude coverage for liability of others assumed by the
    Town of Highlands;

7.  To the extent punitive damages are being sought against the Town of Highlands;

8.   Whether the notice provision of the policies has been complied with; and

9.   Whether the cooperation clause of the policies has been complied with.

## II.   Commercial Excess Liability

With respect to Commercial Excess Liability policies, these policies apply in excess of the primary limits of insurance. Therefore, coverage does not respond at this time absent the exhaustion of underlying limits or applicable retentions.

In the event the underlying limits and any applicable deductible were exhausted, the above policies each contain a provision incorporating the underlying terms of the primary policies:

### INCORPORATION OF UNDERLYING TERMS

Except where the specific terms of this policy are different, this policy is subject to the same warranties, terms and conditions as are contained in or may be added to the Underlying policy (ies).

Given that the underlying policies contain pollution exclusions that preclude coverage for the above claim, the excess policies would likewise preclude coverage.

\* \* \*

Based on the information known to us, it is Titan's position that there is no coverage for this claim under the subject Titan policies. Please be advised that we stand ready to discuss any of this matter with you and will reevaluate our coverage position upon receipt of additional information. It should be understood, however, that such ongoing communication will be without prejudice to our coverage position set forth in this letter.

The foregoing is not intended to limit our rights under the subject liability policies. Thus, we reserve the right to supplement or modify our position upon receipt of additional information or documentation that may impact our coverage determination. We specifically reserve the right to rely upon each and every term and provision of the policies, whether or not cited above, and to disclaim liability or deny coverage for any additional reasons which may exist and which may hereafter appear.

If you wish to provide us with any additional information you feel is relevant to the request for coverage on behalf of the insured, or which you feel impacts upon the position we have taken with respect to liability coverage, we will promptly review and consider any information provided. Also, if you haven't already done so, we encourage the Town of Highlands to place all former insurance carriers on notice of this claim and suit.

Please note that other than with regard to the general reservations contained in this letter, this correspondence does not specifically address any policies that may have been issued by The Travelers Indemnity Company, The Standard Fire Insurance Company, Travelers Casualty and Surety Company (formerly known as The Aetna Casualty and Surety Company), or any

subsidiaries of these companies. If you believe any applicable policies were issued by The Travelers Indemnity Company, The Standard Fire Insurance Company, Travelers Casualty and Surety Company (formerly known as The Aetna Casualty and Surety Company), or any subsidiaries of these companies, please let me know.

If you have any questions, or wish to discuss the above coverage determination further, please do not hesitate to contact me.

Very truly yours,

Suzanne Braun
Account Executive

cc:     Maurice Heller, Esq.
        Heller Horowitz &Feit, P.C.
        292 Madison Avenue
        New York, NY 10017

*CERTIFIED MAIL: 7006 0810 0003 4997 3180*