**SELECTIVE**
*Insurance*

Selective Insurance Company of America
40 Wantage Avenue
Branchville, New Jersey 07890
Tel: 973 948 1289
Fax: 973 948 2089
E-mail: nancy.sagarese@selective.com

**CERTIFIED MAIL**

March 13, 2006

Bob Monroe
Town of Highlands
254 Main Street
Highland Falls, NY 10928

| Re: | Policyholder: | Town of Highlands |
|---|---|---|
| | Suit: | Tonneson, et al., No. 03 Civ. 8248 and Basso, et al., No. 03 Civ. 9050 v. Sunoco Inc., et al. v. Town of Highlands |
| | Policy: | S1672561 |
| | Claim No.: | 20534110 |

Dear Mr. Monroe:

Selective Insurance Company acknowledges receipt of the above-referenced matter. This correspondence will set forth our coverage analysis of this matter under policy S1672561, effective 1/12/01 and renewed annually through 1/12/07.

The plaintiffs in the above-referenced suits are alleging that Sunoco, Inc. is responsible for the contamination of their groundwater with MTBE and/or TBA. The plaintiffs further allege that the Sunoco retail gasoline station located in the Town of Highlands was the source of the MTBE and/or TBA that has contaminated their wells. In its Third-Party Complaint against the Town of Highlands, Sunoco alleges that the Town of Highlands owned and operated the Town of Highlands Highway Garage. Sunoco further alleges that gasoline containing MTBE and/or TBA was released into the ground from the Town of Highlands Highway Garage and that it eventually contaminated the plaintiffs' groundwater. Sunoco therefore requests that if Sunoco is found liable to the plaintiffs for the damages alleged, that Sunoco be entitled to indemnification and/or contribution from the Town of Highlands.

Please be advised that each of the policies in effect from 1/12/01 through 1/12/07 contain the following Pollution Exclusion, which provides, in pertinent part:

We shall have no obligation under this coverage part:

a.    to investigate, settle or defend any claim or suit against any insured alleging actual or threatened injury or damage of any nature or kind to persons or property which:

1.    arises out of the "pollution hazard;" or

2.      would not have occurred but for the "pollution hazard;" or

b.      to pay any damages, judgments, settlements, losses, costs or expenses of any kind or nature that may be awarded or incurred by reason of any such claim or suit or any such actual or threatened injury or damage; or

c.      for any losses, costs or expenses arising out of any obligation, order, direction or request of or upon any insured or others, including but not limited to any governmental obligation, order, direction or request, to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, in any way respond to, or assess the effects of "pollutants."

"Pollutants" means any solid, liquid, gaseous, or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

"Pollution hazard" means an actual exposure or threat of exposure to the corrosive, toxic or other harmful properties of any "pollutants" arising out of the discharge, dispersal, seepage, migration, release or escape of such "pollutants."

The alleged loss at issue falls within the terms of the Pollution Exclusion cited above. Therefore, Selective disclaims any defense or indemnity obligation regarding the suit at issue based upon this Exclusion.

Each of the policies also contain the following Insuring Agreement, which provides, in pertinent part:

b.      This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property" damage is caused by an "occurrence" that takes place in the "coverage territory";

(2)     The "bodily injury" or "property damage" occurs during the policy period;

The policies also contain the following Definitions:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"Property damage" means:

a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

TCH TRAV 001235

3

    b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

Selective reserves its right to further deny coverage to the extent that an "occurrence", as defined by the policies, has not taken place. If an "occurrence" has taken place, Selective reserves its right with respect to the number of "occurrences" which may have taken place.

Selective also reserves its right to further deny coverage to the extent that there has been no "property damage", as defined by the policies, or to the extent that any "property damage" which may have taken place did not take place during the policy periods.

In summary, Selective disclaims any defense or indemnity obligation based upon the Pollution Exclusion contained in each of the policies. Should you have any questions in connection with this correspondence, please contact the undersigned.

Sincerely,

Nancy Sagarese
Claims Specialist

cc:      CGL Financial
          00-11733-00000