



Brian K. Olsen
*Assistant Account Executive*
*Special Liability Coverage Unit*

·One Tower Square, 6MS
Hartford, CT 06183-6016
Telephone: (860) 277-3008
Facsimile: (860) 954-5857
Toll Free: (800) 954-9633
E-mail: BOLSEN@spt.com

*Via Facsimile (914) 686-8988*
*-and-*
*CERTIFIED MAIL*
*Returned Receipt Requested*
*No.: 7004 2510 0003 6086 0956*

August 30, 2006

John A. Sarcone, III, Esq.
The Sarcone Law Firm, PLLC
222 Bloomingdale Road
White Plains, New York 10605-1511

|  |  |  |
|---|---|---|
| **Policyholder:** | Highlands, Town of ("Town of Highlands") | |
| **Site:** | Town of Highlands Highway Garage<br>133 Firefighter Memorial Drive<br>Hamlet of Fort Montgomery, Town of Highlands,<br>Orange County, New York ("the Site") | |
| **Re:** | 1.) | **Robert Basso, et al. v. Sunoco, Inc., et al.**, including <u>**Sunoco, Inc., et al. v. The Town of Highlands, New York**</u>, **United States District Court for the Southern District of New York, MDL 1358, Master File C.A. No. 1:00-1898 (SAS)** |
|  | 2.) | **Dave Tonneson, et al. v. Sunoco, Inc., et al.**, including <u>**Sunoco, Inc., et al. v. The Town of Highlands, New York**</u>, **United States District Court for the Southern District of New York, MDL 1358, Master File C.A. No. 1:00-1898 (SAS)**<br>(collectively, "the <u>Sunoco Third-Party</u> Lawsuits") |

Dear Mr. Sarcone:

T_00953
CONFIDENTIAL

*John A. Sarcone, III, Esq.*
*August 30, 2006*
*Page 2*

As you are aware from prior correspondence, I am a member of the Special Liability Coverage Unit ("SLCU") and, as such, my role in the handling of the above-captioned matter is limited solely to determining the obligations, if any, of Travelers (meaning The Travelers Indemnity Company and The Charter Oak Fire Insurance Company and their subsidiaries) to the Town of Highlands pursuant to its policies of insurance.

With respect to the above, I have located and reviewed the terms, conditions, exclusions and endorsements of the following policies issued to the Town of Highlands by Travelers, each of which contain a general liability section during the indicated policy periods (hereinafter "the primary policies"):

| Policy Number | Policy Period |
|---|---|
| NSL 6522273 | 10/12/70-10/12/71 |
| NSL 7645999 | 10/12/72-10/12/73 |
| 650-584A016-3-COF-75 | 10/12/75-10/12/76 |
| 650-584A016-3-COF-76 | 10/12/76-10/12/77 |
| 650-584A016-3-COF-77 | 10/12/77-10/12/78 |
| 650-584A016-3-COF-78 | 10/12/78-10/12/79 |
| 650-584A016-3-COF-79 | 10/12/79-10/12/80 |
| 650-849E440-9-IND-80 | 10/12/80-10/12/81 |
| 650-849E440-9-IND-81 | 10/12/81-10/12/82 |

I have also located and reviewed the terms, conditions, exclusions, endorsements and limits of the following Catastrophe Umbrella policy (hereinafter "the umbrella policy") issued to the Town of Highlands:

| Policy Number | Policy Period |
|---|---|
| CUP-848E736-3-80 | 1/20/80-10/12/1980 |

Travelers records indicate that it may have also issued policies to the Town of Highlands, in effect from October 12, 1969 to October 12, 1970, October 12, 1971 to October 12, 1972 and October 12, 1973 to October 12, 1975; however, we are unable to confirm the existence, issuance, terms and/or conditions of these policies. If you have copies of or other information regarding these unconfirmed policies, please provide such for my review.

Based upon a review of the captioned Sunoco Third-Party Lawsuits, which were filed in connection with the IN RE: METHYL-TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILTY LITIGATION, in conjunction with the above-listed primary policies, I have determined that Travelers will participate in the Town of Highlands defense of the Sunoco Third-Party Lawsuits, subject to a reservation of all rights and defenses to coverage under the primary policies, in effect from October 12, 1970 to October 12, 1971, October 12, 1972 to October 12, 1973 and October 12, 1975 to October 12, 1982, as set forth below, while the SLCU investigates whether any potential indemnity obligation may exist to the Town of Highlands under these policies.

