

**TRAVELERS**

One Tower Square, 6MS
Hartford, CT 06183-6016
Telephone: (860) 277-3406
Facsimile: (860) 954-5857
Toll Free: (800) 954-9633
E-mail: GDALTON@Travelers.com

*Gail P. Dalton*
*Senior Account Executive*
*Special Liability Coverage Unit*

*Via Facsimile (212) 695-9459*
*- and -*
**CERTIFIED MAIL**
*Return Receipt Requested*
*No.: 7004 2510 0003 6086 9614*

January 31, 2007

Maurice W. Heller, Esq.
Heller, Horowitz & Feit, P.C.
292 Madison Avenue
New York, NY 10017

Policyholder: Highlands, Town of ("Town of Highlands")
Site: Town of Highlands Highway Garage
133 Firefighter Memorial Drive
Hamlet of Fort Montgomery, Town of Highlands, Orange County, New York ("the Site")
Re: 1.) <u>Robert Basso, et al. v. Sunoco, Inc., et al.</u>, including <u>Sunoco, Inc., et al. v. The Town of Highlands, New York</u>, United States District Court for the Southern District of New York, MDL 1358, Master File C.A. No. 1:00-1898 (SAS)

2.) <u>Dave Tonneson, et al. v. Sunoco, Inc., et al.</u>, including <u>Sunoco, Inc., et al. v. The Town of Highlands, New York</u>, United States District Court for the Southern District of New York, MDL 1358, Master File C.A. No. 1:00-1898 (SAS)

(collectively, "the <u>Sunoco Third-Party</u> Lawsuits")

Dear Mr. Heller:

As you are aware from prior correspondence, Travelers agreed to participate in the Town of Highland's defense of the above-captioned <u>Sunoco Third-Party</u> Lawsuits under policies issued to the Town of Highlands, in effect from October 12, 1970 to October 12, 1971, October 12, 1972 to October 12, 1973 and October 12, 1975 to October 12, 1982, subject to a complete reservation of rights, while the Special Liability Coverage Unit ("SLCU") investigated whether any potential indemnity obligation may exist to the Town of Highlands under these policies.

T_00963
CONFIDENTIAL

Maurice W. Heller, Esq.
January 31, 2007
Page 2

Please also be advised that the purpose of this letter is to set forth Travelers pro-rata share of defense costs incurred, or to be incurred, by the Town of Highlands with respect to the Sunoco Third-Party Lawsuits. In that regard, please be aware that Travelers calculation of its pro-rata share of defense costs is based on a comparison of the number of years Travelers provided potentially applicable insurance to the Town of Highlands, with the number of years during which the alleged **property damage** (which is the subject of the captioned Sunoco Third-Party Lawsuits and for which the Town of Highlands is purportedly liable) could have taken place.

As you know, the allegations of the Sunoco Third-Party Lawsuits encompass the period of time from 1975 until the Town of Highlands was served with the captioned Sunoco Third-Party Lawsuits in March 2006. Accordingly, the purported **property damage** that the Plaintiffs allege is attributable to the Town of Highlands could have occurred anytime during this 31-year period. Travelers issued potentially applicable insurance to the Town of Highlands for seven (7) of those 31 years and, based on the above, Travelers pro-rata share of the defense costs in the Sunoco Third-Party Lawsuits would be 22%. Therefore, I would ask that you please contact me at your earliest convenience to discuss a defense cost sharing agreement with the Town of Highlands (and any other carriers participating in the Town of Highlands' defense) for the captioned Sunoco Third-Party Lawsuits.

Based on the foregoing, Travelers will contribute its pro-rata share of 22% of the Town of Highland's reasonable and necessary defense costs in the Sunoco Third-Party Lawsuits.

In addition, as previously set forth, please continue to contact the Special Liability Group ("SLG") representative, Jonathan Chaia, with regard to the administration of the liability aspects of the captioned Sunoco Third-Party Lawsuits, including the review and payment of defense bills. By copy of this letter, I request that Mr. Chaia pay all reasonable and necessary defense bills at 22%, pursuant to the parameters set forth in the SLCU's letter dated August 30, 2006.

As you are aware, my role in the SLCU is limited to analyzing the extent of Travelers defense and/or indemnity obligations, if any, pursuant to the contracts of insurance issued by Travelers to the Town of Highlands. As you are also aware, Travelers has separated the determination of coverage, which is made by the SLCU, from the assessment of liability and administration of the underlying matter, which are the responsibility of the Special Liability Group – Home Office Environmental Claim Unit ("SLG-HOECU"), located in Hartford, Connecticut. In accordance with this bifurcation of roles, the SLG-HOECU does not share liability-related information that it receives from the Town of Highlands with the SLCU.

Please be aware, however, that information provided to the SLG-HOECU by the Town of Highlands and/or its defense attorney could assist the SLCU in its coverage investigation. Therefore, in order to alleviate the need for duplicative material and in order to resolve the outstanding coverage issues, the SLCU requests your permission to review and/or obtain copies of any material sent by the Town of Highlands and/or its defense attorney to the SLG-HOECU. If the Town of Highlands is agreeable to allowing the SLG-HOECU to release information obtained from the Town of Highlands and/or its defense attorney to the SLCU, please signify the Town of Highland's permission by signing and returning a copy of this letter to the SLCU. Such permission shall remain in effect unless and until rescinded in writing by the Town of Highlands.

T_00964
CONFIDENTIAL

Maurice W. Heller, Esq.
January 31, 2007
Page 3


Please also be aware that the Town of Highlands is under no obligation to grant the requested permission, and its refusal to do so will in no way affect the SLCU's coverage determination.

Travelers continues to fully reserve all of its rights and defenses to coverage with respect to the Sunoco Third-Party Lawsuits, as more fully set forth in the SLCU's August 30, 2006 letter. Neither this correspondence nor any future communication or investigation should be deemed or construed as: an admission that any coverage is available for the captioned Sunoco Third-Party Lawsuits; a waiver of any right or defense to coverage available to Travelers (whether under its insurance policies or at law or in equity); an expansion of any obligation that Travelers may subsequently acknowledge (if any); grounds for any claim of estoppel, or as a course of performance.

Should you have any questions regarding this correspondence, please do not hesitate to contact me at the direct dial number given above, or you may call my associate, Mr. Pat Connaughton, at (860) 954-7277. However, if it is more convenient, you may leave a message at our toll-free number (1-800-954-9633) and I will return your call as soon as possible.

Very truly yours,

Gail P. Dalton
Senior Account Executive

GPD6096/gpd

cc:   Nancy Calvario
      CLG Financial Corporation
      172 Main Street
      Nanuet, NY 10954

      SLG-HOECU
      Attn: Jonathan Chaia
      File No. AAP8137T

Maurice W. Heller, Esq.
January 31, 2007
Page 4

**PERMISSION GRANTED BY:**

_____
Signature

_____
Printed Name

_____
Title

_____
Date

T_00966
CONFIDENTIAL