T_00954
CONFIDENTIAL

*John A. Sarcone, III, Esq.*
*August 30, 2006*
*Page 3*

The plaintiffs in their lawsuits against the defendants, including Sunoco, Inc., allege that the defendants "manufactured, formulated, distributed, transported, packaged, sold, spilled and/or released gasoline containing MTBE in the State of New York". It is also alleged by the Plaintiffs that, as a result of the above, their drinking wells located on their respective properties were contaminated by one or more plumes of MTBE. As a result of the above, the Plaintiffs seek the recovery of compensatory damages or the capping of their wells, the loss in value of their homes and properties, lost business income, personal injury, emotional distress and medical expenses, along with punitive damages.

According to the allegations of the captioned <u>Sunoco Third-Party</u> Lawsuits, these matters allegedly arise out of contamination in the vicinity of the Town of Highlands Highway Garage, 133 Firefighter Memorial Drive, Town of Highlands, Orange County, New York ("the Site"). The Third-Party Plaintiffs allege that the Town of Highlands owns and operates the Site. The Third-Party Plaintiffs also allege that MTBE, Tert-Butyl Alcohol ("TBA") and/or gasoline containing MTBE and/or TBA, and/or other contaminants have been released from the underground storage tanks ("USTs"), piping, lines and/or equipment at the Site, or during the filling of USTs, piping, lines, equipment and/or vehicles, or during the maintenance of vehicles and/or equipment at the Site.

Moreover, the captioned <u>Sunoco Third-Party</u> Lawsuits allege that the Town of Highlands breached one or more of the following duties: (1) to safely and properly use, handle, or store petroleum products, including gasoline containing MTBE and/or TBA; (2) safely and properly receive and accept delivery or transfer of petroleum products, including gasoline containing MTBE and/or TBA; (3) install, remove, replace, excavate, inspect, repair, monitor, test, examine or maintain its USTs, piping, lines and equipment, so as not to allow a release of product from the USTs, piping, lines and equipment; (4) timely, safely and properly clean up, remediate, mitigate, eliminate or control releases, spills or leaks of petroleum products, including gasoline containing MTBE and/or TBA; (5) institute measures to prevent spills of petroleum products, including gasoline containing MTBE and/or TBA; (6) safely and properly dispense or pump petroleum products, including gasoline containing MTBE and/or TBA into automobiles and other vehicles and equipment; or (7) adhere to applicable laws, rules, regulations, guidelines or procedures relating to the use, handling or storage of petroleum products, including gasoline containing MTBE and/or TBA. The Third-Party Plaintiffs further allege that the Town of Highlands breached one or more of these duties by allowing: releases, spills or overflows of petroleum products, including gasoline containing MTBE and/or TBA from the Site, and/or allowing petroleum products to reach the Plaintiffs groundwater and/or water systems. As a result of the above, the Third-Party Plaintiffs are seeking indemnification and/or contribution from the Town of Highlands if the Third-Party Plaintiffs are found liable for the Plaintiffs allegations.

As noted above, Travelers will participate in the Town of Highlands defense of the <u>Sunoco Third-Party</u> Lawsuits under the above-referenced primary policies. Pursuant to Travelers offer to participate in the Town of Highlands defense, Travelers will contribute to the Town of Highlands reasonable and necessary defense-related counsel fees and expenses incurred in connection with the captioned <u>Sunoco Third-Party</u> Lawsuits, billed by a qualified law firm of the Town of Highlands choice, and incurred subsequent to the tender of the <u>Sunoco Third-Party</u> Lawsuits to Travelers on March 6, 2006. Subject to this restriction to reasonable and necessary fees, that defense may be conducted in any manner the Town of Highlands deems appropriate to best protect its interest.

T_00955
CONFIDENTIAL

*John A. Sarcone, III, Esq.*
*August 30, 2006*
*Page 4*

Travelers offer to participate in the Town of Highlands defense of the captioned <u>Sunoco Third-Party</u> Lawsuits is not intended to be, and shall not be deemed or construed as: an admission that any coverage is available for this matter; a waiver of any right or defense to coverage available to Travelers, whether under its insurance policies or at law or in equity; an expansion of any obligation that Travelers may subsequently acknowledge (if any); grounds for any claim of estoppel; or as a course of performance. Travelers reservation of rights includes, but is not limited to, the following specific reservations:

1. Coverage applies only to sums that the **insured** becomes legally obligated to pay to an injured third party as damages because of **bodily injury** or **property damage**. For example (but without limitation) coverage may <u>not</u> apply to costs incurred for compliance with routine regulatory requirements or for preventative or prophylactic measures, to costs incurred in obeying an injunction or an administrative order, to costs incurred in implementing certain other forms of equitable relief, or to the payment of any other sums that do not constitute "damages".

2. Coverage does <u>not</u> apply to punitive or exemplary damages sought or recovered by the plaintiffs in the <u>Sunoco Third-Party</u> Lawsuits.

3. Coverage does <u>not</u> apply to any alleged damage or injury that does not constitute **bodily injury** or **property damage** as defined in the primary policies.

4. Any **bodily injury** or **property damage** that takes place prior and/or subsequent to the dates during which Travelers provided liability insurance to the Town of Highlands is <u>not</u> covered by the primary policies and, thus, Travelers is under no obligation to defend lawsuits or pay judgments for any such **bodily injury** or **property damage**.

5. Coverage does <u>not</u> apply to any alleged damage or injury unless caused by an **occurrence** as defined in the primary policies.

6. Coverage does <u>not</u> apply to **bodily injury** or **property damage** arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any **insured** or any person or organization for whose acts or omissions any **insured** is liable.

7. For the policies in effect from October 12, 1970 to October 12, 1971, October 12, 1972 to October 12, 1973 and October 12, 1975 to October 12, 1980, coverage does <u>not</u> apply to **bodily injury** or **property damage** arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant resulting from or contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto.

8. For the policies in effect from October 12, 1970 to October 12, 1971, October 12, 1972 to October 12, 1973 and October 12, 1975 to October 12, 1980, coverage does <u>not</u> apply to **property damage** arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water.

9. To the extent that **property damage** arises out of a sudden and accidental pollution discharge, coverage does <u>not</u> apply.

T_00956
CONFIDENTIAL

*John A. Sarcone, III, Esq.*
*August 30, 2006*
*Page 5*

10. Coverage does <u>not</u> apply to **property damage** to property owned or occupied by or rented to the **insured**.

11. Coverage is available only for liability of individuals or organizations declared or described as a **named insured** or **insured** in the primary policies.

12. Coverage does <u>not</u> apply if the **insured** failed or fails to provide notice to or cooperate with Travelers or impairs Travelers contribution or other insurance or subrogation rights (if any), in accordance with the conditions of the primary policies and/or applicable law.

13. Coverage does <u>not</u> apply to any payment made, obligation assumed or expense incurred voluntarily by the **insured** or without Travelers knowledge and consent, nor to any pre-tender costs.

14. For the purpose of determining the limit of Travelers liability (if any) under the primary policies, all **bodily injury** or **property damage** arising out of continuous or repeated exposure to substantially the same general conditions shall be considered arising out of one **occurrence** (if any).

15. Any payments that might be made by Travelers in this case are subject to the applicable limits of liability and/or deductibles and/or premium payment agreements as contained in (or as otherwise applicable to) the primary policies.

16. Should any applicable limit of liability be exhausted, Travelers participation in the Town of Highlands defense of the captioned matter will simultaneously terminate.

17. In accordance with the assignment condition of the primary policies, coverage is <u>not</u> afforded for any person or entity whose interest in the policies is secured without the written consent of Travelers.

Travelers also reserves all of its rights and defenses to coverage under the previously mentioned umbrella policy, in effect from January 1, 1980 to October 12, 1980, as well as under any other line of insurance under the primary policies.

In addition to the foregoing, Travelers specifically reserves its right to withdraw its participation in the Town of Highlands defense of the captioned matters, and to seek recoupment of any defense costs or other sums paid to the Town of Highlands or on its behalf, should it be determined that no potential indemnity obligation exists in these matters. Travelers also reserves the right to seek recoupment of any defense costs paid for defense of claims or counts not covered under the primary policies.

Should Travelers coverage position be litigated and should a court of appropriate jurisdiction reject any right or defense to coverage asserted by Travelers with respect to the captioned matters (whether specifically enumerated above, or otherwise reserved by this or any other communication from the SLCU), Travelers will provide coverage only to the extent mandated by such court (subject to its right to pursue reconsideration, review or appeal, etc.), and will seek recoupment of any payments made other than in accordance with the theory of coverage adopted by such court.

T_00957
CONFIDENTIAL

*John A. Sarcone, III, Esq.*
*August 30, 2006*
*Page 6*

The Town of Highlands may be informed of additional rights and defenses to coverage reserved by Travelers, as I continue to investigate and analyze the coverage issues raised by the Sunoco Third-Party Lawsuits. Please recall that Travelers coverage position will be communicated *only* by the SLCU.

As mentioned above, the SLCU is responsible for the investigation and determination of coverage for the captioned matters. You will also be contacted by Olga E. Rodriguez of Travelers Special Liability Group-Home Office Environmental Claims Unit ("SLG-HOECU"). Ms. Rodriguez's telephone number is: (860) 954-6491, and her fax number is: (860) 277-1600. Ms. Rodriguez will not be involved with the coverage aspects of this matter, but will be available to assist the Town of Highlands with regard to the defense of the captioned matter, and will be the contact person for the review and payment of defense bills consistent with the parameters set forth in this letter. Please forward all legal bills to: Travelers Special Liability Group- Home Office Environmental Claims Unit, One Tower Square, 5MS, Hartford, CT 06183-6016 under file number AAP8137T. Information provided to the SLG-HOECU with regard to the liability issues raised by this matter will not be forwarded to the SLCU without the Town of Highlands express, written permission.

Travelers anticipates that the Town of Highlands has notified its other insurance carriers whose insurance policies may be potentially applicable to the captioned matter and has sought their participation in the defense of these matters. I would ask that you please advise me as to all other insurers to whom you tendered the captioned matters and please forward copies of their response to the Town of Highlands' tender of defense.

As previously noted, I will be investigating the facts and circumstances of the Sunoco Third-Party Lawsuits, in order to determine whether Travelers has any indemnity obligation to the Town of Highlands in connection with the captioned Sunoco Third-Party Lawsuits. You can assist my analysis by responding to the following requests: (1) please confirm the Town of Highlands exact dates of ownership and/or use of the Site; (2) please confirm the age and type of UST(s) at the Site; (3) please advise if any tightness tests or other methods to detect possible leakage were ever installed on the UST(s) and, if so, please provide the results of those tests; (4) please provide copies of any and all environmental investigations, reports, tests, studies, etc., detailing the source, nature, timing and extent of contamination at and emanating from the Site; (5) please provide copies of any and all correspondence between the Town of Highlands and any local, state or federal governmental agencies related to any contamination problems involving the Site; and finally, (6) please indicate when and how the Town of Highlands first learned of the contamination at the Site.

Please forward this and any other pertinent information and/or documentation to my attention for review and consideration. Please also keep me apprised as to the status of this matter. In order to avoid or minimize duplicative requests for information, you can add my name to your copy list for correspondence, pleadings and discovery material that is directed to Travelers SLG-HOECU concerning the captioned matter.

T_00958
CONFIDENTIAL

*John A. Sarcone, III, Esq.*
*August 30, 2006*
*Page 7*

Should the Town of Highlands have any questions regarding this correspondence, or the coverage issues presented by this matter, please do not hesitate to contact me at the direct dial number given above or my associate, Ms. Gail P. Dalton, at (860) 277-3406. However, if it is more convenient, you may leave a message at our toll-free number (1-800-954-9633), and I will return your call as soon as possible.

Very truly yours,

Brian K. Olsen
Assistant Account Executive

BKO0036/bko

cc:  Nancy Calvario
     CLG Financial Corporation
     172 Main Street
     Nanuet, NY  10954

     SLG-HOECU
     Attn: Olga E. Rodriguez
     File No: AAP8137T

T_00959
CONFIDENTIAL